UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 26-cr-25 LMP/DLM |
| v. | ) |
| NEKIMA VALDEZ LEVY-ARMSTRONG, | ) |
| Defendant. | ) |

**OPPOSITION TO DEFENDANT ARMSTRONG'S MOTION TO QUASH WARRANT AND FOR RETURN OF MOBILE PHONE**

In her pending motion, defendant Nekima Valdez Levy-Armstrong ("Defendant") seeks an order quashing the search warrant authorizing a search of her cellphone and mandating immediate return of the cellphone. For the reasons set forth herein, the motion should be denied.

**STATEMENT OF FACTS**

On or about January 20, 2026, the Government obtained a complaint and arrest warrant against Defendant and two other persons, Chauntyll ALLEN and William KELLY, for a violation of 18 U.S.C. § 241 (Conspiracy Against Rights). (Dkt. 23-1.) On or about January 22, 2026, federal agents arrested defendant ALLEN and took custody of a cellphone incident to her arrest. As noted in the affidavit in support of the search warrant for Defendant's cellphone, agents later learned that cellphone belonged to Defendant. (Affidavit of Agent Timothy Gerber ¶¶ 61-66.)

1

On January 23, 2026, this Court (per the Honorable Shannon G. Elkins, United States Magistrate Judge) issued a search warrant allowing the Government to conduct a forensic examination of the phone and search for and seize records and information that relate to violations of 18 U.S.C. §§ 241 and 248(a)(2) (FACE Act), including electronic communications, photographs, videos, internet activity, etc. (*See In re. Search Warrant*, Case No. 26-mj-87-SGE.)

On or about January 25, 2025, Government investigators began the process of extracting data to obtain a forensic copy of the phone. On or about January 26, 2026, in accordance with the terms of the warrant and standard Department of Justice practice, Government counsel prepared a memo establishing filter team practices and procedures and made arrangements for a filter team to commence review of the cellphone data once the extraction process was complete. A Government attorney with prior filter team experience was assigned to work with the agents and technical examiners. The filter review has commenced.

Government counsel on the prosecution team have not reviewed any relevant records or materials found in the extracted cellphone, but counsel were informed that the investigative team has reviewed non-privileged records screened by the filter team that are within the scope of the warrant. Counsel on the prosecution team will not review any such data before the Court rules on this motion.

On January 29, 2026, the Government obtained a two-count indictment against Defendant, ALLEN, KELLY, and six other co-conspirators charging them with violations of 18 U.S.C. §§ 241 and 248(a)(2).

## ARGUMENT

A. **The Motion to Quash the Search Warrant Should Be Denied**

The Court properly issued a warrant authorizing the Government to search Defendant's cellphone, all in accordance with the Fourth Amendment and Fed. R. Crim. P. 41. Because Defendant's motion to quash was filed "before an indictment," it should be met "with caution and restraint." *Pieper v. United States*, 604 F.2d 1131, 1133 (8th Cir. 1979).

Defendant appears to argue that the warrant should be quashed because the contents of her phone "are irrelevant" and are unlikely to contain "any material evidence of a crime." (Mot. 2.) But "[p]robable cause … is not a high bar," *Kaley v. United States*, 571 U.S. 320, 338 (2014), and the affidavit submitted in support of the warrant easily cleared that bar. It declares that Defendant (1) used her Instagram account to advertise "Operation Pullup" — the agitators' name for their planned disruption of religious services at Cities Church; (2) described "Operation Pullup" as a "clandestine" operation wherein she and other agitators "disrupt business as usual;" (3) encouraged 30-40 agitators to ensure they had Cities Church's address; (4) encouraged 30-40 agitators to spread out and avoid wearing identifying clothing once at the Church; (5) entered the Church and led a chant that disrupted religious worship; and (6) gave a video interview while in the Church. (*See* Affidavit of Agent Timothy Gerber ¶¶ 17, 21 33, 36, 56.)

Thus, the affidavit established "a fair probability that contraband or evidence of [Defendant's] crime[s] will be found" on her cellphone. *United States v. Gater*, 868

3

F.3d 657, 660 (8th Cir. 2017).  Specifically, the phone is likely to contain evidence including messages between Defendant and other agitators demonstrating that they conspired to enter the Church, disrupt religious-worship services, and physically obstruct congregants and clergy.

Defendant complains that the authorized search of her phone will violate "her privacy and constitutional rights" (Mot. 2), but the search warrant adequately balances her "privacy-related and law enforcement-related concerns." *United States v. Bragg*, 44 F.4th 1067, 1072 (8th Cir. 2022).  The warrant appropriately provides that while the United States may review "[a]ll records … that relate to violations" of Sections 241 and 248, the United States also must "make reasonable efforts to avoid searching files, documents or other electronically stored information which is not identified in the warrant" and "establish a search methodology … to ensure that no attorney-client privileged communications will be inadvertently reviewed by the prosecution team." (Warrant Addendum ¶¶ 1, 4.)  Defendant seemingly concedes that if "necessary protections are implemented," a search of her phone pursuant to a warrant is permissible.  (Mot. 4.)

Consistent with longstanding Department of Justice policies, a separate "filter team" of attorneys, federal agents, and forensic examiners will review Defendant's phone and will not disclose any privileged documents or communications to anyone involved in the investigation or prosecution of Defendant.  The use of filter teams has been approved by at least nine federal courts of appeals.  *In re Sealed Search Warrant*

*and Application for a Warrant by Telephone or Other Reliable Electronic Means*, 11 F.4th 1235, 1247 (11th Cir. 2021) (collecting cases).

By "promptly and appropriately … creating a filter team (or taint team) tasked with sorting through" Defendant's phone "to identify and screen attorney-client privileged information," *United States v. Manzi*, 2022 WL 874598, at *1 (D. Neb. Mar. 24, 2022), the Government is taking appropriate steps in accordance with the warrant to protect the rights of Defendant's "clients and associates" (Mot. 2). *Cf. In re Grand Jury Subpoena Dated August 14, 2019*, 964 F.3d 768, 773 (8th Cir. 2020) (observing that a screening team "provide[s] sufficient . . . protection" to prevent the "improper use of compelled statements" in violation of the Fifth Amendment).

Notwithstanding Defendant's histrionics (*e.g.*, Mot. at 2-3 (about a "fascist offensive" and supposedly "politically motivated prosecution"), the Government properly obtained the search warrant pursuant to Rule 41 of the Federal Rules of Criminal Procedure and is conducting its review of the cellphone with a filter team that has been instructed to respect the attorney-client privilege and related interests and to seize only those items falling within the scope of the warrant.

**B.    The Government Intends to Return Defendant's Cellphone Once the Search is Complete and Subject to Agreement Re. Authentication of a Forensic Copy**

Defendant's "motion for return of property should be governed by equitable principles" and "should be dismissed if [she] has an adequate remedy at law or cannot show irreparable injury." *Floyd v. United States,* 860 F.2d 999, 1003 (10th Cir.1988). Defendant's requested "pretrial injunctive relief is an extraordinary and an equitable

5

remedy." *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023). She is entitled to "return of [her] seized phone" only if she can establish "four factors:" that (1) "there has been a 'callous disregard' for [her] constitutional rights;" (2) she has an "interest in and need for the material that [she] has asked to be returned;" (3) that she "has shown irreparable injury if the property is not returned;" and (4) that no adequate remedy at law exists to redress [her] grievance." *Id.* at 619.

Defendant's motion fails to satisfy the first and third requirements. As to the first requirement, there has been no violation of her constitutional rights. "Here, a federal magistrate judge determined there was probable cause to seize and search [her] cell phone. The warrant explicitly authorized … the seizure and search of the phone for records and information." *Lindell*, 82 F.4th at 619. And as to the third requirement, her motion contains no facts suggesting that she will somehow suffer irreparable harm if she does not have her cell phone during the time it takes the Government to conduct its search.

The Government recognizes that it "has no right to hold onto property that is not contraband indefinitely." *Lindell*, 82 F.4th at 621. As explained in the affidavit supporting the search warrant, the United States will return Defendant's phone once it determines that possession of the phone is "no longer necessary to retrieve and preserve the data" sought by the warrant. (Affidavit at ¶ 74.) The United States will make every effort to search Defendant's phone expeditiously in order to effectuate a prompt return of Defendant's phone.

6

Once the search is completed, the Government proposes that the phone can be returned to Defendant if she stipulates as to the authenticity of the forensic copy of the phone so that the Government may ensure it can use any data seized from the phone for any purpose at trial or any other hearing in the now indicted case.

## CONCLUSION

For the foregoing reasons, Defendant's motion for a "temporary order halting any phone search" should be denied.

DATED: February 2, 2026.        Respectfully submitted,

DANIEL N. ROSEN                 HARMEET K. DHILLON
United States Attorney          Assistant Attorney General
District of Minnesota

                                JESUS A. OSETE
                                Principal Deputy Assistant Attorney General

                                ROBERT KEENAN
                                Acting Deputy Assistant Attorney General

                                     /s/Orlando Sonza
                                ORLANDO SONZA
                                Counsel

                                JOSHUA R. ZUCKERMAN
                                GRETA GIESEKE
                                Attorneys

                                Civil Rights Division
                                U.S. Department of Justice
                                950 Pennsylvania Ave. NW
                                Washington, DC 20530
                                Telephone: (202) 514-3847
                                Email: orlando.sonza2@usdoj.gov

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA