UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-cr-25 (LMP/DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    )<br>    Plaintiff, )<br>    )<br>vs. )<br>    )<br>NEKIMA LEVY ARMSTRONG, )<br>    )<br>    Defendant. ) | **DEFENDANT'S OBJECTION TO DENIAL OF MOTION TO MODIFY CONDITIONS OF RELEASE** |

Defendant Nekima Levy Armstrong, through undersigned counsel, hereby objects to the Magistrate Judge's Order filed on February 9, 2026 (Doc. 101) denying her Motion to Modify Conditions of Release. (Doc. 69). Ms. Levy Armstrong seeks reconsideration of the Order pursuant to 28 U.S.C. § 636(b)(1)(A) and/or amendment of the Order pursuant to 18 U.S.C. § 3145(a)(2) with this request for amendment to be determined promptly pursuant to said statute. The Order denying modification was clearly erroneous because 1) it was a text-only one line Order which failed to provide any rationale for denial of the extensively briefed motion, and 2) it failed to grant a modification that both parties agreed upon, namely allowing Ms. Levy Armstrong's husband to keep his firearms in his home. The Magistrate Judge's failure to provide any rationale for his ruling necessitates that this Court review the matter de novo. The underlying Motion (Doc. 69) and the reply memorandum in support of modification (Doc. 98) are hereby incorporated by reference. Ms. Levy Armstrong respectfully requests that the Court review all submissions, and other pertinent filings.

Ms. Levy Armstrong originally pointed out that after the Court imposed numerous and onerous "Additional Conditions of Release" for her (Doc. 12 at 2-4), it subsequently declined to impose any Additional Conditions of Release for three co-defendants who were merely released on their own recognizance. (Docs. 52, 58, and 61). Since the Magistrate Judge's denial of the instant motion, the Court subsequently declined ti ompose any Additional Conditions Release for two more co-defendants but also released them on their own recognizance. (Docs. 117, 120). There is no rational basis for treating Ms. Levy Armstrong differently than five of her co-defendants. She has no prior substantive criminal record, she has lived in Minnesota for 23 years, she has a husband and children in Minnesota, and operates two businesses. (Pretrial Service Report, Doc. 29). Ms. Levy-Armstrong is a licensed attorney, former law professor at the University of St. Thomas for fourteen years, and a prominent community leader. She presents no danger of any sort to the community or risk of nonappearance.

The government asserted in its opposition to the motion that Ms. Levy Armstrong "is differently situated from at least some of her co-defendants." (Doc. 89 at 4). This claim lacks merit. The government pointed to allegations in the complaint affidavit and Indictment that Ms. Levy Armstrong was the organizer or leader of the protest at the Cities Church. In this case, her leadership of the action is irrelevant to whether she poses any danger to the community or risk of flight. It is critical to recognize that unlike a more typical federal case, Ms. Levy Armstrong is not accused of being a leader of a drug

trafficking conspiracy, a gang, a fraud ring, a terrorism plot, or anything that would normally be considered criminal activity or dangerous. She was the leader of a non-violent political protest. There is no dangerousness or risk of flight demonstrated by leading a non-violent political protest. It is fundamentally wrong and a constitutional affront to label her as dangerous for exercising her First Amendment rights. To the contrary, Ms. Levy Armstrong's status as a respected community leader lessens any concerns about danger or risk of flight.

The government also vaguely referenced its proffer at the initial appearance "facts bearing on issues of flight and/or Defendant's willingness to comply with basic conditions." (Doc. 89 at 5). The defense cannot ascertain what the government is referring to. In the next section the government gets a little more specific, referencing its unsubstantiated proffer that Ms. Levy Armstrong "was hiding out in a hotel with one co-defendant and appeared to notice that she was being followed and then fled back to her hotel." (Id. at 6). This proffer consisted solely of statements by the prosecutor without any documentary or other evidentiary support. The Magistrate Judge noted the lack of support for the proffer and rightly chose to not give it weight. It should not be considered as a justification for imposing stricter conditions of release.[1]

---

[1] The Magistrate Judge did not allow Ms. Levy Armstrong's counsel to respond to the government proffer because it was not material to the Court's decision. Had Ms. Levy Armstrong been given an opportunity to respond, she would have vigorously denied that she knew she was being followed and "fled" back to her hotel. She also would have explained that she was staying at a hotel because she had been receiving death threats as a result of top officials in the government denouncing her in the media, and because she was trying to be

The Court is required to imposed "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The Additional Conditions of Release are simply not necessary to assure Ms. Levy Armstrong's appearnce and the safety of any person or community given her exemplary and law-abiding life, accomplishments and stature in the community.

There is no basis for restricting or requiring preapproval of Ms. Levy Armstrong's travel outside of Minnesota. She regularly travels in connection with her business and community activism, and should not be required to seek permission from probation or the Court for trips to other states or other countries. There is no basis for concern that she will not return to Minnesota as required. Ms. Levy-Armstrong has demonstrated by her life's work that she is a responsible and reliable member of the community, and therefore need not be subject to the supervision of a probation officer.

While Ms. Levy Armstrong has no intention of possessing a firearm, her husband owns firearms for the purpose of protecting himself and his family. Ms. Levy-Armstrong

---

in a location where she could facilitate her self-surrender at the federal court several blocks away. As previously explained, the government through United States Attorney Daniel Rosen himself refused to allow Ms. Levy Armstrong to self-surrender at the courthouse but instead insisted on arresting her at the hotel where one of the arresting agents video recorded her arrest on his cell phone. Despite the agent promising that the video would not be on Twiiter, a photo of her being arrested was placed on DHS Secretary Kristi Noem's Twitter Feed, and then digitally altered to portray Ms. Levy Armstrong in a false and derogatory light and published on the White House Twitter feed.

has and continues to receive countless death threats. Probation has informed her husband that he cannot have guns in his home in order for Ms. Levy Armstrong to comply with the current conditions of release. Her husband should not be denied his Second Amendment Rights as a result of this political persecution by the government.  The government was in agreement with this requested modification. It stated in its reponse to Ms. Levy Armstrong's motion,

> The Government agrees that Defendant's "husband should not be denied his Second Amendment [r]ights" to lawfully possess a firearm in his home. (*Id.*) The Government does not oppose an order clarifying that Defendant's husband may retain his guns in compliance with Minnesota law, so long as Defendant does not access, use, carry, transport, or otherwise handle the guns outside of their residence.

Doc. 89 at 8). Although Ms. Levy Armstrong requests that the condition prohibiting firearms simply be stricken given that she has no history of violence and there are no allegations of any improper use of firearms, as that least there is no justification for failing to at least adopt the government's proposal.

## CONCLUSION

The Court correctly denied any restrictive conditions for Ms. Levy Armstrong's co-defendants given that the case does not involve any violence and is inherently suspect. Ms. Levy Armstrong similarly should not have any restrictive conditions. She respectfully requests that the Court reverse the Magistrate Judge and release her on her own

recognizance.

Dated:  February 18, 2026                                LAW OFFICE OF JORDAN S. KUSHNER

                                                                                             By s/Jordan S. Kushner
                                                                                              Jordan S. Kushner, ID 219307
                                                                                              Attorney for Defendant
                                                                                              431 South 7th Street, Suite 2446
                                                                                              Minneapolis, Minnesota  55415
                                                                                              (612) 288-0545
                                                                                              jskushner@gmail.com