UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 26-25 (3) (LMP/DLM) |
| Plaintiff, | ) | |
| v. | ) | |
| | | **DEFENDANT'S MOTION TO** |
| WILLIAM SCOTT KELLY, | ) | **MODIFY CONDITIONS OF** |
| | ) | **RELEASE** |
| Defendant. | ) | |

William Scott Kelly, by and through his attorney, respectfully moves this Court for an Order to modify his conditions of release. Mr. Kelly has been on pretrial release supervision since January 23, 2026.

The presiding magistrate judge at Mr. Kelly's initial appearance on January 23, 2026, did require that Mr. Kelly's release from custody include a personal recognizance bond and certain conditions of pretrial release. Mr. Kelly acquiesced to these requirements, was released later than same day, and has been a model supervisee ever since.

As the Court is aware, there are now thirty-nine defendants charged via a superseding indictment, issued on February 26, 2026. (ECF 144.) All the defendants in this matter have been released on conditions. However, there has been some inconsistency regarding the pretrial release conditions imposed by different magistrate judges, and this Motion is in part an effort to address these differing levels of supervision that seem to be product of coincidence. Moreover, Mr. Kelly specifically believes that certain release conditions currently imposed upon him are lacking a sufficient nexus to either risk of flight or danger to the community to warrant their continued imposition. Mr.

Kelly's record on pretrial release to date supports his position that any latent concerns that may have existed in theory at the time of his initial appearance have been so dissipated by his actual conduct that modifying his release conditions as suggested below is appropriate under Bail Reform Act.

## I.    Survey of release conditions imposed in this case

To assist the Court, a chart is attached to this Motion, detailing the release conditions of all the defendants who have appeared in the District of Minnesota in this case so far. In summary:

- The first three (3) people to appear – including Mr. Kelly – were required to sign a personal recognizance bond and to agree to abide by the standard conditions of release and **six-to-ten (6-10)** special conditions.

- The next six (6) defendants to appear were required to sign a personal recognizance bond and to agree to abide by the standard conditions of release. **No** special conditions were imposed.

- The next twenty-two (22) defendants were required to sign a personal recognizance bond and to agree to abide by the standard conditions of release and **only one** special condition ("stay away" from Cities Church).

It is readily apparent that the first three people to appear were subjected to the strictest set of pretrial release conditions than the vast majority of those appearing, twenty-eight (28) defendants.

At Mr. Kelly's initial appearance, the Court imposed the following release conditions:

1.    A personal recognizance bond
2.    An agreement to abide by the standard conditions of release
3.    An agreement to abide by the following special conditions of release
   (a)    submit to supervision by a pretrial service officer - 7(a)
   (b)    surrender his passport – 7(d)

2

| (c) | not obtain foreign travel documents – 7(e) |
|---|---|
| (d) | travel limited to MN unless approved – 7(f) |
| (e) | avoid contact with victim/witness – 7(g) |
| (f) | complete a mental health assessment and follow any recommendations of that assessment if directed by pretrial services – 7(h) |
| (g) | not possess a firearm/dangerous weapon – 7(k) |
| (h) | report contact with law enforcement within 72 hours – 7(s) |
| (i) | reside at an approved address – 7(t) |
| (j) | "stay away" from Cities Church |

In total, the Court imposed a total of ten (10) special conditions atop the five (5 standard conditions. Defense counsel believes that Mr. Kelly is the only one of thirty-one (31) defendants who was ordered to abide by special condition 7(h) (complete a mental health assessment and follow any recommendations of that assessment if directed by pretrial services). At the time of his initial appearance, no objections were made to the imposition of these release conditions.

## II.     Mr. Kelly respectfully requests that the Court modify his conditions of release

Mr. Kelly does request that the Court modify his conditions of pretrial release by striking all the special conditions previously imposed, save the "stay away" from Cities Church at 7(j) of his current release order. (ECF 27.) His reasons are twofold.

First, defense counsel believes that absent specific concerns grounded in fact for a particular defendant, there is no reasonable basis for treating similarly situated defendants differently under the Bail Reform Act. As the Court has already seen, Mr. Kelly's set of special conditions, numbering ten in total, far exceed the number imposed upon the twenty-seven (27) defendants who appeared subsequently.

It is also important to recognize the nature of the offenses charged to underscore the unreasonableness of the disparate treatment of defendants in this case. The government has alleged that all the people charged participated in a single event spanning no more than a couple hours and in the context of a highly political moment, clearly distinguishing the alleged offense from other crimes and making it extremely unlikely that these are individuals who will commit other crimes. Generally speaking, the overwhelming majority of people charged, including Mr. Kelly, have no history of prior criminal convictions. Given that the Bail Reform Act is explicitly designed to impose the least restrictive means to reasonably assure court appearances and the safety of any individual and the community, the very nature of the instant allegations should exert further downward pressure on the necessity of the considerable set of pretrial release conditions of any person charged, let alone Mr. Kelly.

Given the survey of how the people charged in this particular case have been treated differently, defense counsel believes that it would appropriate on this basis alone to modify Mr. Kelly's release conditions by striking all the special conditions previously imposed, save the "stay away" from Cities Church at 7(j) of his current release order. This would bring him in line with twenty-two (22) of the thirty-one defendants who have appeared so far, not even counting the five (5) defendants who don't even have the 7(j) special condition at all.

This is particularly true when looking at the Court's rationale for denying a co-defendant her request to modify her conditions of release. (ECF 141.) In determining that the special conditions imposed in her situation were warranted, the Court relied on

4

presumption that this co-defendant along with another occupied leadership roles that distinguished them from the remaining co-defendants including Mr. Kelly. As Mr. Kelly is not believed by the government to be a leader, he should be treated similarly as the vast majority of defendants in this case.

Second, in that same decision, the Court specifically denoted that the co-defendant who sought to modify her release conditions may seek to modify those conditions in the future should she demonstrate a pattern of compliance with what conditions were imposed. Defense counsel believes that Mr. Kelly's history on pretrial release so amply demonstrates his ability to abide by court orders and remain within his pretrial release conditions that any latent concerns at the time of his initial appearance have been supplanted by his actual conduct. Mr. Kelly has been on pretrial release since January 23, 2026. To date, he has a perfect record while on supervision. He has been to court as scheduled, communicated well with his supervising officer, and comported with every standard and special condition that was imposed.

Each release condition should have some basis for believing that it is appropriate to impose such a condition in order to reasonably assure court appearances and the safety of any individual and the community. Without a particularized finding that each condition of release is necessary to address those concerns, such conditions should not be imposed. Accordingly, Mr. Kelly does not believe that the government can convincingly argue that the special conditions imposed here address any substantive concern regarding flight or danger.

## III.    Conclusion

For all the foregoing, Mr. Kelly respectfully requests that the Court modify his conditions of release by striking all the special conditions previously imposed, save the "stay away" from Cities Church at 7(j) of his current release order. (ECF 27.) Mr. Kelly expresses his appreciation for the Court's time and attention to this matter.

Dated: March 10, 2026                              Respectfully submitted,

                                                   */s/ James S. Becker*

                                                   _____
                                                   JAMES S. BECKER
                                                   Attorney ID No. 388222
                                                   Attorney for Mr. Kelly
                                                   107 U.S. Courthouse
                                                   300 South Fourth Street
                                                   Minneapolis, MN 55415