UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 26-25 (3) (LMP/DLM) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S REPLY TO** |
| WILLIAM SCOTT KELLY, | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **DEFENDANT'S MOTION TO** |
| Defendant. | ) | **MODIFY CONDITIONS OF** |
| | ) | **RELEASE** |

William Scott Kelly, by and through his attorney, respectfully submits this Reply to the government's Response in Opposition to Mr. Kelly's Motion to Modify his Conditions of Release. (ECF 351.)

In its Response, the government suggests the following grounds for denying Mr. Kelly a modification of his release conditions as requested. (ECF 341.)

1. That the conditions imposed "are not unduly restrictive" (ECF 351 at 3, 4 6.)

2. That the request to strike condition 7(g) indicates that Mr. Kelly "intends to speak with witnesses or further harass his alleged victims" (*Id*. at 4.)

3. That the magistrate judge who imposed release condition 7(h) did so due to concerns regarding his mental stability (*Id*. at 5.)

Of course, the standard for imposing special conditions of release is that they be "the least restrictive… condition, or combination of conditions that… will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The standard is not whether such conditions are "not unduly restrictive," as posited by the government.

One might say, for example, that for anyone person on pretrial release it would not be a significant burden to report contacts with law enforcement. However, that condition is neither a standard condition nor one imposed in many cases when people are released from custody. Even in this case, there are similarly situated co-defendants who are not subject to that condition.

Furthermore, merely articulating the purposes of various special conditions does not mean the imposition of such conditions are warranted under the law. The Court already understands, for example, that a travel restriction is to prevent flight out of the country. (ECF 351 at 4.) The question for the Court is whether imposing such a condition is so necessary as to amount to being among the least restrictive conditions available. The government has identified no such grounds for any of the currently imposed special conditions.

Defense counsel is unaware of the government challenging the absence of similar special release conditions for the twenty-nine (29) codefendants who did not receive the same special conditions imposed as Mr. Kelly, despite the fact that the government's purported rationale would apply to all of them. This inaction by the government significantly undermines the credibility of its position here.

Their credibility is further undermined by its relatively unhinged claim that Mr. Kelly "ominously suggest that he intends to speak with witnesses or further harass his alleged victims" should condition 7(g) be stricken. First of all, this condition was premised on the government providing a list of persons who is or may be a witness or victim; defense counsel is unaware of the government complying with this order, almost

two months after Mr. Kelly made his initial appearance. The failure of the government to do so is not only in contravention of the Court's directions, but it reflects an ominous lack of concern for the people that the government now claims would be in danger should condition 7(g) be stricken. And, as before, the fact that at least twenty-nine (29) other co-defendants do not have this condition imposed has not prompted the government to seek review. The government's purported concern is a chimera.

Each release condition should have some basis for believing that it is appropriate to impose such a condition in order to reasonably assure court appearances and the safety of any individual and the community. Without a particularized finding that each condition of release is necessary to address those concerns, such conditions should not be imposed. Accordingly, Mr. Kelly does not believe that the government can convincingly argue that the special conditions imposed here address any substantive concern regarding flight or danger.

The government also posits that the magistrate judge who imposed special condition 7(h) did so because the magistrate judge "reasonable believed that [Mr. Kelly's conduct at Cities Church] raises questions as to Defendant's mental stability." The government cites to nothing in the record to support this declaration. There is in fact nothing in the record to establish the magistrate judge's rationale, and the government cannot be permitted to invent a record that isn't there.

The bottom line is that the government has charged Mr. Kelly along with many other with participating in a single event spanning no more than a couple hours and in the context of a highly political moment, clearly distinguishing the alleged offense from

other crimes and making it extremely unlikely that these are individuals who will commit other crimes. Mr. Kelly is a United States military veteran who was injured during his service to this Country. Nothing in his history suggest concerns about the risk of non-appearance or of any danger to the community. He has no prior criminal convictions. Mr. Kelly has had no issues on pretrial release, supporting the position that many of the conditions are unnecessary.

The government suggests that striking the requested special conditions would be interpreted by Mr. Kelly as a license to engage in nefarious activities. Nothing could be further from the truth. The government's position reflects more upon itself than it does on Mr. Kelly, and it is not flattering. More importantly, it is not a legal basis for denying Mr. Kelly's request.

**I.      Conclusion**

For all the foregoing, Mr. Kelly respectfully requests that the Court modify his conditions of release by striking all the special conditions previously imposed, save the "stay away" from Cities Church at 7(j) of his current release order. (ECF 27.) Mr. Kelly expresses his appreciation for the Court's time and attention to this matter.

Dated: March 13, 2026                    Respectfully submitted,

                                         */s/ James S. Becker*

                                         _____
                                         JAMES S. BECKER
                                         Attorney ID No. 388222
                                         Attorney for Mr. Kelly
                                         107 U.S. Courthouse
                                         300 South Fourth Street
                                         Minneapolis, MN 55415