## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 0:26-cr-00025-LMP-DLM |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S MOTION FOR** |
| v. | ) | **EXTENSION OF** |
| | ) | **(1) EXCLUDABLE TIME FOR** |
| NEKIMA VALDEZ LEVY | ) | **COMPLEX CASE UNDER THE** |
| ARMSTRONG,** *et al.*,** | ) | **SPEEDY TRIAL ACT,** <u>AND</u> |
| Defendants. | ) | **(2) EXTENSION OF THE** |
| | ) | **DISCOVERY DISCLOSURE** |
| | ) | **DEADLINE** |
| | ) | |
| | ) | |

Earlier today, the Court issued an order designating this case as complex under the Speedy Trial Act and designating excludable time on that basis for the period from today's date (March 18, 2026) to April 13, 2026. (*See* ECF No. 390.) The Government was preparing to file a renewed motion for a complex-case designation and extension of discovery. In light of the Court's Order, however, the Government hereby moves the Court for an order that grants a *longer period* (90-days) for excludable time under the Speedy Trial Act based on the Court's complex case designation, along with adjustments to certain case-management dates, *and* that grants a 90-day extension of the deadline for the Government's initial discovery disclosures.

## PROCEDURAL HISTORY

### A.   Original Indictment

On January 29, 2026, the Government obtained the original Indictment in this case (ECF No. 39) against the first nine defendants. The Indictment

1

charges two separate offenses: (1) Conspiracy Against Rights, in violation of 18 U.S.C. § 241; and (2) Interference with Exercise of Religious Freedom at Place of Religious Worship, in violation of 18 U.S.C. § 248(a)(2).

**B.      Prior Motion for Complex Case Designation**

After the original nine defendants were arraigned, the Government filed a Motion to Designate Case as Complex Under the Speedy Trial Act or, in the Alternative, Extend Date for Disclosure of Discovery (ECF No. 131).  The Government asked for a designation of 90 days of excludable time (from February 17, 2026 to May 18, 2026).  In the alternative, the Government asked for a 30-day extension of the discovery disclosure date.  That request was *based on the discovery materials we had and anticipated at the time*, but the amount of discovery has *ballooned* in the past month.

On February 23, 2026, the Court denied, without prejudice, the Government's request for a complex case designation and corresponding exclusion of 90 days from the Speedy Trial Act computation.  (ECF No. 140 at 1-2).  However, the Court granted the Government's request to extend the Rule 16 discovery disclosure deadline by 30 days,

**C.      Superseding Indictment & Arraignments**

On February 26, 2026, the Government obtained a Superseding Indictment (ECF No. 144) that charged 30 additional defendants with the same two counts as charged in the original Indictment.  Many of the new defendants have not yet been arraigned.  The Court has scheduled many of those

2

arraignments over the next several days, from March 19, 2026 to on or about March 24, 2026.

The Government also recently identified *another co-conspirator*.

**D.**     **Discovery**

In past weeks, the Government has continued its investigation, including search warrants and identifying and interviewing a large number of victim-witnesses.  As a result, the volume of discovery has expanded dramatically. (*See infra* for details regarding the volume of discovery.)

### ARGUMENT

**A.**     **The Nature of This Case Warrants a Complex Case Designation for Approximately 90 Days of "Excludable Time"**

As the Court has already found that this case qualifies for a complex-case designation, the Government will not belabor the point.  Under the "ends-of-justice" provision of the Speedy Trial Act (*see* 18 U.S.C. § 3161(h)(7)(A)), a period of delay may be designated as "excludable" based on various factors, including: "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits."  *See United States v. Grady*, 88 F.4th 1246, 1256 (8th Cir. 2023) (quoting 18 U.S.C. § 3161(h)(7)(B)). "[M]any necessary witnesses" and a "large volume of discovery" are among the relevant considerations.  *See United States v. Selle*, No. 24-CR-228 (SRN/DLM),

2025 WL 1573157, at *2 (D. Minn. 2025) (citing *United States v. Pikus*, 39 F.4th 39, 53 (2d Cir. 2022)).

These considerations all exist here.  The only question raised by this motion is whether the complex nature of this case warrants more than the 26 days provided for in the Court's recent order.  (ECF No. 390.)  For the reasons set forth below, the Government submits that the complexity of this case warrants a designation of approximately 90 days' excludable time.

The Superseding Indictment charges 39 defendants with two counts each. Even before the indictment of 30 additional defendants, the Court observed that the original nine defendants had "forecast[ed] novel and, possibly, complex motion practice," and that some defendants had even already engaged in "robust motion practice."  (ECF No. 140 at 4.)  And while the Speedy Trial Act already accounts for the exclusion of time while motions are pending and under advisement, the complex case designation would eliminate the need for the Court to consider speedy trial issues for each defendant.

Based on estimates of Church leadership, there were approximately 300-400 congregants and church staff at the church on January 18, 2026 during the time of the alleged offense conduct.  The Government's agents have been working diligently to identify and interview a large number of those victim-witnesses in the past several weeks, and the additional discovery materials document and evidence those efforts.

The volume of discovery also warrants the designation of 90-days' "excludable" time. To avoid duplication of those facts, the Government explains the volume of discovery in the next section, but we incorporate those facts here by reference in support of the extended excludable-time designation.

**B.**      **A 90-Day Extension of the Discovery Disclosure Deadline Is Needed Due to the Volume of Discovery**

This case involves a significant number of witnesses and victims, and a large volume of discovery. As detailed above, the amount of discovery materials now in the Government's possession *substantially exceeds* the materials possessed and estimated by the Government at the time it first requested a complex-case designation.

Whereas the amount of documents was previously estimated at around 2,000 pages, it has expanded to an estimate of approximately 3,500-4,000 pages. Instead of approximately 176 investigative reports, the investigative agents have now generated a total of approximately 380 reports, to include reports from St. Paul PD. Many of these reports (and the BWC videos and/or audio recordings referenced below) relate to interviews of victim-witnesses who were present at the church at the time of the alleged offense conduct.

The investigative agent(s) have sworn out approximately 40 search warrants and/or other process. The search warrants, of course, have generated additional pages for the applications and related documents, and they also enabled the seizure of data from some of the new defendants' cellphones. Some

of those warrants were just obtained in or around the past week. That is not due to delay; it simply reflects that the offense conduct occurred vey recently (January 18, 2026).

Agents have seized approximately 20 cellphones and received a forensic extraction back for approximately 10 of those phones. Some of those cellphones have necessitated the use of a "filter team" to ensure privileged information is not shared inadvertently with the investigative team (*i.e.*, agents and prosecutors who are handling this case), and that, of course, involves more review time. The agents have not yet accessed/searched and/or completed the extraction process as to multiple of the seized cellphones.

The volume of video evidence has also increased substantially. The agents have used body-worn cameras ("BWC") or audio-voice recorders in connection with much of their work on this case. Agents have obtained similar BWC videos from St. Paul Police Department, which had officers conduct multiple victim-witness interviews as part of its own investigation of related state offenses. As a result, agents estimate they have approximately 140 BWC videos. Agents indicate that they also have approximately 45 videos from other sources, including videos of the incident at the church and related matters (*e.g.*, from phones, the internet, etc.). Agents believe the total amount of video evidence that they now have in discovery involves scores of hours of watch-time — potentially as high as a hundred hours, according to a rough estimate.

The Government's case agents and paralegals at the U.S. Attorney's Office ("USAO") have been exercising diligence in connection with the collection and preparation of discovery for production. The agents have assisted in redactions of documents to assist in preparing some of the discovery. However, in order to produce the discovery in this case in the manner typically done by the USAO in this district (*as described below*), the Government's undersigned counsel has been informed that it will take the USAO's staff approximately 7-8 weeks to complete the task as to all of the materials that the agents have provided to the paralegals.

To make discovery organized, manageable, and easier for defense counsel to use, the Government is using the Everlaw program to organize and produce discovery. Everlaw is a case management system that the Department of Justice uses in complex cases, and the USAO uses it regularly to produce discovery in this district. When discovery is loaded into Everlaw, USAO paralegals must individually apply redactions as needed, tag and organize discovery by type, and otherwise ensure that disclosures meet the Government's obligations while protecting the safety and privacy concerns of the victims and the privacy concerns of the defendants as to some matters. The production of discovery via Everlaw typically includes the following steps:

- The USAO organizes, numbers, and indexes all materials, including categorizing and linking materials.

- The USAO also makes .pdf documents searchable by the Optical Character Recognition (OCR) program.

- The USAO carefully reviews each document to ensure that necessary redactions are made, including sensitive personal identifiable information (especially as to victims, but for the benefit of defendants, too).

- The USAO carefully reviews each document to ensure that information containing private materials that should only go to a particular defendant (such as National Crime Information Center (NCIC) criminal histories, private medical and family information, and statements evidencing cooperation with the Government) are not inadvertently widely disseminated.

To expedite the preparation of discovery, the primary investigating agency in this case has devoted agents to assist USAO staff with redacting the documentary discovery. The preparation of discovery materials in an organized and useful manner is of benefit to all defense counsel as well as protective of the interests of third parties, but it takes time. Accordingly, the Government needs additional time to issue discovery in an orderly fashion to all defendants.

Under the new scheduling order, defendants will still have a limited opportunity to meaningfully review materials produced by the Government before filing motions and preparing for trial. The parties would be unable to intelligently accomplish the goals set forth in Local Rule 12.1 and do so within current deadline, especially the directives to "confer with the responding party"

and to "attempt in good faith to clarify and narrow the issues in dispute" before submitting any pretrial motions. This prospect is particularly acute now that the Government will need to prepare for and hold such discussions with 39 different defendants. Indeed, managing even routine communications and coordinating administrative matters with counsel for 39 defendants is unfeasible under the current timeline.

Therefore, given the volume, complexity, and scope of the investigative materials; the large number of defendants and witnesses/victims; and the novel legal and factual issues that certain defendants and their counsel have said they plan to raise, the Government asks the Court to extend the discovery disclosure deadline by a 90 days.

### MEET & CONFER EFFORTS

Via e-mail, counsel for the Government conferred or attempted to confer regarding this motion with counsel for defendants who have made appearances in this case. The Government has received responses from most of the defense counsel; we have received no response from six defense counsel. Of those who did respond to the Government's e-mails, 25 defense counsel indicated that they oppose this motion, four do not oppose, and three said they had no position on the matter.

## CONCLUSION

Based on the foregoing, the United States submits that the extensions requested herein are reasonable and should be granted.

DATED: March 18, 2026.

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

FLAVIO DE ABREU
Special Assistant United States
Attorney

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Dep. Asst. Attorney General

ORLANDO B. SONZA
Counsel

MEGAN FREDERICK
GRETA GIESEKE
KELSEY E. MCGEE
JOSHUA R. ZUCKERMAN
Attorneys

  */s/ Robert J. Keenan*
ROBERT J. KEENAN
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 305-2566
E-Mail:  robert.keenan@usdoj.gov

*Attorneys for Plaintiff*