United States of America,

    *Plaintiff*,

v.

Nekima Levy Armstrong *et al.*,

    *Defendants*.

Case No. 26-CR-00025 (LMP-DLM)

**DECLARATION OF
VIRGINIA McCALMONT**

I, Virginia R. McCalmont, declare as follows:

1.    I am an attorney with Forsgren Fisher McCalmont DeMarea Tysver LLP ("Forsgren Fisher"), the law firm representing defendant Ariel Hauptman ("Hauptman") in this matter.

2.    I submit this declaration in support of Opposing Defendants' opposition to Plaintiff the United States of America's ("Government") motion for extension of excludable time and extension of the discovery disclosure deadline (the "Second Exclusion Motion") (Doc. 391). This declaration is based upon my personal knowledge and experience.

3.    The Second Exclusion Motion seeks an additional 90 days of excludable time under the Speedy Trial Act and an extension of 90 days for the Government's initial discovery disclosure deadline. (*Id.* at 3–9.) The Government argues that a 3-month extension is necessary and reasonable "due to the volume of discovery," which includes "approximately 3,500-4,000 pages" of documents to be reviewed. (*Id.* at 5.)

4. I have extensive experience both with reviewing documents myself and with managing document review processes in complex cases.

5. Among other things, I have trained and managed teams of contract attorneys for large document-review projects more than ten times. The number of documents reviewed in these projects has ranged from several thousand documents to more than 1.2 million documents.

6. The document-review projects that I have managed have largely been conducted on Everlaw, which is the same platform that the Government is using for its document review in this case. (Doc. 391 at 7.)

7. To prepare this declaration, I reviewed metrics associated with prior Everlaw-hosted document-review projects that I oversaw. I also consulted a third-party vendor that Forsgren Fisher often retains to assist with large-scale document review projects.

8. Based on my experience and that conversation, I believe the Government's assertion that it needs 90 days to review and disclose approximately 3,500–4,000 pages of documents to be considerably overstated.

9. In my experience, a conservative review-rate estimate is approximately 25 to 35 documents per hour, per reviewer.

10. The Government did not provide the exact number of documents it needs to review, instead providing the number of pages (presumably because a focus on pages results in a bigger number). But even adopting the most conservative set of assumptions available—namely, that the Government will need to review the number

2

of documents at the upper end of its anticipated range; that each page that the Government needs to review is a separate document; and that the review rate will be at the low end of normal—the total number of hours that the Government would need to review the document set is 160. (4,000 documents / 25 documents per hour = 160 hours.)

11. A four-person review team working 8-hour days could complete this review project in five days. (4 people x 8-hour days x 5 days = 160 hours.)

12. I cannot imagine any scenario under which review of 3,500–4,000 pages of documents would require 30 days to complete—let alone 90 days.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 20, 2026          s/ Virginia R. McCalmont
                                               Virginia R. McCalmont