## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Nekima Levy Armstrong (1), Chauntyll Louisa Allen (2), William Scott Kelly (3), Done Renaldo Lemon (4), Jerome Deangelo Richardson (5), Jamael Lydell Lundy (6), Trahern Jeen Crews (7), Georgia Ellyse Fort (8), Ian Davis Austin (9), Aziza Mohammed Aboud (10), Max Richard Adamson (11), Michael Walker Beute (12), Ezra Chaim Pye Blumenfeld (13), Shane Ryan Bollman (14), Kelly Ann Carey (15), Monique Cassandra Cullars-Doty (16), Tiffany Lynn Dunlap (17), Andrew Jared Edwards (18), Rachel Rose Goligoski (19), Amelia Cristin Hansa (20), Ariel Hauptman (21), Krista Erin Hogan (22), Heather Danae Lewis (23), Danielle Andrea Matthias (24), Catie Anne Michaelson (25), Eric Ryan Michaelson (26), David Anthony Okar (27), Jarmel James Perry (28), Cheryl Ann Persigehl (29), Emmar Monike Pineda-Moreno (30), Spencer Michael Rodriguez-Bocanegra (31), Katherine Elizabeth Shaw (32), Satara Diann Strong Allen (33), Charles Lee Swenson (34), Robyn Elise Swenson (35), Thomas Matthew Tier (36), Lee Elizabeth Wiedeman Tuggle (37), John Donald Vergin (38), Mark David Weinfurter (39),

Defendants.

No. 26-cr-25 (LMP/DLM)

**PRETRIAL SCHEDULING AND LITIGATION MANAGEMENT ORDER IN A CRIMINAL CASE**

1

On March 18, 2026, this Court issued a Pretrial Scheduling and Litigation Management Order, designating this matter as complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), and excluding time under the Speedy Trial Act. (Doc. 390.) The Order retained a government disclosure deadline of March 26, 2026 (*see* Doc. 140), and ordered the parties to propose a schedule no later than April 10, 2026 (after meeting and conferring).

Later in the evening of March 18, 2026, the government filed a Motion for Extension of Excludable Time for Complex Case Under the Speedy Trial Act and Extension of the Discovery Disclosure Deadline. (Doc. 391.) In this motion, the government indicates that the case has now become more complex than when it first sought a complex-case designation, due not just to the addition of 30 defendants but also because of continued investigation resulting in more voluminous discovery. Thus, the government seeks an additional 90 days to make its Rule 16 disclosures. (*Id.*)

The Court set a March 20, 2026, 3:00 p.m. deadline for any Defendants to respond to the government's most-recent continuance motion. Several have. (*See* Docs. 406, 407, 408). The Court has considered the arguments of all parties.

The Court does not disagree that additional discovery and additional defendants make this case more complex. Indeed, that is why the Court has designated it a complex case for purposes of the Speedy Trial Act. However, the Court is troubled by the inference in the government's most recent motion that it has yet to produce *any* discovery to Defendants. (*See* Doc. 391 at 7 (describing steps taken in "preparation of discovery for production" and recounting steps necessary "to produce the discovery in this case in the

2

manner typically done by the USAO in this district"); *id.* at 8 (discussing steps needed to "expedite the preparation of discovery"). That inference has been confirmed by Defendants' responses. (*See, e.g.,* Doc. 406 at 3; Doc. 407 at 5.) This is particularly concerning given that the pace and cadence of discovery was an issue before the Court in February, resulting in the Court commenting that "rolling discovery appears consistent with [the Court's] interpretation of the government's discovery obligations." (Doc. 140 at 5.) It seems that comment has been ignored. So, here we are, months into a case that the government had an intense appetite to initiate, but cannot seem to keep up the pace when it comes to discovery obligations. This is unacceptable.

The Court appreciates the fact of this case's complexity, and further appreciates that production of voluminous discovery is time consuming. But the government's failure to make at least *some* production leaves the Court without a reference point by which to determine how long a complete production may take. Meanwhile, Defendants have provided such a reference point, suggesting 90 days is far too long. (Doc. 409.) As such, the Court will grant the government's motion in part, and extend its disclosure deadline to **April 24, 2026**. The parties shall meet and confer in order to determine appropriate pretrial deadlines going forward and shall submit a joint status report with all parties' positions on a proposed schedule no later than **May 11, 2026**. The meet and confer obligation here is the same imposed in the Court's March 18, 2026 Order—the government is obligated to meet with each individual Defendant's counsel unless defense counsel delegates meet and confer authority to a co-Defendant's counsel. The Court anticipates issuing a revised schedule on or about **May 14, 2026.**

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by the granting of such continuance outweigh the best interest of the public and Defendants in a speedy trial.  This finding is based on all of the files and proceedings herein, including the facts set forth above. **Accordingly, the period of time from today's date to May 14, 2026, shall be excluded from the Speedy Trial Act computations in this case.**

DATED: March 20, 2026

_s/Douglas L. Micko_
DOUGLAS L. MICKO
United States Magistrate Judge