UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-25 (LMP/DLM)

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>    v.<br><br><br>4.  Don Renaldo Lemon,<br>8.  Georgia Ellyse Fort, and<br>12. Michael Walker Beute,<br><br>          Defendants. | **DON LEMON, GEORGIA FORT, and MICHAEL BEUTE'S JOINT MOTION FOR IMMEDIATE DISCLOSURE OF *BRADY* MATERIALS AND FOR PERMISSION TO FILE A MOTION TO RECONSIDER THE EXTENSION OF THE DISCOVERY DEADLINE** |

Defendants Don Renaldo Lemon, Georgia Ellyse Fort, and Michael Walker Beute, through counsel, respectfully move the Court for an order directing the immediate disclosure of all *Brady* materials, including grand jury materials[1], based on the government's indictment of an innocent person, and for permission to file a motion to reconsider the Court's order granting an extension of the discovery deadline. Dkt. #411.

## I.   Background

On February 27, 2026, the government unsealed a superseding indictment charging an additional 30 defendants in this case, including Heather Lewis. Based on information and belief, the government identified Lewis after obtaining cell tower data showing all cell phones active in the vicinity of Cities Church and its parking lot on the day of the protest. Lewis's cell phone was present in or near the parking lot prior to the protest. Based on this information, government agents

---

[1]     Pending before the Court is Defendant Lemon's and Fort's Motion to Disclose Grand Jury Proceedings. Dkt. #125. Because of the reasons set forth in this filing (e.g., the government's misrepresentations), they respectfully ask the Court for expeditious consideration of that motion as well.

1

obtained a driver's license photo of Lewis and "matched" it to an individual present inside of the church during the protest. But the government was incorrect. They wrongly identified Lewis as someone inside of the church at the time of the protest. In reality, as the government appears to have just admitted, Lewis was not present in the church at the time of the protest or involved in the protest in any way. Her presence at or near the parking lot that day was a coincidence. To be clear: the government charged and arrested an innocent person.

The government then compounded its error by misleading the Court.

Based on information and belief, the government learned that it had charged an innocent person no later than Wednesday, March 18. But the government did not file the motion to dismiss that day. Instead, at approximately 11:45 p.m. that night, the government filed a motion for a 90-day extension of the discovery deadline. Dkt. #391. In its motion, the government relied heavily on the number of additional individuals charged in the superseding indictment as the basis for a discovery extension. *Id.* at 4 ("The Superseding Indictment charges 39 defendants with two counts each. Even before the indictment of 30 additional defendants, the Court observed that the original nine defendants had 'forecast[ed] novel and, possibly, complex motion practice,' and that some defendants had even already engaged in 'robust motion practice.'"), *id.* at 9 ("This prospect is particularly acute now that the Government will need to prepare for and hold such discussions with 39 different defendants. Indeed, managing even routine communications and coordinating administrative matters with counsel for 39 defendants is unfeasible under the current timeline."). The government also told the Court that it had "recently identified *another co-conspirator*." *Id.* at 3 (emphasis in original).

In its motion for a discovery extension, the government did not inform the Court of the mistaken identification, that it had charged an innocent person, or that it intended to dismiss one of the people charged in the superseding indictment. Nor did the government move to dismiss

Lewis from the indictment immediately after concluding she had been charged in error. Instead, the government waited until after this Court partially granted its requested discovery extension before filing a motion to dismiss Lewis from the indictment (a motion that did not provide any information about the reason for the dismissal or how she came to be charged). Dkt. #412. The government filed the motion to dismiss Lewis from the indictment on Friday evening at 8:10 p.m.—approximately four hours after the Court partially granted its motion for a discovery extension. To this day, the government has not informed Mr. Lemon, Ms. Fort, or Mr. Beute of the false identification or produced any *Brady* materials.

## II.    The Court should order the government to produce all *Brady* materials immediately and to produce discovery in accordance with the original discovery order.

Based on these events, Mr. Lemon, Ms. Fort, and Mr. Beute respectfully request that the Court order the government to produce all *Brady* materials immediately. The parties further seek permission to move the Court to reconsider its order granting the government an additional 30 days to produce discovery in this case and instead to order the government to comply with the original discovery deadline of March 26.[2]

First, the Court's decision to give the government more time was premised on what we now know was a misleading motion. While the difference between 38 and 39 defendants, in itself, likely would not have changed the Court's assessment of complexity, the fact that the government omitted this key fact from the Court changes the circumstances of the government's motion and makes defendants' pending requests more pressing. Apparently, at the time the government filed

---

[2]    Under Local Rule 7.1(j), a party must obtain the Court's permission before filing a motion to reconsider based on a showing of "compelling circumstances." D. Minn. L.R. 7.1(j). While this rule appears in the local rule section specific to civil motions practice, some courts in the district have applied this rule to criminal cases. *United States v. Johnson*, No. 16-cr-193, 2020 WL 7418968, Dkt. #301, at *1, n.1 (D. Minn. Dec. 18, 2020). Accordingly, the parties seek such permission based on the compelling circumstances detailed herein.

its motion it (1) knew that one of the indicted defendants was factually innocent and had been wrongfully charged, (2) knew that it was going to seek to dismiss that defendant from the indictment, (3) for reasons hard to fathom except to exclude that issue from the Court's consideration of its motion did not include its mistaken charge and decision to dismiss in its motion, but rather, (4) relied on the fact that it had charged 39 defendants—a number that it portrayed as growing—in seeking more time to produce what, even with additional defendants, remains a relatively small amount of discovery. At no point did the government (5) correct the record or (6) produce the *Brady* information that it had indicted an innocent person as it was ordered to do by this Court at the outset of the case. Instead, the government (7) moved to dismiss the falsely accused person with prejudice in a Friday night filing after the Court had ruled, without explaining that the government had *indicted an innocent person*. In addition to other representations the government made (*e.g.*, telling undersigned counsel it would produce the discovery even before that March 26 deadline and then seeking a delay from the Court), this sequence of events should call into question other statements the government has made to the Court.

Second, the government's indictment of an innocent person underscores the need for the remaining defendants to receive *Brady* materials and discovery without further delay. The government rushed to file this case after receiving political pressure. They have already conceded that they wrongfully charged at least one person. Based on this and other the procedural irregularities—which included multiple federal judges concluding that there was no probable cause to charge Mr. Lemon and Ms. Fort—there is ample reason to believe that other people have been similarly wrongfully charged based on a sloppy and "shoot first, ask questions later" investigation.[3]

---

[3]    Indeed, the U.S. Attorney's Office recently dismissed another case after concluding that the charged individuals were not guilty. *United States v. Aljorna & Sosa-Celis*, 26-mj-23

4

In its grant of a shorter delay than the government requested, the Court did note: "So, here we are, months into a case that the government had an intense appetite to initiate, but cannot seem to keep up the pace when it comes to discovery obligations. This is unacceptable." Dkt. #411 at 3. The remaining people charged in this case (and especially the original nine defendants who have been waiting for discovery now for over seven weeks) should not have to wait any longer for the opportunity to show that they, too, did not commit a crime. But they cannot because the government has not produced any discovery at all.

Third, at the outset of this case, the Court ordered that the government immediately disclose any exculpatory material under *Brady v. Maryland*. Dkt. #126. It is hard to think of something more exculpatory than an innocent person being misidentified, indicted, and arrested. There are almost certainly law enforcement reports that reflect the false identification, as well as grand jury testimony[4] that is false. The superseding indictment alleged that Mr. Lemon, Ms. Fort, Mr. Beute, and others conspired with Ms. Lewis, which the government now concedes is not true. Yet none of this—not one shred of evidence, much less the fact of the misidentification—has been produced to the defense, either under the government's continuing *Brady* obligations or the Court's order specifically directing the government to produce any *Brady* in its possession immediately.

The government's actions also implicate its duty of candor to the Court. As noted above, the government cited the number of defendants charged in the superseding indictment in support

---

(PAM/DLM), Dkt. #48 (Feb. 12, 2026) (government motion to dismiss charges for assaulting an immigration agent after concluding said agent lied in the complaint affidavit and at the preliminary hearing); *see also United States v. Timberlake*, 25-cr-232 (DSD/SGE), Dkt. #32 (Feb. 23, 2026) (granting motion to dismiss based on violation of speedy trial rights).

[4]    This series of events has obvious bearing on the defense motion for grand jury materials (Dkt. #125), to which the government has yet to respond. These materials should be produced immediately to the defense, as they now constitute *Brady* materials.

5

of its requested discovery extension. It even noted that it had recently identified "another co-conspirator."[5] But it did not disclose that it had wrongfully identified and charged one person or that it intended to file a motion to dismiss one of the people charged in the case. And, indeed, the government waited until after the Court granted its discovery extension before moving to dismiss.

The government did not disclose the reason for the requested dismissal in its motion. And the government has not informed the remaining defendants about the misidentification or the reason for the dismissal. Instead, they had to read about it in the *New York Times*. *See* Ernesto Londoño, "Charges Dropped Against Woman Mistaken for Protestor in Minnesota Church Case," *New York Times* (March 21, 2026), available at https://www.nytimes.com/2026/03/21/us/charges-dropped-against-woman-mistaken-for-protester-in-minnesota-church-case.html?smid=nytcore-ios-share (last accessed March 21, 2026). People facing federal criminal charges should not have to learn about possible *Brady* from the newspaper.

## III.   Conclusion

For the reasons set forth above, the defense respectfully requests (1) that the Court (again) order the government to produce all *Brady* materials, including the grand jury transcripts and minutes, and any other materials that bear on the false identification that occurred in this case, and (2) permission to move the Court to reconsider its order granting the government a 30-day extension of the discovery deadline and order the government to produce at least the discovery it

---

[5]   It is unclear whether this new "co-conspirator" that the government talked about in its motion is the individual who the government had mistakenly identified as Lewis. If so, failing to explain this would be a further violation of the government's duty of candor to the Court.

has gathered, in whatever form it exists, in accordance with the original discovery deadline of March 26, 2026.[6]

Dated: March 22, 2026                                           Respectfully submitted,

 /s/ *Abbe David Lowell*                                          /s/ *Matthew S. Ebert*
Abbe David Lowell (admitted pro hac vice)      Matthew S. Ebert
David A. Kolansky (admitted pro hac vice)       Leita Walker
Isabella M. Oishi (admitted pro hac vice)          Isabella Salomão Nascimento
LOWELL & ASSOCIATES, PLLC                     BALLARD SPAHR LLP
1250 H Street NW, Suite 250                            2000 IDS Center
Washington, DC 20005                                    80 South 8th Street
Tel: 202-964-6110                                            Minneapolis, MN 55402
Fax: 202-964-6116                                           Tel: (612) 371-3281
ALowellpublicoutreach@lowellandassociates.com   ebertm@ballardspahr.com
DKolansky@lowellandassociates.com            walkerl@ballardspahr.com
IOishi@lowellandassociates.com                    salomaonascimentoi@ballardspahr.com

 /s/ *Joseph H. Thompson*                             Kevin C. Riach
Joseph H. Thompson                                     THE LAW FIRM OF KEVIN C. RIACH,
THOMPSON JACOBS PLLC                          PLLC
222 N. Second Street, Suite 220                      125 Main St. SE, Suite 339
Minneapolis, MN 55401                                 Minneapolis, MN 55412
Tel: (612) 416-3322                                         Tel: (612) 203-8555
joe@thompsonjacobs.com                             kevin@riachdefense.com

*Counsel for Don R. Lemon*                           *Counsel for Georgia Ellyse Fort*

 /s/ *William Mauzy*
William Mauzy
Mauzy Law Office
650 Third Avenue South Suite 260
Minneapolis, MN 55402
wmauzy@mauzylawfirm.com

*Counsel for Michael Walker Beute*

---

[6]     The defense reserves the right to bring additional motions based on the government's *Brady* violations and other misconduct that is discovered.