**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | No. 26-cr-25 (LMP/DLM) |
| Plaintiff, | |
| v. | **ORDER ON MOTION TO MODIFY CONDITIONS OF RELEASE** |
| William Scott Kelly (3), | |
| Defendant. | |

Defendant William Kelly has been on pretrial release since January 23, 2026. (Doc. 27.) He now moves the Court for an Order to modify his conditions of release (Doc. 341). The government filed its brief in opposition to Mr. Kelly's motion on March 12, 2026. (Doc. 351.) Mr. Kelly filed a reply brief the next day. (Doc. 355.) For the reasons stated below, the Court grants in part and denies in part Mr. Kelly's Motion to Modify Conditions of Release (Doc. 341).

**BACKGROUND**

On January 20, 2026, Mr. Kelly was charged by complaint with Conspiracy Against Right of Religious Freedom at Place of Worship, in violation of 18 U.S.C. § 241; and Injure, Intimidate, and Interfere with Exercise of Right of Religious Freedom at Place of Worship, in violation of 18 U.S.C. §§ 248(a)(2)(b), 2(a).[1] (Doc. 23.) On January 23, 2026,

---

[1] The government eventually charged Mr. Kelly, and 38 other Defendants in this case, by superseding indictment with Conspiracy Against Right of Religious Freedom at Place of Worship in violation of 18 U.S.C. § 241, and Injure, Intimidate, and Interfere with Exercise of Right of Religious Freedom at Place of Worship in violation of 18 U.S.C. §§ 248(a)(2), (b), 2(a). (Doc. 144.)

1

he initially appeared before the Honorable Magistrate Judge Shannon Elkins. (Doc. 26.) The government moved for a detention hearing, and that motion was denied. (*Id*.) The court released Mr. Kelly on a personal recognizance bond with conditions, including both standard and special conditions, pursuant to 18 U.S.C. § 3142(c)(1)(b). (Docs. 27, 28.) Mr. Kelly did not object to the release conditions when they were imposed. Now Mr. Kelly asks this Court to modify the conditions of his release by "striking all the special conditions previously imposed," except the condition to stay away from Cities Church. (Doc. 341 at 3.) He seeks this modification for two reasons. First, as he puts it, there is no reasonable basis for imposing more conditions on him than the other Defendants who have appeared after him, and had fewer conditions imposed. Second, he asserts that his conduct on pretrial release should assuage any concerns the Court may harbor regarding the safety of the community and the likelihood of his reappearance, to convince the Court that no special conditions are necessary.

The government, for its part, opposes Mr. Kelly's motion, arguing that the special conditions "are not unduly restrictive" and there is no evidence the conditions impose any burden on him. (Doc. 351 at 3.) Although not contemplated by the rules or invited by the Court, on March 13, 2026, Mr. Kelly filed a reply in support of his motion, arguing that the government has failed to articulate any particularized basis to justify imposing special release conditions on him. For these reasons, Mr. Kelly asserts that striking all special release conditions, except the condition to stay away from Cities Church (condition 7u) is appropriate, and his motion should therefore be granted.

## ANALYSIS

If a court, as here, determines that conditional pretrial release is appropriate, the court must impose the least restrictive release conditions necessary to reasonably assure the appearance of a person at future court proceedings and the safety of others. *See* 18 U.S.C. § 3142(c)(1)(B). But, at any time after an order for conditional release has been issued, a court may "amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3).

Having carefully reviewed the Order for Mr. Kelly's conditional release (Doc. 27), and the parties' submissions, the Court concludes an amendment to the Order is appropriate here. Based on the parties' arguments, the Court will strike each special condition from Mr. Kelly's conditional release Order *except* condition 7(a) which requires Mr. Kelly to submit to the supervision of the U.S. Probation and Pretrial Services Office; condition 7(h) which requires Mr. Kelly to undergo a mental health assessment and follow any recommendations of that assessment if the supervising officer considers it advisable; and condition 7(u) which requires Mr. Kelly to refrain from going within the closest sidewalk of Cities Church in St. Paul, Minnesota. (*Id*. at 2-4.) The Court finds that these conditions are the least restrictive conditions necessary to reasonably assure Mr. Kelly's appearance at future court proceedings and the safety of the community.[2] *See* 18 U.S.C. § 3142(c)(1)(B).

---

[2] Condition 7(g) which required Mr. Kelly to avoid all contact with any person who is or may be a victim or witness in the investigation or prosecution, warrants specific comment from this Court. Also included in Judge Elkins's Conditional Release Order was the direction that "[a] list shall be provided by the government." (Doc. 27 at 2.) Mr. Kelly

Accordingly, Mr. Kelly's Motion to Modify Conditions of Release (Doc. 341) is

**GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**.

DATED: March 23, 2026                     *s/Douglas L. Micko*
                                          DOUGLAS L. MICKO
                                          United States Magistrate Judge

---

asserts in his reply that to date—two months after his initial appearance—the government has failed to comply with the Order to provide a list of any victims or witnesses. As a result, it is impossible for Mr. Kelly to abide by condition 7(g) and the Court will strike it.