UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>EMMAR MONIKE PINEDA-MORENO,<br><br>      Defendant. | Case No. 26-CR-00025(30) (LMP/DLM)<br><br>MOTION FOR GOVERNMENT AGENTS TO RETAIN ROUGH NOTES AND EVIDENCE AND FOR RULING OUTSIDE OF THE NORMAL TIMELINE FOR PRETRIAL MOTIONS |

_____

EMMAR MONIKE PINEDA-MORENO, through counsel, moves the Court for an Order requiring the Government, including the Justice Department and the Executive Branch, and any law enforcement agents involved in the investigation that led to the charges against her in this case, including any confidential informants, to retain and preserve all rough notes taken as a part of their investigation and charging decision, whether or not the contents of such rough notes are incorporated in official records.   In addition, defendant moves that the Order direct any and all government officials and agents involved in this case, the decision to prosecute the defendant, and the investigation to preserve the evidence seized in the course of their investigation, including specifically, but not limited to, the following:

1. All recordings or memorandum regarding a conference call in late January 2026 involving Justice Department Official Aakash Singh

concerning efforts to prosecute individuals exercising their First Amendment right to freedom of expression, a/k/a "protestors," including but not limited to protestors in the State of Minnesota. Upon information and belief, the conference call may contain evidence pertinent to a defense of vindictive prosecution. "Vindictive prosecution occurs when a prosecutor seeks to punish a defendant solely for exercising a valid legal right." *United States v. Williams,* 793 F.3d 957, 963 (8th Cir. 2015). "A prosecution designed solely to punish a defendant for exercising a valid legal right violates due process." *United States v. Leathers,* 354 F.3d 955, 961 (8th Cir. 2004). A summary of the call is set forth at "'Go Big and Go Loud': Inside the Justice Dept's Push to Prosecute Protesters," New York Times, March 19, 2026 (the article may be found at https://www.nytimes.com/2026/03/19/us/politics/justice-dept-prosecute-protesters.html?smid=nytcore-ios-share).

2. All communications, in whatever form they exist, between the Justice Department or any official or employee thereof and any individual within the White House or other employee of the Executive Branch that at all concerns the decision to prosecute the defendant or any co-defendant.

3. All communications, in whatever form they exist, between the Justice Department or any official or employee thereof and any

person affiliated with The Cities Church that at all concerns the decision to prosecute the defendant or any co-defendant.

4. All communications, in whatever form they exist, between the Justice Department or any official or employee thereof and any third party that at all concerns the decision to prosecute the defendant or any co-defendant.

5. All photographs, audio recordings, or video recordings of the 10:30 a.m. service at The Cities Church on January 18, 2026.

6. All photographs, audio recordings, or video recordings of the purported meeting at a shopping center as alleged in paragraph 7. b. of the Superseding Indictment. 10:30 a.m.

Defendant so move, pursuant to Title 18, United States Code, Section 3500 *et. seq.*, *Brady v. Maryland*, 375 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and Rule 16 of the Federal Rules of Criminal Procedure, on the following grounds:

1. Rough notes are considered statements within the meaning of Title 18, United States Code, Section 3500(e)(1); *United States v. Bernard*, 607 F.2d 1257 (9th Cir. 1979); *United States v. Gaston*, 608 F.2d 607 (5th Cir. 1979).

2.    Destruction of rough notes by law enforcement officials usurps the judicial function of determining what evidence must be produced.    *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976).

3.    The rough notes and evidence may contain facts favorable to the defense or material to its preparation.

4.    The evidence seized is directly relevant to issues ranging from defendant's guilt or innocence to sentencing considerations and guideline calculations.    Its inspection and use, as provided for under Rule 16(c) of the Federal Rules of Criminal Procedure, will be rendered impossible if it is not preserved, or altered, or destroyed.    *See Jimerson v. Payne,* 957 F.3d 916, 925-26, 929-31 (8th Cir. 2020) (finding a duty to preserve "potentially useful" evidence, the breach of which can violate a defendant's due process rights).

Owing to the nature of this motion as one seeking the preservation of evidence and not its disclosure, which will come later, defendant asks that it be addressed now.    Waiting for a ruling along with the motions that will be offered in accordance with the schedule for pretrial motions commonly outlined at and after the arraignment, under the guidance of Local Rule 12.1, would risk defeating its purpose.

Accordingly, defendant requests that the motion be granted forthwith. A draft Order is offered under separate cover, for the Court's consideration.

Respectfully submitted,

DATED: March 24, 2026          **GOETZ & ECKLAND P.A.**

By: _____
FREDERICK J. GOETZ
Attorney Registration No. 185425
Banks Building
615 1st Avenue N.E., Suite 425
Minneapolis, MN 55413
(612) 874-1552

ATTORNEY FOR DEFENDANT

5