UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )    Case No. 26-25 (3)
                            )    (LMP/DLM)
        v.                  )
                            )
WILLIAM SCOTT KELLY,        )
                            )
            Defendant.      )
                            )
_____)

## APPEAL OF ORDER PARTLY GRANTING KELLY'S MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant William Scott Kelly moved to eliminate standard conditions of release. Magistrate Judge Micko partly granted his motion and struck seven of these standard conditions. For the reasons set forth herein, this Court should reverse Magistrate Judge Micko's order in relevant part and reinstate the seven struck conditions of release.

## STATEMENT OF FACTS

On or about January 20, 2026, the Government obtained a complaint and arrest warrant against Defendant for a violation of 18 U.S.C. § 241 (Conspiracy Against Rights). On January 23, Defendant made his initial appearance before Magistrate Judge Elkins, who released Defendant on his own recognizance and ordered him to abide by standard, unchallenged conditions of release. Dkt. 27

1

at 1.  Judge Elkins also imposed ten routine "additional conditions of release" pursuant to 18 U.S.C. § 3142(c)(1)(B), which are summarized below:

- Condition 7(a):  Defendant must "submit to supervision by and report for supervision to the U.S. Probation and Pretrial Service Office as directed and ensure [his] supervising officer has a means to reach [him]."

- Condition 7(d):  Defendant must "surrender any passport … or other foreign travel document."

- Condition 7(e):  Defendant must "not obtain a passport … or other foreign travel document."

- Condition 7(f):  Defendant's "[t]ravel shall be restricted to Minnesota unless approved by the supervising officer."

- Condition 7(g):  Defendant must "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including" as stated on a Government-provided list.

- Condition 7(h):  Defendant must "[c]omplete a mental health assessment and follow any recommendations of that assessment if the supervising officer considers it advisable."

- Condition 7(k):  Defendant may "not possess a firearm, destructive device, or other weapon."

- Condition 7(s): Defendant must "report within 72 hours to the pretrial services office or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops."

- Condition 7(t): Defendant must "reside at an address as approved by the pretrial services office or supervising officer."

- Condition 7(u): Defendant must "refrain from going within the closest sidewalk of Cities Church in St. Paul, Minnesota."

*Id.* at 2-4.

On March 10, Defendant filed a motion (Dkt. 341) to eliminate nine of the ten additional conditions of release. He did not challenge Condition 7(u). Mot. 3.

On March 23, Magistrate Judge Micko granted the motion in part. He struck each condition except for Condition 7(a), Condition 7(h), and Condition 7(u). Dkt. 417. With the exception of Condition 7(g), Magistrate Judge Micko did not explain why he overrode Magistrate Judge Elkins and struck these conditions aside from making the conclusory finding that they "are the least restrictive conditions necessary to reasonably assure Mr. Kelly's appearance at future court proceedings and the safety of the community." *Id.* at 3.

## ARGUMENT

This Court should reinstate Conditions 7(d), (e), (f), (g), (k), (s), and (t).

**Conditions 7(d), (e), (f), (s), and (t).**  As this Court previously found when denying Defendant Levy Armstrong's challenge to Conditions 7(d), (e), (f), (s), and (t), these conditions are "standard, relatively non-invasive release conditions imposed on defendants charged with a felony."  Dkt. 141 at 5.  This Court held that these conditions are proper as to Levy Armstrong, and the same result should have followed here.

While Levy Armstrong allegedly led and organized the attack on Cities Church, Dkt. 144 ¶ 7, Defendant's alleged conduct was in many ways even more heinous.  According to the superseding indictment, Defendant "disrupted the service by chanting, 'This ain't God's house.  This is the house of the devil." *Id.* at 14.  He "approached one female congregant, who was with two young children, and demanded to know in a hostile manner why she was not involved in and supportive of the takeover operation."  *Id.*  He "screamed 'Nazi' in congregants' faces and asked child congregants, 'Do you know your parents are Nazis?  They're going to burn in hell.'"  *Id.*  He also physically obstructed "a minivan full of congregants, including children," as they were "preparing to depart from the Church."  *Id.* at 16.  This alleged conduct, including the *deliberate targeting of children*, establishes that close supervision by Pretrial

4

Services is necessary to assure "the safety of … the community." 18 U.S.C. § 3142(c)(1)(B).

**Condition 7(g).** Magistrate Judge Micko struck Condition 7(g) because the Government has not yet provided a list of victims or witnesses whom Defendant may not contact. Dkt. 417 at 3-4 n.2. To date, the Government has interviewed approximately 150 of the more than 300 victims of and witnesses to Defendant's alleged crimes with more interviews still underway The Government will provide a list of all identified witnesses pursuant to its discovery obligations. Condition 7(g) should be reinstated because, as this Court has found, it "furthers the Court's duty to protect its processes and protect prospective witnesses." Dkt. 141 at 5 (quotation marks omitted).

**Condition 7(k).** Defendant is a danger to the community and should not be allowed to "possess a firearm, destructive device, or other weapon" during the pendency of criminal proceedings. He characterized his attack as targeting "pretend Christians" and "comfortable white people." He threatened to assault a congregant: "Touch me again and see what happens!" He filmed himself yelling at three teenage girls or young women whom he criticized as doing "absolutely nothing for [their] Latino and Somali brothers and sisters." While in close proximity to congregants, he screamed, "Did Jesus wear a suit?" He shouted that a congregant who asked him to stop his disruption was a "fake Christian." He declared the congregants "sinners" who were "pretend[ing] to

be Christians."[1]  He shared all of this conduct online, showing that he takes pride in harassing, intimidating, and threatening innocent people—and possibly that he wants to inspire others to do so.

Defendant is unrepentant for his role in the attack on Cities Church. After his attack ended, Defendant shared a video bragging that he acted "just like Jesus did" and that he "went into that church and we flipped tables—peacefully."[2]  The next day, he posted a video asking how the Church's pastor "can be a fucking pastor and be a fucking ICE agent."  Alleging that Somalian-Americans cannot "go to their mosque and pray," he said the congregants of Cities Church do not "deserve any fucking different.  Fuck those fucking Nazis … All power to the people."[3]

Defendant harbors extreme animosity towards Christians who do not share his political views.  This animosity makes him a danger to society.   In interviews with the Government, several traumatized congregants at Cities Church have identified Defendant as the most aggressive member of the mob and the one they fear the most.  But for unexplained reasons, Magistrate Judge Micko has struck the condition barring Defendant, an Army veteran, from

---

[1] https://tinyurl.com/ww9j8272.

[2] https://tinyurl.com/5bv3xk46.

[3] https://tinyurl.com/5n84fxte.

possessing firearms—even while ordering Defendant to "undergo a mental health assessment." Dkt. 417 at 3. This Court should reverse.

Because Magistrate Judge Micko did not explain his reasoning, it is unclear whether he accepted Defendant's two arguments in favor of striking the challenged conditions. Regardless, those two arguments are unpersuasive.

First, Defendant argued that the additional conditions should be struck because they were not imposed on his co-defendants who appeared subsequently and "there is no reasonable basis for treating similarly situated defendants differently." Dkt. 341 at 3. As discussed above, although the victims and witnesses have expressed fear of all defendants in this case, they express even more concerns and worries about Defendant. Also, discrepancies between similarly situated defendants do not override the Bail Reform Act's explicit authorization of conditions that a judge "determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Indeed, Defendant identifies no precedent instructing that courts imposing conditions of supervised release must treat similarly situated defendants identically. Such a requirement would be unworkable where, as here, different magistrate judges preside over the initial appearances of dozens of defendants, making it difficult to ascertain whether defendants are "similarly situated."

Second, Defendant also argues that all additions should be struck because he "has a perfect record while on supervision." Mot. 4.[4] Defendant has been on supervision for less than three months. That he has not yet attempted to flee the state or the country, endanger the public, or contact victims or witnesses is no guarantee that he will not seek to do so in the future. Striking the challenged additional conditions because Defendant has not yet violated them defeats the purpose of imposing these minimally burdensome conditions in the first place: namely, to proactively assure Defendant's appearance at trial and to protect the community.

For the foregoing reasons, Magistrate Judge Micko's order partly granting Defendant's motion to modify conditions of release should be reversed in part, and Conditions 7(d), (e), (f), (k), (s), and (t) should be reinstated.

---

[4] If Defendant has not yet obtained his mental-health assessment as required by Condition 7(h), then he does not have a perfect record. If he has obtained the assessment, then his challenge to Condition 7(h) is likely moot because he has satisfied his obligations thereunder (unless Pretrial Services ordered him to comply with any recommendations arising out of the assessment).

8

DATED: March 25, 2026.          Respectfully submitted,

                                DANIEL N. ROSEN
                                United States Attorney
                                District of Minnesota

                                HARMEET K. DHILLON
                                Assistant Attorney General
                                Civil Rights Division

                                ROBERT J. KEENAN
                                Acting Dep. Asst. Attorney General
                                Civil Rights Division

                                ORLANDO B. SONZA
                                Counsel
                                Civil Rights Division

                                JOSHUA R. ZUCKERMAN
                                Attorney
                                Civil Rights Division

                                FLAVIO DE ABREU
                                Special Assistant United States Attorney
                                District of Minnesota

                                  /s/ Joshua R. Zuckerman
                                    Joshua R. Zuckerman
                                    Civil Rights Division
                                    U.S. Department of Justice
                                    950 Pennsylvania Ave. NW
                                    Washington, DC 20530
                                    Telephone: (202) 514-3847
                                    E-Mail: joshua.zuckerman@usdoj.gov

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

9