# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 0:26-cr-025-LMP-DLM |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S RESPONSE** |
| | ) | **TO DEFENSE MOTION FOR** |
| v. | ) | ***BRADY* DISCLOSURE AND** |
| | ) | **RECONSIDERATION OF** |
| NEKIMA VALDEZ LEVY | ) | **DISCOVERY SCHEDULE** |
| ARMSTRONG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Don Lemon, Georgia Fort, and Michael Beute ("Defendants") have moved for an order compelling immediate disclosure of *Brady* material, including grand jury materials, and for reconsideration of the Court's discovery schedule.  (Dkt. 413.)  For the reasons set forth below, the motion lacks merit and should be denied.[1]

This case remains a complex case by any definition, with a large number of defendants and voluminous discovery.  The amount of discovery materials has grown recently due to the significant number of additional defendants charged in the superseding indictment.  The Government is working diligently to produce discovery as soon as possible, including efforts to reinforce the

---

[1]   For the reasons set forth in the Government's concurrently-filed Consolidated Opposition, the Court should also deny Defendants' separate motions for disclosure of grand-jury materials.  (Dkt. 125, 441.)

paralegal staff needed to complete that task. Thus, the Court's complex-case designation and its extension of the discovery disclosure deadline remain reasonable and well-founded. The Government's decision to promptly investigate one defendant's claimed alibi defense and to then dismiss her from the case does not change that calculus or warrant an extraordinary order requiring immediate disclosure of any *Brady* materials, especially in light of the standard discovery orders already issued in this case pursuant to Fed. R. Crim. P. 5(f).

## PROCEDURAL BACKGROUND

On February 26, 2026, a grand jury returned a superseding indictment charging Defendants and others with violations of 18 U.S.C. §§ 241 and 248 arising from a coordinated attack on Cities Church in St. Paul, Minnesota. (Dkt. 144 at 1–3.) Due to the number of defendants, discovery in this case is "likely to be voluminous." (Dkt. 390 at 2.) On March 18, 2026, this Court held *sua sponte* that "this case is … complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii)." (*Id.*)

On March 18, 2026, after this Court's order designating this case as complex, the Government moved for a ninety-day extension of the deadline for its initial discovery disclosures. (Dkt. 391.) The Government explained that it needed an extension because, *inter alia*, it was "working diligently to identify and interview" "approximately 300-400 congregants and church staff" and that

2

the "additional discovery materials document and evidence those efforts." (*Id.* at 4.)  The Government also noted that agents had produced approximately 380 reports, swore out approximately 40 search warrants, seized approximately 20 cell phones (some requiring the use of filter teams), and obtained 140 videos (possibly 100 hours of footage) from police officers' body cameras. (*Id.* at 6-7.)

One of the named 39 defendants, Heather Lewis, was present at the parking lot where the defendants gathered to plan their attack on Cities Church. (Dkt. 144 at 8-9.)  Lewis was initially identified by the St. Paul Police Department, which conducted an independent investigation of the Cities Church incident for potential state charges.  As Lewis's attorney has reportedly acknowledged, the agitator initially identified as Lewis bore "a striking resemblance" to Lewis.[2]  After conferring with Lewis and her counsel, the Government conducted a prompt investigation into Lewis's claimed alibi.  The Government also conducted a related further investigation of the subject agitator, to include seeking a search warrant on Friday, March 20, 2026, and executing the warrant on Tuesday, March 24, 2026.  On March 20, 2026, the Government moved for dismissal of the charges against Lewis.  (Dkt. 412.)

---

[2] *See* Ubah Ali, *Federal prosecutors dropped charges against a woman in connection with a protest at a St. Paul church. Here's why.*, CBS News (Mar. 23, 2026), https://www.cbsnews.com/minnesota/news/charges-dropped-woman-protest-church-st-paul/.

## ARGUMENT

Defendants give three reasons why the Court should order immediate disclosure of all *Brady* materials and to restore the "original discovery deadline." (Mot. 3.) All of the arguments are without merit.

### I. The Government's Motion for a Discovery Extension Did Not Mislead the Court

Defendants argue that the Court's extension of the discovery deadline "was premised on … a misleading motion." (Mot. 3.) Incorrect. The Government's March 18, 2026 motion (Dkt. 391.) was not misleading.

In light of information provided by Lewis regarding a potential alibi defense, she was released so the Government could consider her claimed alibi. No initial appearance for Ms. Lewis was scheduled due to the Government's consideration of that defense. The Government's investigation included, but was not limited to, forensically analyzing Lewis's phone (which she gave full consent for the Government to search), examining security-camera footage, and serving a local store with a subpoena for additional surveillance footage.

The Government's review of Lewis' alibi led to a further investigation of the subject agitator, who has since been identified. Due to evidence of that subject's connection with another defendant, the Government promptly sought to secure a search warrant, but as noted above, the warrant was not sought until March 20, 2026, and was not served until March 24, 2026. (Mot. at 5.)

In light of the foregoing, there was nothing at all misleading about the Government's motion for a complex case designation and for an extension of the discovery disclosure deadline. (Dkt. 391.) In its motion, the Government accurately noted that it had recently identified another co-conspirator. (*Id.* at 3.) That representation was true (as explained above) and relevant to the motion. The relevance was clear from the context. The representation about the other recently-identified co-conspirator followed immediately after a paragraph that explained how many of the recently-indicted defendants still had not been arraigned. (*Id.*) The point was simple. The Government was highlighting the fact that the case is still at a very early stage of the proceedings, *and* the investigation was ongoing and could lead to another person being charged in the near future.

For purposes of the Government's motion and the Court's due consideration thereof, there was also no need for the Government to detail its investigative efforts regarding Ms. Lewis and the subject agitator (i.e., the newly identified co-conspirator) in order to clarify any of its representations to the Court. As the Court knows, legitimate investigative interests (*e.g.*, securing a search warrant before overtly approaching a suspect) and applicable rules often limit what and when certain things may or should be disclosed regarding a variety of matters.

To the extent Defendants argue that the Government must "correct the record" (Mot. 4.) by amending its motion to indicate that there are now 38 defendants, a correction is unnecessary. First, the representations were correct. Second, procedural developments routinely supersede a given set of facts, and such occurrences do not require a correction, especially when they are immaterial. Third, there is no material distinction between 38 and 39 defendants when it comes to assessing the complexity of the case. *Defendants admit this in their motion.* (*See* Mot. 3 (acknowledging that "the difference between 38 and 39 defendants, in itself, likely would not have changed the Court's assessment of complexity …").) Fourth, the Court's docket reflects that there are now 38 defendants charged in this case, and there is no need to explicitly state that 39 minus 1 is 38. That is especially true here, given that the Government's investigation into the aforementioned subject agitator remains open, and the total number of defendants may once again total 39.

Because the Government's statements to the Court were accurate and its dismissal of Lewis was appropriate, "this sequence of events" does not, as defendants suggest (Mot. 4.), "call into question other statements the Government has made to the Court."

6

## II.    The Dismissal of Lewis Does Not Require Altering the Current Scheduling Order Re: the Government's Discovery Disclosures

Defendants incorrectly argue that the "indictment of an innocent person underscores the need for the remaining defendants to receive *Brady* materials and discovery without further delay." (Mot. at 4.) Their portrayal of the Government's dismissal of Lewis as a "procedural irregularit[y]" (*id.*) has no legitimate relationship to Defendants' demand for an immediate disclosure of any *Brady* materials. For example, none of the moving Defendants claim that they may have an alibi or that they were misidentified. Likewise, in his motion for disclosure of grand jury proceedings, defendant Bollman admits that he was present inside the church with the other defendants. (*See* Dkt. 441 at 3-4.)

The other supposed "irregularities" cited in Defendants' motion also do not justify changing the discovery schedule. The suggestion, for example, that the Government filed groundless charges due to improper "political pressure" is not true. (Mot. 4.) As the grand jury found, the defendants' conduct, much of which was captured on video, supports a finding of probable cause for both counts of the indictment. While two judges of this Court determined that the initial complaint affidavit lacked probable cause to charge Lemon and Fort, an Eighth Circuit judge disagreed with their assessment. *See In re United States*, 2026 WL 185713, at *1 (8th Cir. Jan. 23, 2026) ("[T]he Complaint and Affidavit clearly establish probable cause for all five arrest warrants.") (Grasz, J.,

concurring).    Moreover, Defendants' reference to the first two judges' assessment of the complaint affidavit creates a false comparison based on the unproven assumption that the evidence considered by the grand jury was no more detailed and fulsome than the factual summary set forth in the complaint.

## III.   The Government Will Produce Any *Brady* Material Relating to Lewis in Accordance with the Court's Discovery Order

Defendants believe there are "law enforcement reports that reflect the false identification" of Lewis and that *Brady* entitles them to evidence relating to these reports.  (Mot. 5.)  As the Government noted at prior hearings in this case, counsel are well aware of their obligations under *Brady*.  Any such reports will be included in discovery.  However, *Brady* does not require immediate disclosure at this moment of any such reports, separate and apart from the other discovery that the Government is preparing for production.

Rather, the right to disclosure of *Brady* material is part of a defendant's right to a "fair trial"; that is to say, it is a "trial-related right[]."  *See United States v. Ruiz*, 536 U.S. 622, 628, 631 (2002).  Thus, under controlling precedent, the Government's obligation under *Brady* is to disclose evidence "before it is too late for the defendant to use it at trial."  *See United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005); *United States v. Gonzales*, 90

8

F.3d 1363, 1368-69 (8th Cir. 1996).  In this case, the Government anticipates that any such reports will be in its initial disclosures, long before any trial.  *Id.*

The Court's discovery schedule reflects the practical realities of this case, including the number of defendants and the volume and nature of the discovery.  (Dkt. 411.)  The dismissal of Lewis does not materially alter the volume of the evidence.  For the reasons discussed in the Government's March 18, 2026 motion, the extended deadlines remain necessary and proper.  As the Court already has concluded, it is impracticable for the Government to produce discovery, including any *Brady* material, on the expedited basis that Defendants seek.  (*See generally* Dkt. 391.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

DATED: March 27, 2026.                    Respectfully submitted,

DANIEL N. ROSEN                           HARMEET K. DHILLON
United States Attorney                    Assistant Attorney General


FLAVIO DE ABREU                           ROBERT J. KEENAN
JOHN R. ARBOLEDA                          Acting Dep. Asst. Attorney General
Special Assistant United States
Attorneys                                 ORLANDO B. SONZA
                                          Counsel

                                          JOSHUA R. ZUCKERMAN
                                          Attorney


                                           */s/ Joshua R. Zuckerman*
                                          Joshua R. Zuckerman
                                             Civil Rights Division
                                             U.S. Department of Justice
                                             950 Pennsylvania Ave. NW
                                             Washington, DC 20530
                                             Telephone: (202) 305-2566
                                             E-Mail:  joshua.zuckerman@usdoj.gov

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

10