UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 26-25(3) (LMP/DLM) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S RESPONSE TO** |
| WILLIAM SCOTT KELLY, | ) | **GOVERNMENT'S APPEAL OF THE** |
| | ) | **MAGISTRATE JUDGE'S ORDER** |
| Defendant. | ) | **REGARDING DEFENDANT'S** |
| | | **MOTION TO MODIFY CONDITIONS** |
| | | **OF RELEASE** |

William Scott Kelly, by and through his attorney, respectfully submits this Response to the government's Appeal of the magistrate judge's Order regarding Mr. Kelly's Motion to Modify his Conditions of Release. (ECF 449, 450). As part of this Response, defense counsel respectfully requests that the Court incorporate prior relevant filings at ECF 27, 341 with attachment, 351, and 355.

In its appeal, the government seeks to have this Court reinstate seven conditions of pretrial release that were struck by the magistrate judge's order. (ECF 417). It argues that reinstatement of those conditions is necessary to assure the safety of the community. (ECF 449 at 4-7). For the following reasons, this Court should disregard the arguments of the government and deny its appeal of the magistrate judge's decision.

First, as denoted in prior, related filings, the standard for imposing special conditions of release is that they be "the least restrictive… condition, or combination of conditions that… will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The government's argument relies on the instant indictment; in other words, their argument stems exclusively from their allegations against Mr. Kelly. By doing so, the government

treats their allegations as proven facts, when they are anything but. There has not yet been any opportunity for the defense to review discovery, the government has not provided the defense or the Court any supporting documents beyond the indictment, and there has not yet been any opportunity to evaluate the weight of their purported evidence. Accordingly, the government is asking the Court to reverse the decision of the magistrate judge essentially at its word that Mr. Kelly poses such a threat to community safety as to warrant a higher degree of pretrial supervision than is currently in place. When the Bail Reform Act denotes a number of relevant factors to consider, yet the government's position relies exclusively on merely one of those factors, its position is already demonstrably weak.

Second, the very nature of its allegations also reveals additional weakness in the government's argument. The government has charged Mr. Kelly along with many others with participating in a single event spanning no more than a couple hours and in the context of a highly political moment. That context clearly distinguishes the alleged offense from most other crimes, and accordingly it is extremely unlikely that any of those charged in this case are individuals who will commit other crimes.

Third, conspicuously absent from the government's argument is anything regarding Mr. Kelly's history or characteristics that would support its contention that he poses a risk to community safety. The reason for this is obvious: nothing in Mr. Kelly's history or about his characteristics support their position. Mr. Kelly has no prior criminal history, there is no suggestion historically of violent behavior, nothing related to weapons use… nothing.

2

Fourth, the government's claimed concern regarding community safety is so belied by other aspects of its handling of this case that its argument here is severely compromised. The government's argument regarding danger to the community appears to include most pointedly the congregants of Cities Church. Originally, the pretrial release condition imposed on January 26, 2026, that most directly addressed the government's purported concerns was condition 7(g), which required Mr. Kelly to avoid any contact with victims or witnesses, premised on the directive to the government to provide a list of potential witnesses or victims to avoid. (ECF 27). For more than two months now, the government not only has made it impossible for Mr. Kelly to abide by that condition by completely failing to provide such a list, it has failed to demonstrate a sincere concern for the safety of those individuals. If the government is so unconcerned about the safety of those individuals that it has failed to follow through on this, its efforts now to claim that Mr. Kelly presents such a danger as to warrant reversal of another judicial officer's decision must be regarded skeptically. The government's claim that such a list will be forthcoming in discovery fails to ameliorate the government's failure to act consistent with its argument on appeal when it concedes that it has completed at least 150 interviews with possible victims and witnesses without generating any disclosures of stay-away concerns by the government, even on a rolling basis. And, it must be noted, Mr. Kelly did not request to eliminate condition 7(j), which directs him to stay away from Cities Church.

Fifth, in its appeal the government's exclusive reliance on its own allegations causes the government to cite back to alleged acts underlying the charged offenses.

3

Initially at least, the government includes citations to the superseding indictment. (ECF 449 at 4). However, subsequently the government posits certain "factual" claims that have until now not been part of the record. *Id* at 5-6. There are no citations provided, no supporting documents attached to its appeal, no exhibits from Mr. Kelly's initial appearance or thereafter… again, nothing. Defense counsel respectfully urges this Court to disregard the government's effort to argue facts not in the record or without any semblance of foundation.

## I.    Conclusion

For all the foregoing, Mr. Kelly respectfully requests that the Court deny the government's appeal of the order modifying Mr. Kelly's pretrial release conditions. Mr. Kelly expresses his appreciation for the Court's time and attention to this matter.

Dated: April 1, 2026                                Respectfully submitted,

*/s/ James S. Becker*

JAMES S. BECKER
Attorney ID No. 388222
Attorney for Mr. Kelly
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415