# Exhibit A



**JOHN MARTI**
**Of Counsel**
**(612) 492-6775**
**FAX (612) 340-2868**
**marti.john@dorsey.com**

April 8, 2026

**<u>VIA USPS & ELECTRONIC MAIL</u>**
Mr. Robert Keenan
Mr. Orlando Sonza

United States Department of Justice
Civil Rights Division
950 Pennsylvania Ave., NW
Washington, D.C. 20530

      Re:    United States v. Thomas Matthew Tier (36)
              Case No. 0:26-cr-00025-LMP-DLM

Mr. Keenan and Mr. Sonza:

I write on behalf of Mr. Tier to specifically demand disclosure of exculpatory and impeachment information and materials from all members of the prosecution team relevant to pretrial proceedings or at trial.

Federal law, the Court's standing order on discovery, and Rule 3.8 of the Minnesota Rules of Professional Conduct mandate that you make timely disclosure to the defense of all *Brady* and *Giglio* evidence or information known to the prosecution team. *See* The United States Dep't of Justice, Justice Manual, 9-5.001 available at https://www.justice.gov/jm/jm-9-5000-issues-related-trials-and-other-court-proceedings (last accessed Apr. 3, 2026); Minn. R. Pro. Conduct 3.8 (Special Responsibilities of a Prosecutor).[1] In responding to this request, you must seek all exculpatory and impeachment information from all members of the prosecution team.

Mr. Tier may bring motions challenging the government's evidence as well as matters occurring before the grand jury. You must make disclosure prior to pretrial hearings when that evidence is material to the issues being litigated in those motions and considered at pretrial hearings. Please respond to this letter by April 15, 2026 if you intend to withhold responsive evidence.

These specific exculpatory and impeaching discovery requests include all evidence and information from members of the prosecution team or its supervisors regarding:

1. Instructions, incentives, and pressure communicated or known to prosecution team members that may affect their credibility or the reliability of this investigation including:

---

[1] Under federal law, you are bound by state bar ethical requirements. 28 U.S.C. § 530B.



April 8, 2026
Page 2

(a) Inducements and incentives to members of the prosecution team or witnesses to bring this case, including performance awards, public recognition, or other remuneration or recognition.

(b) Instructions or exhortations that may pressure, coerce, or influence the credibility of or the reliability of prosecution team members in this investigation.

(c) The establishment of quotas, targets, or goals related to law enforcement action by DHS or DOJ during Operation Metro Surge and/or this case.

(d) Instructions or communications related to conduct described in the New York Times article "'Go Big and Go Loud': Inside the Justice Dept.'s Push to Prosecute Protesters." Alan Feuer et al., *'Go Big and Go Loud': Inside the Justice Dept.'s Push to Prosecute Protesters*, N.Y. Times (Mar. 19, 2026), https://www.nytimes.com/2026/03/19/us/politics/justice-dept-prosecute-protesters.html.

(e) Discipline (formal or informal) of prosecution team members or other government officials related to the performance of their duties in this case or Operation Metro Surge.

2. Identification Procedures, including the time, location, and nature of any identification procedure, and the exact words of the identifying witness. In addition, we request the substance of any lookout broadcast in relation to this case.

(a) The identity of anyone who identified someone other than Mr. Tier as the alleged perpetrator of the offense.

(b) The identity of any person who failed to identify Mr. Tier as a perpetrator of the alleged offense when asked to do so in any identification procedure.

(c) The identity of any person who gave any description(s) of the perpetrator of the alleged offense which in some material respect, e.g., height, weight, clothing, race, complexion, age, etc., differs from Mr. Tier.

3. Information concerning the involvement by members of the U.S. military in the investigation and prosecution of this case, including the identity and role played by that person, the reporting chain of command, persons responsible for preparing performance evaluations, orders assigning the person to Minnesota, and documents purporting to appoint the person as a Special Assistant U.S. Attorney.

4. Impeaching Information

(a) Convictions of government witnesses who have or may testify in this case or provided information used in reports or affidavits.



April 8, 2026
Page 3

(b) Any and all information in the police department personnel, disciplinary, and internal investigation files which would tend to undermine the credibility of the government's key witnesses who are law enforcement officers. This request includes pending internal investigations and past reprimands resulting in periods of probation or other supervision within the agency or police force.

(c) Any prior inconsistent, non-corroborative, or other witness statements which will not reflect the witness' trial testimony, grand jury testimony, or averments in affidavits or reports.

(d) Any information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, such as indication that the mental state of any government witness is below normal or in any way abnormal.

(e) The names and address of anyone who would contradict or impeach any government testimony or other evidence.

(f) Any other information held by the government which is favorable to the defense, whether or not admissible in court, and which is material to the issue of guilt and/or punishment.

With regards,

DORSEY & WHITNEY LLP

John Marti

JM:ae