UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 26-cr-025-LMP-DLM |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **EXPEDITED MOTION FOR** |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | **GOVERNING DISCOVERY** |
| NEKIMA VALDEZ LEVY | ) | |
| ARMSTRONG, et al., | ) | [Local Rule 12.1(f)] |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff United States of America, by and through its counsel of record, hereby moves to the Court for entry of a protective order governing discovery in this matter.

The Government is preparing to produce discovery on or before Friday, April 24, 2026, in accordance with the Court's last scheduling order. Because the discovery materials include sensitive matter (*e.g.*, various documents that include Personal-Identifying Information of defendants, victims, and other witnesses, videos of victim-witness interviews, reports of interviews, medical records, etc.), the Government has determined that a protective order is needed even though it is attempting to address some privacy concerns via redactions. The proposed protective order is proper under the Crime Victims' Rights Act, 18 U.S.C. § 3771(a), the Privacy Act, 5 U.S.C. § 552a, and Fed. R. Crim. P. 49.1,

and the offense conduct alleged in this case demonstrates a special need for it to ensure victims and other witnesses are not targeted for harassment.

Pursuant to District of Minnesota Local Rule 12.1(f), good cause exists to expedite briefing on this motion because a protective order should be in place before the Government's deadline for production of its discovery. Counsel for the Government has devoted approximately 10 days in an attempt to reach an agreement on the terms of the protective order. Those efforts have been successful as to 33 defendants, but not as to the remaining five.

## BASIS FOR PROTECTIVE ORDER

1.      The superseding indictment charges defendants with violation of 18 U.S.C. § 241 (Conspiracy Against Rights Secured by Federal Law) and § 248(a)(2) (Interference with Exercise of Right of Religious Freedom at Place of Religious Worship). In summary, the indictment alleges that, on January 18, 2026, the defendants and others conspired to interfere with a Sunday morning worship service at Cities Church, St. Paul, Minnesota, which they targeted for harassment based on the belief that an ICE agent is a pastor at the church. *See generally* Dkt. 39.

2.      This case has been designated by the Court as complex (Dkt. 390), and the discovery to be provided by the government is voluminous. Based on estimates of church leadership, there were approximately 300-400 congregants and staff at Cities Church during the time of the alleged offenses. To date,

approximately 135 of these congregants have been interviewed, at least 20 of them are children. Additionally, discovery includes approximately 380 reports totaling more than 8,000 pages, 40 search warrants, approximately 140 body-worn camera (BWC) recordings, and 45 videos from other sources, including videos of the incident at the church and related matters (e.g., from phones, the internet, etc.).

3.     The voluminous discovery includes highly sensitive information, such as documents and records containing personal identifiable information of parties and non-parties.  The discovery also includes the names of minors and information about other individuals not involved in the charged conspiracy.

4.     Under the Crime Victims' Rights Act (CVRA), victims have "the right to be reasonably protected from the accused," and "the right to be treated with fairness and with respect for the victim's dignity and privacy."  18 U.S.C. § 3771(a)(1),(8). The unrestricted dissemination of this information (*e.g.*, sharing with defendants' associates, other activists, and publication of materials on the internet) could adversely affect the privacy interests of victims and witnesses, the fairness of the trial, the ability of the Government to try the case in this district, and other law-enforcement interests in an ongoing investigation.

5.     While the government intends to redact a subset of sensitive information from the discovery, the redaction of all personal and sensitive

information from the discovery would be impractical and unduly burdensome and would also be of limited value to the defense. Similarly, while the government is prepared to make discovery available to defense counsel for inspection at its offices, which would satisfy its disclosure obligations, this would be less useful to the defense and impractical for all parties. Additionally, because most of the videos mentioned above are unredacted, there is a substantial need for this protective order.

6. Therefore, the Government respectfully requests that the proposed protective order lodged herewith is necessary and proper to limit the dissemination of "Protected Material," which is defined in the proposed order.

7. It is further requested that the Protective Order state: (a) that the Protected Material shall be held in confidentiality by defendants and defense counsel and may be used solely for purposes of this litigation; (b) that defense counsel shall limit the making of copies of the Protected Material to those necessary to his or her activities as counsel to a defendant in this action; (c) that defense counsel, defendants, and other members of the defense teams, including defense experts, may access the Protected Materials; (d) that all individuals having access to Protected Materials, including the defendants, shall be informed of the terms of the Protective Order prior to disclosure; (e) that the use of the Protected Material covered by this Order for any purpose other than the instant litigation shall be deemed a violation of this Order

subjecting the defendant and his or her counsel to sanctions; (f) that any filings with the Court that contain Protected Material shall first be redacted pursuant to Federal Rule of Criminal Procedure 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures; and (g) that any documents or other materials containing Protected Material, and all copies of them, must be destroyed or returned to the government within 60 days of the conclusion of this litigation, including appeals.

## MEET & CONFER EFFORTS

8. In accordance with Local Rule 12.1(b), the Government's undersigned counsel has conferred with Robert Richman, Esq., counsel for defendant Trahern Jeen Crews (7), who represented that he had authority to negotiate a proposed protective order on behalf of 33 of the 38 defendants, except defendants Don Lemon (4), Georgia Fort (8), Michael Beute (12), Shane Bollman (14), and Amelia Hansa (20). Mr. Richman indicated to undersigned counsel that those 33 defendants consent to the Government's proposed protective order, which is lodged together with this motion.

9. The Government's undersigned counsel also conferred with counsel for defendants Lemon (4), Fort (8), Bollman (14), and Hansa (20), who indicated that they do not consent to the Government's proposed protective order. They have noted various objections to the language, and the

Government expects they will file those shortly in response to this motion. Counsel for defendant Michael Walker Beute (12) did not respond to the Government's requests to meet and confer.

## **CONCLUSION**

For all of the foregoing reasons, the Government requests that the Court issue the proposed protective order that is lodged herewith.

DATED: April 17, 2026.

DANIEL N. ROSEN
United States Attorney

FLAVIO DE ABREU
Special Assistant
United States Attorney

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Dep. Asst. Attorney General

ORLANDO B. SONZA
Counsel

  */s/ Orlando B. Sonza*
Counsel
   Civil Rights Division
   U.S. Department of Justice
   950 Pennsylvania Ave. NW
   Washington, DC 20530
   Telephone: (202) 514-3847
   E-Mail: orlando.sonza2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA