# De León & Nestor

**Attorneys at Law**

Bruce D. Nestor*
Susana De León

3547 Cedar Ave South
Minneapolis, MN  55407
(612) 822-6269
Facsimile (612) 436-3664
*nestor@denestlaw.com*

*Licensed in Minnesota, North Dakota
and Iowa

May 7, 2026

Honorable Douglas L. Micko
United States Magistrate Judge
United States Courthouse
316 North Robert Street, #6B
St. Paul, MN 55101

Re:     <u>United States v. Nekima Levy-Armstrong, et. al.</u>
        Crim. No. 26-25 (LMP/DLM)
        Request for Status Conference on Discovery

Dear Judge Micko:

Counsel for Defendants Monique Cassandra Cullars-Doty (Defendant 16), Thomas Matthew Tier (Defendant 36), and Trahern Jeen Crews (Defendant 7) respectfully request that the Court set an immediate status conference in this matter to address the government's failure to produce discovery as ordered by the Court and required by Fed. R. Crim. P. 16. The government has violated the Court's protective order by producing heavily redacted discovery so as to conceal the names and personal identifying information (PII) of every witness, notwithstanding the fact that that information is already covered by the protective order. The government did not seek a modification of the protective order to permit redaction of this material. The government's conduct has made the voluminous discovery produced to date virtually useless to the defense, which is unable to identify witnesses or conduct an investigation with the disclosures received.

As the parties' negotiations over the protective order reflected, the protective order was intended to permit disclosure of sensitive information to the defense subject to appropriate restrictions. The government, however, apparently had a different idea, which it never disclosed to the defense or the Court. In a meet and confer today, the government's attorney, Mr. Robert Keenan, stated the government was preparing redacted discovery documents as the parties negotiated the protective order. Apparently, the government did not intend to disclose the names or contact information for any witnesses identified or interviewed by the government, regardless of the terms of the protective order. Further, Mr. Keenan indicated that the government does not intend to disclose the redacted information until it produces its witness list, which it has proposed it do 28 days before trial. As to the many witnesses who the government does not intend to call at trial, the government apparently does not intend to ever disclose the redacted information pertaining to those witnesses.

The information being concealed by the government is material to the preparation of the defense. Many of the unnamed witnesses made clear in their statements to the government that they were not threatened in any way or prevented from leaving the church. Because their statements are completely at odds with the government's theory of the case, their identifying information will never be produced. Without access to the unredacted names and PII (subject to the protective order's safeguards), the defense cannot adequately evaluate the discovery, identify relevant witnesses, or prepare for motion practice and trial.

Accordingly, the defense requests that the Court promptly convene a status conference to address:

1. The Government's failure to comply with Fed. R. Crim. P. 16 and the Court's protective order.

2. A schedule and procedure for prompt production of unredacted versions of the affected materials under the existing protective order (or such clarifying order as the Court deems appropriate).

3. Any additional relief necessary to ensure discovery is produced in a usable form consistent with the protective order and the defense's ability to prepare.

Given the impact on defense preparation, we respectfully request that the conference be set on an expedited basis at the Court's earliest availability. Counsel is available at the Court's direction, and we estimate the conference will take approximately 60 minutes. Counsel met and conferred with government counsel prior to filing this letter and informed the government that it would be seeking relief from the court in light of the government's position.

Respectfully submitted,

DE LEÓN & NESTOR, LLC

s/ *Bruce D. Nestor*
Bruce D. Nestor, Reg. No. 0318024
3547 Cedar Avenue South
Minneapolis, MN 55407
(612) 659-9019
nestor@denestlaw.com

*Attorneys for Defendant Monique Cullars-Doty (16)*

DORSEY & WHITNEY LLP

s/ *John Marti*
John Marti, Reg. No. 0388393
Meredith LaVine, Reg. No. 0506725
Ashley Repp, Reg. No. 0399661
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600
marti.john@dorsey.com
lavine.meredith@dorsey.com
repp.ashley@dorsey.com

*Attorneys for Defendant Thomas Matthew Tier (36)*


LAW OFFICES OF ROBERT D. RICHMAN, LLC

s/ *Robert D. Richman*
Robert D. Richman, Reg. No. 226142
P.O. Box 16643
St. Louis Park, MN 55416
(651) 278-4987
robert@rdrichmanlaw.com

*Attorneys for Defendant Trahern Jeen Crews (7)*