UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>4.  Don Renaldo Lemon,<br><br>Defendant. | **DON LEMON'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTIONS FOR DISCLOSURE OF GRAND JURY PROCEEDINGS (DKT. 125) AND FOR IMMEDIATE DISCLOSURE OF *BRADY* MATERIALS (DKT. 413)**<br><br>Case No. 26-cr-025 (LMP/DLM) |

Defendant Don Renaldo Lemon, through undersigned counsel, respectfully files this notice of supplemental authority in support of his joint Motion for Disclosure of Grand Jury Transcripts (the "Grand Jury Motion") (Dkt. #125) and joint Motion for Immediate Disclosure of *Brady* Materials (the "*Brady* Motion") (Dkt. #413), including grand jury materials.

The past 15 months have seen an unprecedented and growing distrust in the Justice Department's use of the grand jury process.[1]  While historically courts have afforded DOJ and its prosecutors a presumption of regularity in grand jury proceedings, that presumption has been thoroughly eroded through case after case of documented abuse of the grand jury process.  The presumption of regularity no longer holds.  As one court recently described, while "[g]enerations of presidential administrations and public officials have validated this underlying premise of the presumption of regularity," "[i]n just six months, the President of the United States may have forfeited the right to such a presumption" entirely.  *Fed. Educ. Ass'n v. Trump*, 795 F. Supp. 3d 74, 90–92 (D.D.C. 2025), appeal docketed, No. 25-5303 (D.C. Cir. Aug. 20, 2025); *see United States*

---

[1] *See generally* Alan Feuer, *As Trump Politicizes Justice Dept., Prosecutors Struggle With Grand Juries*, N.Y. Times (May 26, 2026), https://www.nytimes.com/2026/05/26/us/politics/trump-justice-department-grand-juries.html?smid=nytcore-ios-share.

1

*v. Oregon*, 2026 WL 318402, at *11 (D. Or. Feb. 5, 2026) ("The presumption of regularity that has been previously extended to [the government] that it could be taken at its word—with little doubt about its intentions and stated purposes—no longer holds.").

The alarming pace of this erosion has reached a tipping point.  In the past two weeks alone, several courts have chastised DOJ prosecutors for irregularities in the grand jury process and gone so far as to dismiss indictments for grand jury misconduct.  With this backdrop in mind, several federal court decisions and case-related events have recently occurred that further support Mr. Lemon's pending Grand Jury Motion and *Brady* Motion, and which warrant filing this Notice of supplemental support.

*First*, on May 21, 2026, federal prosecutors in Chicago, Illinois were forced to dismiss all pending criminal charges with prejudice against the four remaining defendants of the so-called "Broadview Six" based on the Court's review of the grand jury proceedings in that case which revealed significant errors in the grand jury process.  **Ex. A,** 5/21/26 Tr., *United States v. Rabbitt*, Case No. 25-cr-693 (N.D. Ill. May 21, 2026).  The court there undertook that review based on defense counsel's repeated motions alleging impropriety in the presentation of evidence to the grand jury.[2]  The court's review of the grand jury transcript confirmed instances of improper conduct far beyond the initial allegations.  *Id.* at 22 (THE COURT: "I have read hundreds, if not thousands, of grand jury transcripts involving prosecutors who are the most junior of prosecutors to several U.S. Attorneys who appeared before the grand jury. I have never seen the types of

---

[2] Notably, defense counsel filed several pretrial motions raising this issue. Each time, the government denied any improprieties in the grand jury. *See, e.g.*, *United States v. Rabbitt*, Case No. 25-cr-693, Dkt. #94 (Motion to Compel), #118 (Defendants' Supplemental Motion to Compel Disclosure of Grand Jury Transcripts), #143 (Motion for Disclosure of Prosecutor's Instructions of Law to the Grand Jury). In a series of increasingly unprofessional responses, the government accused defendants of "whingeing" [*sic*] (Dkt. #110 at 19) and "histrionic[s]." Dkt. #147 at 3. The government only confessed error, and moved to dismiss the indictment with prejudice, after the court reviewed the grand jury transcripts *in camera* and found an array of improper conduct before the grand jury.

prosecutorial behavior before a grand jury that I saw in those transcripts."). Additionally, the court emphasized that DOJ has forfeited the presumption of regularity that once accompanied federal grand jury proceedings. *Id.* at 23 (THE COURT: "I put even more reliance on Department of Justice attorneys. Your sole goal is to do justice. Your client is justice itself. I do believe deeply in the presumption of regularity and that most government attorneys are doing the best they can to do the right thing. That trust has been broken."); *id.* at 25 (THE COURT: "I, at the time, was operating on a presumption of regular grand jury proceedings, which these were very clearly not. So based upon what I've seen in the grand jury transcripts, the calculus has changed and it has changed considerably.").

*Second*, on May 15, 2026, three federal judges in the District of Wyoming ordered the dismissal of nine indictments, including a murder indictment, based on improper comments made by the U.S. Attorney to the grand jury. *See* **Ex. B**, *United States v. Ocon*, No. 26-cr-39, Dkt. #49 (Order Dismissing Indictment Without Prejudice), at \*12 (D. Wyo. May 15, 2026) ("This is not a case where a few off-handed statements were improperly sprinkled throughout the presentation of evidence in one defendant's case. This misconduct began with some of the first words spoken to the grand jurors by the U.S. Attorney, and as the U.S. Attorney's Office found it was required to disclose, the misconduct continued to permeate the proceedings in off-the-record conversations, occurring on the breaks between indictments.").

*Third*, on May 13, 2026, a judge in the District of Rhode Island rebuked DOJ prosecutors for issuing a grand jury subpoena out of the Northern District of Texas in a blatant attempt to avert a pending motion to quash an administrative subpoena issued for patient files related to gender-affirming care provided at a Rhode Island hospital. **Ex. C**, *In re Administrative Subpoena 25-1431-032 to Rhode Island Hospital*, No. 26-mc-0007, Dkt. #38 (Memorandum and Order), at \*23 (D.R.I.

May 13, 2026) ("But the discrepancy between the honorable conduct expected of federal prosecutors and DOJ's tactics in this case is unsettling. The Court cannot help but share the sentiment that the presumption of regularity . . . no longer holds. It is regrettable that this is now the case.") (cleaned up).

*Fourth and finally*, in this case, just yesterday, the Court unsealed filings, applications, and orders denying the government's five applications for search warrants pertaining to Mr. Lemon's YouTube channel and YouTube account and cellphone information relating to four other defendants. *See* **Ex. D**, *In re Search Warrants*, No. 26-mj-00205-JFD, Dkt. #1 (Order Denying Search Warrant Applications), at *1–2 (D. Minn. Feb. 24, 2026); **Ex. E**, *Id.*, Dkt. #5 (3/23/26 Application for a Search Warrant).  In these search warrants, sought weeks *after* the indictment in this case, Magistrate Judge Docherty held that the government did not establish probable cause to believe that evidence of a crime would be found in the places to be searched—i.e., in Mr. Lemon's YouTube data for "The Don Lemon Show."  Ex. D at 4.  This recalls the government's initial attempt in this case to seek an arrest warrant for and bring charges against Mr. Lemon for his reporting activities on January 18 in Minneapolis.  There too, this Court denied the government's request, also finding there was no probable cause.  Not satisfied with the ruling, the government sought appellate court review and was similarly denied.

Many things in this case suggest there were irregularities in the grand jury process. Multiple judges found there was no probable cause to sign a criminal complaint in this case. A judge found there was no probable cause to issue several search warrants requested by the government. The affidavits in support of those rejected search warrants indicate that the government erroneously stated that a female congregant had broken her arm while exiting the church. 26-mj-205 (JFD), Dkt. #5 at 8. And the grand jury indicted at least one person who the government has since

4

conceded is innocent and was not even present during the protest during which these charges arose. Despite these irregularities in the charging process—or perhaps because of it—the government has yet to produce any grand jury transcripts in this matter, even ones that plainly contain *Brady* material. This includes failing to disclose the transcript in which the government, by its own admission, presented misstatements to the grand jury leading to the indictment of an innocent person.

In light of the checkered history of this case—and the numerous examples of grand jury misconduct by DOJ around the country—defense counsel in this case are similarly entitled to scrutinize the grand jury proceedings. After that review, additional disclosure might be warranted as occurred in the other cases referenced. After all, the grand jury is not merely an investigative tool of the prosecution; it is a constitutional safeguard for the accused. In the words of the Supreme Court, the grand jury historically serves as a "protector of citizens against arbitrary and oppressive governmental action" and as "protection of citizens against unfounded criminal prosecutions." *United States v. Calandra*, 414 U.S. 338, 343 (1984).

This unfounded criminal prosecution against Mr. Lemon should not go unchecked.[3] He is entitled to see whether the government allowed the grand jury to serve its role or whether, as elsewhere, the government interfered with the proper function of the grand jury. And unlike the Broadview Six defendants, he should not be forced to wait until the eve of trial for these matters to come to light. Accordingly, Mr. Lemon respectfully brings these recent decisions and events to the Court's attention in further support of his pending Grand Jury Motion and *Brady* Motion.

---

[3] The charges in this case have been hanging over Mr. Lemon for four months with all the collateral consequences an indictment brings with it. It is increasingly apparent that the charges against Mr. Lemon should never have been filed in the first place. Disclosure of the grand jury proceedings may confirm that and, at the very least, will inform additional pretrial motions to dismiss to be filed soon consistent with the forthcoming scheduling order.

Dated: May 27, 2026                          Respectfully Submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell (*admitted pro hac vice*)
David A. Kolansky (*admitted pro hac vice*)
Isabella M. Oishi (*admitted pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

/s/ *Joseph H. Thompson*
Joseph H. Thompson (#0343031)
THOMPSON JACOBS PLLC
222 N. Second Street, Suite 220
Minneapolis, MN 55401
Tel: (612) 416-3322
joe@thompsonjacobs.com

*Counsel for Don R. Lemon*