# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 0:26-cr-025-LMP-DLM |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S |
| | ) | APPLICATION FOR |
| v. | ) | AUTHORIZATION TO |
| | ) | DISCLOSE GRAND JURY |
| NEKIMA VALDEZ LEVY | ) | TRANSCRIPT & SEALED |
| ARMSTRONG, et al., | ) | DOCUMENTS IN DISCOVERY |
| | ) | |
| Defendants. | ) | |
| | ) | |

As part of its ongoing discovery obligations, the Government is preparing another batch of rolling discovery for production to the defendants' counsel in the above-captioned case. The Government intends the next batch of discovery to include, among other things not relevant here, the following items: (1) a transcript of the one victim-witness[1] called by the Government during the grand jury proceedings to date; and (2) copies of various applications for search warrants, tracking warrants, non-disclosure orders and related documents that were filed under seal (whether or not the applications were granted or denied by the Court).

Under Rule 6(e)(3)(E), "[t]he Court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-

---

[1] This application does not apply to the transcript of any summary witness or other grand jury proceedings.

1

jury matter . . . preliminarily to or in connection with a judicial proceeding[.]"
*See* Fed. R. Crim. P. Rule 6(e)(3)(E)(i).  In this case, some defendants have pending motions to disclose all grand jury proceedings.  The Government has opposed those motions, and it continues to do so here for the reasons set forth in our previously-filed opposition briefs.  However, as the testimony of a percipient victim-witness has its own significance that differs a summary grand jury witness, the Government believes the transcript of the victim-witness's testimony should be disclosed at this time.

As for the sealed court applications, the Government applied for warrants in connection with this investigation, and some number of those applications were filed under seal.  The Government's undersigned counsel is informed by local prosecutors and some defense counsel that Court authorization is not needed to produce such documents even if they are filed under seal.  The Government's undersigned counsel shares that view, although we have filed one application for permission to provide one defendant's counsel with the application for his cellphone.  However, in light of a prior admonition in this case, this application also requests an order that expressly authorizes the disclosure for any and all such documents.

In the Government's view, the entire point of a sealing order is to direct the Clerk on how to file and maintain a document that is submitted to the Court.  A sealing order tells the Clerk that a given document or set of documents must be filed and maintained under seal so that it is not freely

accessible to the public, in contrast to most documents, which are subject to First Amendment public-access rights. When it comes time for a document to be "unsealed," it is again <u>the Clerk</u> that is responsible for doing that.

So understood, sealing orders are not directed to, and do not require anything of, a litigant (here, the Government) that submits a document to the Court for filing under seal. Thus, a standard sealing order regarding a Government-filed document should not be construed as limiting the Government's ability to disclose the document to defense counsel <u>or</u> to make discreet references to such documents in a separate public filing when necessary to address a given issue. (*E.g.*, Although PSRs must be filed under seal per L.R. 49.1, defendants and the Government regularly cite to the contents of a PSR in public sentencing briefs when addressing a disputed sentencing issue.)

As noted above, however, in a prior order issued in this case, the Court admonished the Government that a discreet public reference to the contents of another search warrant application (even when made in response to a publicly-filed defense argument requiring reference to such contents) was improper because that warrant was still under seal. The Government had no cause to respond to that admonition at the time. For the reasons explained above, though, the Government simply has a different understanding of the meaning and effect of that particular sealing order and all other sealing orders.

In any event, if an order authorizing disclosure of sealed records is required, the Government hereby asks for permission to disclose any and all such records to defense counsel in discovery whenever the Government believes it is appropriate to do so.

## **CONCLUSION**

Based on the foregoing, the Court should grant this application and issue the accompanying proposed order.

DATED: June 1, 2026.

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

HARMEET K. DHILLON
Assistant Attorney General

FLAVIO DE ABREU
Special Assistant United States
Attorney

ROBERT J. KEENAN
Acting Dep. Asst. Attorney General

_/s/ Robert J. Keenan_

ROBERT J. KEENAN
  Civil Rights Division
  U.S. Department of Justice
  950 Pennsylvania Ave. NW
  Washington, DC 20530
  Telephone: (202) 305-2566
  E-Mail: robert.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA