UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>4.  Don Renaldo Lemon,<br><br>Defendant. | **DON LEMON'S RESPONSE TO THE GOVERNMENT'S APPLICATION FOR AUTHORIZATION TO DISCLOSE GRAND JURY TRANSCRIPT & SEALED DOCUMENTS IN DISCOVERY**<br><br>Case No. 26-cr-025 (LMP/DLM) |

Defendant Don Renaldo Lemon, through undersigned counsel, respectfully submits this response to the government's Application for Authorization to Disclose Grand Jury Transcripts & Sealed Documents in Discovery.  Dkt. #531.  As a threshold matter, Mr. Lemon does not object to the production of the unnamed witness's grand jury testimony.  *Id.* at 1.

Notwithstanding the government's newfound willingness to disclose the testimony of a single, non-law enforcement grand jury witness—seemingly because it contains *Brady* material— Mr. Lemon objects to the government's continued refusal to disclose the full grand jury proceedings in this case.  *Id.* at 2.  For the reasons set forth below, and for the reasons already stated in prior motions (Dkt. ##125, 413, 525, 529), Mr. Lemon again asks the Court to order the government to produce *all* grand jury transcripts and minutes in this case or, at a minimum, to conduct an *in camera* review of those materials.

This case is replete with red flags indicating that there were irregularities in the grand jury process.  Multiple judges found probable cause lacking in the government's search warrant and complaint affidavits.[1]  Affidavits submitted—and then resubmitted—in support of rejected search

---

[1] Just yesterday, the St. Paul City Attorney's Office released a statement that it had reviewed the evidence and would not be bringing in state charges arising out of the protest at Cities Church.  The office explained

warrants incorrectly claimed that a female congregant had broken her arm while exiting the church, when she did not. The government then wrongfully indicted a factually innocent woman as a purported "co-conspirator" after misidentifying her and persuading a grand jury to indict her based on that misidentification, only to dismiss the charges a month later. Dkt. ##412, 416. Now the government has added another log to the fire of grand jury impropriety: its recently filed application for authorization to disclose the grand jury transcript of a "percipient victim-witness." Dkt. #531 at 2.

The government's application to disclose the grand jury transcript of one witness does not resolve the broader problems Mr. Lemon and others have identified. In a few conclusory sentences, the government tries to differentiate the testimony of this witness from that of a summary agent, asserting that "the testimony of a percipient victim-witness has its own significance that differs [from] a summary grand jury witness," without saying more. *Id.* at 2. The government offers no meaningful explanation for its awakened desire to disclose this particular transcript (and doing so more than a month *after* first producing discovery to all defendants on April 24, 2026), nor does it explain why this witness's testimony is materially different from other grand jury testimony. One inference is that the transcript contains information favorable to the

---

that it had "a legal and ethical obligation to file charges only when the available evidence establishes probable cause and supports a reasonable likelihood of conviction beyond a reasonable doubt" and that "a careful evaluation of the video footage, investigative reports, and other available materials" showed that "the current evidence is insufficient to meet that standard for criminal charges under Minnesota state statutes." *See* David Griswold, *No state criminal charges filed in connection with January Cities Church protest*, KARE11 (June 2, 2026), available at https://www.kare11.com/article/news/local/ice-in-minnesota/no-state-criminal-charges-will-be-filed-january-cities-church-protest/89-59e9e012-b198-4fbb-a191-00e62a108b35#:~:text=The%20Saint%20Paul%20City%20Attorney's,criminal%20charges%20under%20state%20statutes.&text=ST%20PAUL%2C%20Minn.,at%20a%20St.%20Paul%20church (last accessed June 3, 2026).

defense.  If so, that only reinforces Mr. Lemon's concern that the grand jury process in this case was infected by irregularities and that selective disclosure is inadequate here.

The government's drip-drip approach to discovery needs to stop.  The government's proposal to disclose only a transcript of a single, non-law enforcement grand jury witness does not address the larger due process concerns at issue here and does not cure the due process harms that seem to exist in this case as to Mr. Lemon.  Indeed, the government does not even propose disclosing the transcript of whatever case agent misidentified the innocent woman before the grand jury and summarized the "evidence" upon which the government wrongfully indicted her.

Mr. Lemon respectfully requests that the Court order the government to disclose all grand jury transcripts.  Alternatively, and at a minimum, Mr. Lemon asks the Court to conduct a wholesale *in camera* review of the grand jury minutes and transcripts.  Only judicial review of the full grand jury record can determine whether the government allowed the grand jury to serve its constitutional function—or whether, as elsewhere, the government interfered with the proper function of the grand jury.

Dated: June 3, 2026                                          Respectfully Submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell (*admitted pro hac vice*)
David A. Kolansky (*admitted pro hac vice*)
Isabella M. Oishi (*admitted pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

/s/ *Joseph H. Thompson*
Joseph H. Thompson (#0343031)
THOMPSON JACOBS PLLC

3

222 N. Second Street, Suite 220
Minneapolis, MN 55401
Tel: (612) 416-3322
joe@thompsonjacobs.com

*Counsel for Don R. Lemon*