**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 26-cr-00025-LMP-DLM |
| Plaintiff, | NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR IMMEDIATE DISCLOSURE AND FOR HEARING/STATUS CONFERENCE AND MOTION FOR LEAVE TO FILE SAME |
| v. | |
| [8] Georgia Ellyse Fort, | |
| Defendant. | |

Defendant Georgia Ellyse Fort, through counsel, respectfully files this notice of supplemental authority in support of her Motion for Immediate Disclosure and for Hearing/Status Conference (ECF 528), and states as follows:

1.      On Thursday, June 11, 2026, Ms. Fort filed a short reply in support of her motion.  ECF 542.  She noted that, although the government had received permission to produce a percipient grand jury witness's testimony, it had not yet done so.  *Id*. at 1 n.1.

2.      The government finally produced that testimony, filed under seal herewith as Exhibit A, at 4:00 pm on Friday, June 12, 2026.  Accordingly, Ms. Fort files this notice as an addendum to her reply and respectfully requests leave from the Court to do so.

3.      Ms. Fort's concerns about what the government presented to the grand jury to indict her are now even more pronounced.  The witness—who testified at length about the events of January 18, 2026, and who is the primary (if not the sole) percipient witness concerning Ms. Fort—offers testimony that disproves the allegations about her contained in the superseding indictment.  Specifically, despite the government's allegations that Ms. Fort "oppressed, threatened, and intimidated the Church's congregants and pastors,"

engaged in "menacing and threatening behavior," "oppressed and intimidated" the Pastor, and somehow impeded a van from leaving the Church, the witness's testimony rebutted all of this. For example:

- The witness referred to Ms. Fort only indirectly and cursorily, describing her as a reporter engaged in typical journalistic newsgathering activities (*e.g.*, " ██████████████████████ "; "one woman who had a microphone that had an emblem on it like it was, you know, some type of TV or station"). Ex. A at 39, 41-42.

- When asked whether he felt "physically threatened" by Ms. Fort ██████ ████████ ████████, he testified that, "██████████████████ and all the cameras were there I, I did not expect for those people who were interviewing to be, had bad behavior because they're videoing so I did not feel in that moment. I mean they were ████████ ██. The biggest issue with that was not my personal safety, it was the fact that they were blocking my view from seeing the rest of the church." *Id.* at 39:1-14.

- He quickly reiterated that he "didn't feel physically threatened by ██ ████████ " *Id.* at 40:15-18.

- In describing the incident involving the van, the only conduct the witness described was attributed to a male. *Id.* at 33:12-34:12. The witness then testified that the van was able to leave without issue. *Id.* at 34:6-12 ("she trepidatiously makes her way out with some help of directing traffic and then she leaves. She was able to, to, you know, ride in the alley, then ride on Snelling and was able to get away.").

4.    The chasm between the government's allegations about Ms. Fort in the superseding indictment and this witness's actual grand jury testimony creates serious doubts regarding the accuracy of the government's presentation to the grand jury—namely, from what evidence the government's allegations were derived, given that they do not appear in the testimony of this witness, the interview report of any eyewitness, or the real-time video footage of the events.

5.      What is more, substantial doubts about the government's grand jury presentation already existed since the government admitted that it repeatedly made false statements about Ms. Fort in eight separate affidavits presented to at least four judges (ECF 539 at 1-2, 7-8), all while the government has refused to disclose whether its materially false statements about Ms. Fort were included in its grand jury presentation.

6.      Simply put, where a key witness testified truthfully before the grand jury to facts that negate material allegations about Ms. Fort but that the government nevertheless included in the superseding indictment—coupled with the government's submission of another "two lines" of testimony about Ms. Fort for the Court's review, ECF 539 at 16; ECF 543—that provides yet another substantial basis to scrutinize the government's grand jury presentation.  At a minimum, it warrants the Court's review of the entire grand jury transcripts *in camera*.

Accordingly, Ms. Fort respectfully brings this latest development to the Court's attention in further support of her pending motion for disclosure and request for a hearing.

Dated:  June 15, 2026

Respectfully submitted,

By:  *s/ Matthew S. Ebert*

**BALLARD SPAHR LLP**
Leita Walker
Matthew S. Ebert
Isabella Salomão Nascimento
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 371-3211
walkerl@ballardspahr.com
ebertm@ballardspahr.com
salomaonascimentoi@ballardspahr.com

Seth D. Berlin (*pro hac vice*)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1122
berlins@ballardspahr.com

**THE LAW FIRM OF KEVIN C. RIACH, PLLC**
Kevin C. Riach
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Tel: (612) 203-8555
kevin@riachdefense.com
*Counsel for Georgia Ellyse Fort*