UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-cr-25 (LMP/DLM)

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

IAN DAVIS AUSTIN (9),

      Defendant.

**GOVERNMENT'S MOTION TO AMEND CONDITIONS OF PRETRIAL RELEASE**

The United States of America, by and through its attorney, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Neville S. Hedley, Trial Attorney, United States Department of Justice, Civil Rights Division, hereby moves to amend defendant Ian Davis Austin's pretrial release conditions, pursuant to 18 U.S.C. § 3148(b), and add the conditions listed below to the defendant's pretrial release. The government requests a hearing on this matter as soon as practicable following an opportunity for the defendant to respond.

## BACKGROUND

On February 26, 2026, Mr. Austin was charged in a Superseding Indictment with one count of conspiracy against the Right of Religious Freedom at a Place of Worship, in violation of 18 U.S.C. § 241, and one count of Injure, Intimidate, and Interfere with Exercise of Right of Religious Freedom at a Place of Worship, in violation of 18 U.S.C. § 248(a)(2), (b) and § 2(a). (Dkt. # 144). The indictment alleges that Mr. Austin, along with several other defendants, invaded a church service and, by force or threat of force or physical obstruction, intimidated congregants and

interfered with a religious service taking place at Cities Church in St. Paul, Minnesota.

Mr. Austin made his initial appearance on February 2, 2026, where he pleaded not guilty to the charges in the Superseding Indictment. Magistrate Judge David T. Schultz imposed the following conditions of release upon Mr. Austin (Dkt. 80):

(1) That he does not violate any federal, state, or local law while on release.

(2) That he cooperate in collection of DNA sample if authorized by 42 U.S.C. § 14135a.

(3) That he advise the court or pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) That he appear in court as required.

(5) That he sign an appearance bond if ordered.

Notably, the court did not impose as a condition of release supervision by U.S. Probation or the Pretrial Services Office, a requirement to continue or seek active employment, or any travel or residence restrictions. In the past month, Mr. Austin has been arrested at least twice by federal and local law enforcement in New Jersey outside the Delaney Hall immigration detention facility in Newark, New Jersey. These arrests arguably are violations of his current conditions of release. Notwithstanding Mr. Austin's two arrests, the government is not seeking revocation of release pursuant to 18 U.S.C. § 3148(b) and does not wish the court to issue a warrant for arrest.  Rather, the government believes that the arrests and Mr. Austin's

apparent proclivity to engage in confrontational behavior with law enforcement merit revisiting his current conditions of release.

## ARGUMENT

On or about June 1, 2026, the government learned from Assistant Deputy Chief U.S. Probation Officer Dawn Arenz that Mr. Austin had been arrested in Newark, New Jersey. On May 29, 2026, New Jersey State Police arrested Mr. Austin for a violation of New Jersey Rev. Statutes § 2C:24-7.1(a)(2), Endangering Another Person, and New Jersey Rev. Statutes § 2C:33-2(a)(2), Disorderly Conduct. (Exhibits A & B). Authorities in New Jersey apparently released Mr. Austin shortly after his arrest, but he apparently has a court date in New Jersey set for June 30, 2026. Later that night or May 30, 2026, after his release from state custody, Mr. Austin was captured on camera in close proximity to a chaotic and sometimes violent protest outside Delaney Hall. (Exhibit C). Later in the week, federal law enforcement officers arrested Mr. Austin on June 6, 2026, during a confrontation outside Delaney Hall. The U.S. Attorney's Office in New Jersey, however, declined to prosecute Mr. Austin for assault on a federal officer under 18 U.S.C. § 111. (Exhibit D).

Notwithstanding the lack of further federal criminal charges being filed, the arrests and the pending state charges against Mr. Austin raise concerns about Mr. Austin's continued confrontational behavior, particularly towards law enforcement officers and federal immigration enforcement authorities, as well as concerns that he presents a risk to himself and to others. Consequently, the government believes more strenuous conditions of release are necessary. In addition to the conditions already in

3

place, the government respectfully requests that the Court add the following conditions:

- The defendant must submit to supervision by and report for supervision to the U.S. Probation and Pretrial Services as directed and ensure the supervising officer has a means to reach Mr. Austin;

- The defendant must actively seek employment;

- The defendant must restrict his travel to Pennsylvania (where he indicated he'd be residing at his parent's home) unless approved by the supervising officer;

- The defendant shall reside at an address approved by the supervising officer or pretrial services;

- The defendant must avoid contact, directly or indirectly, with congregants or staff of Cities Church in St. Paul, and shall refrain from going within the closest sidewalk of Cities Church;

- The defendant shall not possess a firearm, destructive device, or other weapon;

- The defendant shall not consume alcohol excessively;

- The defendant shall not use or unlawfully possess a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner;

- The defendant must submit to testing of prohibited substances if required by the supervising officer or pretrial services;

- The defendant must get medical or psychiatric treatment; and

- The defendant shall report within 72 hours to the supervising officer or pretrial services every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

The government has consulted with Deputy Chief of Probation, Dawn Arenz, who agrees with the government's recommendations. The government has also conferred with defense counsel, who objects to the proposed revised conditions of release with the exception of the following: (1) avoid contact with congregants and staff of Cities Church; (2) no firearms or weapons; (3) no unlawful use or possession of narcotics or controlled substances; and (4) report law enforcement contacts within

4

72 hours. Counsel for Mr. Austin has also indicated that Mr. Austin is already in therapy, hence the requirement that he get medical or psychiatric treatment is already satisfied. If that is the case, then the government would simply request that this be verified with Probation or Pretrial Services.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court issue an Amended Order Setting Conditions of Release.

DATED: June 23, 2026.

DANIEL N. ROSEN
United States Attorney

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

NEVILLE HEDLEY
Senior Trial Attorney

*/s/ Neville Hedley*
Neville Hedley
    Civil Rights Division
    U.S. Department of Justice
    950 Pennsylvania Ave. NW
    Washington, DC 20530
    Telephone: (202) 297-3424
    E-Mail: neville.hedley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA