**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Nekima Levy Armstrong et al,

Defendants.

No. 26-cr-25 (LMP/DLM)

**PRETRIAL SCHEDULING AND**
**CASE MANAGEMENT ORDER**
**IN A CRIMINAL CASE**

On May 14, 2026, the Court Ordered the parties to submit a joint status report with all parties' positions on a proposed schedule no later than May 29, 2026. (Doc. 523.) Consistent with that Order, the parties submitted joint statement of the case on May 29, 2026. (Doc. 526.) Within that submission, the government outlined its proposed pretrial deadlines. (*Id*. ¶ 4.) The government also informed the Court that on May 27, 2026, it notified counsel for Defendant Georgia Fort that it intended to produce additional discovery within the next week. (*Id*. ¶ 8.) To ensure the parties had sufficient time to review the additional discovery, Ms. Fort's counsel proposed that pretrial motions be due no sooner than 30 days after the government's disclosures, with a response deadline approximately 30 days later. (*Id*.) Several Defendants then joined Ms. Fort's proposal. (*Id*. ¶ 9.) The government does not object to Ms. Fort's proposed pretrial motions schedule, and counsel for all Defendants had an opportunity to review the joint statement and agree to the representations made. (*Id*. ¶¶ 10, 11.) While some Defendants have indicated that

1

pending motions may impact the Court's schedule (*id.* ¶¶ 5, 6), no Defendant has proposed an alternative pretrial schedule to the one advanced by Ms. Fort.

Additionally, the Court has previously found that this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) and has excluded, pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from March 20, 2026 to May 14, 2026, from the computation under the Speedy Trial Act of the time within which this case must be brought to trial. The case remains complex and the Court now excludes from the Speedy Trial Act's computations time from May 15, 2026, through and including October 7, 2026, the third and final day of a scheduled three-day motion hearing in this case. The Court specifically finds that the ends of justice served by taking this action outweigh the best interest of the public and the Defendants in a speedy trial. The reasons for the Court's conclusion that the ends of justice served by excluding time from the Speedy Trial Act's computation outweigh the best interest of the Defendants and the public in a speedy trial are that given the volume of evidence in this case and the number of Defendants, it would be extremely difficult for counsel, taking into account due diligence, to be prepared to file pretrial motions on the schedule typically followed in this district for smaller and more routine criminal cases. Moreover, this prosecution involves well over 30 Defendants in a single case and novel questions of law, which has already resulted in extensive pretrial litigation. (*See, e.g.,* Docket (at over 550 entries as of this writing)). It is unreasonable to expect adequate preparation within the Speedy Trial Act's traditional time limits, as this matter is complex.

Accordingly, **THE COURT ORDERS** that the following shall be the schedule of the case going forward:

## PRETRIAL MOTIONS DEADLINE

1. All motions must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **July 31, 2026**. D. Minn. LR 12.1(c)(1). If any party finds it does not need to participate in a motions hearing, either because no motions were filed, or for any other reason, counsel for that party must electronically file a letter saying so on or before **July 31, 2026**, or immediately upon the occurrence of the event making a motions hearing unnecessary if that event occurs after July 31, 2026.

2. All motions must be accompanied by a meet and confer statement that is signed by the attorney filing the motion. The parties must meet and confer in a good faith attempt to narrow the issues presented by the motion, and to ensure that both parties are aware what witnesses and evidence they potentially will need at a motions hearing. The meet and confer process must be conducted either in person or by telephone. The meet and confer statement filed with the Court must state the date, time, manner (telephone or in-person), and outcome of the meet and confer process.

3. All responses to motions must be filed by **August 31, 2026**. D. Minn. LR 12.1(c)(2).

4. Any Notice of Intent to Call Witnesses must be **August 31, 2026**. D. Minn. LR. 12.1(c)(3)(A).

5. Any Responsive Notice of Intent to Call Witnesses must be filed by **September 8, 2026**. D. Minn. LR 12.1(c)(3)(B).

6. A Motions Hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by any party in its Motion, objection, or response pleadings.

7. The Court has reserved time for hearings on pretrial motions on **October 5, 6, and 7, 2026** in the Devitt Ceremonial Courtroom of the United States Courthouse, 316 N. Robert Street, in St. Paul, Minnesota. D. Minn. LR 12.1(d). Given the extended advance notice, counsel should be prepared to go forward with any hearings on these days. The Court does not anticipate granting continuances for scheduling conflicts.

8. The parties will share with each other and the Court any exhibit lists and proposed exhibits at the time of filing any Notice of Intent to Call Witnesses.

9. If the defendant files any pretrial dispositive motions to suppress seeking a so-called "four corners" review of a warrant and its supporting documents, the defendant must also submit a memorandum specifying the bases for suppression or they will not be considered by the Court. *See* D. Minn. LR 12.1(c)(1)(B) ("To called "four corners" review of a warrant and its supporting documents, the defendant must also submit a memorandum specifying the bases for suppression or they will not be considered by the Court. *See* D. Minn. LR 12.1(c)(1)(B) ("To

the extent practicable, a motion under Fed. R. Crim. P. 12(b) to suppress evidence must identify that evidence and the nature of the challenge."). The Court will not *sua sponte* undertake such a review.

10. In addition to pre-hearing motions and responses identified above, the Court anticipates permitting post-hearing submissions from the parties. Given this, the Court will not permit pre-hearing "reply" submissions from Defendants.

11. The parties will receive the remaining dates related to trial by separate Order.

12. The parties should address trial matters such as voir dire, severance, and the sequestration of witnesses with the District Judge.

**SO ORDERED.**

DATED: June 25, 2026           *s/Douglas L. Micko*
                                         DOUGLAS L. MICKO
                                         United States Magistrate Judge