**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Criminal Case No. 26-25 (4)(8) (LMP/DLM)**

UNITED STATES OF AMERICA

          Plaintiff,

    v.

[4] Don Renaldo Lemon,
[8] Georgia Ellyse Fort, and
[12] Michael Walker Beute,

          Defendants.

**DON LEMON'S, GEORGIA FORT'S, AND MICHAEL BEUTE'S JOINT RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS (ECF 562)**

Don Lemon, Georgia Fort, and Michael Beute, by and through undersigned counsel, hereby file this response to Defendants' Motion for Extension of Time to File Pretrial Motions, ECF 562, and state as follows:

1.     Mr. Lemon, Ms. Fort, and Mr. Beute do not object to the defendants' request or any modification of the operative deadlines in the Court's Pretrial Scheduling and Case Management Order, ECF 552, as it relates to *those defendants*.

2.     However, Mr. Lemon, Ms. Fort, and Mr. Beute do object to any modification of the schedule as it applies to them, including any extension of the government's deadline to respond to their forthcoming pretrial motions.

3.     Mr. Lemon, Ms. Fort, and Mr. Beute are prepared to proceed under the current schedule set by the Court (already adjusted to accommodate some of the parties), including a July 31, 2026 motions deadline and an August 31, 2026 response deadline for the government.  This case has been hanging over Mr. Lemon's, Ms. Fort's, and Mr.

Beute's heads for nearly six months. The blame for the delay in this case falls squarely on the government. It has successfully dragged the case out through its multiple failures to comply with the Court's deadlines and other orders. Indeed, each time the pretrial motions deadline approaches, the government produces a new tranche of discovery, resulting at least in some defendants seeking an extension of the schedule in order to allow time for their counsel to review it. True to form, the government did so again on Friday, July 17, 2026.

4. Nevertheless, and despite that the government's July 17 production was substantial (as the other defendants explained in their extension motion), very little of it pertains to Mr. Lemon, Ms. Fort, and Mr. Beute. That is not surprising and has been true of the government's prior productions. Moreover, what little of the discovery does pertain to Mr. Lemon, Ms. Fort, and Mr. Beute merely underscores the infirmities with the government's case against them: additional documents containing false allegations that they were chanting inside the Church; pages and pages of subscriber data, call logs, and toll records the government surreptitiously obtained through use of a customs-related administrative summonses rather than the subpoena processes contemplated by the Federal Rules of Criminal Procedure; and so on. *See* Exs. 1, 2. In short, the Court should not reward the government's continuous dilatory tactics with yet another extension and further exclusion of time from the Speedy Trial Act clock, when the recent discovery production provides no meaningful basis on which to extend the deadlines relating to Mr. Lemon's, Ms. Fort's, and Mr. Beute's pretrial motions.

5.      Mr. Lemon, Ms. Fort, and Mr. Beute, as members of the media, also have distinct defenses from, and anticipate raising unique legal arguments irrelevant to, those defendants who now seek an extension.  Thus, bifurcating the schedule for Mr. Lemon's, Ms. Fort's, and Mr. Beute's forthcoming motions from the remaining defendants will not create inefficiencies for the Court or the parties.  Indeed, sequencing motion practice in this fashion may ameliorate the need by further extensions because the government will have three fewer defendants' motions to respond to in September, ahead of the hearing presently scheduled for October.

6.      Mr. Lemon, Ms. Fort, and Mr. Beute are entitled to press their motions and defenses without further delay.  Every postponement prolongs the burden, uncertainty, and reputational harm of this pending case.  After nearly six months of pretrial proceedings, the answer to additional delay should not be to postpone a ready defendant's motions along with everyone else's.  Mr. Lemon, Ms. Fort, and Mr. Beute respectfully request that the Court, to the extent it extends the July 31, 2026 pretrial motions deadline as to some defendants, sever them from the remaining defendants for purposes of pretrial motions filing and maintain the existing schedule as to them.

Dated:  July 21, 2026

By: _s/ Abbe David Lowell_

**LOWELL & ASSOCIATES, PLLC**
Abbe David Lowell (*pro hac vice*)
David A. Kolansky (*pro hac vice*)
Isabella M. Oishi (*pro hac vice*)
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

**THOMPSON JACOBS PLLC**
Joseph H. Thompson
222 N. Second Street, Suite 220
Minneapolis, MN 55401
Tel: (612) 416-3322
joe@thompsonjacobs.com

*Counsel for Don R. Lemon*

By: _s/ William Mauzy_

**MAUZY LAW OFFICE**
William Mauzy
650 Third Avenue S, Suite 260
Minneapolis, MN 55402
wmauzy@mauzylawfirm.com

*Counsel for Michael Walker Beute*

Respectfully submitted,

By: _s/ Matthew S. Ebert_

**BALLARD SPAHR LLP**
Leita Walker
Matthew S. Ebert
Isabella Salomão Nascimento
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 371-3211
walkerl@ballardspahr.com
ebertm@ballardspahr.com
salomaonascimentoi@ballardspahr.com

Seth D. Berlin (*pro hac vice*)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1122
berlins@ballardspahr.com

**THE LAW FIRM OF KEVIN C. RIACH PLLC**
Kevin C. Riach
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Tel: (612) 203-8555
kevin@riachdefense.com

*Counsel for Georgia Ellyse Fort*

4