# Exhibit 2

# Ballard Spahr
### LLP

– – – – – – – – – – – – – – – – – –

2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
TEL 612.371.3211
FAX 612.371.3207
www.ballardspahr.com

Matthew S. Ebert
ebertm@ballardspahr.com

Isabella Salomão Nascimento
salomaonascimentoi@ballardspahr.com

July 2, 2026

Government Counsel of Record
U.S. Department of Justice

> Re:    *United States v. Georgia Ellyse Fort*, No. 26-cr-25(8) (D. Minn.)

Counsel:

This correspondence memorializes where things stand on the issues raised in our June 30, 2026 letter, based on our call with Ned Hedley and John Arboleda on July 1. We understand from Mr. Hedley the government does not intend to respond to our correspondence in writing, out of the concern expressed on the call that what it represents to us could be put before the Court and/or otherwise used against it. Thus, to the extent we have misunderstood the government's position conveyed on the call, please respond to this email in writing to clarify things from your perspective; otherwise, we will assume this accurately captures the parties' discussion.

- The government does not intend to address with the Court the significant misstatements about Ms. Fort's conduct that appear in the superseding indictment.

- The government has not identified, and does not intend to identify, what evidence on which it is relying to support the allegations against Ms. Fort in the superseding indictment.

- The government does not intend to do anything to notify the various judges to which it submitted admittedly false testimony about Ms. Fort's conduct in connection with at least fifteen search warrant affidavits (and counting).

- When asked whether any of the unsigned warrants the government produced were ultimately authorized by those judges, and whether those warrants returned any evidence, the government did not know, but indicated that if so, it would have produced those documents in discovery. For avoidance of doubt, our team has reviewed the discovery

produced to date, and no such evidence has been provided to us. Separately, by email, Mr. Keenan indicated that the government would be willing to specify where in the discovery we could find certain materials. Thus, to the extent you contend you have produced such evidence, we will take the government up on its offer to identify such by Bates number.

- Our correspondence also requested any discovery regarding the judges' bases for refusing to sign the warrants (including any written orders or docket notations). The government did not specifically address this on the call, but represented generally that it would be as transparent as possible in this case and has produced anything related to the warrants in discovery. For avoidance of doubt, our team has reviewed the discovery produced to date, and no such materials have been provided to us. To the extent you contend you have produced such evidence, we will again take the government up on its offer to identify those items by Bates number. Otherwise, with exception of the known examples involving Magistrate Judge Docherty, please confirm that the other judges also refused to sign off on the government's warrants, including to provide us with their bases for doing so.

- The government could not explain why its lead case agent, DHS Special Agent Timothy Gerber (and others), had issued administrative summonses to obtain evidence ostensibly related to this case. Nor could it explain why the agent had invoked 19 U.S.C. § 1509, when this case does not involve any customs-related offenses or a customs-related investigation. The government also could not explain why it circumvented the Federal Rules of Criminal Procedure by repeatedly using administrative customs summonses throughout January-May 2026 instead of authorized criminal processes (i.e., grand jury subpoenas or trial subpoenas). Instead, despite indicating that it was still looking into the matter, the government also took the position that it was not under any obligation to do anything with respect to the summonses because, if they were improperly issued, then Ms. Fort can move to suppress them and the Court will act accordingly.

- The government was unaware whether the various customs-related administrative summonses its agent(s) issued with respect to Ms. Fort yielded any evidence in return. Counsel for Ms. Fort forwarded to the government an investigation report indicating that they did. The government indicated that, if that were the case, those would have been produced in discovery. Mr. Hedley subsequently identified Bates Nos. 00018815-00019232 as the sum total records the government received in response to one of its summonses related to Ms. Fort, Bates No. 00012439. For avoidance of doubt, our team has reviewed the discovery

produced to date, including the documents Mr. Hedley identified, and no such evidence has been provided to us. Indeed, Bates No. 00018815 is a business record certification from T-Mobile which, on its face, represents that there were records "attached hereto" pertaining to Ms. Fort (the telephone number ending in 3423). Yet, no such records were provided in discovery.

Bates No. 00012439 further suggests that the government received records related to Ms. Fort that it has yet to produce. That document states that on "April 12, 2026, T-Mobile US, Inc responded to the Homeland Security Summons with" Ms. Fort's subscriber information and toll records, including to identify her by the name "Georgia Mcclellon." However, none of the documents in the sequence Mr. Hedley identified (or elsewhere in the government's discovery) appear to contain T-Mobile's records providing Ms. Fort's subscriber information— including her name. Bates No. 00012439 also states that the toll records related to Ms. Fort's phone number "were uploaded into PLX." Yet, there have been no T-Mobile toll records produced in discovery to date. We thus again ask the government to either promptly produce all records pertaining to Ms. Fort that it received in response to these summonses (identifying for us by Bates numbers those documents), or to please confirm in writing that no such records exist.

- The government would not specify, when asked, whether it is continuing to issue customs-related administrative summonses as part of this case. As counsel for Ms. Fort informed the government, the discovery produced by the government on Friday, June 26, contains copies of such summonses issued as recently as late May, which forms the basis for our ongoing concern.

- The government did not know whether it had sought and obtained a non-disclosure order pursuant to 18 U.S.C. § 2705 in this case, including with respect to its customs-related administrative summonses. It stated that, if it had done so, it would have produced it (and any related materials) in discovery. For avoidance of doubt, our team has reviewed the discovery produced to date, and no such evidence has been provided to us. Please identify those items by Bates number, if you believe that is incorrect. Otherwise, please confirm that none exists.

- In discussing the charges, the government represented that it views the case against Ms. Fort as limited to only the paragraphs of the superseding indictment in which she is expressly named and that it otherwise does not consider general references to "defendants" to include Ms. Fort.

#4910-5990-9562 v1                                          3

- Finally, the government conveyed that it will be producing additional discovery, with an anticipated production date in the second week of July. Neither Mr. Hedley  nor Mr. John Arboleda could specify whether that meant the week of July 6 or July 13.

We look forward to your prompt response about these important issues.

Thank you,

Matthew S. Ebert
Isabella Salomão Nascimento

*Counsel for Georgia Ellyse Fort*