# Exhibit J

DORSEY

DORSEY + WHITNEY LLP

**JOHN MARTI**
**Of Counsel**
**(612) 492-6775**
**FAX (612) 340-2868**
**marti.john@dorsey.com**

May 8, 2026

**VIA ELECTRONIC MAIL**

Robert Keenan
Neville Hedley
United States Department of Justice
Civil Rights Division
950 Pennsylvania Ave., NW
Washington, D.C. 20530

Re: United States v. Thomas Matthew Tier (36)
Case No. 0:26-cr-00025-LMP-DLM

Dear Mr. Keenan and Mr. Hedley:

I write in response to the letter from Neville Hedley dated May 7, 2026. This letter takes legally unsupported positions and mischaracterizes my prior correspondence.

Mr. Hedley asserts the government "cannot reasonably respond to every defense attorney's separate request for discovery," strongly intimating that you intend to respond only to select counsel while completely ignoring other defense requests. This position is legally untenable.

When a defense counsel makes a specific discovery request for material evidence, your constitutional obligations are clear. As the Supreme Court of the United States held in *United States v. Agurs*, 427 U.S. 97, 106 (1976), you must "respond either by furnishing the information or by submitting the problem to the trial judge. When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable."

There is no authority--and you have cited none--that permits the government to compel defense counsel to coordinate discovery efforts. Forcing such coordination effectively requires individual defense counsel to represent and prioritize the competing interests of other co-defendants. Requiring this collaboration would directly infringe upon my client's Fifth Amendment right to due process and Sixth Amendment right to the effective assistance of counsel, as well as the individual constitutional rights of the other remaining defendants you chose to join in this indictment. If you are aware of any binding law to the contrary, please provide it immediately for my consideration.

If the administrative burden of responding to thirty-eight individual defendants is overwhelming, the solution lies with the government, not the defense. You may either assign sufficient staffing to meet your constitutional and statutory obligations or dismiss defendants to reduce the burden you created by seeking this expansive, multi-defendant indictment.

DORSEY
DORSEY + WHITNEY LLP



Furthermore, I must correct a factual mistake in Mr. Hedley's correspondence. Contrary to his claim, I have not requested the identity of every ICE agent involved in this matter. I narrowly tailored my request to specifically identify those agents involved in the investigation who were hired *after* the $75B Congressional disbursement. If the government intends to offer evidence or testimony involving such agents, they must be identified.

Finally, your concerns regarding "doxxing" are moot; the Court has already entered a protective order specifically to safeguard agent identities. I look forward to the prompt production of these materials.

Sincerely,

DORSEY & WHITNEY LLP

John Marti
Of Counsel

JM:ae