# Exhibit K

DORSEY
DORSEY + WHITNEY LLP

**JOHN MARTI**
**Of Counsel**
**(612) 492-6775**
**FAX (612) 340-2868**
**marti.john@dorsey.com**

July 8, 2026

**VIA ELECTRONIC MAIL**

Robert Keenan
Neville Hedley
United States Department of Justice
Civil Rights Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Re: Discovery Request Concerning Government's Investigation into Defense Funding and the Government's Use of 19 U.S.C. § 1509 Summons Authority

Mr. Keenan and Mr. Hedley:

We write on behalf of Thomas Tier to request immediate production of discovery materials concerning the government's investigation, monitoring, and/or inquiry into the defendants' legal fees, fee arrangements, and the sources of funding for their legal defense. We also request immediate production of discovery materials concerning the government's use of 19 U.S.C. § 1509 summons authority. Our investigation has revealed serious concerns regarding the lawfulness of the government's intrusion into the attorney client relationship and the invocation of § 1509 summons power, including: (1) use of § 1509 summons after indictment; (2) requests for information beyond the scope authorized § 1509; and (3) failure to comply with mandatory notice and procedural requirements under 19 C.F.R. Part 163.

I. GOVERNMENT UNLAWFUL INVESTIGATION OF DEFENSE FUNDING

The Sixth Amendment guarantees defendants the right to counsel of choice and effective assistance of counsel. Any government investigation into defense counsel's fees, fee arrangements, or funding sources directly implicates these constitutional protections and may constitute interference with the attorney-client relationship. The defense is entitled to discovery of all such investigative activity to assess whether the government has sought to undermine a defendant's representation, to chill communications with counsel, or to obtain privileged information through indirect means. We are aware that the government caused the grand jury to issue subpoenas for information related to defense fund raising. While a report indicates that the subpoenas were withdrawn, there is no representation regarding any other investigative steps taken.

We request immediate production of the following materials:

DORSEY
DORSEY + WHITNEY LLP



a. All documents, communications, and records relating to any investigation, monitoring, inquiry, or surveillance of any defendant's legal fees, fee arrangements, payment sources, or funding for legal representation,

b. All documents relating to any attempt to identify individuals or entities who have provided financial support for a defendant's legal defense, including:

c. All investigative activity relating to targeting potential donors, supporters, or contributors to a legal defense fund;

d. All communications with third parties relating to financial support for legal representation;

e. All documents obtained through summons, subpoena, or court order seeking information about contributors to legal defense.

f. All legal memoranda, opinions, or analyses relating to the government's authority to investigate defense counsel's fees or funding sources in this case, including:

g. Any determination that such investigation was authorized or appropriate;

h. Any consideration of privilege implications or Sixth Amendment constraints;

i. Any communications with Department of Justice or DHS headquarters concerning such investigation.

j. All documents relating to any consideration, analysis, or decision regarding whether to seek forfeiture of assets used to pay legal fees or whether to notify a defendant or defense counsel of any such potential forfeiture action.

II. GOVERNMENT UNLAWFUL USE OF 19 U.S.C. § 1509 AUTHORITY

§ 1509 authorizes summons only "for the purpose of ascertaining the correctness of any entry, for determining the liability of any person for duty, fees and taxes due or duties, fees and taxes which may be due the United States, for determining liability for fines and penalties, or for insuring compliance with the laws of the United States administered by the United States Customs Service." 19 U.S.C. § 1509. The statute enumerates specific categories of persons who may be summoned, including those who imported or knowingly caused merchandise to be imported into the customs territory, exported merchandise to certain countries, transported or stored bonded merchandise, or filed customs declarations, entries, or drawback claims.

This case involves alleged conduct related to civil rights offenses. The charges in the Indictment do not implicate customs entries, importation of merchandise, duties, fees, taxes

DORSEY
DORSEY + WHITNEY LLP



administered by the Department of Homeland Security (DHS)[1], or any of the enumerated activities for which § 1509 summons authority exists. Therefore, the government's use of § 1509 summons authority to investigate conduct unrelated to customs administration grossly exceeds the statutory grant of authority.

Even when § 1509 summons authority is properly invoked, implementing regulations impose mandatory procedural requirements. The regulations require that any summons describe the records "with reasonable specificity," state the name and contact information of the issuing officer, and comply with service requirements. 19 C.F.R. § 163.7 Summons. When a summons is issued to examine records in which a person other than the summoned party has a proprietary interest, notice must be provided to that person, and that person has the right to stay compliance with the summons. 19 C.F.R. § 163.8 Third-party recordkeeper summons.

The summons may be issued only during an investigation, audit, or inquiry "for the purpose of: (i) Ascertaining the correctness of any entry, determining the liability of any person for duties, taxes and fees due or revenue due, or which may be due the United States; (ii) Determining liability for fines, penalties, and forfeitures; [or] Ensuring compliance with the laws of the United States administered by CBP." 19 C.F.R. § 163.6 Production and examination of entry and other records and witnesses; penalties. We have reason to believe the government did not comply with these regulatory requirements when issuing § 1509 summons in this case.

The government's use of § 1509 summons authority after the return of the Indictment raises additional legal concerns. Administrative summons authority is an investigative tool designed for civil or pre-indictment criminal inquiry, not for post-indictment discovery in lieu of criminal procedure rules. The government's resort to § 1509 summons after indictment suggests an attempt to circumvent the discovery procedures and constitutional protections that govern criminal prosecutions. Further, the unlawful use of § 1509 summons to obtain evidence not related to the offenses charged establishes this investigation is intended to intimidate persons exercising their right to protest government conduct.

An administrative summons issued under § 1509 cannot be used to compel electronic communication service providers to produce records for domestic civil rights investigations. Under the Stored Communications Act (SCA), 18 U.S.C. § 2701 et seq., internet service providers, email hosts, and cloud storage providers are prohibited from disclosing customer communications or subscriber records without specific statutory authorization. Specifically, 18 U.S.C. § 2703 requires the government to obtain either a warrant based on probable cause for content, or a court order or grand jury subpoena for subscriber data. Because § 1509 summonses are strictly limited to customs-related inquiries, and because DHS lacks the

---

[1] References to "DHS" includes the Department of Homeland Security and each of its directorates, agencies, and subordinate components.

DORSEY
DORSEY + WHITNEY LLP



authority to conduct domestic civil rights investigations,[2] using a customs summons in this context violates federal law.

Moreover, the government's invocation of § 1509 authority in a case unrelated to customs administration raises questions about the investigation's scope and purpose. If the summons were issued pretextually or for purposes beyond those authorized by statute, that evidence may inform motions to dismiss or suppress.

This discovery is material to the preparation of the defense under Federal Rule of Criminal Procedure 16 and the Due Process Clause. The lawfulness of the government's evidence-gathering methods is directly relevant to suppression motions and to the admissibility of evidence at trial. If the government exceeded its statutory authority, violated regulatory requirements, or employed administrative summons authority as an end-run around criminal procedure protections, any evidence obtained through those summonses may be subject to exclusion.

*Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), further require disclosure of evidence favorable to the defense, including evidence that undermines the lawfulness of the government's investigative methods or that impeaches the government's claims of statutory authority.

We request immediate production of the following categories of materials:

a. All § 1509 summons issued in connection with this case or the investigation that led to this case, including copies of the summons themselves, return receipts, proof of service, and all documents obtained in response.

b. All documents relating to the legal basis for invoking § 1509 authority in this matter, including legal memoranda, opinions, analyses, communications with Department of Justice headquarters or DHS counsel, and any determination that the conduct at issue falls within the scope of § 1509.

c. All documents relating to compliance with 19 C.F.R. Part 163 notice requirements, including evidence that notice was provided to persons with proprietary interests in summoned records, certifications of service, and communications concerning any stays of compliance.

---

[2] As you are aware, the FBI is the lead federal agency responsible for investigating possible violations of federal civil rights statutes. DHS investigative authority for civil rights violations is generally limited to investigating their own agencies, programs, and personnel, rather than acting as an overarching civil rights watchdog for the public.

DORSEY
DORSEY + WHITNEY LLP



d. All documents relating to the authorization level of the issuing officer, including evidence that summons were issued by an official of sufficient rank as required by 19 C.F.R. § 163.7(a).

e. All documents relating to the timing of summons issuance relative to the return of the Indictment, including communications between prosecutors and investigating agents concerning whether to seek summons before or after indictment, and any analysis of the propriety of post-indictment summons.

f. All documents relating to the categories of information sought through § 1509 summons and whether that information relates to customs entries, duties, fees, taxes, importation, exportation, bonded merchandise, or other subjects within § 1509's scope, as opposed to information concerning the conduct charged in the Indictment.

g. All policies, procedures, or guidelines governing the use of § 1509 summons authority in criminal investigations, particularly post-indictment criminal investigations and investigations unrelated to customs administration.

h. All documents relating to the legal basis for DHS to participate in any enforcement efforts related to Operation Metro Surge and/or this prosecution, including legal memoranda, opinions, analyses, communications with Department of Justice headquarters, DHS counsel, and any determination that the conduct at issue falls within the scope of § 1509.

i. If you take the position that the government properly invoked § 1509 authority in this case, please identify the specific statutory basis under § 1509(a) and explain how the conduct charged in the Indictment relates to customs entries, duties, fees, taxes, importation, exportation, bonded merchandise, or other matters within DHS and its subordinate components administration.

## III. NOTICE OF MOTIONS

Please provide a substantive written response to this letter and full production of the requested materials no later than July 16, 2026. If you contend that any requested materials are privileged or otherwise not subject to disclosure, please provide a detailed privilege log identifying each withheld document, its author and recipients, its date, its subject matter, and the specific basis for withholding.

We intend to file appropriate motions challenging the lawfulness of the government's investigation, including the unlawful use of administrative summons. We may seek suppression of unlawfully obtained evidence. Prompt and complete disclosure will assist in focusing those motions and may avoid unnecessary litigation if the government can demonstrate compliance with constitutional, statutory, and regulatory requirements. A delayed response may constitute "good cause" for filing a late pretrial motion under Fed. R. Crim. P. 12(c)(3).

DORSEY
DORSEY + WHITNEY LLP



We are available to discuss this matter at your convenience.

Very truly yours,

DORSEY & WHITNEY LLP

John Marti
Of Counsel

JM:ae