UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *United States of America* | Case No: 26-cr-00025-LMP-DLM |
| Plaintiff, | |
| v. | |
| *Don Renaldo Lemon (4)*, | |
| Defendants. | |

**DEFENDANT DON LEMON'S MOTION TO JOIN RELIEF
GRANTED TO CO-DEFENDANTS FORT AND BEUTE**

Don Lemon, by and through undersigned counsel, respectfully joins co-defendant Georgia Fort's Motion for Immediate Disclosure (ECF 528), and requests the same relief granted to Ms. Fort and Mr. Beute on July 24, 2026. ECF 575. The circumstances surrounding the government's false allegation that Mr. Lemon joined in the chanting independently warrant extending that relief to him.

The Court's July 24 Order granted relief only to Ms. Fort and Mr. Beute, rather than to every defendant as to whom the government submitted sworn (and false) allegations of chanting.[1] The government made the same false allegation against Mr. Lemon in, among other affidavits, the affidavit in support of a search warrant for his iPhone and a draft criminal complaint affidavit dated January 27, 2026. In both affidavits, Special Agent

---

[1] Mr. Lemon previously filed a motion for disclosure of grand jury transcripts or, alternatively, for *in camera* review by the court. *See* ECF 125, 293, 525, 536.

1

Timothy Gerber represented that "[b]roadcast video obtained from Cities church shows ARMSTRONG, ALLEN, LEMON, RICHARDSON, KELLY, FORT, LUNDY, CREWS chanting with agitators and obstructing parishioners' path of travel." (Doc. ID 00019357).

AO 91 (Rev. 11/11) Criminal Complaint

## UNITED STATES DISTRICT COURT
### for the
### District of Minnesota

UNITED STATES OF AMERICA

v.

DON RENALDO LEMON, JEROME
DEANGELO RICHARDSON, JAMAEL
LYDELL LUNDY, TRAHERN JEEN
CREWS, and GEORGIA ELLYSE FORT

Case No. 26-mj-090 (DJF)

### CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about **January 18, 2026**, in Hennepin County, in the State and District of Minnesota, the above-named defendants conspired to injure, oppress, threaten, and intimidate the rights of other persons secured by Federal Law, namely, the free exercise of religion at a place of religious worship secured by the FACE Act, 18 U.S.C. § 248(a)(2), all in violation of Title 18, United States Code, Sections 241 and 248(a)(2).

I further state that I am a Special Agent of the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:   ☒Yes   ☐ No

SUBSCRIBED and SWORN before me
by reliable electronic means (FaceTime
and email) pursuant to Fed. R. Crim. P.
41(d)(3)

_____
*Complainant's signature*

Timothy Gerber, DHS-ICE Special Agent
*Printed name and title*

Date:   January 27, 2026

City and State: St. Paul, MN

_____
*Judge's Signature*

Douglas L. Micko
United States Magistrate Judge
*Printed Name and Title*

**D.     Review of Cities Church Broadcast Footage & Related Videos**

40.     Broadcast video obtained from Cities church shows ARMSTRONG, ALLEN, LEMON, RICHARDSON, KELLY, FORT, LUNDY, CREWS chanting with agitators and obstructing parishioners' path of travel.

That sworn allegation about Mr. Lemon was false.

The government did not produce the draft complaint affidavit until July 17, 2026. At the July 24 hearing, the government explained that it submitted the affidavit to the Court

2

in late January, but the Court did not sign it.  The government then "took Chief Judge Schiltz's advice" and obtained a grand jury indictment on January 29, 2026.  Thus, only two days before securing the indictment, the government submitted a complaint affidavit falsely alleging that Mr. Lemon and the other journalists joined in the chanting.  The timing strongly suggests that the government presented the same false account of the journalists' conduct to the grand jury.

The government's response at the July 24 hearing reinforced that concern. It did not represent that no such misstatement had been made to the grand jury—a representation that would have largely resolved the issue.  Instead, the government argued that any misstatement was immaterial because neither the indictment nor the superseding indictment expressly alleged that Ms. Fort or Mr. Beute joined in the chanting.  *See also* ECF 539 (arguing that any misrepresentations were "immaterial" because "the Indictment and Superseding Indictment do not allege that either Fort or Lemon engaged in chanting while at the Cities Church on January 18, 2026").  In doing so, the government all but conceded that it falsely represented that the journalists joined the protestors in their chanting. Because the government made the same misrepresentation about Mr. Lemon as it did about Ms. Fort and Mr. Beute, he respectfully requests that the Court extend the same relief to him—namely, that the Court order the government submit those portions of the grand jury transcripts relating to Mr. Lemon to the Court for *in camera* review.

Dated: July 29, 2026                    Respectfully submitted,

By: /s/ *Abbe David Lowell*
Abbe David Lowell (*admitted pro hac vice*)
David A. Kolansky (*admitted pro hac vice*)
Isabella M. Oishi (*admitted pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

/s/ *Joseph H. Thompson*
Joseph H. Thompson
THOMPSON JACOBS PLLC
400 South Fourth Street, Suite 410
Minneapolis, MN 55416
Tel: (612) 416-3322
joe@thompsonjacobs.com

*Counsel for Don R. Lemon*