UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 0:26-cr-025-LMP-DLM |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **RESPONSE TO** |
| v. | ) | **DEFENDANTS TIER,** |
| | ) | **CREWS'S SUPPLEMENTAL** |
| NEKIMA VALDEZ LEVY | ) | **BRIEFING IN SUPPORT OF** |
| ARMSTRONG, et al., | ) | **OBJECTIONS TO ORDER** |
| | ) | **(Doc. 584)** |
| Defendants. | ) | |
| | ) | |
| | ) | |

The United States of America hereby submits this brief in response to the supplemental memorandum filed by Defendants Tier and Crews in support of their objections to Judge Micko's order denying disclosure of grand jury materials.

## ARGUMENT

The United States stands by its opposition to Defendants' objections as articulated in Doc. No. 561. The hearing on July 24, 2026, before Judge Micko and his subsequent order requiring a limited, *in camera* inspection of certain grand jury materials related to two different defendants changes nothing. Defendants Tier and Crews still fall short of the required "strong showing of particularized need for grand jury materials." *In re Grand Jury Proc. Relative to Perl*, 838 F.2d 304, 306 (8th Cir. 1988).

*First*. The Defendants continue to mischaracterize the conspiracy charged in the Superseding Indictment, incorrectly asserting that the Government has charged

a conspiracy "to disrupt a church service." Doc. 584 at 2. The Superseding Indictment alleges that all the defendants, including Tier and Crews, engaged in collective acts of "oppression, intimidation, threats, interference, and physical obstruction." Doc. 144 ¶ 3. The Superseding Indictment continues by parroting the language of 18 U.S.C. § 241(a), stating that the defendants "conspired and agreed with one another to oppress, threaten, and intimidate" persons within Cities Church in the "free exercise and enjoyment" of their right to exercise their First Amendment right of religious freedom at a house of worship, a statutory right secured by 18 U.S.C. § 248(c), which incorporates by reference 18 U.S.C. § 248(a)(2). Doc. 144 ¶ 6. Thus, the grand jury voted and approved a superseding indictment that included the operative language of both § 241 — "oppress, threaten, or intimidate" — and § 248(a)(2) — "threat," "physical obstruction," "intimidate." And as reflected in the Eighth Circuit Model Jury Instructions for § 241, the words "'oppress,' 'threaten' and 'intimidate' are not used in any technical sense, but, instead, cover **any conduct** intended to prevent the free actions of other persons." Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, 6.18.241 at 205-206 (July 30, 2025) (emphasis added) (citing *United States v. McDermott*, 29 F.3d 404, 407-09 (8th Cir. 1994); *United States v. Lee*, 6 F.3d 1297, 1300 (8th Cir. 1993)). The § 241 count in the Superseding Indictment satisfies that threshold.

Had the Government simply alleged in the Superseding Indictment that attending a pre-meeting in a parking lot and then entering the church was sufficient, then perhaps Defendants would have a leg to stand on. But the Superseding

2

Indictment, as noted above, alleges far more than that, and includes a list of 41 Overt Acts that support the operative statutory allegations in paragraphs 3 and 6 of the Superseding Indictment.

The Defendants misconstrue a fragment of the colloquy between a prosecutor and Judge Micko to make the leap that the Government must have inaccurately instructed the grand jury. Doc. 584 at 2. The prosecutor did not assert an "erroneous position." Rather, the portion of the colloquy cited by Defendants related to allegations involving another defendant, Georgia Fort, and whether a mistaken allegation in a warrant affidavit incorrectly stating she was chanting in the church, may have tainted the grand jury with respect to her alleged participation in the conspiracy. Tr. 29-30. The Court was concerned with "generic references" in the Superseding Indictment to defendants chanting in the church, and whether that allegation "was impactful to the grand jury" with respect to Fort. Tr. 32, 28. The colloquy had nothing to do with whether the Government properly instructed the grand jury on the charges against any of the other defendants, including Tier and Crews, and does not warrant disclosure of the grand jury material.

*Second*. Defendants have latched onto the concession the Government made in the colloquy with Judge Micko, in which it offered to disclose the transcripts regarding the allegations related to Fort and address any "lingering concerns" Judge Micko had related to this discrete issue. Tr. at 31. This was in addition to the limited, *in camera* disclosure the Government had already made. Judge Micko took up the Government's offer, but only as it related to the discrete issue involving Fort and

3

defendant Beute, who had joined Fort's motion. Tr. at 39 ("And when I say grand jury proceedings I mean the testimony and also any exhibits that were submitted to the grand jury on those two issues."); Doc. 576. Indeed, when pressed by Ms. Fort's and Mr. Beute's counsel to order a broader *in camera* disclosure of grand jury material, including "where Government prosecutors were speaking to the grand jury about the case" (Tr. at 41), Judge Micko declined to do so. Tr. at 43.

Accordingly, the Government's concession to Judge Micko was to address the Court's lingering concerns about a discrete issue limited to defendant Fort, and to a lesser degree, Beute. The Defendants' effort to leverage that limited concession to address a discrete issue as the basis for full-scale disclosure of all the grand jury material should be rejected. In fact, Judge Micko rejected a belated attempt of another defendant, Don Lemon, to join the relief sought by Fort and Beute, noting that "each defendant in this action is not alike, and the reasons that animate the Court's determination as to Ms. Fort and Ms. [sic] Beute may not lockstep apply to [other defendants]." Doc. 588 at 2 n1.

4

## CONCLUSION

For the foregoing reasons, the Government maintains that Defendants' objections to Judge Micko's June 10, 2026 Order should be overruled.

DATED: August 5, 2026.

DANIEL N. ROSEN
United States Attorney

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Dep. Asst. Attorney General

NEVILLE S. HEDLEY
Acting Senior Litigation Counsel

_/s/ Neville S. Hedley_
Neville S. Hedley
  Civil Rights Division
  U.S. Department of Justice
  950 Pennsylvania Ave. NW
  Washington, DC 20530
  Telephone: (202) 297-3424
  E-Mail: neville.hedley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA