UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[8] GEORGIA ELLYSE FORT<br><br>Defendant. | )<br>)<br>) No. 0:26-cr-025-LMP-DLM<br>)<br>) **MOTION TO STRIKE**<br>) **DEFENDANT GEORGIA**<br>) **FORT'S MOTION TO**<br>) **DISMISS**<br>)<br>)<br>) |

Defendant Georgia Fort has filed an 80-page, approximately 22,000-word motion to dismiss the superseding indictment on First Amendment grounds.  Doc. 592.  The Court should strike this overlength motion and order Defendant to file a motion of appropriate length.

District courts have the "inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962) (quotation marks omitted).  In exercising their inherent case-management powers, a district court should promote "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "Wise judicial administration" must

1

"giv[e] regard to conservation of judicial resources." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).

Defendant's opening brief of 80 pages and 22,000 words needlessly consumes the resources of the parties and the Court.[*]  Each Defendant will have to read the brief and determine whether he or she wishes to join it in whole or part.  The United States must rebut Defendant's lengthy legal arguments and review the accuracy of her many factual assertions, some of which are unrelated to the charged conduct.  *E.g.* Doc. 592 at 8 (alleging that ICE agents "trapp[ed] a family … inside [a] vehicle as it filled with chemical gases").  And this Court will of course have to carefully scrutinize the brief (and the United States' potentially lengthy opposition) in its entirety.

The "volume, scope, and complexity" of this case reinforces the superfluousness of Defendant's brief. Doc. 140 (order designating this case as complex).  This case has 38 defendants.  There are already eight pending motions to dismiss (Docs. 97, 547, 592, 593, 594, 609, 610, 611), and more are forthcoming.  *See* Doc. 547 at 6 n.2. ("The defendants intend to file a separate motion…").  And there likely will be dozens, if not hundreds, of additional pretrial motions.  Defendant alone filed three motions to dismiss (Doc. 592-594)

---

[*] "The term 'brief'—derived from the Latin *brevis*—meaning short—seems inapt here." *McCurry v. Kenco Logistics Servs.*, 942 F.3d 783, 791 n.5 (7th Cir. 2019).

and six other motions last week (Doc. 596-601). Allowing Defendant to file such a lengthy brief on a single issue accordingly threatens the parties' ability to timely and concisely present arguments, needlessly consumes resources that are better devoted to other motions, and undermines the Court's ability to expeditiously resolve this case.

There is no reason why Defendant needs 22,000 words to address whether the First Amendment bars this prosecution. *C.f.* 9th Cir. C.R. 32-4 (limiting principal briefs in death-penalty appeals to 21,000 words). Nearly half of Defendant's brief consists of factual background and procedural history, much of which is already familiar to the parties and the Court. And Defendant Don Lemon filed a 23-page motion to dismiss raising similar First Amendment arguments, Doc. 609, demonstrating that Defendant can adequately address the First Amendment question in a brief of reasonable length.

Although the Local Rules do not impose a word limit for dispositive motions in criminal cases, it is "common practice for courts to exercise their inherent authority to provide page limits for certain briefs," *Nat. Credit Union Admin Bd. v. RBS Secs., Inc.*, 2014 WL 2196414, at *2 (D. Kan. May 27, 2014), and this Court should do so. The District of Minnesota allows civil litigants to file dispositive motions of up to 12,000 words, L.R. 7.1(f), and the Federal Rules of Appellate Procedure provide that opening briefs may contain up to 13,000 words, Fed. R. App. P. 32(a)(7)(B)(i). A similar limitation is appropriate here.

For the foregoing reasons, the Court should strike the Motion and order that Defendant may refile a brief of appropriate length by no later than August 31. *See* Doc. 573 at 2 (Amended Scheduling Order). The United States also respectfully suggests that this Court consider revising the Amended Scheduling Order to impose reasonable word limits on all future filings.

DATED: August 11, 2026.

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

 */s/ Joshua R. Zuckerman*
Joshua R. Zuckerman
   Attorney
   Civil Rights Division
   U.S. Department of Justice
   950 Pennsylvania Ave. NW
   Washington, DC 20530
   Telephone: (771) 333-0027
   E-Mail: Joshua.Zuckerman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA