# Exhibit A

Ballard Spahr LLP

2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
TEL 612.371.3211
FAX 612.371.3207
www.ballardspahr.com

Leita Walker
Tel: 612.371.6222
Fax: 612.371.3207
walkerl@ballardspahr.com

Isabella Salomão Nascimento
Tel: 612.371.3281
Fax: 612.371.3207
salomaonascimentoi@ballardspahr.com

August 5, 2026

Government Counsel of Record
U.S. Department of Justice

Re: *United States v. Georgia Ellyse Fort*, No. 26-cr-25(8) (D. Minn.)

Counsel:

We write to request an immediate meet and confer on a time-sensitive issue, namely, the government's improper seizure of our client's newsgathering information. As explained below, the government's use of administrative summonses invoking Section 1509 violated both the Privacy Protection Act, 42 U.S.C. § 2000aa, and rulings by Magistrate Judge Docherty that expressly relied on that provision in rejecting the government's prior applications for the same and other similar information.

While we plan to file a motion addressing the government's violations in the normal course, our immediate request is that the government lodge all copies of Ms. Fort's telephone and text records in its possession with the Court in order to preserve the status quo while those matters are addressed. If the government does not immediately agree to do so and does not thereafter promptly lodge the records with the Court, we will have no choice but to seek emergency relief.

Our request is based on the following:

1. On February 24, 2026, the government applied for a warrant seeking various information, including the names and personal information for all of Ms. Fort's YouTube subscribers.

2. Magistrate Judge Docherty denied the government's February 24 search warrant application. The Court found that there was no probable cause to justify issuance of the warrant, not least of all because "subscriber information is not needed to prove or disprove the commission of a crime."

3. To demonstrate probable cause, the government attached the January 29, 2026 initial indictment and referred the Court to its contents. Although Magistrate Judge Docherty ruled that he was not responsible for connecting the dots based on reviewing the

indictment, he nevertheless did so "[i]n order to be thorough" and confirmed his finding that the affidavit and indictment contained "no facts at all that support probable cause."

4. On March 6, 2026, the government submitted an amended search warrant affidavit as to Ms. Fort, seeking information about her account, including videos posted to her YouTube channel.[1]

5. In his March 6, 2026 Order, Magistrate Judge Docherty declined to approve the government's renewed application for a warrant. He explained that "[s]ince three of the warrants [including the one to Ms. Fort] are directed at seizing records documenting activity by defendants to prepare a broadcast, the Privacy Protection Act, 42 U.S.C. § 2000aa, potentially forbids the issuance of those three warrants. The Court will therefore require, consistent with regulations promulgated by the Attorney General concerning warrants directed at the press, that the government notify the three defendants whose records are at issue . . . and that those defendants be given an opportunity to intervene before the Court decides whether those search warrants will be authorized."

6. Magistrate Judge Docherty further noted that the applications to Ms. Fort and the other journalists "remain concerning on First Amendment grounds, because they seek information that was related to the preparation of broadcasts." In addition, he observed that "[t]here is no indication that the government has plans to put a filter team in place or even that a filter team was considered, no indication that the government engaged in any negotiations with either YouTube or the defendants over the scope of the warrants, and no indication that use of subpoenas duces tecum was attempted before resort was made to search warrants."

7. Magistrate Judge Docherty then turned to an analysis of the Privacy Protection Act, faulting the government for not bringing the statute to his attention. In particular, he wrote that: "When the government presented these warrants, both originally and for re-presentment, it did not direct the Court's attention to the Privacy Protection Act, 42 U.S.C. § 2000aa. It should have. *In the Matter of the Search of the Real Property and Premises of Hannah Natanson*, No. 1:26-sw-0054 (WBP), 2026 WL 510727, at *5 (E.D. Va. Feb. 24, 2026) (expressing "significant concern" at the government's failure to address the Privacy Protection Act in a search warrant application within that Act's scope and pointing out that this omission "undermined the Court's confidence in the government's disclosures in this proceeding.")."

8. Magistrate Judge Docherty explained to the government in his March 6 Order that "Congress passed the Privacy Protection Act in response to the Supreme Court's opinion

---

[1] As you know, we have previously objected to the February 24 and March 6 applications because they included affidavits testifying that Ms. Fort engaged in "chanting," and, in the case of the March 6 application, that she shouted specific chants, including "ICE Out!," "Hands Up, Don't Shoot!," and "Stand Up, Fight Back." The government has now admitted that each of those sworn allegations was false.

in *Zurcher v. Stanford Daily*, 436 U.S. 547, 565 (1978)," which found that the First Amendment did not prohibit a search warrant to a newspaper's offices. *See Binion v. City of Saint Paul*, 788 F. Supp. 935, 948 (D. Minn. 2011) ("the Act was passed in response to *Zurcher v. Stanford Daily*"). Continuing, he reminded the government that "[t]he Act forbids 'a government officer or employee, in connection with the investigation or prosecution of a criminal offense, to search for or seize' (a) work product materials or (b) documentary materials 'possessed by a person reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication. . . .' 42 U.S.C. § 2000aa(a), (b)."

9. Turning to this case, Magistrate Judge Docherty noted that Ms. Fort was, "*according to the search warrant application affidavits submitted by the government itself*, preparing YouTube broadcasts about the events at Cities Church" (emphasis added). As such, "adherence to government counsel's duty of candor towards the tribunal should have led them to inform the Court of that statute. Government counsel can argue against the statute's applicability, but they cannot ignore it."

10. The Court also noted that the Privacy Protection Act requires the Attorney General to promulgate regulations and that "[a]lmost none of the procedures set out in the regulations seem to have been followed in this case," including that "[t]here is no indication that negotiations with these defendants occurred, and the applications are not narrowly drawn. *See* 28 C.F.R. § 50.10(c)(4)(iii)(A), (c)(4)(v); *see also* 28 C.F.R. § 50.10(d)(3) (requiring Attorney General to consider § 50.10(c)(4) for news-media search warrants)."

11. As Magistrate Judge Docherty emphasized, "[m]ost pertinently to the Court, there is no indication that the defendants were 'given reasonable and timely notice' of the impending warrant. *See id.* § 50.10(e)(1)(i)." He added that "the Court cannot foresee any harm that will come from advising the defendants that these three warrants have been applied for" and ordered the government "to give 'reasonable and timely' notice (under seal) to the defendants of these warrant applications."

12. Rather than comply with the Court's directives, including to provide Ms. Fort notice of its attempt to obtain her journalistic materials, the government withdrew its search warrant applications.

Although Magistrate Docherty had reserved final decision pending further briefing, which did not occur because the government withdrew the applications, his orders make abundantly clear that (a) Ms. Fort is a journalist, including as confirmed by the government's warrant application affidavits, (b) she therefore enjoys the protections of the Privacy Protection Act and corresponding regulations; (c) the government was required to proceed by subpoena, rather than a warrant for her journalistic materials; (d) at a minimum, Ms. Fort was entitled to notice before those materials were obtained by the government, (e) the government should have, but did not, plan to use a filter team to review any such materials, and (f) the government had violated its

duty of candor to the Court by failing to notify it of the Privacy Protection Act (as it had also done in the *Natanson* case).

Despite all that, the government nevertheless circumvented the clear parameters articulated by Magistrate Judge Docherty by issuing multiple administrative summonses, under the pretense of an investigation carried out under 19 U.S.C. § 1509, for Ms. Fort's protected information, namely, a summons to YouTube for information related to Ms. Fort's broadcasts and a summons to T-Mobile for her cellphone call and text logs for a multi-month period. Both of these sets of records contain protected information related to Ms. Fort's reporting, and both sets of summonses were issued without any notice to Ms. Fort. Thus, even assuming that it were proper to use a customs-related summons to obtain records in this civil rights action (which we do not think is the case), using a warrant or summons to seize information from a journalist implicates the Privacy Protection Act. As such, the government was required to adhere to its various procedural, statutory, and regulatory protections as outlined by Magistrate Judge Docherty, including to request the information by subpoena, to give notice to Ms. Fort and to us as her counsel, to negotiate the parameters of the information requested, and to ensure that the requests are narrowly drawn. The government did none of that here.

Apparently, recognizing the improper nature of the government's summons, YouTube (Google) declined to produce the requested information. T-Mobile, however, produced call and text logs, including information identifying her journalistic sources, which the government simply should not have been able to obtain by summons had it followed the law.

In light of the foregoing, and in addition to reserving all civil remedies available under the Privacy Protection Act, *see* 42 U.S.C. § 2000aa-6, we plan to ask the Court to issue an order to the government to show cause why it, as well as the responsible individuals, should not be held in contempt for issuing administrative summonses for Ms. Fort's cellphone and YouTube records and, in doing so, blatantly circumventing a federal statute, implementing regulations, and multiple orders of Magistrate Judge Docherty. *See, e.g.*, *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) ("One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject."); *FTC v. Neiswonger*, 580 F.3d 769, 774 (8th Cir. 2009) (contempt sanctions are "designed to compel . . . compliance with a court order").

We also intend to ask the Court to maintain custody of the cell and text logs until it adjudicates the propriety of the government's summonses in the wake of the Privacy Protection Act and the Court's prior orders. That is because allowing the government "to search a reporter's work product—most of which consists of unrelated information from confidential sources—is the equivalent of leaving the government's fox in charge of the [] henhouse." *In re Search of Real Property and Premises of Hannah Natanson*, 2026 WL 510727, at *10 (E.D. Va. Feb. 24, 2026). For that reason, in *Natanson*, "the Court reject[ed] the government's request to conduct an unsupervised, wholesale search of all Movants' seized data" and instead ruled that "the Court will conduct the review itself." *Id.* at *11; *see also In re Search of Real Property and Premises of Hannah Natanson*, 2026 WL 1458902, at *9 (E.D. Va. May 4, 2026) (affirming magistrate's order and overruling government's objections because "this case requires an independent judicial officer to conduct a review of the Seized Material in order to adequately protect Movants'

constitutional and statutory interests”). Because the government should not be permitted to rifle through a journalist’s protected information, including sensitive information involving her sources and her audience, we request that the government agree to immediately lodge all copies of that information with the Court while those issues are adjudicated.

We look forward to meeting with you promptly.

Very truly yours,

Leita Walker
Isabella Salomão Nascimento

*Counsel for Georgia Ellyse Fort*