UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIM. NO. 26-25 (LMP/DLM)

---

United States of America,

Plaintiff,

v.

Jerome Deangelo Richardson (5),

Defendant.

**MOTION FOR SEVERANCE OF DEFENDANTS**

---

Defendant Jerome Deangelo Richardson, by and through undersigned counsel, respectfully moves this Court for an Order severing his case for trial from that of his co-defendants under Rule 8 and Rule 14 of the Federal Rules of Criminal Procedure.

Mr. Richardson notes and acknowledges the Court's June 25, 2026 Pretrial Scheduling and Case Management Order in a Criminal Case, which states: "The parties should address trial matters such as voir dire, severance, and the sequestration of witnesses with the District Judge." (Dkt. 552 at 5) The defense makes this filing now out of an abundance of caution to avoid a potential claim of waiver. *See United States v. Munoz*, 894 F.2d 292, 294 (8th Cir. 1990).

Mr. Richardson moves for severance under Rule 8 and Rule 14 of the Federal Rules of Criminal Procedure.

Mr. Richardson submits severance will be necessary to preserve his right to a fair trial under Rule 14. Rule 14(a) provides that if joinder of defendants in an indictment "appears to prejudice a defendant," the court may order separate trials. Fed. R. Crim. P.

Rule 14(a). The Eighth Circuit recognizes a strong presumption in favor of joint trials, particularly in conspiracy cases. However, severance is appropriate where there is a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment as to guilt or innocence. See *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) ("A defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.").

Mr. Richardson also submits, as a separate basis for severance, that the joinder requirements of Rule 8(b) were not met. This rule permits defendants to be joined in a single indictment only "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). In a multi-defendant case, the "same series" requirement generally requires allegations that the acts or transactions were undertaken pursuant to a common plan or common scheme. *United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012).

Here, although the superseding indictment collectively charges thirty-nine defendants, its detailed allegations describe materially different conduct and substantially different levels of involvement. The superseding indictment's collective characterization of these distinct actions as a single conspiracy does not establish the common activity required by Rule 8(b); and, at minimum, trying Mr. Richardson alongside the other co-

defendants on these facts creates a serious risk of evidentiary spillover and guilt by association that the jury could not reliably compartmentalize under Rule 14.

Mr. Richardson thus moves for an Order severing his case from that of his co-defendants.

Respectfully submitted,

Dated: August 31, 2026

By: *s/ Ian S. Birrell*

Ian S. Birrell, ID 396379
Andrew S. Birrell, ID 0133760
Attorneys for Defendant
Birrell Law Firm, PLLC
333 South 7th Street, Suite 2350
Minneapolis, MN 55402
(612) 238-1939
ian@birrell.law | andy@birrell.law