UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 26-CR-25-013 (LMP/DLM) |
| | ) | |
| v. Plaintiff, | ) | |
| | ) | **DEFENDANT BLUMENFELD'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SUPPRESS EVIDENCE** |
| EZRA CHAIM PYE BLUMENFELD, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Ezra Chaim Pye Blumenfeld, submits this memorandum of law in support of his motion to suppress evidence (Doc. 661), and filed in accordance with the Case Management Order (Doc. 552).

**FACTS**

Defendant Blumenfeld anticipates the following facts will be presented the Court at the motion hearing:

1. On February 26, 2026, Ezra Chaim Pye Blumenfeld and 38 other defendants were indicted in this case.
2. As a result of the indictment, on February 27, 2026, law enforcement executed an arrest warrant for Mr. Blumenfeld at his apartment in Minneapolis, Minnesota.

3. In the early morning hours of February 27, 2026:

   a. Numerous federal agents swarmed Mr. Blumenfeld's apartment and in a hostile manner gained entry to the apartment and arrested the defendant.

   b. Federal agents, many of whom had their faces covered, were armed with weapons and tactical gear, made commands that were loud and controlling and used physical force to arrest the defendant and gain entry to his apartment. Mr. Blumenfeld was always cooperative.

   c. Mr. Blumenfeld was awakened by the federal agent's when they knocked on his door in disguise as a FedEx delivery person. Agents quickly apprehended Mr. Blumenfeld in the hallway of his apartment and then escorted him back into the apartment in handcuffs.

   d. Back inside the apartment and still in handcuffs, one federal agent asked Mr. Blumenfeld where his cell phone was located, to which Mr. Blumenfeld said it was not on him. The same agent then repeatedly told the defendant that "you are going to want your phone with you" to convince Mr. Blumenfeld to disclose the location of the cell phone.[1]

   e. Mr. Blumenfeld's cell phone was not on his person when he was arrested, and it was in a different room from the location of apprehension and arrest.

---

[1] As seen on the body worn camera video starting at time mark 04:40, provided by the government: 0272_BLUMENFELD+TUGGLE_McDonnell,_D_-_MS05F226MS0003_Blumenfeld_Arrest.mp4

f. The cell phone was not in "plain view" as it was in a different room, and law enforcement had to deceive the defendant to find out its location before it was seized.

## LEGAL ANALYSIS

Law enforcement did not have a search warrant or any other legal authority to take Mr. Blumenfeld's cell phone from his apartment. Instead, it is expected the government will rely upon the "plain view" doctrine to support its illegal taking of Mr. Blumenfeld's phone. However, the phone was not on Mr. Blumenfeld's person at the time of his arrest, and it was not in "plain view." Law enforcement only determined its whereabouts after it deceitfully told Mr. Blumenfeld he would want his cell phone with him. A few weeks later, on March 16, 2026, law enforcement obtained a search warrant to search Mr. Blumenfeld's phone.

### Warrantless Search and Seizure

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment, and subject only to a few specifically established and well-delineated exceptions." *United States v. Evans*, 830 F.3d 761, 765 (8th Cir. 2016) (alteration in original) (*quoting Coolidge v. New Hampshire*, 403 U.S. 443, 45455 (1971) (plurality opinion)). "The government bears the burden of establishing that an exception to the warrant requirement applies." *United States v. Williams*, 616 F.3d 760, 765 (8th Cir. 2010); *United States v. Evans*, 830 F.3d 761, 766 (8th Cir. 2016).

The search of Mr. Blumenfeld's phone was the product of an illegal seizure done without legal justification. The Fourth Amendment protects persons against "unreasonable searches and seizures," and typically requires a warrant based on probable cause. *United States Constitution,* Amendment IV. Searches and seizures conducted without a warrant are *per se* unreasonable unless they fall within an "established and well-delineated exception" to the Fourth Amendment's warrant requirement. *Arizona v. Gant*, 556 U.S. 332, 338 (2009).

**Plain-View Doctrine**

It is anticipated the government will rely on the Plain-View Doctrine to support its taking of Mr. Blumenfeld's phone. The Fourth Amendment permits an officer to seize an object without a warrant under the plain-view doctrine if: "(1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself." *United States v. Vinson*, 805F.3d 1150, 1152 (8th Cir. 2015). The government cannot meet its burden of showing the plain view exception applies when it is obvious from their own body worn camera recordings that the cell phone was not in "plain view."

**Fruit of the Poisonous Tree Doctrine**

The government should not be allowed to use illegal means to seize Mr. Blumenfeld's phone and then search the phone to produce incriminating evidence to use against the defendant. Evidence obtained a few weeks after the illegal seizure should be excluded because the secondary evidence is a product of the original illegality, i.e., "Fruit

of the Poisonous Tree" doctrine. *Wong Sun v. United States, 371 U.S. 471 (1963)*. Under this doctrine, not only must illegally obtained evidence be excluded, but also all evidence obtained or derived from exploitation of that evidence. *Id.*

## CONCLUSION

The government violated Mr. Blumenfeld's Fourth Amendment rights when it illegally seized his cell phone without a warrant or legal justification to do so, and any evidence obtained therefrom should be suppressed as the "fruit of the poisonous tree." Additionally, any subsequent search of Mr. Blumenfeld's cell phone, even if supported by a valid search warrant, does not overcome the illegality of the original seizure and any evidence obtained as a result thereof should be suppressed.

Dated: August 31, 2026

s/ Kevin W. DeVore

Kevin W. DeVore, #267302
Attorney for Defendant Blumenfeld (13)
724 Bielenberg Drive, Suite 110
Woodbury, MN 55125
(651) 435-6500