**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**
**Criminal No.: 26-CR-25 (37) (LMP/DLM)**

---

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT WIEDEMAN TUGGLE'S** |
| | ) | **MEMORANDUM OF LAW** |
| | ) | **IN SUPPORT OF HER MOTION** |
| Lee Elizabeth Wiedeman Tuggle, | ) | **TO SUPPRESS EVIDENCE** |
| | ) | |
| Defendant. | ) | |

---

Defendant, Lee Elizabeth Wiedeman Tuggle, submits this Memorandum of Law in support of her Motion to Suppress Evidence, and filed in accordance with the Case Management Order (Doc. 552).

## FACTS

Defendant Wiedeman Tuggle anticipates the following facts will be presented to the Court at the Motion Hearing:

1. On February 26, 2026, Lee Elizabeth Wiedeman Tuggle and 38 other Defendants were indicted in this case.
2. As a result of the Indictment, on February 27, 2026, law enforcement executed an arrest warrant for Ms. Wiedeman Tuggle at her co-defendant, Ezra Blumenfeld's apartment in Minneapolis, Minnesota.
3. In the early morning hours of February 27, 2026:

   A. Numerous federal agents swarmed Mr. Blumenfeld's apartment and in a hostile manner, gained entry to the apartment and arrested Defendant, who was also found in Mr. Blumenfeld's apartment.

B. Federal agents, many of whom had their faces covered, were armed with weapons and tactical gear, made commands that were loud and controlling, and used physical force to arrest Defendant and gain entry to Mr. Blumenfeld's apartment. Ms. Wiedeman Tuggle was always cooperative.

C. Mr. Blumenfeld was awakened by the federal agents when they knocked on Mr. Blumenfeld's door in disguise as a FedEx delivery person. Agents quickly apprehended Ms. Wiedeman Tuggle in the hallway of the apartment building and then escorted her back into Mr. Blumenfeld's apartment in handcuffs.

D. Lee Wiedeman Tuggle was walking out of the bedroom when federal agents saw her, identified her, and placed her in custody.

E. While inside Mr. Blumenfeld's apartment and still in handcuffs, one federal agent asked Ms. Wiedeman Tuggle where her cell phone was located, to which Ms. Wiedeman Tuggle said it was not on her. The same agent then repeatedly told Defendant that "you are going to want your phone with you" to convince Ms. Wiedeman Tuggle to disclose the location of the cell phone.

F. Ms. Wiedeman Tuggle's cell phone was not on her person when she was arrested, it was in a different room from the location of her apprehension and arrest.

G. Ms. Wiedeman Tuggle's cell phone was not in "plain view" as it was in the apartment bedroom, and law enforcement deceived Defendant to find out its location so that it could be seized.

## <u>LEGAL ANALYSIS</u>

Law enforcement did not have a search warrant or any other legal authority to take Ms. Wiedeman Tuggle's cell phone from Mr. Blumenfeld's apartment. Instead, it is expected the

Government will rely upon the "plain view" doctrine to support its illegal taking of Ms. Wiedeman Tuggle's phone. However, the phone was not Ms. Wiedeman Tuggle's person at the time of her arrest, and it was not in "plain view." Law enforcement only determined its whereabouts after they deceitfully told Ms. Wiedeman Tuggle if she took her cell phone with her she could use it to place a call to her family. A few weeks later, on March 16, 2026, law enforcement obtained a search warrant to search Ms. Wiedeman Tuggle's phone.

## I. Warrantless Search and Seizure.

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment, and subject only to a few specifically established and well-delineated exceptions." *United States v. Evans*, 830 F.3d 761, 765 (8th Cir. 2016) (alternation in original) (*quoting Coolidge v. New Hempshire*, 403 U.S. 443, 45455 (1971) (plurality opinion)). "The government bears the burden of establishing that an exception to the warrant requirement applies." *United States v. Williams*, 616 F.3d 760, 765 (8th Cir. 2010); *United States v. Evans*, 830 F.3d 761, 766 (8th Cir. 2016).

The search of Ms. Wiedeman Tuggle's phone was the product of an illegal seizure done without legal justification. The Fourth Amendment protects persons against "unreasonable searches and seizures," and typically requires a warrant based on probable cause. U.S. Const. amend. IV. Searches and seizures conducted without a warrant are *per se* unreasonable unless they fall within an "established and well-delineated exception" to the Fourth Amendment's warrant requirement. *Arizona v. Gant,* 556 U.S. 332, 338 (2009).

## II. Plain-View Doctrine.

It is anticipated the Government will rely on the Plain-View Doctrine to support its taking of Ms. Wiedeman Tuggle's phone. The Fourth Amendment permits an officer to seize an object

without a warrant under the Plain-View Doctrine if: "(1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself." *United States v. Vinson*, 805 F.3d 1150, 1152 (8th Cir. 2015). The Government cannot meet its burden of showing the plain view exception applies when it is obvious from their own body worn camera recordings that the cell phone was not in "plain view."

**III. Fruit of the Poisonous Tree Doctrine.**

The Government should not be allowed to use illegal means to seize Ms. Wiedeman Tuggle's phone and then search the phone to produce incriminating evidence to use against Defendant. Evidence obtained a few weeks after the illegal seizure should be excluded because the secondary evidence is a product of the original illegality, i.e., "Fruit of the Poisonous Tree" Doctrine. *Wong Sun v. United States*, 371 U.S. 471 (1963). Under this Doctrine, not only must illegally obtained evidence be excluded, but also all evidence obtained or derived from exploitation of that evidence. *Id*.

## CONCLUSION

The Government violated Ms. Wiedeman Tuggle's Fourth Amendment rights when it illegally seized her cell phone without a warrant or legal justification to do so, and any evidence obtained therefrom should be suppressed as the "fruit of the poisonous tree." Additionally, any subsequent search of Ms. Wiedeman Tuggle's cell phone, even if supported by a valid search warrant, does not overcome the illegality of the original seizure and any evidence obtained as a result thereof should be suppressed.

Dated: August 31, 2026

Respectfully submitted,

/s/ James M. Ventura
James M. Ventura (#147217)
1000 Twelve Oaks Center Drive, Suite 100
Wayzata, MN 55391
Telephone: (952) 473-8064
Facsimile: (952) 475-7042
jventura@jamesventuralaw.com
*Attorney for Defendant Wiedeman Tuggle*