UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

EMMAR MONIKE PINEDA-MORENO,

Defendant.

Case No: 26-CR-0025(30) (LMP/DLM)

**MOTION FOR SEVERANCE OF DEFENDANTS**

The Defendant, EMMAR MONIKE PINEDA-MORENO, by and through her attorney, FREDERICK J. GOETZ, hereby moves this Court, pursuant to Rule 14(a)[1], Federal Rules of Criminal Procedure, for an Order directing severance from the case against co-defendant Nekima Levy Armstrong and a separate trial from such co-defendant. Severance is required as joinder with respect to Levy Armstrong at trial will cause real prejudice to defendant's right to a fair trial as she will be unable to call Levy Armstrong to testify on her behalf and as, if she were called to testify

[1] Defendant Pineda Moreno is mindful of the Pretrial Scheduling and Case Management Order which advises that matters regarding severance should be addressed with the District Judge. (ECF. No. 552 at ¶ 12). In an abundance of caution, and so as to comply with Fed. R. Crim. P. 12(b)(3)(B)(iv), defendant includes this motion for severance in her pretrial motions.

at a separate trial, Levy Armstrong would testify and provide substantially exculpatory testimony as to defendant Pineda Moreno.

Emmar Pineda Moreno is one of 38 defendants charged in the Superseding Indictment with Count One; Conspiracy Against Right of Religious Freedom at Place of Worship in violation of 18 U.S.C. § 241, and Count Two; Injure, Intimidate, and Interfere with Exercise of Right of Religious Freedom at Place of Worship in violation of 18 U.S.C. § 248(a)(2), (b), § 2(a). (ECF No. 144). Emmar Pineda Moreno is defendant number 30. Id. Nekima Valdez Levy Armstrong is defendant number 1. Id.

Defendant recognizes that there is a preference in the federal system for joint trials of defendants who are indicted together. *United States v. Anderson,* 783 F.3d 727, 743 (8th Cir. 2015). Defendant understands that "(r)arely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Gravatt,* 280 F.3d 1189, 1191 (8th Cir. 2002). This is one of those "rare cases" where limited severance is warranted as Ms. Pineda Moreno will suffer real prejudice if she is tried together with co-defendant Levy Armstrong.

Fed. R. Crim. P. 14 (a) permits severance of defendants where joinder would result in unfair prejudice to a defendant. The Rule provides:

> **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of

> counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Prejudice warranting severance occurs when a defendant is "deprived of an appreciable chance for an acquittal, a chance that the defendant would have had in a severed trial." *United States v. Goodhouse*, 81 F.4th 786, 791 (8th Cir. 2023) (quoting *United States v. Garrett*, 648 F.3d 618, 625-26 (8th Cir. 2011). Defendant bears the heavy burden of demonstrating severance is required. *Goodhouse,* 81 F.4th at 791.

Severance is not warranted on a mere claim that a separate trial is needed to call a co-defendant as a witness. *United States v. Mickelson,* 378 F.3d 810, 818 (8th Cir. 2004). Rather, a defendant seeking severance on this ground "must show that it is likely his co-defendant actually would have testified and that this testimony would have been exculpatory." *Mickelson*, 378 F.3d at 818. The testimony must be "substantially exculpatory," meaning it must "do more than merely tend to contradict a few details of the government's case." *United States v. Ruzicka*, 333 F. Supp. 3d 853, 884 (D. Minn. 2018), *aff'd,* 988 F.3d 997 (8th Cir. 2021) (citing *Mickelson,* 378 F.3d at 818; (quoting *United States Oakie*, 12 F.3d 1436, 1441 (8th Cir. 1993))).

Upon information and belief, co-defendant Levy Armstrong will testify if called by Pineda Moreno as a witness at trial. Ms. Levy Armstrong would also provide substantially exculpatory testimony as to defendant Pineda Moreno. (See Declaration of Frederick J. Goetz submitted herewith). In sum, Levy Armstrong will testify that she planned Operation Pullup and did not share the details of her plan with Pineda Moreno. The extent of the plan as communicated to Pineda Moreno was that the group would engage in peaceful and lawful protest at the Cities Church. There was never any agreement to injure, oppress, threaten, or intimidate any of the congregants of the Cities Church. There was never any agreement to put any congregant of the Cities Church in fear of bodily harm, nor to use physical force against any congregant nor physically obstruct any congregant in any way.

Such testimony would go to the heart of the Government's allegations against Ms. Pineda Moreno. At a joint trial, however, she could not compel Levy Armstrong to testify. Ms. Pineda Moreno will therefore suffer real prejudice if she is tried jointly with co-defendant Levy Armstrong as she will not be able to present this testimony which is essential to her defense.

To prevent this substantial prejudice to Ms. Pineda Moreno, she should therefore be tried separately from co-defendant Levy Armstrong.

Defendant Pineda Moreno's motion for severance should therefore be granted.

This Motion is based on the Superseding Indictment, files, records, and proceedings herein, the accompanying declaration of counsel, and any and all other matters which may be presented prior to or at the time of the hearing of said Motion.

Respectfully submitted,

DATED: August 31, 2026

GOETZ & ECKLAND P.A.

By: ______________________________

FREDERICK J. GOETZ
Attorney Registration No. 185425
Banks Building
615 1st Avenue N.E., Suite 425
Minneapolis, MN 55413
(612) 874-1552

ATTORNEY FOR DEFENDANT
PINEDA MORENO