UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

EMMAR MONIKE PINEDA-MORENO,

Defendant.

Case No: 26-CR-0025(30) (LMP/DLM)

**DEFENDANT'S MOTION TO SUPRESS EVIDENCE**

The Defendant, EMMAR MONIKE PINEDA-MORENO, by and through her attorney, FREDERICK J. GOETZ, respectfully moves the Court pursuant to Fed. R. Crim. P. 12 (b)(3)(C), and the Pretrial Scheduling and Case Management Order in a Criminal Case (ECF No. 552), to suppress evidence on the following grounds.

1. Defendant moves to suppress all evidence obtained as a result of the warrantless search of her cell phone on February 27, 2026. On February 27, 2026, Ms. Pineda Moreno was arrested by Homeland Security Investigations Special Agent Krebsbach pursuant to an arrest warrant issued on or about February 26, 2026. Ms. Pineda was arrested at approximately 7:30 a.m. while on her way to work in West Fargo, North Dakota. Ms. Pineda Moreno's vehicle was stopped by a trooper with the North Dakota Highway Patrol. Upon information

and belief, following the stop of the vehicle and arrest of Ms. Pineda Moreno, SA Krebsbach searched her vehicle and seized a cell phone located in the driver's compartment of the vehicle.

The Fourth Amendment to the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Warrantless searches are per se unreasonable under the Fourth Amendment; subject to a few specifically established and well-delineated exceptions. *United States v. Davis,* 569 F.3d 813, 816 (8th Cir. 2009). The Government bears the burden of proving that an exception to the Fourth Amendment's warrant requirement applies. *See, e.g., Carter v. United States*, 729 F.2d 935, 940 (8th Cir. 1984) ("As a general rule, the burden of proof is on the defendant who seeks to suppress evidence, but on the government to justify a warrantless search.") (citation omitted); *United States v. Reidesel,* 987 F.2d 1383, 1388 (8th Cir.1993) (stating that "[w]hen the government seeks to introduce evidence that was seized during a warrantless search, it bears the burden of showing the need for an exemption from the

warrant requirement and that its conduct fell within the bounds of the exception.")

Under the plain view doctrine, law enforcement may seize an item without a warrant when the item is "1) in plain view 2) when it is observed from a lawful vantage point, 3) where the incriminating character of the item is immediately apparent." *United States v. Banks*, 514 F.3d 769, 773 (8th Cir. 2008). The government will not be able to show that the plain view exception to the warrant requirement applies here. Nor does any other exception to the warrant requirement apply to the seizure of the cell phone. Defendant therefore asks that all evidence obtained as a result of the unreasonable warrantless seizure of the cell phone, including all data obtained in a subsequent search of the cell phone pursuant to Search and Seizure Warrant, be suppressed.

Defendant requests that an evidentiary hearing be held on this motion. Defendant requests that the Government produce the following witnesses to testify at the evidentiary hearing:

1. HSI SA Krebsbach.

2. Defendant moves to suppress evidence obtained pursuant to the search of her cell phone as pursuant to the Search and Seizure Warrant issued by the Honorable Else M. Bullard on March 6, 2026. Defendant contends the Search

and Seizure Warrant was overly broad both in terms of time and the scope of the subject of the contents of the phone to be searched. Defendant specifically contends that, as set forth in Attachment B incorporated by reference in the Search and Seizure Warrant, the search warrant was overly broad as:

a. It included the time period of January 1, 2026 through PRESENT;

b. It included authorization to search the subject devices call log and related call data showing all incoming and outgoing calls to and from the SUBJECT DEVICE;

c. It authorized searching the SUBJECT DEVICE for any and all text messages, messages sent via telephone messenger applications, emails (including those sent, received, deleted and drafted), instant messages, photographs, videos, Facebook posts, Instagram posts, FaceTime logs, Google Voice calls, and other electronic media evidencing or relating to (a) planning, organizing, scheduling, and commission of the SUBJECT OFFENSES **and other organized protest activity;** (b) subsequent communications regarding the SUBJECT OFFENSES **and other organized protest activity;** (emphasis supplied);

d. It authorized searching the SUBJECT DEVICE for internet activity

(including browser history, web page logs, downloads, postings on websites, search terms entered by the user, firewall logs, caches, cookies, and "bookmarked" or "favorite" web pages) evidencing or relating to (a) planning, organizing, scheduling, and commission of the SUBJECT OFFENSES **and other organized protest activity**; (b) subsequent communications regarding the SUBJECT OFFENSES **and other organized protest activity**; (emphasis supplied);

e. It authorized the seizure of Photographs or videos evidencing or relating to planning, organizing, scheduling, and commission of the SUBJECT OFFENSES and other organized protest activity; and

f. It authorized the seizure of any information regarding the schedule or travel of PINEDA MORENO or the indicted co-defendants, including geolocation information, emails, and text messages; and

g. It authorized the seizure of Records of Internet Protocol addresses used.

Because the search warrant was overly broad, the search was unreasonable to the extent of the overbreadth and violated the Fourth Amendment to the United States Constitution.

This motion is based upon the afore noted Search and Seizure Warrant and the accompanying memorandum of law.

Respectfully submitted,

DATED: August 31, 2026

GOETZ & ECKLAND P.A.

By: ______________________________

FREDERICK J. GOETZ
Attorney Registration No. 185425
Banks Building
615 1st Avenue N.E., Suite 425
Minneapolis, MN 55413
(612) 874-1552

ATTORNEY FOR DEFENDANT