UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

EMMAR MONIKE PINEDA-MORENO,

Defendant.

Case No: 26-CR-0025(30) (LMP/DLM)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPRESS EVIDENCE**

## BACKGROUND

Defendant is one of 38 defendants charged with violating 18 U.S.C. § 241 and 18 U.S.C. § 248(a)(2) and § 2(a) as a result of her participation in a peaceful protest at the Cities Church in St. Paul, Minnesota on January 18, 2026. The organizers of the protest called it Operation Pullup and began distributing information about it on or about January 17, 2026.

On February 27, 2026, Ms. Pineda Moreno was arrested by Homeland Security Investigations Special Agent Krebsbach pursuant to an arrest warrant issued on or about February 26, 2026. Ms. Pineda was arrested at approximately 7:30 a.m. while on her way to work in West Fargo, North Dakota. Ms. Pineda Moreno's vehicle was stopped by a trooper with the North Dakota Highway Patrol. Upon information and belief, following the stop of the vehicle and arrest

of Ms. Pineda Moreno, SA Krebsbach searched her vehicle and seized a cell phone located in the driver's compartment of the vehicle.

On March 6, 2026, Homeland Security Investigations Special Agent Timothy Gerber submitted an Application for a Search Warrant for Ms. Pineda Moreno's phone ("Application"), referred to as the SUBJECT DEVICE, to the Honorable Else M. Bullard, United States Magistrate Judge for the District of Minnesota. Judge Bullard issued a Search and Seizure Warrant ("Warrant') on March 6, 2026, authorizing the search of the cell phone. (The Application for a Search Warrant and Search and Seizure Warrant are filed herewith as Exhibit 1).

The Warrant incorporates by reference Attachment A to the Application which describes the property to be searched. The evidence to be searched for ("the person or property to be searched, described above, is believed to conceal:") is set forth in Attachment B to the Application which is also incorporated by reference in the Warrant. Attachment B defines the scope of the warrant and includes the following:

1. For the period of January 1, 2026, through PRESENT, inclusive, all of the following records and information:

    a. Call log and related call data showing all incoming and outgoing calls to and from the SUBJECT DEVICE;

    b. Any and all text messages, messages sent via

telephone messenger applications, emails (including those sent, received, deleted and drafted), instant messages, photographs, videos, Facebook posts, Instagram posts, FaceTime logs, Google Voice calls, and other electronic media evidencing or relating to (a) planning, organizing, scheduling, and commission of the SUBJECT OFFENSES and other organized protest activity; (b) subsequent communications regarding the SUBJECT OFFENSES and other organized protest activity; and (c) other communications, activities, and associations that PINEDA MORENO had with any of the indicted co-defendants and/or other as yet unidentified persons who participated in the planning or commission of the SUBJECT OFFENSES.

c. Internet activity (including browser history, web page logs, downloads, postings on websites, search terms entered by the user, firewall logs, caches, cookies, and "bookmarked" or "favorite" web pages) evidencing or relating to (a) planning, organizing, scheduling, and commission of the SUBJECT OFFENSES and other organized protest activity; (b) subsequent communications regarding the SUBJECT OFFENSES and other organized protest activity; and (c) other communications, activities, and associations that PINEDA MORENO had with any

of the indicted co-defendants and/or other as yet unidentified persons who participated in the planning or commission of the SUBJECT OFFENSES.

d. Photographs or videos evidencing or relating to planning, organizing, scheduling, and commission of the SUBJECT OFFENSES and other organized protest activity; and

e. Any information regarding the schedule or travel of PINEDA MORENO or the indicted co-defendants, including geolocation information, emails, and text messages.

2. Financial records (e.g., bank or credit card records) evidencing interstate travel to/from St. Paul, Minnesota on or about January 18, 2026;

a. Contact lists, including names, telephone numbers, e-mail addresses, and other contact information of PINEDA MORENO's associates;

b. Passwords, encryption keys and other access devices that may be necessary to access the SUBJECT DEVICE;

c. Records of Internet Protocol addresses used; and

d. Contextual information necessary to understand the other items to be seized described in this attachment.

The Application asserts there is probable cause to believe that Ms. Pineda Moreno's cell phone contained "evidence, fruits, and instrumentalities of violation of" 18 U.S.C. § 241 and 18 U.S.C. § 248(a)(2). (See Application ¶ 6). The facts claimed to establish probable cause include that Ms. Pineda Moreno had the phone in her possession when she was arrested on February 27, 2026. (Application ¶¶ 10-14). The facts also include that Ms. Pineda Moreno participated in the protests at the Cities Church on January 18, 2026, and that prior to the disruption of the religious service, unnamed co-defendants circulated a flyer on the Internet about "Operation Pullup." (Application ¶ 15-16). The Application later clarifies that the protest was organized on January 17, 2026, and electronically promoted on the Internet via a flyer. (Application ¶ 18). The Application does not include any facts showing that anything to do with the planning, promotion, or execution of Operation Pullup occurred before January 17, 2026, or after January 18, 2026.

Defendant contends that the Warrant was overly broad both in terms of time and in the content of the phone subject to search. Defendant asks that the Court suppress all evidence obtained as a result of such overbreadth. Defendant submits this memorandum of law in support of the motion.

## ARGUMENT

*The Search and Seizure Warrant for Defendant's cellphone was overly broad and amounted to an improper general warrant as it allowed law enforcement to search the phone for data stored during time periods and of a nature for which probable cause did not exist.*

The Fourth Amendment provides that "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

"An affidavit for a search warrant need only show facts sufficient to support a finding of probable cause." *United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir. 1987). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' " *United States v. Colbert*, 605 F.3d 573, 576 (8th Cir. 2010) (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)). "The existence of probable cause depends on whether, in the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *United States v. Solomon*, 432

F.3d 824, 827 (8th Cir. 2005) (quoting *United States v. Murphy*, 69 F.3d 237, 240 (8th Cir. 1995)).

Whether a search warrant affidavit sets forth facts establishing probable cause is examined using "common sense and not a hypertechnical approach." *United States v. Grant,* 490 F.3d 627, 632 (8th Cir. 2007). " '[W]hen the issuing judge relied solely upon the supporting affidavit to issue the warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.' " *United States v. Hart*, No. 23-CR-293 (JWB/ECW), 2024 WL 992632, at *6 (D. Minn. Jan. 3, 2024), *report and recommendation adopted,* No. CR 23-293 (JWB/ECW), 2024 WL 893335 (D. Minn. Mar. 1, 2024) (citing *United States v. Wiley*, No. 09-cr-239 (JRT/FLN), 2009 WL 5033956, at *2 (D. Minn. Dec. 15, 2009) (quoting *Solomon*, 432 F.3d at 827)).

The Fourth Amendment's particularity requirement avoids "a general, exploratory rummaging in a person's belongings." *Hart*, 2024 WL 992632 at * 6 (quoting *Andresen v. Maryland*, 427 U.S. 463, 480 (1976) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971))). The particularity requirement applies to the persons suspected of the offenses or the evidence to be seized. *United States v. Grubbs*, 547 U.S. 90, 96 (2006).

Related to but separate from the issue of particularity is that of overbreadth. As the court explained in *United States v. Jackson*:

> Although courts sometimes treat particularity and breadth synonymously, *see, e.g.*, *Kiesling v. Holladay*, 859 F.3d 529, 537 (8th Cir. 2017) ("The Fourth Amendment's particularity requirement commands that an overbroad warrant is not saved if probable cause is lacking for only some, but not all, of the items to be searched."), technically speaking, particularity and breadth of a warrant are separate issues, *see In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 856-57 (9th Cir. 1991) ("Particularity is the requirement that the warrant must clearly state what is sought. Breadth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based.") (citation omitted); *United States v. Adams*, No. 17-cr-64 (DWF/KMM), Dkt. No. 221 (D. Minn. Sept. 17, 2018), *R&R adopted*, 2018 WL 6445547 (D. Minn. Dec. 10, 2018).

*United States v. Jackson* , No. 18-CR-211 (JNE/ECW), 2019 WL 13127190, at *9 (D. Minn. Jan. 4, 2019), *R. & R. adopted*, 2019 WL 13127184 (D. Minn. Feb. 26, 2019). See also *Hart*, 2024 WL 992632, at *7 (D. Minn. Jan. 3, 2024).

Defendant Pineda Moreno does not contest in this motion that the Application established probable cause to search her cell phone for evidence directly related to the events at the Cities Church on January 18, 2026. She also does not contest that the Warrant was sufficiently particular. She does contend that the Warrant was overly broad as it allowed law enforcement to search through her cell phone for data on dates far beyond those supported by the probable cause upon which the warrant was based.

Assuming for the sake of this motion that the Application established probable cause to search for violations of 18 U.S.C. § 241 and 18 U.S.C. § 248 (a)(2), the only dates for which there was arguably probable cause to believe evidence of those alleged offenses would be found was January 17-18, 2026.

This was not a continuing conspiracy or an alleged crime that occurred over a long period of time. It was a discrete event which was planned and publicized on January 17, 2026, and which occurred on January 18, 2026.

The temporal breadth of the Warrant extends far beyond those dates. The scope of the warrant begins on January 1, 2026, and continues well after January 18 up until the date the Warrant was issued. There are no facts in the Application showing that probable cause existed that any data on the phone from January 1 to January 16, 2026, or from January 19 to February 27, 2026, the date of Ms. Pineda Moreno's arrest, would be evidence of any crime. The search warrant was thus overly broad as to time.

The search warrant was also overly broad as to content as it allowed law enforcement officers to rummage through Ms. Pineda Moreno's phone to look for evidence of any "other organized protest activity" beyond Operation Pullup. There are no facts in the Application showing that evidence that Ms. Pineda Moreno engaged in any other lawful protest activity – activity she had a First Amendment right to engage in – was evidence of any crime.

While not completely unfettered, the Warrant allowed law enforcement to search through Ms. Pineda Moreno's phone and seize data which had nothing to do with the alleged offenses on January 17-18, 2026. The Warrant was thus overly broad and constitutionally deficient. See *Jackson,* supra at *10 (finding that cell phone warrant that places no constraints on the files to be

searched for or seized was an impermissible "blanket" warrant); see also *In re Grand Jury Proceedings,* 716 F.2d 493, 497-99 (8th Cir. 1983).

The Eighth Circuit has found that a search warrant that is overly broad only in part is severable and that items seized pursuant to valid portions of the warrant need not be suppressed. *United States v. Coleman,* 909 F.3d 925, 931 (8th Cir. 2018). Defendant does not contest that probable cause existed as to the dates of January 17-18, 2026, and any data on Mr. Pineda Moreno's phone that specifically related to Operation Pullup. She agrees that such limited data need not be suppressed. All other data seized from her cell phone, however, should be suppressed as obtained in violation of the Fourth Amendment.

The Government may argue that to the extent the Warrant is overbroad, the *Leon* good-faith exception to the warrant requirement should preclude the suppression of any data obtained from the cell phone. "The Eighth Circuit has found the *Leon* exception may apply to warrants that are insufficiently particular or overbroad." *Hart*, No. 23-CR-293 (JWB/ECW), 2024 WL 992632, at *9 (quoting *Jackson*, 2019 WL 13127190, at *12 (citing *United States v. Henderson*, 416 F.3d 686, 695 (8th Cir. 2005) (affirming finding that good-faith exception applied to overly broad warrant)).

The *Leon* "good-faith" exception provides that "evidence seized pursuant to a search warrant issued by a magistrate [judge] that is later determined to be

invalid[ ] will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable." *United States v. Houston*, 665 F.3d 991, 994 (8th Cir. 2012) (quoting *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007)). The exception notwithstanding, evidence obtained as a result of an unconstitutional search should be suppressed under the following circumstances:

> (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge;
>
> (2) when the issuing judge "wholly abandoned his judicial role" in issuing the warrant;
>
> (3) when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and
>
> (4) when the warrant is "so facially deficient" that no police officer could reasonably presume the warrant to be valid.

*Houston*, 665 F.3d at 995 (quoting *Proell*, 485 F.3d at 431).

Here, the third and fourth exceptions to the good-faith exception apply. To the extent that the Warrant is overbroad, the Application is so lacking in probable cause as to render official belief in its existence entirely unreasonable. No reasonable law enforcement officer could believe they had probable cause to search Ms. Pineda Moreno's cell phone for data on dates when no evidence of any criminal conduct could be found. Nor could any reasonable law enforcement officer in the United States believe that evidence

someone had engaged in lawful protest activity protected by the First Amendment could be evidence of any crime. Similarly, and to the same extent, the Warrant was so facially deficient that no police officer could reasonably presume the warrant to be valid.

Therefore, the good-faith exception does not apply to evidence seized as a result of the overly broad portions of the search warrant and such evidence should be suppressed.

## CONCLUSION

For the foregoing reasons, evidence obtained pursuant to the overly broad Search and Seizure warrant for the defendant's cell phone should be suppressed.

Respectfully submitted,

DATED: August 31, 2026 GOETZ & ECKLAND P.A.

By: ______________________________

FREDERICK J. GOETZ
Attorney Registration No. 185425
Banks Building
615 1st Avenue N.E., Suite 425
Minneapolis, MN 55413
(612) 874-1552

ATTORNEY FOR DEFENDANT