UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-cr-25 (LMP/DLM)

United States of America,

Plaintiff,

v.

Max Richard Adamson (11),

Defendant.

**DEFENDANT MAX RICHARD ADAMSON'S MOTION FOR DISCLOSURE OF CONFIDENTIAL RELIABLE INFORMANTS, SOURCES, AND/OR CONCERNED CITIZENS TOGETHER WITH INDUCEMENTS AND BENEFITS AFFORDED TO SUCH INDIVIDUALS**

Defendant, Max Richard Adamson, by and through his attorney, Glenn P. Bruder, respectfully moves the Court for an order compelling the government to disclose the following information to counsel for the Defendant:

1. The identity of any and all informants and/or cooperating witnesses in this case. The government must disclose an informant's identity in cases in which the informant actively participated and/or was a percipient witness to the underlying act or transaction, which serves as the basis for the prosecution. *Rovario v. United States,* 353 U.S 53 (1957). Further, disclosure would be helpful to the Defendant's case and is essential to the fair determination of the case. See *United States v. Sanchez,* 908 F.2d 1443 (9th Cir. 1990).

2. The identity of each informant should include his or her name, address and telephone and pager numbers, as well as the informant's prior record, promised immunities and any other evidence affecting the issues of bias or credibility.

3. Permission for the Defendant to secure an interview of each informant, in order to discover impeachment and bias evidence. The government must make reasonable efforts to

produce the informant. See *United States v. Williams,* 496 F.2d 378, 382 (1st Cir. 1974); *Velarde-Villarreal v. United States,* 354 F.2d 9 (9th Cir. 1965).

4. Copies of the prior criminal records of each informant, *United States v. Auten,* 632 F.2d 478 (5th Cir. 1980); all promises of consideration given to the witnesses, *Giglio v. United States,* 150 (1972); identification of each informant's prior testimony, *Johnson v. Brewer,* 521 F.2d 556 (8th Cir. 1975); evidence of psychiatric treatment, *United States v. Lindstrom.* 698 F.2d 1154 (11th Cir. 1983); and evidence of narcotic habits, *United States v. Fowler,* 465 F.2d 664 (D.C. Cir. 1972).

This motion is based on representations made by the government that it has identified individuals who initially participated in or considered participation in the January 2026 protest, but then withdrew and refused to join the defendants in protest activities at Cities Church, and upon the files, records and proceedings herein, such testimony as may be presented at the motion hearing, and any briefing requested by the Court thereafter.

Dated: August 31, 2026

Respectfully submitted,

*/s/ Glenn P. Bruder*
Glenn P. Bruder, P.A.
Attorney for Defendant
9531 West 78th Street
Suite 210
Eden Prairie, MN 55344
(952) 831-3174