UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-cr-25 (LMP/DLM)

United States of America,

Plaintiff,

v.

Max Richard Adamson (11),

Defendant.

**DEFENDANT MAX RICHARD ADAMSON'S MOTION TO DISCLOSE AND MAKE INFORMANT AVAILABLE FOR INTERVIEW AND TO DISCLOSE PROMISES OF FAVORABLE TREATMENT**

Defendant, Max Richard Adamson, by and through his attorney, Glenn P. Bruder and pursuant to Red. R. Crim. P. 16, *Roviaro v Untied States*, 353 US 53 (1957), *Brady v Maryland*, 373 US 83 (1963), requests the court to order the government to disclose the following information:

1. The names of any and all reporting persons, informants, or witnesses providing information to law enforcement regarding this case.

2. Any and all promises of payment, written or oral, made to such person as part of this or any other case in which they have provided information.

3. Any promise not to prosecute the witness for any crime or crimes.

4. Any promise to recommend to authorities in any jurisdiction that potential charges not be filed for any crimes or suspected crimes committed by the witness.

5. Any promise or undertaking to provide a formal grant of immunity or to provide an informal assurance that the witness will not be prosecuted in connection with any testimony given by the witness.

6. To recommend leniency in sentencing for any crime or crimes for which the witness has been convicted or plead guilty but not yet been sentenced.

7. To recommend a particular sentence for any crime or crimes for which the witness is convicted or has plead guilty.

8. To provide favorable treatment or consideration to the witness or friends or relatives to the witness in return for the witness's cooperation and testimony including withholding the filing of criminal charges against friends or family of the witness.

9. All promises of any other benefit, written or oral, made to such persons.

10. All promises of immunity, leniency, preferential treatment or other inducements made to such person as part of this case or any other case in which they may have provided information.

11. All writings or memoranda which contain any of the promises of remuneration, leniency, immunity, preferential treatment, or other inducements.

12. Any record of payment of funds made to such persons.

13. All information regarding any such informant's prior testimony in this or any other proceeding in which they have acted as a witness and/or informant. See *Johnson v Brewer*, 521 F.2d 556 (8th Cir. 1975).

14. All evidence of the informant's psychiatric treatment, if any, or of any addiction or propensity to use or abuse controlled substances.

15. In addition to the foregoing, Defendant also requests that the government be required to produce the informant for an interview by Defendant's counsel.

Dated: August 31, 2026

Respectfully submitted,

*/s/ Glenn P. Bruder*
Glenn P. Bruder, P.A.
Attorney for Defendant
9531 West 78th Street
Suite 210
Eden Prairie, MN 55344
(952) 831-3174