UNITED STATES
DISTRICT OF MINNESOTA
Criminal No. 26-cr-25 (LMP/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

Max Richard Adamson (11),

Defendant.

**DEFENDANT MAX RICHARD ADAMSON'S MOTION FOR NOTICE OF GOVERNMENT'S INTENT TO USE RESIDUAL HEARSAY EXCEPTION UNDER RULE 807**

Defendant, Max Richard Adamson ("Defendant" or "Adamson"), by and through his undersigned counsel, hereby moves the Court to order the government to provide adequate notice of its intent to offer any statement, not specifically covered by the hearsay exceptions set forth in Rule 803 and 804, but having equivalent circumstantial guarantees of trustworthiness, and to provide notice of the particulars of the statement, including the name and address of the declarant.

As a prerequisite for admitting a statement under Rule 807, a proponent is required to do the following:

> [A] statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed. R. Evid. 807.

By this motion, Defendant puts the government on notice that he seeks advance notice of any such statements, and the defense requests that this Court require the government to provide at least 30 days pretrial notice of any such evidence, including the name and address of the

declarant. *United States v. Musal, 421 F. Supp. 2d 1153, 1161 (S.D. Iowa 2006).* The defense would need adequate notice of the testimony and the name and address of the claimed declarant in order to investigate the statement and declarant and marshal evidence to challenge it, as permitted by Fed. R. Evid. 806.

Dated: August 31, 2026

Respectfully submitted,

*/s/ Glenn P. Bruder*
Glenn P. Bruder, P.A.
Attorney for Defendant
9531 West 78th Street
Suite 210
Eden Prairie, MN 55344
(952) 831-3174