**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**CRIM. NO. 26-25 (LMP/DLM)**

United States of America,

Plaintiff,

v.

Cheryl Ann Persigehl (29),

Defendant.

**MOTION TO SUPPRESS EVIDENCE OBTAINED BY SEARCH AND SEIZURE (SECTION 1509 SUMMONS)**

---

## INTRODUCTION

Defendant Cheryl Ann Persigehl, by and through undersigned counsel, respectfully moves under Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, the First and Fourth Amendments to the United States Constitution, and 19 U.S.C. § 1509 to suppress all records obtained through the purported "Customs Summonses" issued concerning her — No. HSI-MS-2026-031394-001, served on T-Mobile US, Inc. on February 17, 2026, and No. HSI-MS-2026-053435-001, served on the Minnesota Department of Employment and Economic Development on May 4, 2026 — together with any and all derivative evidence.

## BACKGROUND AND ARGUMENT

On February 17, 2026, Special Agent Timothy Gerber caused a summons to issue to T-Mobile US, Inc. concerning ten telephone numbers, one of which belongs to Ms. Persigehl. The summons issued on HSI Form 3115, was captioned "SUMMONS To

Appear and/or Produce Records, 19 U.S.C. § 1509," and recited that production was required:

> in connection with an investigation or inquiry to ascertain the correctness of entries, to determine the liability for duties, taxes, fines, penalties, or forfeitures, and/or to ensure compliance with the laws or regulations administered by HSI.

The summons was issued under the signature of an Acting Special Agent in Charge located in Honolulu, Hawaii, and bears a digital signature executed from Lorton, Virginia on February 19, 2026 — two days after the summons was dated and served. It was not signed or authorized by a magistrate judge. T-Mobile responded the following day.

The summons demanded both "Subscriber Information" and "Call Information," the latter defined to include all incoming and outgoing calls, all voice, VoLTE, SMS, MMS, text, and data usage, and all records of session times and durations. It demanded those records for the period December 1, 2025 through February 16, 2026 — seventy-eight days. It contained no limitation as to any person, event, or subject matter, and no exclusion for communications with counsel, family, or clergy.

T-Mobile produced call detail records, not merely subscriber information. The Government's discovery includes six files responsive to this summons for Ms. Persigehl's number alone: two subscriber files and four sets of call detail records, produced under T-Mobile tracking identifiers 1599189 and 1599148. The same summons produced call detail records for each of the other nine numbers listed, and a companion summons issued the same minute, No. HSI-MS-2026-031394-002, swept four additional numbers. The February 17 demand therefore reached fourteen telephone numbers across two instruments.

A related § 1509 summons, No. HSI-MS-2026-053435-001, issued May 4, 2026 to the Minnesota Department of Employment and Economic Development, demanded certified wage, address, and employer records for Ms. Persigehl and thirty-three other defendants — identified by full Social Security number — for the period January 1, 2024 to the present. That demand spans roughly twenty-eight months. It bears the same customs recital, the same request for indefinite nondisclosure, and the same signature-block architecture as the summons challenged here.

The Court should suppress these records obtained through the Custom Summonses for several reasons.

First, the summonses fall outside § 1509's power. Section 1509 authorizes compulsory process in an investigation conducted to determine the correctness of an entry, liability for customs duties and related penalties, or compliance with laws administered by the United States Customs Service. 19 U.S.C. § 1509(a). This prosecution has no connection to customs entries, importation, duties, or bonded merchandise. It concerns a worship service at a church in St. Paul. Ordinary subscriber and call records held by a cellular carrier are not customs records of the type Congress authorized the Government to compel. *See id.* §§ 1509(a)(2), (d)(1)(A); 19 U.S.C. § 1508.

Second, and independently, the summonses seek disclosure "as authorized by Title 18, United States Code, Section 2703(c)(2)." That provision compels a provider to disclose subscriber and connection records only "when the governmental entity uses an administrative subpoena authorized by a Federal or State statute," or a grand jury or trial subpoena, or process available under § 2703(a)–(b). 18 U.S.C. § 2703(c)(2). The

Government used no warrant, no order under § 2703(d), and no grand jury subpoena. Because § 1509 did not authorize this demand, there was no administrative subpoena authorized by federal statute, and the statutory predicate for compelled disclosure failed. The records were therefore obtained without valid process of any kind. This is not merely a statutory violation for which 18 U.S.C. § 2708 supplies the exclusive remedy; it is a warrantless seizure.

Third, the temporal and substantive reach of the summons is untethered from the charged offense. Count One alleges a conspiracy beginning "on or about January 17, 2026," and continuing "to on or about January 18, 2026." Superseding Indictment, R. Doc. 144 ¶ 6. The summons demanded seventy-eight days of records — forty-seven days before the charged conspiracy began and twenty-nine days after it ended. The Government cannot claim the conspiracy justified that reach, because its own grand jury allegation forecloses it. As to Ms. Persigehl in particular, the Superseding Indictment alleges only that she attended a pre-operation briefing and joined in chants including "ICE Out!" *Id.* ¶ 8, Overt Acts #13, #25. She is named in no other overt act, and the summons demanding her records swept her in among ten numbers with no individualized showing as to any of them.

Fourth, the nature of the records returned establishes an independent violation of the Fourth Amendment. In *Chatrie v. United States*, the Supreme Court held that law enforcement conducts a Fourth Amendment search when it acquires an individual's cellphone-location information from a third-party provider. 609 U.S. ___, 146 S.Ct. 2193, 2222 (2026). The summons here demanded connection records, data usage, and session times and durations for an eleven-week period. *Chatrie* confirms that the acquisition of

such records from a carrier is a search subject to the Fourth Amendment. T-Mobile's certification for the companion summons describes the requested item as "Call Details No Cells," and an evidentiary hearing is needed to establish whether any cell-site or location data was produced as to Ms. Persigehl's number. Whether or not it was, eleven weeks of comprehensive communications records — revealing every person with whom she communicated, when, and for how long — is the kind of retrospective and involuntarily generated record set that *Carpenter v. United States*, 585 U.S. 296, 309–13 (2018), held the third-party doctrine does not reach.

Fifth, the summons compelled disclosure of associational information without any tailoring. The records sought reveal every person with whom Ms. Persigehl communicated across eleven weeks spanning a period of political activity. Compelled disclosure of associational information is subject to exacting scrutiny and must be narrowly tailored to a sufficiently important governmental interest. *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 607–11 (2021); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958). Where compulsory process reaches expressive material, it must be drawn with "scrupulous exactitude." *Stanford v. Texas*, 379 U.S. 476, 485 (1965). This summons was drawn with none.

The Government cannot claim the summons was needed to identify or locate Ms. Persigehl. She was identified by February 7, 2026 through a forensic extraction of a co-defendant's telephone, a commercial database query, and a passport photograph comparison. And on February 15, 2026 — two days before the summons issued — FBI special agents conducted physical surveillance of her residence, photographing two

vehicles registered in her name. The Government knew who she was and where she lived before it sought a single record from T-Mobile.

## REQUESTED PRODUCTION

The Government should be directed to produce (and to identify if already produced):

- every § 1509 summons concerning Ms. Persigehl or any telephone, account, employment, or other record associated with her, including Nos. HSI-MS-2026-031394-001, -002, and HSI-MS-2026-053435-001;
- all applications, requests, approvals, cover communications, database entries, and internal records concerning those summonses, including any consultation with agency counsel;
- all communications with T-Mobile concerning Ms. Persigehl;
- the complete T-Mobile return as to Ms. Persigehl's telephone number, including the custodian certifications corresponding to tracking identifiers 1599189 and 1599148, and any description identifying the information produced, including whether any cell-site or location data was produced;
- every warrant, order, or other process authorizing the tracking, location, or interception of any device associated with Ms. Persigehl, together with the supporting applications and affidavits;
- all applications for, and orders entered under, 18 U.S.C. § 2705(b) in this investigation, together with the grand jury subpoenas to which they relate;

- the policies, procedures, or guidance governing the issuing agency's use of § 1509 at the relevant time; and
- records sufficient to identify how the information obtained was used and what subsequent investigative steps resulted from it.

## CONCLUSION

Ms. Persigehl moves for suppression of all records obtained through the § 1509 summonses concerning her, together with any and all derivative evidence, and to grant such further relief as the Court deems just.

Respectfully submitted,

Dated: August 31, 2026

BEST & FLANAGAN LLP

*/s/ Amy S. Conners*

Amy S. Conners (#0387375)
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
Email: aconners@bestlaw.com
Telephone: 612-339-7121

***Attorneys for Defendant Cheryl Ann Persigehl***