UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 26-CR-25(LMP/DLM)(16)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | **MOTION TO SUPPRESS – WARRANTLESS SEIZURE OF PHONE AND SEARCH OF PHONE PURSUANT TO WARRANT** |
| MONIQUE CULLARS-DOTY , | ) | |
| Defendant. | ) | |

Monique Cullars-Doty, by counsel Bruce D. Nestor of De León & Nestor, LLC, states as follows for her Motion to Suppress:

FACTUAL BACKGROUND

Monique Cullars-Doty, along with thirty-seven other individuals, is charged by Superseding Indictment with offenses titled by the Government as Conspiracy Against Right of Religious Freedom at Place of Worship, in violation of 18 U.S.C. § 241, and Injure, Intimidate and Interfere with Exercise of Right of Religious Freedom at Place of Worship, in violation of 18 U.S.C. § 248(a)(2), (b), and §2(a). [ECF# 144, Superseding Indictment.].

These charges arise out of a protest at Cities Church, 1524 Summit Avenue, St. Paul, Minnesota, on January 18, 2026. On that date, Cullars-Doty and others are alleged to have entered the church where they engaged in a peaceful, non-violent protest against an associate pastor, David Easterwood, who also was the Acting Director of Immigration and Customs Enforcement (ICE) regional St. Paul office. The protesters were protesting

that Mr. Easterwood was supervising the systematic brutalization of individuals by ICE employees under his control and that he was directly involved in the Government's, wrongful arrest, seizure, assault, and detention of individuals in the State of Minnesota.

On January 29, 2026, an Indictment was returned against nine individuals. [ECF# 39, Indictment]. Cullars-Doty was not charged in the original Indictment. On February 26, 2026, the Superseding Indictment was returned adding 30 additional defendants including Cullars-Doty. On February 27, 2026, Cullars-Doty was arrested in the early morning at her residence in Woodbury, Minnesota. Federal agents contacted Cullars-Doty by calling a phone. She agreed to come to her front door where she was arrested while observed holding a cellular phone described as a "dark purple/black Apple I-Phone with a clear case." Federal agents did not have a warrant authorizing seizure of any cellular phone possessed by or believed to be owned or used by Cullars-Doty or authorizing the search of any phone obtained as a result of her arrest.

On March 13, 2026, Homeland Security Investigation (HIS) Special Agent Timothy Gerber applied for a search warrant for the "dark purple/black Apple I-Phone with a clear case." (Application for Search Warrant, 26-mj-277 (SGE)(attached as Exhibit No. 1). No claim was made in the search warrant application that Cullars-Doty had a phone in her possession on January 18th or that she used a phone in any manner on that date. No specific claim with respect to Cullars-Doty was made as to how a phone was an instrumentality of any crime allegedly committed by Cullars-Doty on January 18, 2026. The search warrant application did not allege that any particular phone number, much less a phone number associated with Cullars-Doty, was linked to the phone. Other than

the claim that "CULLARS-DOTY was on the phone" at the time of her arrest, the warrant did not set forth grounds to establish that Cullars-Doty owned the phone or had used the phone at any time prior to February 27, 2026.

On or about March 13, 2026, the Government asserts an "exam" of the phone was completed. Government reports state that a "filtered extraction" was received by SA Gerber on March 24, 2026, and reviewed by HSI SA Benjamin Williams from March 26-29, 2026. Cullars-Doty moves to suppress any physical evidence obtained as a result of the warrantless seizure of her phone on February 27, 2026, any evidence obtained pursuant to a search of that phone pursuant to a search warrant, and any evidence derived from any illegal seizure and/or search of the phone.

WARRANTLESS SEIZURE

Monique Cullars-Doty initially challenges the warrantless seizure of the phone in her physical possession at the time of her arrest on February 27, 2026. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment, and subject only to a few specifically established and well-delineated exceptions." *United States v. Evans*, 830 F.3d 761, 765 (8th Cir. 2016) (alteration in original) (*quoting Coolidge v. New Hampshire*, 403 U.S. 443, 45455 (1971) (plurality opinion)). "The government bears the burden of establishing that an exception to the warrant requirement applies." *United States v.Williams*, 616 F.3d 760, 765 (8th Cir. 2010); *United States v. Evans*, 830 F.3d 761, 766 (8th Cir. 2016). Cullars-Doty asserts that government agents lacked probable cause to seize the phone on February 27, 2026, or that seizure of the phone was allowed by any exception to the warrant

requirement. The government should not be allowed to use illegal means to seize Cullars-Doty's phone and then search the phone to produce incriminating evidence to use against her. Evidence obtained a few weeks after the illegal seizure should be excluded because the secondary evidence is a product of the original illegality, as "Fruit of the Poisonous Tree." *Wong Sun v. United States*, 371 U.S. 471 (1963). Under this doctrine, not only must illegally obtained evidence be excluded, but also all evidence obtained or derived from exploitation of that evidence.

SEARCH WARRANT – 26-mj-277(SGE)

Cullars-Doty contends that the Application for Search Warrant: (a) failed to establish a required nexus between the phone sought to be searched and the events of January 18, 2026; (b) lacked particularity and was overbroad by allowing for a search of the phone's contents dating back to January 1, 2026, and for all information related to "other organized protest activity" dating back to January 1, 2026; and for "contact lists, including names, telephone numbers, email addresses, and other contact information of CULLAY-DOTY's associates" without time limitation; (c) contained knowingly or recklessly false statements that Cullars-Doty "obstructed the religious service and intimidated, harassed, oppressed and terrorized the congregants" and "physically obstructed congregants as they attempted to leave the church; and, (d) was executed in a manner broader than the terms allowed by the judicially approved warrant.

**Nexus**

"In order to support an application for a search warrant, '[t]here must be evidence of a nexus between the contraband and the place to be searched.'" *United States v. Johnson*,

848 F.3d 872, 878 (8th Cir. 2018) (quoting *United States v. Colbert*, 828 F.3d 718, 726 (8th Cir. 2016)); *see also United States v. Tellez*, 218 F.3d 547, 550 (8th Cir. 2000)). As further noted in *Johnson*, "[f]actors to consider in determining if a nexus exists include 'the nature of the crime and the reasonable, logical likelihood of finding useful evidence.'") *id. See also, United States v. Etheridge*, 165 F.3d 655, 657 (8th Cir. 1999)). The Application for Search Warrant failed to set forth any facts connecting the phone seized on February 27, 2026, the events of January 18, 2026 or connecting the phone to Cullars-Doty other than by her physical possession of the phone at the moment of her arrest. All physical evidence obtained as a result of the search of the phone identified in the warrant application should be suppressed as the warrant application does not establish probable cause to believe that evidence of a crime will be found in the place searched. *United States v. Proell*, 485 F.3d 427,430 (8th Cir. 2007).

**<u>Particularity</u>**

The events charged as a crime in the Superseding Indictment occurred on January 18, 2026. The target of the planned protest, Acting ICE Field Office Director David Easterwood, did not come to public attention until January 16, 2026, the date of a decision granting a preliminary injunction in *Tincher v. Noem*, 25-cv-4699 (1/16/25, District of Minnesota), in which affidavits filed by Acting Director Easterwood and seeking to justify ICE's actions in Minnesota came to light. The warrant application provides no basis as why information dating back to January 1, 2026, should be subject to search. Further, the warrant grants authorization to search for all information from January 1, 2026, to the "present," an open-ended, indefinite period of time after the phone was seized on February

27, 2026. As such, the request in the warrant application to search phone calls, texts, contacts, and other personal information from "January 1, 2026 through present" (Warrant Application, Attachment B), was overbroad and lacked particularity.

The overbreadth of the warrant application is particularly disturbing as it also purports to authorize a search during this time period for all information related to "other organized protest activity" without any requirement that such activity relate to a crime or be likely to reveal evidence of a crime. In addition, the Government sought and the warrant purports to grant authority to obtain information about all "contacts" and "associates" of Cullars-Doty without any time limitation. Given the prominence of Cullars-Doty as a leader of Black Lives Matter (a fact known to the Government), the overbreadth of the warrant raises the real spectre of the Government intruding upon and gaining access to private information about protected First Amendment activity. Where a warrant authorizes the seizure of materials protected by the First Amendment, the particularity requirement must be applied with "scrupulous exactitude." *Stanford v. Texas*, 379 U.S. 476, 485 (1965).

General warrants are forbidden by the Fourth Amendment because the problem posed by general warrants is "of a general, exploratory rummaging in a person's belongings." *Andresen v. Maryland*, 427 U.S. 463, 480 (1976). In addition to probable cause, the Fourth Amendment also requires that a search warrant must describe with particularity the place to be searched and the things to be seized. U.S. CONST. amend. IV; FED. R. CRIM. P. 41; *United States v. Davis*, 723 F. Supp. 3d 677, 686 (E.D. Mo. 2022), aff'd, 126 F.4th 610 (8th Cir. 2025). The particularity requirement protects against "wide-ranging exploratory searches" unsupported by probable cause. *Davis*, 723 F. Supp. 3d at

686 (citing *United States v. Rosa*, 626 F.3d 56, 61 (2d Cir. 2010)); see also *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). "Particularity prohibits the government from conducting general, exploratory rummaging of a person's belongings." *United States v. Sigillito*, 759 F.3d 913, 923 (8th Cir. 2014). Because the issued Search Warrant authorized precisely this type of "rummaging" through personal information and information of "other organized protest activity" from January 1, 2026, through the present, and as to contacts and associates without any time limitation, the warrant should be found to have been issued in violation of the 4th Amendment and all physical evidence obtained pursuant to the warrant should be suppressed.

**Material False Statements or Statements Made With Reckless Disregard for the Truth**

The warrant application authored by SA Timothy Gerber states that Cullars-Doty "obstructed the religious service and intimidated, harassed, oppressed and terrorized the congregants" and "physically obstructed congregants as they attempted to leave the church." These statements were made in the warrant application dated March 13, 2026. By that date, federal agents had reviewed extensive video of the events of January 18, 2026, and interviewed numerous eyewitnesses. These statements with respect to Cullars-Doty actions on January 18, 2026, are false. They were made by SA Gerber with knowledge that the statements were false, or with reckless disregard for the truth of such statements. A review of the video evidence and witness statements will not show Cullars-Doty, individually or collectively, "intimidating, harassing or terrorizing" any person or engaging in any act of "physical obstruction" as congregants sought to exit the church.

These statements are material to any finding of probable to cause to authorize the search of the subject phone. Cullars-Doty requests that the Court hold an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154, 165 (1978), at which Cullars-Doty can establish the falsity of the challenged statements or at which the Government can come forward with video or eyewitness testimony to establish the veracity of such statements by SA Gerber.

**Scope of Execution of Warrant**

Despite the temporal limitation limiting the scope of the search to the period January 1, 2026, through the present, a Magnetic Forensics Forensic Examination Report disclosed to counsel shows that text messages dating back to at least October 9, 2024, were extracted from the phone and reviewed by federal agents. In addition, a Search Warrant Addendum provided that a government would use a search methodology "to ensure that no attorney-client privileged communications will be inadvertently reviewed by the prosecution team." The Addendum stated a "taint team" would set up an ethical wall to prevent attorney-client privileged communications from reaching the prosecution team. Because the search may have extended to the entire contents of the phone it is likely that privileged communications were captured. Cullars-Doty requests disclosure of whether a taint team was in fact used, the search methodology it employed, and whether the unredacted extraction report was made available to the prosecution team. Cullars Doty reserves the right to seek suppression or other relief on this basis upon disclosure.

Date: August 31, 2026

S/BRUCE D. NESTOR

Bruce D. Nestor, 0318024 – MN
DE LEÓN & NESTOR, LLC
3547 Cedar Avenue South
Minneapolis, MN 55407
(612) 659-9019
(612) 436-3664 – Facsimile
nestor@denestlaw.com

ATTORNEY FOR MONIQUE CULLARS-DOTY