UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

THOMAS MATTHEW TIER (36),

Defendant.

Case No. 0:26-cr-00025-LMP-DLM

**DEFENDANT THOMAS MATTHEW TIER'S MOTION TO SUPPRESS**

Thomas Matthew Tier (Defendant 36), by and through counsel, respectfully moves this Court to grant his motion to suppress evidence unlawfully gathered by a warrant unsupported by probable cause.

## INTRODUCTION

The United States Government searched Mr. Tier's phone by using a warrant unsupported by probable cause. The fruits of this poisonous tree must be suppressed. The "Affidavit in Support of an Application Under Rule 41 for a Warrant to Search and Seize" ("Search Warrant Affidavit" or "Affidavit") fails to establish probable cause that Mr. Tier's cellphone would contain any evidence that he violated the Freedom of Access to Clinic Entrances ("FACE") Act. Because the warrant is unsupported by probable cause, the evidence must be suppressed.

## STATEMENT OF FACTS

Thomas Matthew Tier is an active and well-respected member of the Shoreview, Minnesota community. Ex. A ¶ 10. Out of concern and care for his community, he attended what ultimately became a protest at Cities Church in Saint Paul, Minnesota, on

January 18, 2026. Ex. A ¶ 13. Following the event at Cities Church, and at the urging of President Trump, and his allies, including then-Attorney General Pam Bondi, on February 26, 2026, the Government obtained a federal arrest warrant pursuant to a superseding indictment (after the first indictment failed). Ex. A ¶ 10. In the superseding indictment, the Government charged Mr. Tier and thirty-eight co-defendants with violating 18 U.S.C. §§ 241 and 248(a)(2), alleging violations of the FACE Act for exercising their rights of freedom of assembly and speech. Dkt. No. 144.

On March 6, 2026, the Government obtained a search warrant for Mr. Tier's phone which they seized during his arrest. Ex. A. The warrant seeks (among other things) information, from January 1, 2026 to present, including all call logs and data; any and all messages regarding the planning and subsequent communications about the Cities Church protest or any other protest; and all internet activity pertaining to the Cities Church protest or any other protest. Ex. A, Attach. B.

The Affidavit in support of the warrant to search Mr. Tier's phone, submitted by Special Agent Timothy Gerber, conspicuously omits any allegations pertaining to Mr. Tier's use of his phone in the commission of an alleged crime. Ex. A ¶ 10–32. Rather, Gerber claims that his training and experience give him sufficient knowledge to know that "disruptors and co-conspirators" use cell phones to "communicate, organize, and work together." Ex. A ¶ 5. For example, in his probable cause statement, Gerber claims that Mr. Tier attended the "pre-operation" meeting before the protest, entered the church during the protest, and chanted inside the church. Ex. A ¶ 15, 22, 25. In contrast, Gerber states that several *other* protesters promoted the event with flyers on Facebook

and Instagram. Ex. A ¶ 17. He also states that "several disruptors" recorded the pre-protest meeting, the protest, and the post-protest meeting on their phones. Ex. A ¶ 15. The Affidavit does not state that Mr. Tier was involved in any promotion of the pre-operation protest, promoted the protest, or recorded any part of the pre-protest meeting, the protest, and the post-protest meeting. Ex. A ¶ 15, 22, 25.

Following this event at Cities Church, the Government charged Mr. Tier with violating two felony statutes. Dkt. No. 144. Mr. Tier now brings this motion to suppress all evidence the Government obtained by illegally and unconstitutionally searching his phone.

## ARGUMENT

The Government violated the Fourth Amendment of the Constitution when it unlawfully searched Mr. Tier's phone without probable cause. Therefore, all evidence the Government obtained through its unlawful intrusion must be suppressed.

### I. THE FOURTH AMENDMENT PROTECTS AGAINST SEARCHES NOT SUPPORTED BY PROBABLE CAUSE.

#### A. The Fourth Amendment Protects Against Unreasonable Searches and Seizures.

The Fourth Amendment protects "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. A search warrant application must be supported by facts sufficient to establish probable cause. *See United States v. Daigle*, 947 F.3d 1076, 1081 (8th Cir. 2020). Probable cause exists when the facts and circumstances lead a man of reasonable caution to believe that an offense has been or is being committed and that evidence

relating to that offense will be found in the place to be searched. *Safford Unified Sch. Dist. #1 v. Redding*, 557 U.S. 364, 370 (2009).

### B. The Remedy for Violating the Fourth Amendment is Suppression of the Evidence.

The exclusionary rule "bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 564 U.S. 229, 231–32 (2011). "For there to be 'fruit,' there must first be a 'poisonous tree,' that is, 'an illegal search or seizure' or 'an illegality.'" *United States v. Finley*, 56 F.4th 1159, 1166 (8th Cir. 2023) (citation omitted). When the Government obtains evidence using a defective warrant, the evidence may still be suppressed if "the warrant is so facially deficient that no police officer could reasonably presume the warrant is valid." *United States v. Eggerson*, 999 F.3d 1121, 1124 (8th Cir. 2021).

## II. THE SEARCH WARRANT FOR THE CONTENTS OF MR. TIER'S PHONE VIOLATES THE FOURTH AMENDMENT BECAUSE IT DOES NOT ESTABLISH PROBABLE CAUSE.

The warrant to search Mr. Tier's phone fails to support a finding of probable cause. Indeed, the Government only provides conclusory, politically motivated allegations that fail to establish a connection between the evidence sought and Mr. Tier's cell phone. The good faith exception fails to save the warrant's lacking probable cause because the Affidavit does not reference Mr. Tier's use of his cellular device during or in support of the protest. Ex. A ¶ 10–32. Even still, the warrant seeks an overly broad set of evidence from Mr. Tier's phone because it seeks information wholly separate from the

alleged violation of the FACE Act. Therefore, the evidence obtained from Mr. Tier's phone pursuant to the search warrant should be suppressed.

### A. The Search Warrant for Mr. Tier's Phone Lacks Probable Cause Because It Only Provides Bare Bones Accusations.

When reviewing a warrant, courts will not defer to "an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *United States v. Leon*, 468 U.S. 897, 915 (1984) (quoting *Illinois* v. *Gates*, 462 U.S. 213, 239 (1983)). If a magistrate issues a warrant based solely on the supporting affidavit, "'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" *United States v. Etheridge*, 165 F.3d 655, 656 (8th Cir. 1999) (quoting *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995)). The legal standard for a probable cause determination for a search warrant "is not whether there is a nexus between the evidence sought and the *defendant*[; r]ather, the question is whether there is a nexus between the evidence sought and the *location to be searched.*" *United States v. Woods*, No. 18-cr-0153 (WMW/HB), 2019 U.S. Dist. LEXIS 12820, at *15 (D. Minn. Jan. 28, 2019). When making a probable cause determination, law enforcement must present the magistrate with sufficient information; "his action cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 239.

For example, in *United States v. Rios-Uscanga*, No. 16-cr-316-RHK-KKM, 2017 U.S. Dist. LEXIS 68991 (D. Minn. Mar. 13, 2017), the Government obtained a search warrant for a house connected to the defendant based on an affidavit which claimed that

his girlfriend lived at the home, he was seen at the house once, he bought narcotics from a confidential informant, and he contacted that confidential informant three days before the search warrant was issued. *Id.* at *2–4. Two weeks later, police obtained additional search warrants for several of the defendant's phones which law enforcement seized in the house. *Id.* at *6. These additional warrants relied substantially on the affidavits from the initial warrant to establish probable cause. *Id.* at *6. The court explained that the "fatal flaw" in the initial affidavit was the absolute lack of any nexus between the narcotics and firearms sought and the defendant's girlfriend's home. *Id.* at *8–9. Because the Government failed to establish a nexus between the search and the evidence sought—for example by asserting that the home belonged to the defendant or that he occasionally stayed at the residence—the court ruled that the affidavit did not support probable cause and suppressed all the physical evidence seized at the house, including the cell phones. *Id.* at *9–10, *21–22.

Here, the Government attempts to establish a nexus between the alleged evidence of collusion and Mr. Tier's cellular device. The Affidavit is fatally flawed because it fails to assert a connection between Mr. Tier's cellular device and alleged evidence of violating the FACE Act. Similar to the Government's failure to assert that the defendant in *Rios-Uscanga* lived at or occasionally visited the residence to be searched, HSI completely failed to assert, or even suggest, that Mr. Tier even possessed his phone during this protest. The Search Warrant Affidavit fails to establish a nexus between the evidence sought and Mr. Tier's phone because nothing in their probable cause statement

even claims that Mr. Tier used his cellular device during the protest or in furtherance of the protest.

While the Affidavit claims that flyers for the protest were found on other defendants' phones, the Affidavit does not make the same claim as to Mr. Tier's phone. The Government merely transfers its conclusory statement onto the affidavit to search Mr. Tier's phone as part of its evidentiary fishing expedition. The Government's statements about other participants in the protest do not carry any weight on the particular place to be searched—Mr. Tier's phone—because it does not determine whether Mr. Tier used *his* phone in furtherance of *his* participation. The Affidavit fails to create a nexus between Mr. Tier's phone and his alleged violation of the FACE Act because, at bare minimum, it does not allege that he used his phone during the protest, before the protest, after the protest, in communication with other protestors, or in any way related to the protest.

Thus, the search warrant for Mr. Tier's phone lacks probable cause because it is void of any claim or fact that he used his phone during or in furtherance of the protest.

### B. Law Enforcement Had No Good Faith Reliance on the Search Warrant Because It Does Not Allege Mr. Tier Possessed His Phone at the Time of the Protest.

Courts recognize a good faith exception to the exclusionary rule "'when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope,' even if the warrant is subsequently invalidated." *United States v. Cannon*, 703 F.3d 407, 412 (8th Cir. 2013) (quoting *Leon* 468 U.S. at 920–21). Under the good faith exception to the exclusionary rule, a defective search warrant will

be upheld if it appears properly issued on its face and an officer executes it with good faith and based on their objective belief of its validity. *Eggerson*, 999 F.3d at 1124. However, this good-faith rule will not apply "when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence *entirely unreasonable*." *Cannon*, 703 F.3d at 412 (quoting *United States v. Fiorito*, 640 F.3d 338, 345 (8th Cir. 2011)).

For example, in *United States v. Herron*, 215 F.3d 812 (8th Cir. 2000), police obtained a search warrant to search the defendant's home based on affidavits which provided suspicion that his relatives on a nearby farm were cultivating marijuana. *Id.* at 813. The affidavits only stated that police found marijuana on his relatives' farms and the defendant had two previous convictions for cultivating marijuana. *Id.* at 813–14. The Government conceded on appeal that the warrants did not support probable cause but rested on the good faith exception. *Id.* at 814. The court reasoned that the affidavits did not include any evidence of illegal activity at the defendant's residence nor any evidence that he participated in the cultivation of marijuana at his family's farm. *Id.* The court ruled that a reasonable officer would not believe these facts established probable cause because the affidavit only references his family connections and previous marijuana convictions. *Id.* Furthermore, the court explained that the officers involved should have been aware of the deficiencies because "the affidavits simply do not say very much about [the defendant] or his residence." *Id.* Thus, the court reversed the lower court's ruling and granted the motion to suppress. *Id.* at 815.

Here, the probable cause statement in the Affidavit to search Mr. Tier's phone is even more lacking in connection or explanation than the faulty statement in *Herron*. Unlike in *Herron,* where the probable cause statement at least referenced the defendant's prior conviction for related conduct, the Government has no relevant facts to allege against Mr. Tier. The Affidavit contains lengthy and irrelevant comments about other protesters, but not Mr. Tier. Moreover, the alleged "connection" with Mr. Tier's phone is even more attenuated than the two connections that the *Herron* court found demonstrated lack of good faith: he attended the protest and, more than a month later, possessed his phone at the time of arrest. The Government cannot rely on a connection to the phone to be searched when it does not even allege that Mr. Tier *had* his phone at the time of the charged conduct, much less used it in the so-called "operation." There is simply no probable cause established.

While these missing facts clearly demonstrate the lack of probable cause, it further supports the lack of good faith. As in *Herron,* the Affidavit to search Mr. Tier's phone "do[es] not say very much" about the place to be searched, *Id.* at 814; in fact, it does not say *anything* about the place to be searched because the probable cause statement does not even reference Mr. Tier's cellular device in connection with the protest. The Government cannot claim good faith because there is not a single statement in the probable cause section of the Affidavit for them to rest their faith and belief that Mr. Tier's phone contained any evidence of the alleged offense.

Thus, the good faith exception does not apply to the Government's Search Warrant Affidavit for Mr. Tier's phone because it does not even do the bare minimum of

alleging that he possessed his phone at the time of the protest or the time surrounding the protest.

### C. The Search Warrant Lacks Particularity for the Place to Be Searched Because It Allows for an Overbroad Search of Mr. Tier's Phone Contents.

No warrants shall be issued without "particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "The Fourth Amendment's particularity requirement avoids 'a general, exploratory rummaging in a person's belongings.'" *United States v. Armstrong*, No. 21-cr-228 (DWF/ECW), 2022 U.S. Dist. LEXIS 208736, at *37 (D. Minn. Sept. 2, 2022) (quoting *Andresen v. Maryland*, 427 U.S. 463, 480 (1976)). A warrant is overbroad when it permits the Government to search for documents that are not described as evidence relating to the charged crime, or any crime. *See United States v. Jackson*, No. 18-cr-211 (JNE/ECW), 2019 U.S. Dist. LEXIS 241388, at *29 (D. Minn. Jan. 4, 2019) (holding that the search warrant for the defendant's cellphone was overly broad because it permitted the search and seizure of all records electronically stored on the device). The Eighth Circuit has established a two-prong standard, known as the *Curry* test, by which a warrant may be cured: "the generality of a warrant cannot be cured by the specificity of the affidavit which supports it … [unless] a) the affidavit accompanies the warrant, and b) the warrant uses suitable words of reference which incorporate the affidavit therein." *Id.* at *31–32 (quoting *United States v. Curry*, 911 F.2d 72, 76–78 (8th Cir. 1990)).

Here, the search warrant is overbroad because it allows the Government to explore information that does not relate to an alleged violation of the FACE Act. All of Mr. Tier's

call log and data since January 1, 2026, allows the Government to sift through an overly extensive collection of data. The Government provides no facts to support the allegation that Mr. Tier used his phone to plan or coordinate this protest, especially not in the two and a half weeks leading up to the events at Cities Church. The search warrant allows for more overly broad exploratory searches because it allows the Government to obtain "any and all … messages" and "internet activity" relating to the planning and subsequent communications for any "other organized protest activity." This information does not relate to a violation of the FACE Act—the charged crime—nor any other crime, because it merely seeks information about *possible* First Amendment gatherings separate from the January 18 protest.

Even if the Government concedes to the generality of the warrant, they still cannot overcome this deficiency with the two-factor *Curry* test. The warrant does not satisfy the second element of the *Curry* test because the actual warrant (which incorporates by reference Attachment B) would not provide any support since it fails to meet the probable cause or good faith standards (as discussed above).

Thus, the search warrant for Mr. Tier's phone includes unparticularized search parameters, as required by the Fourth Amendment, because it allows for exploratory searches into information holding no bearing on the charged offense.

## **CONCLUSION**

For all the foregoing reasons, Mr. Tier respectfully requests that this Court grant this motion to suppress the fruits of the unlawful search of his cell phone.

Dated: August 31, 2026

DORSEY & WHITNEY LLP

By s/ Meredith LaVine
John Marti (#0388393)
marti.john@dorsey.com
Ashley Repp (#0399661)
repp.ashley@dorsey.com
Meredith LaVine (#0506725)
lavine.meredith@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Attorneys for Defendant Thomas Matthew Tier (36)