UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>4. Don Renaldo Lemon,<br><br>Defendant. | **MOTION FOR DISCLOSURE OF FAVORABLE EVIDENCE**<br><br>Case No. 26-cr-025 (LMP/DLM) |

Defendant Don Renaldo Lemon respectfully moves the Court for an order, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the government to disclose any evidence it its possession that is exculpatory or relevant for impeachment purposes, including evidence that may be favorable to Mr. Lemon or could reasonably weaken or affect any evidence that may be introduced against him, or that is otherwise relevant to the subject matter of this case that may, in any manner, aid Mr. Lemon in the investigation or preparation of this case for trial or sentencing. This request includes evidence not directly in the possession of the government, but the existence of which is known or through the exercise of due diligence may or could become known to the government. The government must disclose this evidence without regard to whether the evidence may be admissible at trial.

The government's *Brady* and *Giglio* obligations include, but are not limited to, the following:

1. Any statements or summaries of statements by any witness exculpating Mr. Lemon (e.g., confirming he did not participate in any protest);

2. Any statement or information indicating that Mr. Lemon was in Minnesota and operating through the day as a journalist;

3. Any failure to identify Mr. Lemon by any eyewitness;

4. Any statement of any witness that contradicts or calls into doubt other statements by that witness or the statements of any other witness;

5. Any prior convictions, arrests, or criminal involvement of prospective government witnesses;

6. Any offers, promises, or inducements made to prospective government witnesses to secure their cooperation against Mr. Lemon, whether or not the government intends to call those persons as witnesses and whether or not express deals were entered into;

7. Any other evidence relevant to impeachment of government witnesses, including evidence of witnesses' prior lies or untruthfulness, witnesses' biases or prejudices regarding Mr. Lemon, and the success or failure of any witness's prior cooperation with the government.

8. The 2018 DOJ memorandum warning prosecutors not to charge the house of worship provision, 18 U.S.C. § 248(a)(2), and any and all other internal or external DOJ memoranda concerning the constitutionality, enforceability, applicability, or discussion of 18 U.S.C. § 248 or 18 U.S.C. § 241.

Mr. Lemon respectfully requests that the Court order the government to disclose such information prompt and on an ongoing basis as any additional exculpatory or impeachment evidence is discovered or generated by the government.

Dated: August 31, 2026

Respectfully Submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell (*admitted pro hac vice*)
David A. Kolansky (*admitted pro hac vice*)
Isabella M. Oishi (*admitted pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

/s/ *Joseph H. Thompson*
Joseph H. Thompson (#0343031)
THOMPSON JACOBS PLLC
222 N. Second Street, Suite 220
Minneapolis, MN 55401
Tel: (612) 416-3322
joe@thompsonjacobs.com

*Counsel for Don Renaldo Lemon*