L&A
LOWELL AND ASSOCIATES, PLLC

Lowell & Associates, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: (202) 964-6110
Fax: (202) 964-6116

**Abbe David Lowell**
*Founding Member*
ALowellPublicOutreach@lowellandassociates.com

February 13, 2026

**<u>VIA E-MAIL</u>**

Robert J. Keenan
Acting Deputy Assistant Attorney General
Office of Assistant Attorney General
Department of Justice, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Orlando B. Sonza
Counsel
Office of Assistant Attorney General
Department of Justice, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

**Re: <u>*United States v. Don Lemon*, Case No. 26-cr-00025-LMP-DLM</u>**

Dear Mr. Keenan and Mr. Sonza:

On behalf of our client Don R. Lemon, we hereby make the following requests to be thorough and to effectuate the full requirements of Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b) of the Federal Rules of Evidence, the applicable rules of prosecutorial ethics, the Fifth and Sixth Amendments to the United States Constitution, and the Supreme Court's rulings in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972). We request the prompt production of the below material in accordance with all applicable rules and laws.

The documents and information that we request include not only documents and information in the possession, custody, or control of your Office, or otherwise available to your office, but also documents and information in the possession, custody, or control of any federal, state, territorial, or local agency allied with the prosecution, including, without limitation, the Department of Justice ("DOJ"); the Federal Bureau of Investigation ("FBI"); the Department of Homeland Security ("DHS"); and any other federal and/or state law enforcement agency involved with the events and/or investigation in this matter (collectively, the "Government Agencies"). *See, e.g.*, *United States v. Bryant*, 439 F.2d 642, 650 (D.C. Cir. 1971), *overruled on other grounds by Arizona v. Youngblood*, 488 U.S. 51 (1988); *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980); *United States v. Deutsch*, 475 F.2d 55, 57 (5th Cir. 1973), *overruled on other grounds by United States v. Henry*, 749 F.2d 203 (5th Cir. 1984); *United States v. Perdomo*, 929 F.2d 967, 970-71 (3d Cir. 1991); *United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016); *United States v. Wright*, 866 F.3d 899, 908 (8th Cir. 2017). In addition, given the nature of these charges, we ask that you seek any relevant documents from all other departments and agencies—state and federal—that may possess them. *See United States v. Tyndall*, 521 F.3d 877, 882 (8th Cir. 2008).

## I. Indictment Particulars

Defense counsel requests more particular information about the allegations in the Indictment:

A. Identify the specific conduct that Mr. Lemon "conspired and agreed" to engage in as alleged in the Indictment.

B. Identify the specific conduct Mr. Lemon engaged in constituting "to injure, oppress, threaten, and intimate multiple persons" alleged in the Indictment.

C. Identify "the clergy, staff, and congregants" whom the Indictment alleged were injured, oppressed, threatened, or intimated at the Cities Church on January 18, 2026.

D. Identify any unnamed "co-conspirators" as alleged in the Indictment.

E. Identify the specific conduct Mr. Lemon engaged in to "physically occupy[] most of the main aisle and rows of chairs near the front of the Church" alleged in the Indictment.

F. Identify the specific conduct Mr. Lemon engaged in that constituted "menacing and threatening behavior," "chanting and yelling loudly," or "physically obstructing" the pastor and congregants as they "attempted to exit and/or move about" the Church as alleged in the Indictment.

G. Identify the specific conduct Mr. Lemon engaged in that constituted "surrounding" and "physically obstructing" the pastor and his freedom of movement alleged in the Indictment.

H. Identify the specific instance in which Mr. Lemon "ignored the pastor's request" to immediately leave the Church alleged in the Indictment.

I. Identify the specific conduct Mr. Lemon engaged in wherein he "confronted" and "physically obstructed" congregants at the Church's main door as alleged in the Indictment.

J. Identify the "other persons known and unknown" with whom Mr. Lemon is alleged to have "aided and abetted" the actions described.

K. Identify the specific conduct Mr. Lemon engaged in constituting "use of force, threat of force, and physical obstruction" alleged in the Indictment.

L. Identify the specific conduct Mr. Lemon engaged in constituting any attempt "to injure, intimidate, and interfere with multiple persons" as alleged in the Indictment.

M. Identify any steps Mr. Lemon specifically took to "maintain operational secrecy" on January 18, 2026

## II. Rule 16 Discovery

Defense counsel requests the ongoing production of all materials subject to disclosure under Rule 16(a)(1)(A), (B), and (D). In addition, pursuant to Rule 16(a)(1), defense counsel specifically requests the

production of all statements (oral, written and/or recorded) made by Don Lemon or any persons you will claim were acting as his agents.

Defense counsel also requests return of, or alternatively, a production of reports and data concerning any examination of, the iPhone 15 Pro Max seized incident to Mr. Lemon's arrest on January 29, 2026 and in the government's possession.

## III. Specific Requests Under *Brady*, *Agurs*, *Giglio*, and the Fourth and Fifth Amendments

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, provide "all exculpatory or impeaching material" including, but not limited to, any information indicating or tending to indicate that any of the allegations contained in the Indictment are not true, that government witnesses are not credible, or that Don Lemon did not have the intent alleged in the charges.

As noted above, this request is not limited to documents and information in the possession, custody, or control of your Office, or otherwise available to your Office, but also documents and information in the possession, custody, or control of any member of the Government Agencies and relevant federal and state departments and agencies.

This request includes, but is not limited to, the following information:

A. Any documents, communications, and/or information stating or reflecting Don Lemon's role as a journalist (e.g., statements he or others made, photographs, videos), including but not limited to, on January 18, 2026.

B. Any documents, communications, and/or information indicating that Don Lemon was not obstructing, blocking, or impeding the entrance/exit to the Cities Church or congregants passing therethrough.

C. Any documents, communications, and/or information indicating that Don Lemon was not attempting to threaten, intimidate, injure or obstruct the pastor or any member or congregant of the Church on January 18, 2026.

D. Any documents, communications, and/or information describing or reflecting any deficiency or lack of probable cause evidence in the Affidavit or Criminal Complaint pertaining to the events of January 18, 206.

E. Any video footage, audio recordings, or other images of the events inside or outside the Cities Church, or of "Operation Pullup," on January 18, 2026.

F. Any documents, communications, and/or information reflecting any communication(s) between Don Lemon and any other named or unnamed co-conspirator(s) or Defendant(s) concerning or relating to "Operation Pullup," or the events of January 18, 2026.

G. Any documents, communications, and/or information describing or reflecting any violation of law, rules, or policy by anyone associated with or involved in events and/or the investigation of this matter with respect to their activities in the events and/or investigation of this case.

H. Any documents, communications, and/or information describing or reflecting prior criminal convictions, guilty verdicts, or juvenile adjudications (including but not limited to any relevant "rap sheets") of any witness the government intends to call at trial.

I. Any documents, communications and/or information describing or reflecting any consideration or promise given by any law enforcement official, prosecutor, or government agent during the course of the investigation of the above-referenced case to any witness the government intends to call at trial. Such "consideration" or "promise" includes, but is not limited to, anything that could be of value to the witness, such as favorable treatment or assistance in another criminal matter, immunity, letters of support for the witness, or anything else that would provide the witness with an incentive or motive to provide testimony against the defendant at trial.

J. Any documents, communications, and/or information not requested above that describe or reflect the motivation of any witness to cooperate with the United States.

K. Any documents, communications and/or information not requested above that describe or reflect the competency or credibility of any witness the government intends to call at trial.

L. Any documents, communications, and/or information not requested above that describe or reflect any bias or hostility against defendant, any protestor(s) specifically or in general not limited to these events on January 18, or any witness, whom the government intends to call at trial.

M. Any documents, communications, and/or information stating or indicative of destruction of any evidence including and not limited to texts, emails or other messaging concerning the events or investigation or documentation of such investigation.

N. Any documents, communications and/or information describing and/or relating to agents' arrest of and contact with Don Lemon in the late evening and early morning hours of January 29 and January 30, 2026, and any conversations with him at the Roybal Federal Building that day.

O. Any warrant returns or agent's affidavit concerning any effort to review and search the contents of Don Lemon's seized iPhone incident to his arrest on January 29, 2026.

P. Any Department of Justice or U.S. Attorney's Office memoranda addressing the applicability or inapplicability of 18 U.S.C. §§ 241, 248 in addressing the speech or activity of journalists or events occurring at houses of worship.

## IV. Rule 26/Jencks Act Material

For some time, in cases where there is no legitimate concern for flight or witness tampering and in the spirit of full compliance with *Brady* and its progeny, the Department of Justice has provided witness interview memoranda and grand jury testimony as part of initial discovery (outside of such testimony that also will include *Brady* material). We request this material in this phase of discovery.

**V. Other Crimes Evidence**

Pursuant to the Fifth and Sixth Amendments and Federal Rule of Evidence 404(b), Defendant requests that the prosecution disclose all evidence of any similar crimes, wrongs, or acts allegedly committed by Don Lemon, upon which the prosecution intends to rely to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**VI. Investigative Witness Statements**

With respect to those individuals interviewed by the government as part of its investigation in this matter, defendant specifically requests:

A. Any draft FBI-302s, FD-1023s or other law enforcement interview reports, memoranda, notes, or recordings describing such interviews.

B. Any requests by investigating agents or members of the Department of Justice to edit, revise, include in, or otherwise change the content of any 302 or other law enforcement interview reports, memoranda, notes, or recordings.

* * *

Defense counsel requests that you take all necessary steps to preserve and retain all evidence in the possession of the government agencies described above and their members related to the allegations in this matter and investigation of same. This request necessarily applies to both government-issued and personal electronic devices. For purposes of these requests, "evidence" is defined broadly to include any writing, material object, or digital/electronic item.

Defense counsel would appreciate your response to these requests as soon as possible and any exculpatory material in the government's possession should be prioritized for disclosure. We will supplement these requests as we continue our preparation for trial. If you have any questions regarding these requests, please contact me.

Thank you for your consideration.

Sincerely,

Abbe David Lowell
*Counsel for Don Lemon*

cc: Joe Thompson, Counsel for Mr. Lemon