L&A
LOWELL AND ASSOCIATES, PLLC

Lowell & Associates, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: (202) 964-6110
Fax: (202) 964-6116

Abbe David Lowell
ALowellPublicOutreach@lowellandassociates.com

July 13, 2026

**VIA E-MAIL**

Robert J. Keenan
Acting Deputy Assistant Attorney General
Office of the Assistant Attorney General
Department of Justice, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Neville Hedley
Senior Trial Attorney
Office of the Assistant Attorney General
Department of Justice, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Re: *United States v. Don Lemon*, Case No. 26-cr-00025-LMP-DLM

Dear Mr. Keenan and Mr. Hedley:

On behalf of our client Don Lemon, and in follow-up to our first discovery letter dated February 13, 2026, we hereby make the following supplemental requests pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b) of the Federal Rules of Evidence, the Fifth and Sixth Amendments to the United States Constitution, the government's ethical disclosure obligations, and the Supreme Court's rulings in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972).

In February, the government obtained a warrant to search the contents of the iPhone seized from Mr. Lemon at the time of his arrest in California. The petition to seal that search warrant application was dated January 30 and suggests that the government first applied for a warrant to search Mr. Lemon's iPhone on January 30. But Magistrate Judge Foster did not sign the search warrant until three days later, on February 2. The warrant materials already produced indicate that the government may have submitted one or more prior versions of the search warrant application or supporting affidavit to the court for authorization before Magistrate Judge Foster signed the warrant on February 2. Any prior search warrant applications or affidavits presented to the court but not approved are relevant to the defense and subject to disclosure. They may reflect deficiencies in probable cause, changes to the government's factual assertions, or revisions made in response to judicial concerns. They surely appear to fall under *Brady.* They are also relevant to Mr. Lemon's motion to suppress the search of his iPhone and his request for a *Franks* hearing related to that search warrant application. Dkt. #554.

The government has not produced in discovery copies of any search warrant applications related to Mr. Lemon's iPhone that were submitted but rejected by the magistrate judge. Accordingly, we request production of all search warrant applications, supporting affidavits, drafts, proposed affidavits, or related submissions concerning Mr. Lemon's iPhone or iCloud account that were submitted to any judicial officer,

either in the District of Minnesota or any other jurisdiction, but were rejected, returned for revision, withdrawn, superseded, or otherwise not signed. This request includes any correspondence, emails, memoranda, notes, or communications memorializing feedback to or from any magistrate judge concerning deficiencies in any proposed warrant application or supporting affidavit.

We also renew our April 20, 2026 request for production of the following materials:

(1) the 2018 Department of Justice memorandum directing prosecutors not to charge the FACE Act's "house of worship" provision, 18 U.S.C. § 248(a)(2); and

(2) all internal or external Department of Justice memoranda, guidance, legal opinions, analyses, or other documents addressing the constitutionality, enforceability, applicability, or interpretation of 18 U.S.C. §§ 248 or 241.

We request that the government produce the requested materials, together with any additional exculpatory or impeachment evidence in its possession, custody, or control, as soon as practicable, but no later than **July 17, 2026**. We reserve the right to supplement these requests as discovery continues and trial preparation progresses.

If you have any questions regarding these requests, please contact me.

Sincerely,

Abbe David Lowell
*Counsel for Don Lemon*

cc: Joe Thompson, Counsel for Mr. Lemon