UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>4. Don Renaldo Lemon,<br><br>Defendant. | **MOTION TO SUPPRESS EVIDENCE OBTAINED BY SEARCH AND SEIZURE VIA SECTION 1509 SUMMONS**<br><br>Case No. 26-cr-025 (LMP/DLM) |

Defendant Don Renaldo Lemon respectfully moves the Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), the Fourth Amendment, and 19 U.S.C. § 1509, to suppress all records obtained through purported "Customs Summonses" issued to all companies, including Verizon Wireless, together with any and all derivative evidence associated with Mr. Lemon. The government's investigation and the alleged offenses being prosecuted bear no connection to customs entries, importation, duties, bonded merchandise, or any other customs function. Use of customs summonses to collect evidence in this case was thus improper and not authorized by the statute providing that process and, in using it, the government also violated Mr. Lemon's Fourth Amendment rights against unreasonable searches and seizures.

Mr. Lemon further requests that, if necessary, the Court Order an evidentiary hearing to examine why the summonses were authorized, what information was returned to the government, and how the government has used that information.

## BACKGROUND

Government discovery reflects that federal agents issued one or more summonses for records under 19 U.S.C. § 1509 to Verizon Wireless ("Verizon") concerning telephone numbers

known to belong to Mr. Lemon, including wireless numbers ending in -9984 and in -4994. One summons, authorized by HSI Special Agent Timothy Gerber on January 20, 2026, directed Verizon to produce specific records, including 'Subscriber Information' and 'Call Information,' for the period of 12/19/2025 – 1/20/2026.[1] Subscriber Information is defined as:

> The names; addresses; length of services including start date, close date if the account is closed; types of services utilized (e.g. push-to talk, text, three-way calling, data, etc.); means and sources of payment (including any and all credit cards and bank account numbers) of a subscriber to and customer of such service; and all telephone instrument numbers, including temporarily assigned network address for all subscribed communication services.

The Summons further sought Call Information for the same period, defined as:

> Local and long-distance connection records (including all incoming and outgoing calls; and all voice. VoLTE, SMS, MMS, text, and data usage) and all records of session times and durations; and all telephone instrument numbers, including temporarily assigned network address for all subscribed communication services.

The Summons certificate of service, dated January 20, 2026, was also signed by Special Agent Gerber.[2] The HSI Summonses served on Verizon—for several defendants in this case—were memorialized in an HSI Investigation Report, dated January 21, 2026, and approved by Supervisory Special Agent David Whalen.[3]

To date, any returns from Verizon to HSI for Mr. Lemon's Subscriber or Call Information have not been produced in discovery. To the extent that Verizon either rejected these requests or otherwise has not yet responded, this information has not been shared with Mr. Lemon or his counsel.[4]

---

[1] Discovery Bates stamp 00013032 (Cover Sheet) and 00013033 (HSI Summons).
[2] Discovery Bates stamp 00013029.
[3] Discovery Bates stamp 00000021.
[4] On August 28, 2026, prior to filing the instant motion, Mr. Lemon's counsel reached out to the government seeking clarification regarding this summons and any Verizon returns for Mr. Lemon's data. As of this filing, counsel has not heard back from the government.

## ARGUMENT

Use of Section 1509 summons authority in this manner is improper and reveals a critical procedural flaw. 19 U.S.C. § 1509 is a customs statute specifically designed—and limited—to investigate a customs issue. Such summons are not broad-based investigative tools, nor are they scrutinized, authorized, or signed by a magistrate judge. This investigation and prosecution have never had any relationship with customs enforcement. As such, these summonses are a facially improper way for the government to have gathered information here, warranting suppression.

Section 1509 authorizes compulsory process in an investigation conducted to determine the correctness of an entry, liability for customs duties and related penalties, or compliance with laws administered by the United States Customs Service. 19 U.S.C. § 1509(a). The statute further authorizes a summons for the production of "records, as defined in subsection (d)(1)(A)," which addresses records required to be maintained under 19 U.S.C. § 1508 and records believed to concern merchandise whose importation is prohibited. *Id.* at §§ 1509(a)(2); (d)(1)(A).

This prosecution bears no connection whatsoever to customs entries, importation, duties, bonded merchandise, or any other customs function. It concerns protest activity and protected First Amendment activity taking place at a local church—as far removed from an importation offense as imaginable. Nor are Verizon's ordinary Subscriber and Call records customs records of the type that Congress authorized the government to compel under Section 1509.

Several grounds exist warranting suppression of these returns. *First*, the summonses fall outside of Section 1509's power. The statute is tailored by design and does not create general administrative-subpoena authority for any criminal investigation within the jurisdiction of a

component of the Department of Homeland Security. Section 1509's authority is tied to specified customs purposes/offenses, specified officials, and specified records.[5]

*Second*, the nature of the records sought here establishes an independent violation of the Fourth Amendment to the United States Constitution. In *Chatrie v. United States*, the Supreme Court affirmed that law enforcement conducts a Fourth Amendment search when it acquires an individual's cellphone-location information from a third-party provider. 146 S. Ct. 2193, 2206–09 (2026). These summonses thus implicate *Chatrie*. An unauthorized seizure of records without the normal requirements for there being a finding of probable cause, or a proper use by a grand jury, would violate Mr. Lemon's rights. *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007); *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008).

*Third*, the circumstances bear directly on culpability and remedy. Suppression is intended to deter deliberate, reckless, grossly negligent, and in some circumstances recurring or systemic governmental misconduct. *Herring v. United States*, 555 U.S. 135, 144 (2009). The use of a facially inapplicable customs statute to improperly gather information satisfies this standard.

On the face of what already exists in the record, this Court may have grounds to suppress any return from the unauthorized acquisition of records. Otherwise, an evidentiary hearing is required to resolve any factual issues that bear on the validity of the challenged search or seizure.

---

[5] *See also* Sam Levine, *Trump's DHS Is Using An Obscure Law To Secretly Snoop On Journalists, Non-Profits And Unions: 'It's Outrageous'*, The Guardian (Aug. 29, 2026), https://www.theguardian.com/us-news/2026/aug/29/trump-dhs-1509-summons-records-journalists-nonprofits?CMP=share_btn_url. According to one former official, who served as the inspector general for DHS from 2014 to 2017, use of § 1509 summons authority in this manner amounts to "outrageous conduct on so many levels. It's hard to know where to begin. . . . This is an improper use of the subpoena under any circumstances. This is not a customs case; it is not a customs violation. They are not investigating a customs violation." *Id.*

Prior to any hearing, the government should be directed to produce (or identify if already produced):

- Every Section 1509 summons concerning Mr. Lemon or any wireless number/carrier associated with him;
- All applications, requests, approvals, cover communications, database entries, and internal records concerning those summonses;
- All government correspondence with Verizon Wireless;
- The complete Verizon Wireless returns, including any data dictionaries or descriptions identifying the information produced;
- The policies, procedures, or guidance governing the issuing agency's use of Section 1509 at the relevant time; and
- Records sufficient to identify how the information was used and what subsequent investigative steps resulted from it.

Testimony is also needed to explain the asserted basis for invoking Section 1509, the information provided to Verizon, the records received, and the derivative use of those records. Mr. Lemon moves, independently of the evidentiary issues, for suppression.

**CONCLUSION**

Mr. Lemon thus moves for suppression of any and all provided material, together with any and all derivative evidence, and explicitly requests an evidentiary hearing.

Dated: August 31, 2026

Respectfully Submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell (*admitted pro hac vice*)
David A. Kolansky (*admitted pro hac vice*)
Isabella M. Oishi (*admitted pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

/s/ *Joseph H. Thompson*
Joseph H. Thompson (#0343031)
THOMPSON JACOBS PLLC
222 N. Second Street, Suite 220
Minneapolis, MN 55401
Tel: (612) 416-3322
joe@thompsonjacobs.com

*Counsel for Don Renaldo Lemon*