UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL WALKER BEUTE,

Defendant.

Case No. 26-CR-25(12) (LMP-DLM)

**DEFENDANT BEUTE'S MOTION TO DISMISS**

Michael Beute, by and through his undersigned attorneys, respectfully moves the Court for an order dismissing his indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(v). Beute's indictment fails to state an offense. Beute understands the Eighth Circuit standard that "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002) (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir.1993)).

The simple fact is that his indictment does not, by any reasonable construction, allege facts sufficient to meet either of the two statutes it purports to charge.

**Relevant Facts**

On Saturday, January 18, 2026, Michael Beute was in Minneapolis acting as a cameraman working under contract for journalist Don Ronaldo Lemon, who was in

Minneapolis to cover protest activity in response to Immigrations and Customs Enforcement operations in Minneapolis.

On February 26, 2026, Beute was charged along with 38 other defendants with one count of conspiracy against rights in violation of 18 U.S.C. § 241 and one count of aiding and abetting a violation of 18 U.S.C. § 248(a)(2). The indictment alleges that Beute's activities on January 18, 2026, violated both statutes. (Doc. 144).

Beute's indictment is 19 pages long and describes the conduct of other defendants in considerable detail, though there is not much detail in the indictment regarding Beute's actions. Beute's actions, in their entirety, were also recorded on his camera.[1] The Government alleges that Beute violated both statutes by doing all of the following:

- Beute allegedly "[G]athered for a pre-operation briefing with other defendants" (Doc. 144, pg. 8).
- Beute allegedly was instructed by Don Lemon: "don't give anything away" while traveling to a church, the site of a protest (Doc. 144, pg. 11)
- Beute allegedly was told by Don Lemon: "I don't think we can go ahead. I don't think we can go inside right?" (Doc. 144, pg. 11)
- Beute allegedly entered a church (Doc. 144, pg. 11)
- Beute allegedly "approached the pastor" of the church along with co-defendants Don Lemon and Georgia Fort and "*largely* surrounded him" (Doc. 144, pg. 15) (emphasis added).

The indictment alleges nothing else about Beute's specific conduct on January 18, 2026, or on any other date.

[1] Beute's camera feed from that day can be viewed in its entirety here: https://www.youtube.com/watch?v=v4ctuhv-cck and will be offered as an exhibit at the hearing on this motion.

## Relevant Law

"It is an elementary principle of criminal pleading, that where the definition of an offence… includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars." *Russell v. United States*, 369 U.S. 749, 765, (1962).

When the defendant brings a motion to dismiss for failure to state an offense under Federal Rule of Criminal Procedure 12(b)(3) the Court "accept[s] the allegations stated in the indictment as true [and] ask[s] whether they can form the basis of the charged offense." *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021).

It is generally true that "[a]n indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). However, an indictment must "fairly inform[] the defendant of the charges against which he must defend, and allege[] sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993). It must also "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117–18 (1974).

## Argument

Beute is accused of conspiring with others to violate civil rights, and aiding and abetting a violation of 18 U.S.C. § 248 (the "FACE Act").

With regard to any conspiracy, it is black letter law that a defendant's "mere presence at the location of the crime alone, even when coupled with knowledge of that crime, is not sufficient to establish guilt on a conspiracy charge." *United States v. Hernandez*, 986 F.2d 234, 236 (8th Cir. 1993). Aiding and abetting liability is similar: "As at common law, a person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71 (2014). This statutory and common law framework exists "to keep aiding-and-abetting liability grounded in culpable misconduct." *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 490 (2023).

In the case of Beute, the Government has not even adequately alleged that Beute had knowledge of an alleged crime, let alone alleged that his presence aided, abetted, furthered, or advanced either alleged crime in any concrete way. Beute is alleged to have gathered with others, been told certain information by Co-defendant Don Lemon, entered a church, and approached a pastor. The Government does not appear to dispute that Beute did all this in his capacity as a cameraman recording a journalist.

Simply put, mere presence is insufficient to advance either of the crimes the government has alleged. With regard to 18 U.S.C. § 241, the 8th Circuit has observed that "mere presence at the scene of the unlawful acts or his association with the members of the conspiracy is not enough to establish his guilt." *See United States v. J.H.H.*, 22 F.3d 821, 830 (8th Cir. 1994).

The provision of the FACE Act that Beute is accused of violating, punishes only one who "by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship." Importantly, the FACE Act defines several of those terms quite narrowly.

One "intimidates" a person under the FACE Act only by "place[ing] a person in reasonable apprehension of bodily harm to him- or herself or to another" and one "interferes" with a person under the FACE act only by "restrict[ing] a person's freedom of movement." 18 USC § 248(e)(2)&(3). "Physical obstruction" is similarly narrowly defined as "rendering impassable ingress to or egress from a facility that provides reproductive health services or to or from a place of religious worship, or rendering passage to or from such a facility or place of religious worship unreasonably difficult or hazardous" 18 USC § 248(e)(4). To put it more simply, the FACE act "does not directly apply to speech, but rather prohibits three types of conduct—use of force, threat of force, and physical obstruction." *Norton v. Ashcroft*, 298 F.3d 547, 552 (6th Cir. 2002).

Beute did not use force or the threat of force. He did not physically obstruct anyone. His mere presence, which is all that is alleged, did not "aid or abet" an act of force, a threat of force, or an act of physical obstruction of any of his alleged co-conspirators.

Unlike many of his alleged co-conspirators, Beute is not alleged to have chanted, yelled, or engaged in "menacing or threatening behavior", and indeed, as a cameraman, he was silent the entire time, and his hands were occupied holding a camera. Thus, he could not have "intimidated" a person under the meaning of the FACE Act. The indictment does not allege Beute "interfered" with religious worship under the definition provided in the FACE Act. The indictment alleges that he, following Defendant Don Lemon as his cameraman, "largely" surrounded the church pastor. (Doc. 144, pg. 15), thus even by the plain language of the indictment, Beute did not obstruct the pastor's movement. In construing the extent of the FACE Act, courts in other districts have held that "[t]here must be an actual obstruction" to trigger liability. *See New York ex rel. Spitzer v. Cain*, 418 F. Supp. 2d 457, 480 (S.D.N.Y. 2006); *See also New York by James v. Red Rose Rescue*, 771 F. Supp. 3d 311, 326 (S.D.N.Y. 2025) (Citing *Cain* for the proposition that "constructive obstruction" is "an uncertain and potentially slippery concept").

Indeed, as aforementioned, Beute's conduct is continuously recorded on the livestream of this event. The recording shows that Beute:

1) Records the exterior of the church (38:41 – 41:31 on Beute's livestream).
2) Enters a church long after anyone else (41:39 on livestream).
3) Moves to one side of the church to better record the entire scene (42:30 on livestream).
4) Records an interview of one protestor (Nekima Levy Armstrong) (49:40 on livestream).
5) Approaches the pastor of the church who is clearly not surrounded and can at all times move backwards (away from Beute) or off to the right (his left). (51:30 on livestream).
6) Records interviews with several other parishioners. (52:44 – 59:27)

7) Leaves (at 59:27)

Beute, acting as a cameraman for a nationally-recognized journalist, simply recorded an event. The indictment alleges nothing more than Beute receiving information about an event and then recording that event. His conduct, as alleged in the indictment and as recorded on his livestream, does not constitute either a conspiracy against rights or a violation of the FACE Act, and Beute's mere presence at the scene did not aid or abet a violation of the FACE Act.

**Conclusion**

For this reason, the indictment against Beute should be dismissed for failure to state an offense.

Dated: August 31, 2026 Respectfully submitted,

*/s/ William J. Mauzy*

William J. Mauzy (#68974)
William R. Dooling (#0402244)
Mauzy Law Office, P.A.
650 Third Avenue South
Suite 260
Minneapolis, MN 55402
(612) 340-9108
*Attorneys for Defendant*