UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>CHARLES LEE SWENSON,<br>Defendant. | ) | Case No. 0:26-CR-00025(34) (LMP/DLM)<br><br>**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM THE SEIZURE OF THE SILVER IPHONE WITH WHITE BACK IN CLEAR CASE** |

Defendant Charles Lee Swenson, by and through his attorney, Patrick L. Cotter, respectfully moves this Court pursuant to Fed. R. Crim. P. 12(b)(3)(C) to suppress any evidence discovered pursuant to HSI's seizure of Mr. Swenson's cell phone. The evidence must be suppressed because HSI did not have a warrant, the phone was not seized incident to arrest, and the plain view exception does not apply.

Mr. Swenson was indicted in this matter on February 26, 2026, and he was arrested pursuant to an arrest warrant the following morning. Officers located him outside his residence while he was getting into his vehicle. Using Mr. Swenson's house keys, Officers entered the residence to execute the arrest warrant for Mr. Swenson's wife and co-defendant, Robyn Swenson. While inside, officers observed a cell phone on a table. Mr. Swenson told officers to leave the cell phone on the table, but the officers insisted that he may want the phone and that they would bring it with them.

First, officers did not have a warrant to seize Mr. Swenson's cell phone and did not have a search warrant for Mr. Swenson's residence. They had only an arrest warrant.

Therefore, to avoid suppression, the government must establish an exception to the warrant requirement. The government has indicated it will rely on the plain view exception.[1] The plain view exception permits warrantless seizures of evidence when three requirements are met: "(1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself." *United States v. Vinson*, 805 F.3d 1150, 1152 (8th Cir. 2015) (quotation omitted).

The first and third prongs are satisfied because when the officers observed the cell phone, they were lawfully inside the Swensons' residence executing the arrest warrant for Ms. Swenson. At issue is the second prong. "[A]n item's incriminatory nature is immediately apparent if the officer at that moment had 'probable cause to associate the property with criminal activity.'" *United States v. Cowan*, 674 F.3d 947, 953 (8th Cir. 2012) (quoting *Texas v. Brown*, 460 U.S. 730, 741-42 (1983) (plurality opinion)). At the time the officers seized the phone, they had no information establishing probable cause that the cell phone would contain evidence of a crime. The officers had never seen the phone before, Mr. Swenson did not have it on his person when he attempted to leave the house that morning, and it was found nearly six weeks after the offenses were allegedly

[1] Contrary to what the officers indicated in their report, the search incident to arrest exception does not apply. *Chimel v. California*, 395 U.S. 752, 763 (1969) (holding that law enforcement conducts a lawful search "incident to arrest" if the item is on the subject's person or within in an area of their immediate control). The cell phone was discovered on a table and was not within Mr. Swenson's reach.

committed. The government cannot satisfy its burden to show that the officers had probable cause to seize the cell phone without a warrant.

This motion is based upon the Indictment, the records and the files in the above-entitled action, the testimony under oath of witnesses, evidence offered and admitted, subsequent legal memorandum stating with specificity the legal points of authority in support of this motion, and any and all other materials which may be presented prior to or at the time of the hearing on this motion.

Respectfully submitted,

Dated: August 31, 2026

Patrick L. Cotter
Attorney No. 0319120
105 Hardman Court, Suite 110
South St. Paul, MN 55075
Phone: (651) 455-1555
Fax: (651) 455-9055
patrick@siebencotterlaw.com

**ATTORNEY FOR DEFENDANT CHARLES LEE SWENSON**