UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Chauntyll Allen (2),

Defendant.

**MOTION TO SUPPRESS – WARRANTLESS SEIZURE OF PHONE AND SEARCH OF PHONE PURSUANT TO WARRANT**

Case No.: 26-cr-25 (LMP/DLM)

Chuantyll Allen, by counsel Jill A. Brisbois of the The JAB Firm, states as follows for her Motion to Suppress:

**FACTUAL BACKGROUND**

Chauntyll Allen is charged by Superseding Indictment with offenses titled by the Government as Conspiracy Against Right of Religious Freedom at Place of Worship, in violation of 18 U.S.C. § 241, and Injure, Intimidate and Interfere with Exercise of Right of Religious Freedom at Place of Worship, in violation of 18 U.S.C. § 248(a)(2), (b), and §2(a). Doc. 144.

These charges arise out of a protest at Cities Church, 1524 Summit Avenue, St. Paul, Minnesota, on January 18, 2026. On that date, Allen and others are alleged to have entered the church where they engaged in a peaceful, non-violent protest against an associate pastor, David Easterwood, who also was the Acting Director of Immigration and Customs Enforcement (ICE) regional St. Paul office. The protesters were protesting that Mr. Easterwood was supervising the systematic brutalization of individuals by ICE employees

under his control and that he was directly involved in the Government's, wrongful arrest, seizure, assault, and detention of individuals in the State of Minnesota.

On January 20, 2026, Allen was charged by Complaint with a violation of 18 U.S.C. §241. Doc. 23. In the morning of January 22, 2026, she was arrested pursuant to a bench warrant. Doc. 3. After she was arrested, she was pat down and her phone was seized by HSI agents without a warrant.

On January 23, 2026, Homeland Security Investigation (HSI) Special Agent Timothy Gerber applied for a search warrant for a "black Google phone in a clear plastic case." (Application for Search Warrant, 26-mj-88 (SGE) (attached as Exhibit No. 1) that provided no temporal limit on the duration of the search. No claim was made in the search warrant application that Allen had a phone in her possession on January 18th or that she used a phone in any manner on that date. No specific claim with respect to Allen was made as to how a phone was an instrumentality of any crime allegedly committed by Allen on January 18, 2026. The search warrant application did not allege that any particular phone number, much less a phone number associated with Allen, was linked to the phone.

On or about January 24, 2026, an exam of the phone was completed. Allen moves to suppress any physical evidence obtained as a result of the warrantless seizure of her phone on January 22, 2026, any evidence obtained pursuant to a search of that phone pursuant to a search warrant, and any evidence derived from any illegal seizure and/or search of the phone.

## ARGUMENT

### I. The Warrantless Seizure.

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment, and subject only to a few specifically established and well-delineated exceptions." *United States v. Evans*, 830 F.3d 761, 765 (8th Cir. 2016) (alteration in original) (*quoting Coolidge v. New Hampshire*, 403 U.S. 443, 45455 (1971) (plurality opinion)). "The government bears the burden of establishing that an exception to the warrant requirement applies." *United States v.Williams*, 616 F.3d 760, 765 (8th Cir. 2010); *United States v. Evans*, 830 F.3d 761, 766 (8th Cir. 2016).

Allen asserts that government agents lacked probable cause to seize the phone on January 22, 2026, or that seizure of the phone was allowed by any exception to the warrant requirement. The government should not be allowed to use illegal means to seize Allen's phone and then search the phone to produce incriminating evidence to use against her. Evidence obtained after the illegal seizure should be excluded because the secondary evidence is a product of the original illegality, as "Fruit of the Poisonous Tree." *Wong Sun v. United States*, 371 U.S. 471 (1963). Under this doctrine, not only must illegally obtained evidence be excluded, but also all evidence obtained or derived from exploitation of that evidence.

**II. The Search Warrant.**

Allen contends that the Application for Search Warrant: (a) failed to establish a required nexus between the phone sought to be searched and the events of January 18, 2026; and (b) lacked particularity and was overbroad by allowing for a search of the phone's contents with no temporal limit, and for the scope of the information sought.

### A. Nexus

"In order to support an application for a search warrant, '[t]here must be evidence of a nexus between the contraband and the place to be searched.'" *United States v. Johnson*, 848 F.3d 872, 878 (8th Cir. 2018) (quoting *United States v. Colbert*, 828 F.3d 718, 726 (8th Cir. 2016)); *see also United States v. Tellez*, 218 F.3d 547, 550 (8th Cir. 2000)). As further noted in *Johnson*, "[f]actors to consider in determining if a nexus exists include 'the nature of the crime and the reasonable, logical likelihood of finding useful evidence.'") *id. See also, United States v. Etheridge*, 165 F.3d 655, 657 (8th Cir. 1999)). The Application for Search Warrant failed to set forth any facts connecting the phone seized on January 22, 2026, the events of January 18, 2026 or connecting the phone to Allen other than by her physical possession of the phone at the moment of her arrest. All physical evidence obtained as a result of the search of the phone identified in the warrant application should be suppressed as the warrant application does not establish probable cause to believe that evidence of a crime will be found in the place searched. *United States v. Proell*, 485 F.3d 427,430 (8th Cir. 2007).

### B. Particularity

The events charged as a crime in the Superseding Indictment occurred on January 18, 2026. The target of the planned protest, Acting ICE Field Office Director David Easterwood, did not come to public attention until January 16, 2026, the date of a decision granting a preliminary injunction in *Tincher v. Noem*, 25-cv-4699 (1/16/25, District of Minnesota), in which affidavits filed by Acting Director Easterwood and seeking to justify

ICE's actions in Minnesota came to light. The warrant application provides no basis as why there was no temporal duration for a search of her phone.

In addition, the Government sought and the warrant purports to grant authority to obtain information about all "contacts" and "associates" of Allen without any time limitation. Given that Allen is a public official (a fact known to the Government), the overbreadth of the warrant raises the real spectre of the Government intruding upon and gaining access to private information about protected First Amendment activity. Where a warrant authorizes the seizure of materials protected by the First Amendment, the particularity requirement must be applied with "scrupulous exactitude." *Stanford v. Texas*, 379 U.S. 476, 485 (1965).

General warrants are forbidden by the Fourth Amendment because the problem posed by general warrants is "of a general, exploratory rummaging in a person's belongings." *Andresen v. Maryland*, 427 U.S. 463, 480 (1976). In addition to probable cause, the Fourth Amendment also requires that a search warrant must describe with particularity the place to be searched and the things to be seized. U.S. CONST. amend. IV; FED. R. CRIM. P. 41; *United States v. Davis*, 723 F. Supp. 3d 677, 686 (E.D. Mo. 2022),aff'd, 126 F.4th 610 (8th Cir. 2025). The particularity requirement protects against "wide-ranging exploratory searches" unsupported by probable cause. *Davis*, 723 F. Supp. 3d at 686 (citing *United States v. Rosa*, 626 F.3d 56, 61 (2d Cir. 2010)); see also *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). "Particularity prohibits the government from conducting general, exploratory rummaging of a person's belongings." *United States v. Sigillito*, 759 F.3d 913, 923 (8th Cir. 2014). Because the

issued Search Warrant authorized precisely this type of "rummaging" through personal information without any time limitation, the warrant should be found to have been issued in violation of the 4th Amendment and all physical evidence obtained pursuant to the warrant should be suppressed.

Respectfully submitted,

THE JAB FIRM

s/ Jill A. Brisbois
Jill A. Brisbois, Reg. No. 0345477
150 South 5th Street, Suite 1850
Minneapolis, MN 55402
(651) 209-7797
jill@thejabfirm.com

Attorneys for Defendant Chauntyll Louisa Allen (2)

Dated: August 31, 2026