**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
CRIM. NO. 26-25 (LMP/DLM)

United States of America,
Plaintiff,
v.
Ian Davis Austin (9),
Defendant.

**MOTION FOR SEVERANCE OF DEFENDANTS**

Defendant Ian Davis Austin, by and through undersigned counsel, respectfully moves this Court for an Order severing his case for trial from that of his co-defendants under Rule 8 and Rule 14 of the Federal Rules of Criminal Procedure.

Mr. Austin notes and acknowledges the Court's June 25, 2026 Pretrial Scheduling and Case Management Order in a Criminal Case, which states: "The parties should address trial matters such as voir dire, severance, and the sequestration of witnesses with the District Judge." (Dkt. 552 at 5.) The defense makes this filing now out of an abundance of caution to avoid a potential claim of waiver. *See United States v. Munoz*, 894 F.2d 292, 294 (8th Cir. 1990).

Mr. Austin moves for severance under Rule 8 and Rule 14 of the Federal Rules of Criminal Procedure.

Mr. Austin submits severance is necessary to preserve his right to a fair trial under Rule 14. Rule 14(a) provides that if joinder of defendants in an indictment "appears to prejudice a defendant," the Court may order separate trials. Fed. R. Crim. P. 14(a). Although there is a strong presumption in favor of joint trials, particularly in conspiracy cases, severance is appropriate where there is a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment as to guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004). A defendant demonstrates real prejudice by showing, among other things, that "the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *Mickelson*, 378 F.3d at 818.

That risk is concrete here. The superseding indictment collectively charges thirty-nine defendants, while the allegations specifically directed at Mr. Austin are comparatively narrow: that he entered the Cities Church sanctuary during a worship service, stood in the main aisle, and questioned the lead pastor regarding Christian nationalism and its relation to civil law. A joint trial will necessarily expose the jury to a far broader body of evidence concerning the words,

conduct, alleged motives, and asserted roles of numerous other defendants. The resulting danger is not simply that the evidence will be voluminous. It is that conduct and rhetoric attributable to others will be treated as evidence of Mr. Austin's own agreement, intent, or culpability. As *Zafiro* recognizes, when many defendants are tried together in a complex case and the degrees of alleged culpability differ, the risk of prejudice is heightened. 506 U.S. at 539.

Mr. Austin also submits, as a separate basis for severance, that the joinder requirements of Rule 8(b) were not met. Rule 8(b) permits defendants to be joined in a single indictment only "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). In a multi-defendant case, the "same series" requirement generally requires allegations that the acts or transactions were undertaken pursuant to a common plan or common scheme. *United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012).

Here, the superseding indictment groups thirty-nine defendants under a single conspiracy label while describing materially different conduct and substantially different levels of involvement. The allegations specifically attributed to Mr. Austin do not erase those distinctions. The government must prove his individual participation and intent, not the collective conduct or political expression of everyone present or charged. The indictment's collective characterization of distinct acts as one conspiracy does not by itself establish the common activity required by Rule 8(b). At minimum, trying Mr. Austin alongside the full group creates a serious risk that the jury will be unable to separate evidence admissible against him from evidence concerning other defendants, producing precisely the evidentiary spillover and guilt by association Rule 14 is designed to prevent.

Mr. Austin therefore respectfully moves for an Order severing his case for trial from that of his co-defendants.

Dated: August 31, 2026

Respectfully submitted,

**GAD CRIMINAL DEFENSE, PLLC**

*/s/ Sarah Gad*
Sarah R. Gad
Attorney Reg. No. 0403328
8 E 25th Street
Minneapolis, MN 55404
Telephone: (612) 412-1710
sarah@gadlawoffice.com