UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-CR-25 (35) (LMP/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBYN ELISE SWENSON (35),

Defendant.

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM UNLAWFUL SEIZURE OF THE BLACK IPHONE**

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), Defendant Robyn Elise Swenson, through counsel, moves the Court for an Order suppressing all evidence obtained from Ms. Swenson's cell phone that Homeland Security Investigations (HSI) seized on February 27, 2026. The seizure of the phone was unlawful because HSI did not have a warrant to seize the phone, they did not have a warrant to search Ms. Swenson's residence, and none of the exceptions to the warrant requirement applies here.

On January 18, 2026, Ms. Swenson gathered with others to peacefully protest at Cities Church in St. Paul, Minnesota. On February 26, 2026, a superseding indictment was returned, charging Ms. Swenson with violating 18 U.S.C. § 241, the federal civil rights conspiracy statute, and 18 U.S.C. § 248(a)(2), the Freedom of Access to Clinic Entrances (FACE) Act. (Dkt. No. 144).

Pursuant to an arrest warrant (Dkt. No. 171), Ms. Swenson and her husband, Charles Swenson, were arrested at their home on February 27, 2026, at 6:00 a.m. by approximately

twelve-armed HSI agents wearing tactical gear and masks. (Report of Investigation, 3-31-26, Bates No. 1170; body worn camera video, Bates No. 288). After first arresting Charles Swenson outside the home, agents then entered the home where Ms. Swenson was sleeping in an upstairs bedroom. (Body worn camera video, Bates No. 288). She presented herself to the agents at the door of her bedroom and, after they patted her down, they permitted her to use the bathroom. (*Id.*). While Ms. Swenson was in the bathroom, agents searched the bedroom and did not find her cell phone. (*Id.*). When Ms. Swenson opened the bathroom door, an agent asked her whether she had a cell phone with her. (*Id.*). Ms. Swenson indicated it was in the bedroom. (*Id.*). Then, at the direction of the agent, Ms Swenson went to the bedroom, retrieved it, and handed it to the agent. (*Id.*). Ms. Swenson twice asked the agent whether the agent was taking the cell phone away from her. (*Id.*). The agent first indicated that they were taking the phone with Ms. Swenson in case she needed it and later said that they were not taking the phone away from her but were securing it. (*Id.*).

Although the agent indicated that they were not seizing the phone, the phone was not returned to Ms. Swenson. Instead, according to the property inventory receipt of Ms. Swenson's personal items, the cell phone was "seized." (Bates No. 5307). The search warrant for the cell phone states, "[a]t the time of the arrest, Swenson had possession of a Black Apple iPhone with a clear and black case (SUBJECT DEVICE) which was retrieved by HSI Special Agents. The SUBJECT DEVICE was seized and maintained at the Whipple Federal Building." (Ex. A, Search Warrant, at 10375).

Law enforcement had a warrant for Ms. Swenson's arrest, but did not have a warrant for the seizure of the cell phone. "[S]earches conducted outside the judicial process,

without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). Accordingly, for the seizure to be lawful, the Government bears the burden of establishing an exception to the warrant requirement. *United States v. Hill*, 386 F.3d 855, 858 (8th Cir. 2004). The Government has indicated that it will rely on the search incident to arrest exception and the plain view exception. But neither exception applies where, as here, law enforcement directed Ms. Swenson to find and turn over the phone to them after unsuccessfully searching for the phone themselves.

A search incident to arrest is "among the exceptions to the warrant requirement" and "derives from interests of officer safety and evidence preservation." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). As the Supreme Court explained in *Chimel v. California*, 395 U.S. 752, 763 (1969), "[I]t is entirely reasonable for [law enforcement] to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items." Here, the agents searched the bedroom and did not find Ms. Swenson's phone. The agent asked Ms. Swenson, who was standing in the bathroom, whether she had a phone with her and Ms. Swenson responded by indicating that the phone was in another room—the bedroom. The agent directed Ms. Swenson to get the phone and give it to her, which Ms. Swenson did. Because the phone was not on Ms. Swenson's person and was located in a different room to which Ms. Swenson had no access, the phone was not in an

area within the immediate control of Ms. Swenson. Accordingly, the search incident to arrest exception does not apply.

The Government also relies on the plain view exception. Under the plain view doctrine, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant. *United States v. Cass*, 883 F.3d 734 (8th Cir. 2018) (quoting *Minnesota v. Dickerson,* 508 U.S. 366, 375 (1993)). The Government cannot satisfy this standard. Here, the agents did not see the phone at all, let alone in plain view. They searched the bedroom and did not find the phone. Because law enforcement only determined the whereabouts of the phone after it directed Ms. Swenson to find it, the phone could not be in "plain view."

Moreover, the plain view exception requires the phone's "incriminating nature" to be "immediately apparent." But at the time the agents were executing the arrest warrant, and seized the cell phone, they had no probable cause to believe that the phone would contain evidence of a crime. The agents had not even seen the phone or known where it was, and lacked information that the phone was in Ms. Swenson's possession on January 18, 2026, or used during the protest. Indeed, the agent denied that she was seizing Ms. Swenson's phone at the time she "secured" it during the arrest, so the incriminating nature of the phone could not have been immediately apparent, as required by the plain view standard.

Because the Government illegally seized Ms. Swenson's phone, any evidence obtained from that phone should be suppressed under the fruit of the poisonous tree doctrine. *See Wong Sun v. United States*, 371 U.S. 471, 484-87 (1963).

This Motion is based upon the Indictment, the records and files in this action, the testimony under oath of witnesses, evidence offered and admitted, and any other materials which may be presented prior to or at the time of the hearing on this Motion.

Dated: August 31, 2026

**SAPIENTIA LAW GROUP, PLLC**

s/Robin M. Wolpert
Robin M. Wolpert (#0310219)
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
Phone: 612-756-7100
Fax: 612-756-7101
robinw@sapientialaw.com

*Attorneys for Defendant*
*Robyn Elise Swenson*