**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID ANTHONY OKAR,

Defendant.

Court File No. 26-cr-025 (27)(LMP/DLM)

**MOTION TO SUPPRESS FROM SEARCH WARRANT AND REQUEST FOR *FRANKS* HEARING**

---

The Defendant, David Okar, moves to suppress evidence obtained from a search warrant for his cellphone based on a lack of probable cause and a material misrepresentation in obtaining the warrant. Okar requests an evidentiary hearing pursuant to *Franks v. Delaware*. In support of the motion, Okar states as follows:

1. On January 18, 2026 a protest was held at Cities Church in St. Paul, Minnesota. The protest was organized because a pastor at the church was known to also be working as an ICE agent in a leadership position.

2. On February 26, 2026 David Okar was charged in a Superseding Indictment with violations of 18 U.S.C. §248. Specifically, he is charged with interfering with the exercise of religious freedom and conspiracy. An arrest warrant was issued in conjunction with the indictment.

3. Officers came to Okar's residence to execute the arrest warrant. In the process, Okar was observed holding a cellphone. Officers seized the cellphone. Okar argues this seizure was not supported by probable cause and was unlawful.

4. On March 10, 2026 HSI Special Agent Timothy Gerber applied for and received a search warrant for the cellphone. In the warrant application, SA Gerber stated in paragraphs 18 and 30 that Okar "physically obstructed congregants as they attempted to leave" and he "blocked congregants' freedom of movement throughout the church." These allegations are demonstrably false.

5. Video footage from the protest clearly show congregants moving freely around the church and leaving the building without Okar obstructing them. Okar will seek to admit video evidence at an evidentiary hearing to demonstrate the falsity of the statements in the warrant application.

6. Okar argues what the search warrant application alleges as evidence of criminal activity is actually peaceful protest. A congregant was alleged to have fallen and injured her arm as she left the church. This person was not injured due to the actions of the protestors.

7. Okar and the protestors at Cities Church were exercising protected free speech under the First Amendment to protest against ICE tactics. This particular protest was held only days after an ICE agent murdered Renee Good in Minneapolis.

8. Okar is an independent journalist and videographer. He was present at the Cities Church protest to document the event. A video recording he made of the protest was posted to a public Facebook page following the protest. He moved separately to dismiss the Superseding Indictment as a violation of his First Amendment rights.

9. The false allegation about Okar physically obstructing congregants during the protest is the only specific allegation about Okar's involvement in the protest and was a primary basis for obtaining the warrant.

10. The search warrant fails to establish probable cause for searching the phone because the allegations of Okar's conduct on January 18, 2026 are either not criminal, protected by the First Amendment, or a misrepresentation of the facts. To prove probable cause exists, the Government must show "a fair probability that contraband or evidence of a crime will be found in a particular place." *see Gates v. Illinois*, 462 U.S. 213, 238 (1983). The warrant application does not identify what evidence of a crime could be found on the phone. It is not clear from the application what crime was committed.

11. The search warrant seeks in paragraph 1.c. internet activity relating to the planning or commission of the alleged offense, geolocation data, and contextual information to assist in the search. The warrant application also seeks financial records and Okar's travel records. Okar argues the warrant lacks particularity and is overly broad.

12. There is insufficient information in the application to establish a nexus between the items sought and the cellphone to be searched.

13. Okar claims law enforcement already obtained information about him through public records or publicly viewable social media. A search of his cellphone was not necessary.

14. Okar seeks a *Franks* hearing. To prevail, he must show that: (1) Special Agent Gerber "knowingly and intentionally, or with reckless disregard for the truth, included a false or misleading statement in, or omitted information from, the affidavit in

support of the warrant"; and (2) "the affidavit would not establish probable cause if the allegedly false information is ignored or the omitted information is supplemented. *See Briscoe v. St. Louis County*, 172 F.4th 996, 1006 (8th Cir. 2026). Okar argues the allegation about him obstructing congregants is false based on the many videos of the event. Without this allegation, there are no other facts the Court could rely on for probable cause.

15. Okar states that HSI and ICE agents lack credibility based on the conduct of officers since Operation Metro Surge began up to the present. The Court is likely aware of examples of agents in other cases giving false information in reports and arresting people without legal justification. Based on the cumulative experience with HSI and ICE in Minnesota, the Court should scrutinize the instant warrant application and hold an evidentiary hearing on this motion.

Law Office of Robert A. Lengeling, PLLC

Date: August 31, 2026

By *s/ Robert A. Lengeling*
MN ID#304165
Lumber Exchange Building
10 S. 5th Street, Suite 800
Minneapolis, Minnesota 55402
(612) 963-1555
robert@lengelinglaw.com
ATTORNEY FOR DEFENDANT