UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-CR-25 (LMP/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBYN ELISE SWENSON (35), AND
CHARLES LEE SWENSON (34),

Defendants.

**JOINT MOTION TO SUPPRESS EVIDENCE BASED ON ATTORNEY CLIENT PRIVILEGE**

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), Defendants Robyn Elise Swenson and Charles Lee Swenson, through their respective counsel, move the Court for an Order suppressing all evidence obtained from the search of their cell phones that constitute attorney-client privileged communications with their counsel.

On January 18, 2026, Robyn and Charles Swenson, who are husband and wife, gathered with others to peacefully protest at Cities Church in St. Paul, Minnesota. They were indicted on February 26, 2026, and charged with violating 18 U.S.C. § 241, the federal civil rights conspiracy statute, and 18 U.S.C. § 248(a)(2), the Freedom of Access to Clinic Entrances (FACE) Act. (Dkt. No. 144).

On February 27, 2026. Homeland Security Investigations (HSI) agents arrested the Swensons at their home and seized their cell phones. (Dkt. Nos. 170, 171; Dkt. No. 744, Ex. A, Search Warrant, at 10375; Dkt. No. 726, Ex. 1, Search Warrant, at 10558). The phones were seized without a warrant and remain in the possession of HSI. (Dkt. No. 744, Ex. A, at 10375;

Dkt. No. 726 at 10558). The warrant to search the contents of Robyn Swenson's cell phone was applied for and issued on March 6, 2026, one week after the cell phone's seizure and approximately seven weeks after the underlying incident. (Dkt. No. 744, Ex. A). The warrant to search the contents of Charles Swenson's cell phone was issued on March 16, 2026, more than two weeks after its seizure and more than eight weeks after the underlying incident. (Dkt. No. 726). The court appointed separate counsel for Robyn Swenson and Charles Swenson on March 3, 2026. (Dkt. Nos. 281, 282).

The warrants authorized the search and seizure of records and information on the cell phone for the time period of "January 1, 2026 through PRESENT." (Dkt. No. 744, Ex. A, at 10391; Dkt. No. 726, at 10559). Attachment B to the warrants authorized the seizure of a broad array of records and information, including call logs and call data, text messages, schedule information, communications regarding the subject offenses, contact lists, and more. (*Id.*). The search warrant addendum states that "[t]he government shall establish a search methodology governing the review of seized data to ensure that no attorney-client privileged communications will be inadvertently reviewed by the prosecution team." (Dkt. No. 744, Ex. A, at 10396; Dkt. No. 726, at 10564). The addendum goes on to state that that a "taint team" will be established if data seized pursuant to the warrant are identified by the government as "possibly containing attorney-client privileged communications." (*Id.*). A proposed taint team protocol was just provided to undersigned counsel by the Government, but it remains unclear whether this protocol has been applied to the search of the Swensons' phones.

"Generally, it is well established under common law that confidential communications between an attorney and a client are privileged and not subject to

disclosure absent consent of the client." *United States v. Horvath*, 731 F.2d 557, 562 (8th Cir. 1984). "[T]he attorney client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Ivers*, 967 F.3d 709, 715-16 (8th Cir. 2020) (quoting *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997)). Yet the broad scope of the search warrants at issue here, "January 1, 2026 through PRESENT," guarantees that privileged communications are among the contents of the Swensons' phones that were captured by any search of the phones. Accordingly, the Swensons move for the suppression of all attorney-client communications between Robyn Swenson and her attorney, Charles Swenson and his attorney, and all joint communications between the Swensons and their attorneys that the Government has obtained from the search of their phones.

Moreover, because the proposed taint team protocol was just provided to undersigned counsel by the Government, and it remains unclear whether this protocol has been applied to the Swensons' phones, the Swensons request disclosure of whether a taint team was used to review the contents of their phones, whether the proposed protocol was actually applied to the Swensons' phones, and what information was provided to the prosecution team by the taint team. The Swensons reserve the right to seek further relief upon disclosure of this information.

Dated: August 31, 2026

**SAPIENTIA LAW GROUP, PLLC**

s/Robin M. Wolpert
Robin M. Wolpert (#0310219)
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
Phone: 612-756-7100
Fax: 612-756-7101
robinw@sapientialaw.com

*Attorneys for Defendant*
*Robyn Elise Swenson*

Dated: August 31, 2026

**SIEBEN & COTTER, PLLC**

s/Patrick L. Cotter
Patrick L. Cotter (No. 0319120)
105 Hardman Court, Suite 110
South St. Paul, MN 55075
Phone: (651)-455-1555
Fax: (651) 455-9055
patrick@siebencotterlaw.com

*Attorneys for Defendant*
*Charles Swenson*