UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Nekima Valdez Levy Armstrong, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JOINT MOTION FOR A BILL OF PARTICULARS<br><br>Crim. No. 26-25 (LMP/DLM) |

* * *

The defendants, through their counsel subscribed, and pursuant to Federal Rules of Criminal Procedure 7(f) and 12(b), respectfully move the Court for an order directing the Government to file a Bill of Particulars with respect to Counts One and Two of the superseding indictment in the above-captioned matter.

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone,* 576 F.3d 881, 883 (8th Cir. 2009). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Id.* (cleaned up); *United States v. Hernandez,* 299 F.3d 984, 989–90 (8th Cir.2002). "The district court, in its discretion, may order the government to provide requested additional detail where the particulars set out in the indictment fail sufficiently to

apprise the defendant of the charges to enable him to prepare a defense." *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). In short, when the indictment "fail[s] to sufficiently apprise the defendant of what he must be prepared to meet," *Russell v. United States*, 369 U.S. 749, 764 (1962), a bill of particulars is appropriate to remedy the deficiency. When, as here, "the indictment provide[s] not a shred of detail, the defendant [i]s entitled to be otherwise apprised of the conduct that he was alleged to have undertaken in furtherance of this multi-faceted, if not multiple, conspiracy." *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998).

Here, the indictment fails to allege any facts specific to each of the charged Defendants that would give them appropriate notice regarding the conduct that allegedly constitutes the required elements of the two charged crimes.

Defendants hereby incorporate by reference the detailed analysis regarding the required elements of each of the charged crimes already supplied to the Court in their motion to dismiss for failure to state an offense. *See* Joint Motion to Dismiss Counts One and Two for Failure to State an Offense [R. Doc. 547]. As noted therein, the superseding indictment fails to allege sufficient facts that, even if proved, would establish violations of the charged crimes. If the Court declines the invitation to dismiss the superseding indictment in its entirety, the instant motion asks the Court at least to require the Government to supply the additional details that would provide them with a meaningful opportunity to prepare a defense.

Notwithstanding the detailed analysis already provided to the Court, a summary of the required elements of the charged crimes is appropriate. The elements of a § 241 Conspiracy Against Rights, based on the facts of this case, and as suggested by the Eighth Circuit manual, are likely to include the following:

> *One*, on or before January 18, 2026, two or more persons reached an agreement or came to an understanding to injure, oppress, threaten, or intimidate one or more persons;
>
> *Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and
>
> *Three*, at the time the defendant joined in the agreement or understanding, he intended to interfere with, hinder, or prevent another person's free exercise or enjoyment of the right of religious freedom at a place of religious worship without intentional injury, intimidation, or interference by force, or threat of force, or physical obstruction that renders passage to or from a place of religious worship impassable or unreasonably difficult or hazardous.

Committee on Model Criminal Jury Instructions for the Eighth Circuit, *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* § 6.18.241 (2025); 18 U.S.C. §§ 241, 248(a)(2).

The Eighth Circuit manual does not provide a model jury instruction for violations of § 248, but the elements of the charged violation of § 248(a)(2) are easily discernable as including the following:

> *One*, that the defendant used force, the threat of force, or physical obstruction that renders passage to or from a place of religious worship impassable or unreasonably difficult or hazardous;
>
> *Two*, that the defendant acted with intent to injure, intimidate, or interfere with another person's exercise of religious freedom at a place of religious worship; and

> *Three*, that defendant did so because the other person was lawfully exercising religious freedom at a place of religious worship.

18 U.S.C. § 248(a)(2); *United States v. Harlow*, No. 22-096-4 (CKK), 2023 WL 7880183, at *5 (D.D.C. Nov. 16, 2023).

Surprisingly, despite alleging 41 separate overt acts in furtherance of the charged conspiracy in Count One, and purporting to "reallege" those overt acts in support of the aiding and abetting charge in Count Two, the superseding indictment fails to identify specific conduct that, if proved, would constitute evidentiary proof of the essential elements of the offenses. Most of the overt acts allege no more than communications between the various defendants, a meeting before the protest, and advertising of the protest on social media sites.

None of the overt acts alleges the use of force, or the threat of force. A few allege "physical obstruction," but described only as "standing in and around the main aisle." None of these allegations would rise to the level of the "physical obstruction" explicitly required by charging statutes: physical obstruction that would render passage to or from a place of religious worship impassable or unreasonably difficult or hazardous.

Even the arguably more substantive overt acts allege behavior that is nebulous, general, and vague. For example, alleged "overt Act # 26" provides as follows:

> While inside the Church, defendants collectively oppressed, threatened, and intimidated the Church's congregants and pastors, by physically occupying most of the main aisle and rows of chairs near the front of the Church, engaging in menacing and threatening behavior, (for some) chanting and yelling loudly at the pastor and congregants, and/or

> physically obstructing them as they attempted to exit and/or move about within the Church.

Superseding Indictment [R. Doc. 144] at 12-13. The allegation that the defendants "*collectively* oppressed, threatened, and intimidated" persons in a church, provides no information whatsoever about the conduct of specific defendants that would be useful in preparing a defense to the vague allegations. The further allegation that the defendants collectively sat in chairs or stood in the main aisle provides no assistance either, just like the allegation of collectively "engaging in menacing and threatening behavior." What precisely was the behavior that qualified as menacing and threatening, and who actually engaged in it?

Likewise, overt Act # 25, although specifically identifying 33 defendants, alleges only that they engaged in chants and used "aggressive gestures." None of this gives them notice of any conduct that might have constituted an element of the charged crimes, and therefore fails to provide the notice required to be able to prepare a defense.

It would be merely cumulative to repeat the same observations about the remaining overt acts that already have been set forth in the Joint Motion to Dismiss Counts One and Two for Failure to State an Offense, but those observations are reasserted here. While the superseding indictment does effectively allege who was *present* at the peaceful protest in question, it is axiomatic that "mere presence" – even at the scene of an actual crime – "is not sufficient to establish guilt on a conspiracy charge. Instead, the defendant must have knowingly contributed her efforts to the

conspiracy's objectives." *United States v. Sloan*, 293 F.3d 1066, 1067 (8th Cir. 2002) (cleaned up).

If the Court does not grant the joint motion to dismiss for failure to state an offense, it should at least grant this joint motion for a bill of particulars. Without it, the defendants are left to speculate as to how to prepare a defense to the charged conspiracy in Count One and the charged substantive offense in Count Two. The Defendants joining in this motion respectfully suggest that the order granting the bill of particulars specifically direct the Government to supply the following information:

1. For each defendant, identify the specific act or acts constituting that defendant's use of force, threat of force, or physical obstruction under Count Two.

2. For each defendant, identify whether:

    a. the defendant personally used force, personally made a threat of force, or personally engaged in physical obstruction, or attempted to do so, or

    b. the defendant aided and abetted another person's threat of force, aided and abetted another person's physical obstruction, or some combination of those theories, or attempted to do so.

3. For each defendant, identify the specific words, gestures, movements, positioning, physical conduct, or other conduct alleged to constitute a threat of force.

4. For Count One, identify the specific agreement each defendant joined, including the agreement's object as to the alleged interference with religious freedom.

5. For Count One and for each defendant, identify which alleged overt act or acts were committed by each defendant individually, as opposed to acts attributed to defendants collectively.

6. For each defendant included in Overt Act # 26's allegation that defendants "collectively oppressed, threatened, and intimidated" congregants and pastors, identify the individual conduct by that defendant that allegedly constituted oppression, threat, intimidation, interference, force, threat of force, or physical obstruction.

7. For each defendant included in Overt Act # 26's allegation of "menacing and threatening behavior," identify the specific behavior by that defendant that was menacing or threatening.

8. For Overt Act # 41, involving the departing minivan, identify each defendant engaging in conduct constituting force, threat of force, intimidation, interference, physical obstruction, or evidence of intent to interfere with religious freedom.

9. For the allegation in Count Two that the conduct resulted in bodily injury to one congregant, identify the defendant or defendants whose conduct allegedly caused the injury.

10. For each defendant, identify whether that defendant completed a § 248(a)(2) violation, attempted a § 248(a)(2) violation, aided and abetted a completed violation, aided and abetted an attempted violation, conspired to commit a § 248(a)(2) violation, and the conduct of another member of the conspiracy that was reasonably foreseeable,

or the specific combination of those theories.

Dated: 31 August 2026 Respectfully submitted,

GERDTS LAW PLLC

s/ Daniel L. Gerdts
Daniel L. Gerdts, Reg. No. 0207329
331 Second Ave South, Suite 705
Minneapolis, MN 55401
(612) 800-5086
daniel@danielgerdtslaw.com

Attorneys for Defendant Satara Diann Strong Allen (33)

LAW OFFICE OF JORDAN S. KUSHNER

s/ Jordan S. Kushner
Jordan S. Kushner, Reg. No. 219307
431 South 7th Street, Suite 2446
Minneapolis, MN 55415
(612) 288-0545
jskushner@gmail.com

Attorneys for Defendant Nekima Levy Armstrong (1)

THE JAB FIRM

s/ Jill A. Brisbois
Jill A. Brisbois, Reg. No. 0345477
150 South 5th Street, Suite 1850
Minneapolis, MN 55402
(651) 209-7797
jill@thejabfirm.com

Attorneys for Defendant Chauntyll Louisa Allen (2)

OFFICE OF THE FEDERAL DEFENDER

s/ Aaron J. Morrison
Aaron J. Morrison, Reg. No. 341241
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858
aaron_morrison@fd.org

Attorneys for Defendant William Scott Kelly (3)

BIRRELL LAW FIRM, PLLC

s/ Ian S. Birrell
Ian S. Birrell, Reg. No. 0396379
Andrew S. Birrell, Reg. No. 133760
333 South 7th Street, Suite 2350
Minneapolis, MN 55402
(952) 356-2393
ian@birrell.law
andy@birrell.law

Attorneys for Defendant Jerome Richardson (5)

CAPITOL CITY LAW GROUP, LLC

s/ A.L. Brown
A.L. Brown, Reg. No. #0331909
Jennifer Rose Congdon, Reg. No. 0391048
Marcus Almon, Reg. No. # 0319387
287 East Sixth Street, Suite 20
St. Paul, MN 55101
(651)705-8580
a.l.brown@cclawg.com
jennifer@cclawg.com
marcusalmon@cclawg.com

Attorneys for Defendant Jamael Lydell Lundy (6)

LAW OFFICES OF ROBERT D. RICHMAN, LLC

s/ Robert D. Richman
Robert D. Richman, Reg. No. 226142
P.O. Box 16643
St. Louis Park, MN 55416
(651) 278-4987
robert@rdrichmanlaw.com

Attorneys for Defendant Trahern Jeen Crews (7)

KENNETH UBONG UDOIBOK, PA

s/ Kenneth U. Udoibok
Kenneth U. Udoibok, Reg. No. 0262523
Flour Exchange Building, Suite 5010
310 Fourth Ave S.
Minneapolis, MN 55415
(612) 808-6031
k@kenulaw.com

Attorneys for Defendant Aziza M. Aboud (10)

MITCHELL, BRUDER & JOHNSON

s/ Glenn P. Bruder
Glenn P. Bruder, Reg. No. 0148878
9531 West 78th Street, Suite 210
Eden Prairie, MN 55344
(952) 831-3174
gbruder@bruderlaw.com

Attorneys for Max Richard Adamson (11)

DEVORE LAW OFFICE, P.A.

s/ Kevin DeVore
Kevin W. DeVore, Reg. No. 0267302
724 Bielenberg Drive, Ste 110
Woodbury, MN 55125
(651) 435-6500
kevin@devorelawoffice.com

Attorneys for Defendant Ezra Chaim Pye Blumenfeld (13)

LEACH LAW OFFICE

s/ Patrick G. Leach
Patrick G. Leach, Reg. No. 286825
8961 Aztec Drive
Eden Prairie, MN 55347
(763) 220-6164
pgl@leachlawoffice.com

Attorneys for Defendant Kelly Ann Carey (15)

DE LEÓN & NESTOR, LLC

s/ Bruce D. Nestor
Bruce D. Nestor, Reg. No. 0318024
3547 Cedar Avenue South
Minneapolis, MN 55407
(612) 659-9019
nestor@denestlaw.com

Attorneys for Defendant Monique Cullars-Doty (16)

MELVIN R. WELCH

s/ Melvin R. Welch
Melvin R. Welch, Reg. No. 0387750
Commerce at the Crossings Bldg
250 South Second Street, Suite 205
Minneapolis, MN 55401
(612) 741-3272
mel@melvinwelchlaw.com

Attorneys for Defendant Tiffany Lynn Dunlap (17)

LAW OFFICE OF STEVEN J. WRIGHT, LLC

s/ Steven J. Wright
Steven J. Wright, Reg. No. 387336
331 Second Ave S, Suite 705
Minneapolis, MN 55401
(612) 669-8280
stevejameswright@gmail.com

Attorneys for Defendant Andrew Edwards (18)

CHARLES F. CLIPPERT

s/ Charles F. Clippert
Charles F. Clippert, Reg. No. 248848
2805 Dodd Rd., Suite 160
Eagan, MN 55121
(651) 300-4109
charlie@clippertlaw.com

Attorneys for Defendant Rachel Goligoski (19)

FORSGREN FISHER MCCALMONT
DEMAREA TYSVER LLP

s/ Caitlinrose H. Fisher
Caitlinrose H. Fisher, Reg. No. 0398358
1500 Capella Tower
225 South 6th Street
Minneapolis, MN 55402
(612) 474-3300
cfisher@forsgrenfisher.com

Attorneys for Defendant Ariel Hauptman (21)

LOTUS LEGAL PLLC

s/ Caroline H. Brunkow
Caroline H. Brunkow, Reg. No. 0398936
331 Second Ave South, Ste 420
Minneapolis, MN 55401
(612) 293-6963
cari@lotuslegalpllc.com

Attorneys for Defendant Krista Erin Hogan (22)

KOCH AND GARVIS, LLC

s/ Andrew S. Garvis
Andrew S. Garvis, Reg. No. 257989
3109 Hennepin Avenue South
Minneapolis, MN 55408
(612) 827-8101
andrew@uptownlawyer.com

Attorneys for Defendant Danielle Andrea Matthias (24)

F CLAYTON TYLER, P.A.

s/ Karen E. Mohrlant
Karen E. Mohrlant, Reg. No. 0388093
331 2nd Ave S, Ste 230
Minneapolis, MN 55401
(612) 333-7309
kmohrlant@fctyler.com

Attorneys for Catie Anne Michaelson (25)

JOHNSON & GREENBERG PLLP

s/ Lee R. Johnson
Lee R. Johnson, Reg. No. 0189935
5775 Wayzata Boulevard, Suite 700
St. Louis Park, MN 55416
(952) 545-1621
lrjohnsonslp@gmail.com

Attorneys for Defendant Eric Ryan Michaelson (26)

LAW OFFICE OF ROBERT A. LENGELING, PLLC

s/ Robert A. Lengeling
Robert A. Lengeling, Reg. No. 304165
Lumber Exchange Building
10 S. 5th Street, Suite 800
Minneapolis, MN 55402
(612) 963-1555
robert@lengelinglaw.com

Attorneys for Defendant David Okar (27)

LAW OFFICES OF THOMAS H. SHIAH, LTD.

s/ Thomas H. Shiah
Thomas H. Shiah, Reg. No. 100365
331 Second Avenue South, Ste 705
Minneapolis, MN 55401
(612) 338-0066
ths@tomshiah.com

Attorneys for Defendant Jarmel Perry (28)

BEST & FLANAGAN LLP

s/ Amy S. Conners
Amy S. Conners, Reg. No. 0387375
60 South 6th Street, Suite 2700
Minneapolis, MN 55402
(612) 349-5665
aconners@bestlaw.com

Attorneys for Defendant Cheryl Ann Persigehl (29)

GOETZ & ECKLAND P.A.

s/ Frederick J. Goetz
Frederick J. Goetz, Reg. No. 0185425
615 1st Avenue NE, Suite 425
Minneapolis, MN 55413
(612) 874-1552
fgoetz@goetzeckland.com

Attorneys for Emmar Monike Pineada-Moreno (30)

RINGSTROM DEKREY PLLP

s/ Dane DeKrey
Dane DeKrey, Reg. No. 0397334
814 Center Avenue, Suite 5
Moorhead, MN 56560-0853
(218) 284-0484
dane@ringstromdekrey.com

Attorneys for Spencer Michael Rodriguez-Bocanegra (31)

ARNESON LAW OFFICE PLLC

s/ Wyatt Arneson
Wyatt Arneson, Reg. No. 0392071
1025 Grain Exchange Building
400 South 4th Street
Minneapolis, MN 55415
(612) 746-1188
wyatt@arnesonlawllc.com

Attorneys for Defendant Katherine Shaw (32)

SIEBEN & COTTER, PLLC

s/ Patrick L. Cotter
Patrick L. Cotter, Reg. No. 0319120
105 Hardman Court, Suite 110
South St. Paul, MN 55075
(651) 455-1555
patrick@siebencotterlaw.com

Attorneys for Defendant Charles Swenson (34)

SAPIENTIA LAW GROUP, PLLC

s/ Robin M. Wolpert
Robin M. Wolpert, Reg. No. 0310219
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
(612) 756-7100
robinw@sapientialaw.com

Attorneys for Defendant Robyn Elise Swenson (35)

DORSEY & WHITNEY LLP

s/ Meredith LaVine
John Marti, Reg. No. 0388393
Meredith LaVine, Reg. No. 0506725
Ashley Repp, Reg. No. 0399661
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600
marti.john@dorsey.com
lavine.meredith@dorsey.com
repp.ashley@dorsey.com

Attorneys for Defendant Thomas Matthew Tier (36)

JAMES M. VENTURA

s/ James M. Ventura
James M. Ventura, Reg. No. 0147217
1000 Twelve Oaks Center Dr. Ste 100
Wayzata, MN 55391
(952) 475-7042
jventura@jamesventuralaw.com

Attorneys for Defendant Lee Elizabeth Wiedeman Tuggle (37)

LANGERT LAW, LLC

s/ Margaret G. Langert
Margaret G. Langert, Reg No. 0308316
724 Bielenberg Drive #54
Woodbury, MN 55125
(612) 470-4810
maggie@langertlaw.com

Attorneys for Defendant John Vergin (38)

WOLD LAW

s/ Peter B. Wold
Peter B. Wold, Reg. No. 0118382
331 2nd Avenue South, Suite 705
Minneapolis, MN 55401
(612) 341-2525
pwold@wold-law.com

Attorneys for Defendant Mark D. Weinfurter (39)