UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-cr-25 (LMP/DLM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| vs. | ) | **DEFENDANT 'S MOTION TO SUPPRESS EVIDENCE** |
| NEKIMA LEVY ARMSTRONG, Defendants. | ) | |

PLEASE TAKE NOTICE that Defendant Nekima Levy Armstrong, through undersigned counsel, hereby moves the Court for an Order suppressing evidence 1) obtained from Mr. Armstrong's cell phone on the grounds the phone was initially seized and searched without a warrant, and 2) obtained through the improper use of Summonses under 19 U.S.C. § 1509.

**1. Cell Phone**. On January 22, 2026 when HSI agents arrested Ms. Armstrong, they seized her cell phone even thought it was not on or near her person or in plain view o of where she was located. After seizing the phone, HSI agents, upon information and belief, searched the phone in order to determine who it belonged to. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment, and subject only to a few specifically established and well-delineated exceptions." *United States v. Evans*, 830 F.3d 761, 765 (8th Cir. 2016) (alteration in original) *(quoting Coolidge v. New Hampshire*, 403 U.S. 443, 45455 (1971) (plurality opinion)). "The government bears the

burden of establishing that an exception to the warrant requirement applies.*"* *United States v. Williams*, 616 F.3d 760, 765 (8th Cir. 2010); *Evans*, 830 F.3d at 766.

The government lacked probable cause to seize Ms. Armstrong's phone without knowing it belonged to her or that it had any connection to any criminal activity. Once the phone was seized, agents were not allowed to turn it on and look through it to determine whom it belonged to without first having obtained a warrant. *Riley v. California*, 573 U.S. 373, 386 (2014). Any evidence later obtained through a search warrant cannot excuse the earlier warrantless search which enabled the government to determine the phone belonged to Ms. Armstrong and then to apply for a warrant.

Prior to the arrest, the government applied for a search warrant to collect location data on Ms. Armstrong's phone. (Attached Exhibit 1). The warrant was applied for on January 21, 2026, one day before the arrest. The government lacked probable to cause to believe that the phone contained evidence of a crime, and further the warrant was overbroad. The "probable cause" set forth in the warrant application was that Ms. Armstrong had been involved in planning, organizing and participating in non-violent protest. (*See* attached exhibit 1). The warrant application describes Ms. Aromstrong and others chanting political slogans in the church, and blowing whistles which the agent acknowledges is a common part of anti-ICE resistance. (*Id*. at 8-12). There was no probable cause to believe that Ms. Armonstrong has committed any federal crime which could justify issuance of a federal search warrant. There is further no evidence that Ms.

Armstrong's phone is connected to criminal activity. The warrant application states that her phone number was listed on Factbook in February, 2022, four years before the incident. (Attached Exhibit at 16). There is no evidence presented that Ms. Armstrong is engaged in illegal activity or that she is using her phone for illegal activity.

On January 23, 2026, the day after the arrest of Ms. Armstrong, the government applied for a search warrant to search a broad swath of information inside the phone. (Exhibit 2). Again the government lacked probable cause to believe that the phone contained evidence of crime, and the warrant was very overbroad. The Fourth Amendment requires that a search warrant be supported by probable cause establishing a fair probability that evidence of a crime will be found in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The issuing magistrate must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit that there is a fair probability that contraband or evidence will be found in a particular place. *Gates*, 462 U.S. at 238–39; *United States v. Notman*, 831 F.3d 1084, 1088 (8th Cir. 2016) (*quoting United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006)). Probable cause requires more than reasonable suspicion. It demands a "substantial chance" or "probability" of criminal activity. *Gates*, 462 U.S. at 243 n.13. There must also be a nexus between the alleged criminal activity and the specific place to be searched. *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008) (citing *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000).

The alleged activity described in the application consisted of Ms. Armstrong's participation in a non-violent protest. There is no specification of any federal crime committed. There is further no evidence that Ms. Armstrong used her phone in connection with any criminal activity or that the phone could contain evidence of a crime.

The warrant was also extremely overbroad. It authorized the search of all names and telephone numbers, all call logs, messages, emails, photographs, videos social media posts, communications of all sorts, contact lists, travel information, all banking and financial information, records of all internet activity. (Exhibit 2, Attachment B). There are no time limitations on what can be searched. The incident at issue was at most a couple of hours but the warrant authorizes a search of almost any contents of the phone from anytime, even years ago. There is no explanation of how Ms. Armstrong's travel history, financial activity from any time, personal or business emails, photos, videos, social media activity or anything else in the almost unrestricted license to search the phone related to Ms. Armstrong's actions at or planning the church protest on January 18, 2026.

"The Warrant Clause of the Fourth Amendment categorically prohibits the issuance of any warrant except one 'particularly describing the place to be searched[,] and the persons or things to be seized.'" Maryland v. Garrison, 480 U.S. 79, 84 (1987) (*quoting* U.S. Const. amend. IV. ) "The purpose of the particularity requirement is to prevent a general exploratory rummaging through a person's belongings. *United States v. Hibbard*, 963 F.2d 1100, 1102 (8th Cir. 1992)(*citing Andresen v. Maryland*, 427 U.S.

463, 480, 96 S.Ct. 2737, 2748 (1976)). The unrestricted search of a cell phone is particularly sensitive because "a cell phone search would typically expose to the government far more than the most exhaustive search of a house: A phone not only contains in digital form many sensitive records previously found in the home; it also contains a broad array of private information never found in a home in any form—unless the phone is." *Riley*, 573 U.S. at 396-397.

Given the government's heavily documented abuse of the legal process to persecute those protesting against its oppressive, illegal, authoritarian and inhumane actions. it is clear that this situation was merely an excuse for the government to obtain unrestricted sensitive and private records of Ms. Armstrong's activities and contacts. Because Ms. Armstrong is a prominent community leader who has been actively involved in opposing the Trump regime's agenda, the government has used this case as an excuse to learn about all of her contacts so that the government can potentially persecute them also. Indeed, the government used information from Ms. Armstrong's cell phone to indict other co-defendants for engaging in non-violent protest.

The government's seizure and full search of Ms. Armstrong's cell phone was abusive and legally unjustified. All evidence obtained from her cell phone must therefore be suppressed.

**2. Section 1509 Summons Information.** Ms. Armstrong hereby incorporates by reference the joint motion of most Defendants, including herself, to Dismiss Superseding

Indictment Due to HSI's Outrageous Use of 19 U.S.C. § 1509 Summons. (Doc. 695). The government used this summons improperly to obtain various records relating to Ms. Armstrong including but not limited to phone records and employment records. In the event that the Court does not grant Defendants' request to dismiss the charges due the government's outrageous conduct, Ms. Armstrong requests that the Court order suppression of all records obtained by Section 1509 Summonses as an alternative remedy.

Dated: September 1, 2026

LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner

Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545
jskushner@gmail.com