UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES LEE SWENSON,<br><br>Defendant. | Case No. 0:26-CR-00025(34) (LMP/DLM)<br><br>**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM THE FORENSIC SEARCH OF THE SILVER IPHONE WITH WHITE BACK IN CLEAR CASE** |

Defendant Charles Lee Swenson, by and through his attorney, Patrick L. Cotter, respectfully moves this Court pursuant to Fed. R. Crim. P. 12(b)(3)(C) to suppress any evidence discovered pursuant to the warrant authorizing the seizure and search of Mr. Swenson's cell phone. The grounds for the motion are that the warrant exceeds the bounds of the Fourth Amendment because it is overbroad, not particularized, and not supported by probable cause.

On January 18, 2026, Mr. Swenson and his co-defendants participated in the protest event at Cities Church. Mr. Swenson was indicted in this matter on February 26, and he was arrested the following day. HSI took possession of his cell phone and, on March 16, Special Agent Timothy Gerber applied for and obtained a warrant to search the cell phone. This warrant authorized an exceptionally wide-ranging search with categories of data spanning nearly three pages and temporal scope of two-and-a-half months.

To be valid under the Fourth Amendment, a search warrant must be supported by a showing of probable cause and particularly describe the place to be searched and the persons or things to be seized. U.S. Const. amend. IV. Probable cause requires "a showing

of facts . . . sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." *United States v. Johnson*, 848 F.3d 872, 876 (8th Cir. 2017) (quotation omitted). To be sufficiently particular, a warrant must be limited "to the specific areas and things for which there is probable cause to search," ensuring that the search is "carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). "Where the materials sought to be seized may be protected by the First Amendment, the requirements of the Fourth Amendment must be applied with 'scrupulous exactitude.'" *Zurcher v. Stanford Daily*, 436 U.S. 547, 564 (1978) (quoting *Stanford v. State of Tex.*, 379 U.S. 476, 485 (1965)).

The warrant in this case authorized an expansive search of data on the cell phone including, but not limited to: all incoming and outgoing calls; a list of every conceivable type of electronic communication; a list of every conceivable piece of information related to internet usage; financial records; geolocation and IP addresses; contact information for Mr. Swenson's "associates"; passwords and encryption keys; and "contextual information necessary to understand the other items to be seized." Many of these items could be searched for evidence of "other organized protest activity" and any "communications, activities, and associations" Mr. Swenson had with any co-defendants and "as-yet unidentified persons," regardless of subject matter. The temporal scope, which ranged from January 1, 2026 to March 16, 2026, was strikingly broad.

The affidavit fails to establish probable cause that the data would contain evidence that Mr. Swenson committed the crimes under investigation, let alone that the data would

reveal evidence of any crime at all. And even if there is probable cause as to some portion of the data, the warrant is devoid of any justification for its wide breadth and lack of particularity. Even more troubling is that the warrant explicitly authorized HSI and "any government personnel" to collect information about Mr. Swenson and others' exercise of their First Amendment rights to free speech, assembly, and petition, wholly untethered to any suspected criminal activity. Because the warrant was issued in violation of the Fourth Amendment, any evidence discovered as a result of the search must be suppressed.

This motion is based upon the Indictment, the records and the files in the above-entitled action, the testimony under oath of witnesses, evidence offered and admitted, the attached legal memorandum stating with specificity the legal points of authority in support of this motion, and any and all other materials which may be presented prior to or at the time of the hearing on this motion.

Respectfully submitted,

Dated: August 31, 2026

Patrick L. Cotter
Attorney No. 0319120
105 Hardman Court, Suite 110
South St. Paul, MN 55075
Phone: (651) 455-1555
Fax: (651) 455-9055
patrick@siebencotterlaw.com

**ATTORNEY FOR DEFENDANT CHARLES LEE SWENSON**