UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 0:26-cr-025-LMP-DLM |
| v. | ) | **MOTION TO STRIKE ARMSTRONG'S MOTION TO SUPPRESS [Dkt. 775]** |
| [1] NAKIMA LEVY ARMSTRONG | ) | |
| Defendant. | ) | |

On July 24, 2026, the Court issued a revised scheduling order with a new deadline of August 31, 2026 for parties to file pretrial motions. Dkt. 573. The revised order extended by one month the original deadline to file pretrial motions. Dkt. 552. On September 1, 2026, one day after the deadline, Defendant Armstrong filed a motion to suppress the search of Defendant's iPhone and information obtained via administrative summonses issued pursuant to 19 U.S.C. § 1509. Dkt. 775. The Court should strike Armstrong's untimely motion and order Defendant to seek leave to file the motion outside the deadline and grant the government a modest extension to file its response.

District courts have the "inherent power, not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash*

*R. Co.*, 370 U.S. 626, 631 (1962) (quotation marks omitted). In exercising their inherent case-management powers, a district court should promote "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Wise judicial administration" must "giv[e] regard to conservation of judicial resources." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952).

The "volume, scope, and complexity" of this case reinforces the justification for striking Defendant's untimely motion. This case has 38 defendants. There are already over 100 pending pretrial motions requiring a government response. All but two defendants in the case filed timely motions, some of them well in advance of the August 31, 2026 deadline. The government is still assessing whether it may need additional time to adequately respond to the large volume of pretrial motions in the case.

There is no reason why Defendant could not file the suppression motion in a timely fashion. The search of Defendant's iPhone has been known for months. The government disclosed the details of the search, including the search warrant applications for the phone on April 24, 2026. The issues surrounding the use of § 1509 summonses have been known since May. The Court initially set the end of July as the deadline to file pretrial motions and subsequently revised it to August 31. Armstrong's counsel has had ample time to prepare and file a *timely* suppression motion, yet did not do so, even dating

the motion September 1, 2026. In the rare instances that other defense counsel missed the August 31 deadline, they had plausible excuses, consulted with the government regarding the delay, and then sought leave of the Court to extend the deadline to file (to which the government had already consented after consultation). *See* Dkt. 777 & 780. Armstrong's counsel did none of these things, instead filing an untimely motion dated September 1, 2026, and offered no excuse for the lack of timeliness. Indeed, Defendant's Meet and Confer Statement (Dkt. 776) is also dated September 1, 2026, and indicates that Defendant's counsel relied upon other defense counsel to confer with the government. More importantly, it makes no mention of the untimely filing, nor did it offer any "good cause" for why the motion schedule should be modified. *See* D. Minn. LR 12(f).

For the foregoing reasons, the Court should strike the Motion and order that the Defendant may seek leave to file the motion late like the other defendants who filed motions after the deadline. *See* Dkt. 777 & 780. Moreover, the Court should allow the government more time to respond to the untimely filing if the Court elects not to strike Armstrong's motion.

DATED: September 11, 2026.

DANIEL N. ROSEN
United States Attorney

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

*/s/ Neville S. Hedley*

Neville S. Hedley
Acting Senior Litigation Counsel
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202)-297-3424
E-Mail: neville.hedley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA