UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-cr-25 (LMP/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

vs.

NEKIMA LEVY ARMSTRONG,

Defendants.

**DEFENDANT 'S MOTION TO ACCEPT LATE FILING AND RESPONSE TO GOVERNMENT MOTION TO STRIKE**

Defendant Nekima Levy Armstrong, through undersigned counsel, hereby moves the Court for an Order accepting the filing of her Motion to Suppress Evidence (Doc. 775) which was filed less than one hour after the deadline. This submission also constitutes a response to the Government's Motion to Strike said Motion or grant it more time to respond.

The government complains that the Motion to Suppress Evidence was filed one day late. While filing a motion to strike based on one full day of delay under the circumstances would arguably be nitpicking, the government conveniently avoids being specific about the precise extent of the delay. Undersigned counsel filed the Motion to Suppress Evidence on behalf of Ms. Armstrong on September 1, 2026 at 12:54 am. (See attached electronic notification). The government is asking the Court to strike a motion or otherwise give it extra time to respond to a motion filed 55 minutes late. The government has not explained how it was in any way prejudiced by the 55 minute delay. It does not even assert that it would the 55 minute delay even made a difference in when the

government first reviewed the motion. The fact that the government filed its Motion to Strike more than ten days after the Motion to Suppress Evidence was filed strongly suggests that the government did not even notice that the motion was slightly late until long after it had ample time to review it.

As the government at least implicitly concedes, the Court has full discretion to accept Ms. Armstrong's 55 minute late filed motion. There is no reason not to do so. The delay was slight. There is no indication of any prejudice, or even that it made any difference in the government's timing of reviewing the motion. At the same time, it would be a grave injustice and a violation of Ms. Armstrong's due process rights to deny her the right to raise substantial constitutional issues based on a 55 minute delay by her counsel.

The government complains that undersigned counsel did not seek permission to file the late motion and did not provide any explanation for the slight delay. By the instant motion, undersigned counsel now seeks permission. Undersigned counsel further offers as an explanation that the delay was due to him taking primary responsibility for drafting multiple joint motions on behalf of Ms. Armstrong and numerous co-defendants including the Joint Motion to Dismiss based on First Amendment (Doc. 760), Motion to Dismiss Based on Government Misconduct (Doc. 756) and supporting Declaration (Doc. 757), and Motion to Compel Discovery (Doc. 758). It took longer than anticipated not just to prepare the submissions but to consult with co-defendant counsels, add their signatures and then to file on behalf of multiple defendants. Further undersigned counsel spent

substantial time reviewing multiple joint motions primarily drafted by other counsel, and in some cases suggesting additions. Given the unusual complexities in this case including the voluminous discovery, the multiple and often novel issues to be litigated, and the unprecedented number of co-defendants, undersigned counsel submits there was good cause to be 55 minutes late in filing one of the motions. And again, there is no factual explanation provided as to who the delay made any difference for the government.

Not only should the late motion be accepted and the government's motion to strike be denied, but the government's request for additional time to respond should also be denied. As explained the government has not asserted any facts to suggest that it actually was prejudiced or delayed by the late submission. It has not even made any claim that it would have even reviewed the motion any earlier had it been filed on August 31, 2026 at 11:59 p.m. instead of September 1 at 12:54 a.m. The timing of the government's motion to strike ten days after filing suggests that the motion would no matter what have been far down in its pile of over 100 motions to review and respond to.[1] Ms. Armstrong certainly cannot be blamed for the government having to respond to over 100 motions. This was prompted by the government's decision to charge 38 people each with two ten year federal felonies for participating in a non-violent protest, and numerous legal and evidentiary problems with their prosecution.

---

[1] It is possible that the government could have a separate justification for an extension to respond to the large volume of pretrial motions. The defense will wait to see the government's specific explanation before taking a position. However, the fact that the one motion at issue was filed 55 minutes late is not a justification to delay the proceedings.

Accordingly, Ms. Armstrong respectfully requests that the Court accept her 55 minute late motion, deny the government's motion to strike, and deny without prejudice the government's request for more time to respond.

Dated: September 12, 2026

LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner

Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545
jskushner@gmail.com