# EXHIBIT B

**From:** David Kolansky
**To:** Keenan, Robert (CRT); Abbe David Lowell; joe@thompsonjacobs.com; Bella Oishi
**Cc:** Sonza, Orlando B. (FRD); De Abreu, Flavio (USAMN); Hedley, Neville (CRT); Wrobleski, Brandon (CRT)
**Subject:** [EXTERNAL] Re: Cities Church Matter -- Cellphone Issues
**Date:** Wednesday, May 13, 2026 4:48:26 PM
**Attachments:** image001.png
image002.png
image003.png
image004.png
image005.png
image006.png
image008.png
Image.png
Image.png
Image.png
Image.png
Image.png
Image.png

---

Thank you, Robert and Brandon.

L&A
LOWELL AND ASSOCIATES, PLLC

**David Kolansky |** Counsel
*Lowell & Associates, PLLC*
[redacted]
[redacted]
[redacted]
lowellandassociates.com
1250 H St NW Washington DC 20005

*This message and any attachments may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.*

---

**From:** Keenan, Robert (CRT) [redacted]>
**Sent:** Wednesday, May 13, 2026 2:25 PM
**To:** David Kolansky [redacted]; Abbe David Lowell [redacted] Bella Oishi [redacted]>
**Cc:** Sonza, Orlando B. (FRD) [redacted]; De Abreu, Flavio (USAMN) [redacted]>; Hedley, Neville (CRT) [redacted]; Wrobleski, Brandon (CRT) [redacted]>
**Subject:** RE: Cities Church Matter -- Cellphone Issues

Abbe and David:

As we discussed a moment ago during our cellphone call, the Government hereby agrees that the data seized by the filter-team will be submitted to you for the 48-hour period for your review before being provided to the investigative team.

**Robert J. Keenan**
Acting Deputy Assistant Attorney General
Office of Assistant Attorney General
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Avenue, N.W.
[redacted]

---

**From:** Keenan, Robert (CRT)
**Sent:** Wednesday, May 13, 2026 2:00 PM
**To:** 'David Kolansky' [redacted]; Abbe David Lowell [redacted]>
**Cc:** Joe Thompson [redacted]>; Bella Oishi [redacted]; Sonza, Orlando B. (FRD) [redacted]; De Abreu, Flavio (USAMN) <Flavio.De.Abreu@usdoj.gov>; Hedley, Neville (CRT) [redacted]>; Wrobleski, Brandon (CRT) [redacted]>
**Subject:** RE: Cities Church Matter -- Cellphone Issues

Abbe and David:

The CRT attorney who has been asked to serve as the Filter-Team Attorney for this investigation and case is Brandon Wrobleski (copied hereon). He can be contacted via the e-mail address used on this e-mail. He can be contacted by phone at [redacted]

For ease of reference, the search warrant for the cellphone and filter-team memos are attached hereto.

Brandon, as you will see in the e-mails below, I've agreed to narrow the time period for the records that are subject to seizure under the warrant. The parties have agreed to the following additional points:

1. The relevant time period for which you and the filter-team agent and/or Certified Forensic Analyst (CFA) may search for and seize responsive data is January 11, 2026 through January 30, 2026, inclusive.

2. The list of items to be seized otherwise remains unchanged, **<u>except</u>** that the data in Mr. Lemon's Contact List in Outlook or any similar application should be limited to the Contact entries that relate to e-mails, text messages, and calls that are within the scope of items subject to seizure pursuant to Attachment "B" of the search warrant. The main point here (and I think it was an idea I came up with myself) is to minimize disclosure of private numbers and contact info of people who Mr. Lemon might have on his phone. I assume that he might have contact info for people of varying degrees of celebrity, and I don't want any of that disseminated to other counsel, except for specifics that relate to items that are themselves otherwise subject to seizure because they, for example, relate to planning, commission, etc. of the Subject Offenses.

3. That sensitivity is also applicable to Mr. Lemon's subscriber-type information or info on the limited set of financial records that are subject to seizure — e.g., his address, phone numbers, address, DOB, etc. The other defendants have no need for that, and we need to consider whether a subset of that type of PII and irrelevant data seized from Mr. Lemon's phone be redacted from the discovery provided to the other defendants.

3. You may reach out to Messrs. Lowell or Kolansky if you have any questions about a First Amendment concern of the type that they have identified in correspondence below. I have invited them to provide you with a memo or e-mail identifying any particular areas of concern that they may have re. Mr. Lemon's journalism activities – properly construed, that is, activities that are unrelated to the January 18 incident and not within the scope of the items to be seized. If any such items fall within the scope of the items to be seized, the Government does not concede those are protected by the First Amendment. However, in an attempt to address their First Amendment concerns, I have agreed (and hereby ask) that you will provide them with the seized data <u>before it is issued in discovery to other defense counsel</u>. I've agreed to <u>give them 48 hours (on court days) to review the seized data and notify you if they think any items were "Seized" that should not be</u>.

**Robert J. Keenan**
Acting Deputy Assistant Attorney General
Office of Assistant Attorney General
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

[redacted]

---

**From:** Keenan, Robert (CRT) [redacted]
**Sent:** Tuesday, May 12, 2026 11:58 PM
**To:** Abbe David Lowell [redacted]>; David Kolansky [redacted]>
**Cc:** Joe Thompson [redacted]>; Bella Oishi [redacted]; Sonza, Orlando B. (FRD) [redacted]; De Abreu, Flavio (USAMN) [redacted]>; Hedley, Neville (CRT) [redacted]
**Subject:** RE: Cities Church Matter -- Application for Authorization to Disclose SW Records

Abbe and David:

I'm available tomorrow for the phone call to introduce the Government's Filter-Team attorney and make sure he knows who he should contact if he has any questions while conducting the filter-team review of Mr. Lemon's cellphone. Let me know if either of you are available tomorrow for that purpose. It should be brief, and I will follow-up with an e-mail making sure you can communicate as needed with the filter team attorney.

In addition, I have prepared the attached stipulation that will facilitate return of Mr. Lemon's cellphone to him after the standard forensic images of the phone are made.

If you have any proposed edits, please let us know. I'd like to get the cellphone issue resolved this week, if possible.

**Robert J. Keenan**

Acting Deputy Assistant Attorney General

Office of Assistant Attorney General

U.S. Department of Justice, Civil Rights Division

950 Pennsylvania Avenue, N.W.

Washington, D.C. 20530

[redacted]

[redacted] [redacted]

---

**From:** Abbe David Lowell [redacted]>
**Sent:** Wednesday, May 6, 2026 11:26 AM
**To:** Keenan, Robert (CRT) [redacted]>; David Kolansky [redacted]
**Cc:** Joe Thompson [redacted]>; Bella Oishi [redacted]>; Sonza, Orlando (CRT) [redacted]v>; Sonza, Orlando B. (FRD) [redacted]; De Abreu, Flavio (USAMN) [redacted]>; Hedley, Neville (CRT) [redacted]
**Subject:** [EXTERNAL] RE: Cities Church Matter -- Application for Authorization to Disclose SW Records

Sounds good.

L&A
LOWELL AND ASSOCIATES, PLLC

**Abbe David Lowell** | Founding Member

*Lowell & Associates, PLLC*

[redacted]

[redacted]

[redacted]

lowellandassociates.com

1250 H St NW Washington DC 20005

*This message and any attachments may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.*

---

**From:** Keenan, Robert (CRT) [redacted]
**Sent:** Wednesday, May 6, 2026 10:33 AM
**To:** Abbe David Lowell [redacted]; David Kolansky

[redacted]
**Cc:** Joe Thompson [redacted]>; Bella Oishi [redacted];
Sonza, Orlando (CRT) [redacted] Sonza, Orlando B. (FRD)
[redacted]; De Abreu, Flavio (USAMN) [redacted]; Hedley,
Neville (CRT) [redacted]>
**Subject:** RE: Cities Church Matter -- Application for Authorization to Disclose SW Records

If that'll get to "yes," fine.

Any other straggler deal points?

**Robert J. Keenan**

Acting Deputy Assistant Attorney General

Office of Assistant Attorney General

U.S. Department of Justice, Civil Rights Division

950 Pennsylvania Avenue, N.W.

Washington, D.C. 20530

[redacted]

[redacted] [redacted]

---

**From:** Abbe David Lowell [redacted]
**Sent:** Wednesday, May 6, 2026 10:30 AM
**To:** Keenan, Robert (CRT) [redacted]; David Kolansky
[redacted]
**Cc:** Joe Thompson [redacted]>; Bella Oishi [redacted]
Sonza, Orlando (CRT) [redacted]; Sonza, Orlando B. (FRD)
[redacted]>; De Abreu, Flavio (USAMN) <[redacted]; Hedley,
Neville (CRT) <[redacted]
**Subject:** [EXTERNAL] RE: Cities Church Matter -- Application for Authorization to Disclose SW Records

Robert:

Thank you for your proposal. What you have laid out in Items 1 through 3 are acceptable to us. However, as we have previously raised, we still believe it would be worthwhile for the prosecution team to introduce the Filter Team attorneys to Mr. Lemon's counsel for one initial call, so that they know, among other things, whom to reach out to with any First Amendment questions or issues as they go along with their review. Please let us know if you are amenable to that.

Thank you.

Abbe

**Abbe David Lowell** | Founding Member

*Lowell & Associates, PLLC*

[redacted]

lowellandassociates.com

1250 H St NW Washington DC 20005

*This message and any attachments may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.*

---

**From:** Keenan, Robert (CRT) [redacted]
**Sent:** Tuesday, May 5, 2026 8:24 PM
**To:** Abbe David Lowell [redacted]>; David Kolansky [redacted]
**Cc:** Joe Thompson [redacted]; Bella Oishi [redacted]>; Sonza, Orlando (CRT) [redacted]; Sonza, Orlando B. (FRD) [redacted] De Abreu, Flavio (USAMN) [redacted]>; Hedley, Neville (CRT) [redacted]>
**Subject:** RE: Cities Church Matter -- Application for Authorization to Disclose SW Records

Thanks for your e-mail. I've been meaning to get back to you on this as well. Sorry about the

delay, but I wanted to study Natanson and the First Amendment issues that you've raised.

As for Natanson, two quick points regarding its application of the Privacy Protect Act ("PPA"). First, Natanson is contrary to Eighth Circuit precedent to the extent it suggests that the Government has a duty to address the potential applicability of the in any search warrant application. See Citicasters, Inc. v. McCaskill, 89 F.3d 1350, 1356 (8th Cir. 1996) ("Because the Privacy Protection Act does not require an application for a search warrant to describe any exceptions to the Act, the district court erred in imposing such requirements on the defendants in this case.") Second, in contrast to Natanson, the Government's search warrant on Mr. Lemon's cellphone does not implicate the PPA's provisions because, as the warrant makes clear, the Government had "probable cause to believe that the person possessing such materials [(i.e., Mr. Lemon)] has committed . . . the criminal offense to which the materials relate." See 42 U.S.C. § 2000aa(a)(1), (b)(1). Here, that was not just a "belief"; we had an indictment establishing probable cause at the time we sought the warrant.

As to the First Amendment concern raised in your prior e-mail and letter, I think Natanson is also of limited relevance. I also don't think that the judge should be doing the work that DOJ filter teams do on a regular basis in countless other cases. However, we are mindful of the concern. The clearest evidence of that is the narrowly-drawn list of items to be seized. The Magistrate Judge told us to narrow the requests in some respects, and we took that very much to heart. If memory serves, we restructured the list and narrowed it even more than the Judge required.

Here's the Government's proposal:

1. the Government would agree to narrow the relevant time period by cutting off the first seven days (January 4 to 10) and narrow the operative search window to the period of January 11, 2026 to the current end date (which I believe is January 30), inclusive;

2. the current list of items to be seized would remain unchanged, except that Contacts list data would be limited to documenting the identity of whoever he called or texted with regarding relevant matter and subscriber-type info sufficient to show the phone belongs to Mr. Lemon (which could be addressed by stipulation);

3. the Government's filter team will conduct itself in the regular manner, which is set forth in the standard, typical-DOJ filter-team memo. That means the filter-team attorney will reach out to you or one of your co-counsel (as you may designate) if

he has questions about a First Amendment concern of the type you've identified. We don't want the review process to languish (as it already has) in an endless process of negotiation. So, we want the communication with the filter-team controlled by the filter-team attorney's assessment of whether he needs input from you on any particular item. However, to address your First Amendment concern, you can provide the Government's filter-team attorney with a memo/letter/e-mail identifying any particular areas of concern re. claimed "journalism" activities that are unrelated to the January 18 incident. If any such items fall within the scope of the items to be seized, the Government does not concede those are protected by the First Amendment. However, in a further attempt to address your First Amendment concerns, the Government will provide you with the seized data before other defense counsel and give you 48 hours (on court days) to review the seized data and notify the filter-team attorney if you think any items were "Seized" that should not be.

**Please let me know if this compromise approach is acceptable by COB Thursday**. We, too, would like to resolve this issue.

**Robert J. Keenan**

Acting Deputy Assistant Attorney General

Office of Assistant Attorney General

U.S. Department of Justice, Civil Rights Division

950 Pennsylvania Avenue, N.W.

Washington, D.C. 20530

[redacted]

[redacted] [redacted]

---

**From:** Abbe David Lowell <[redacted]
**Sent:** Tuesday, May 5, 2026 11:34 AM
**To:** Sonza, Orlando (CRT) <[redacted]; David Kolansky

[redacted]>
**Cc:** Joe Thompson <[redacted]>; De Abreu, Flavio (USAMN)
[redacted] Bella Oishi <[redacted]>; Keenan, Robert (CRT)
[redacted]
**Subject:** [EXTERNAL] RE: Cities Church Matter -- Application for Authorization to Disclose SW Records

DOJ Folks,

I am upping this issue again. We had held off doing more to protect the contents of Mr. Lemon's phone because we had proposed some safeguards you were considering. We also offered to see whether, if we could make some arrangement, we could facilitate access as part of that process. Could you please get back to us very soon (end of the week?) with your current position on the phone issues? Then, we can decide if there is the need to involve the court. Thanks.

Abbe

**Abbe David Lowell** | Founding Member

*Lowell & Associates, PLLC*

[redacted]

lowellandassociates.com

1250 H St NW Washington DC 20005

*This message and any attachments may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.*

---

**From:** Abbe David Lowell
**Sent:** Monday, March 30, 2026 2:42 PM
**To:** Sonza, Orlando (CRT) [redacted]>; David Kolansky
<[redacted]
**Cc:** Joe Thompson [redacted]>; De Abreu, Flavio (USAMN)
[redacted] Bella Oishi [redacted]>; Keenan, Robert (CRT)
<[redacted]

**Subject:** RE: Cities Church Matter -- Application for Authorization to Disclose SW Records

Orlando and all,

Thank you for providing the material. We would still like to raise a few issues/ideas:

1. The range 1/4 - 1/30 is a bit long for what was involved. As you might know by now, our client's decision or communications to go to MN was maybe just a day or two or three before the event.
2. The filter team may be reviewing for attorney-client privilege, but the concern (and the decisions of judges in the WaPo case) also is about not allowing roaming in a reporter's data beyond anything necessary for a specific set of charges. We want to follow up on how that is being done. (Even a filter team, which is put in place for privilege, might should not be able to meander in that material). As to protected communications to ensure any search is minimally intrusive to our client's First Amendment rights, *see In the Matter of the Search of the Real Property and Premises of Hannah Natanson*, No. 1:26-sw-00054 (WBP), Dkt. 62 at 18, 20 (E.D. Va. Feb. 24, 2026) ("investigators should use search protocols designed to minimize intrusion into potentially protected materials or newsgathering activities unrelated to the investigation, including but not limited to keyword searches (for electronic searches)" (quoting 28 C.F.R. § 50.10(d)(4))).
3. We need to know when we can get the phone returned after the proper data has been copied and a protocol established.

In almost every other case in which I have been involved, the investigative team wants me (us) to deal directly with the filter team. That ensures a thorough discussion without tainting you and others working on the case.

I had raised once how we can get both of us what we need and suggested we could work towards and agreement with one part being we provide you with a way to unlock the phone (if you have not already done that).

Can you provide dates for a call this week where we can continue this discussion and come to a decision?

Abbe

**Abbe David Lowell** | Founding Member

*Lowell & Associates, PLLC*

[redacted]

lowellandassociates.com

1250 H St NW Washington DC 20005

*This message and any attachments may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.*

---

**From:** Sonza, Orlando (CRT) <[redacted]
**Sent:** Wednesday, March 25, 2026 11:37 PM
**To:** David Kolansky [redacted]>
**Cc:** Abbe David Lowell [redacted] Joe Thompson <[redacted] De Abreu, Flavio (USAMN) <[redacted]>; Bella Oishi [redacted]; Keenan, Robert (CRT) [redacted]
**Subject:** RE: Cities Church Matter -- Application for Authorization to Disclose SW Records

David,

Attached.

Orlando

**Orlando Sonza**

Counsel to the Assistant Attorney General

Civil Rights Division

U.S. Department of Justice

950 Pennsylvania Ave., NW

Washington, DC 20579

([redacted]

[redacted]

---

**From:** David Kolansky [redacted]
**Sent:** Wednesday, March 25, 2026 12:44 PM
**To:** Keenan, Robert (CRT) [redacted]; Sonza, Orlando (CRT) <[redacted]; De Abreu, Flavio (USAMN) [redacted]v>
**Cc:** Abbe David Lowell <[redacted]; Joe Thompson [redacted]>; Bella Oishi <[redacted]>
**Subject:** [EXTERNAL] Re: Cities Church Matter -- Application for Authorization to Disclose SW Records

Hi Robert,

Checking in on the status of the sealed Order, SW docs, and the affidavit. Are you able to send these materials over today? Thank you.

David

**David Kolansky** | Counsel

*Lowell & Associates, PLLC*

[redacted]

lowellandassociates.com

1250 H St NW Washington DC 20005

*This message and any attachments may contain confidential and*

*privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.*

---

**From:** Keenan, Robert (CRT) [redacted]v>
**Sent:** Tuesday, March 24, 2026 10:38 AM
**To:** David Kolansky [redacted]>; Sonza, Orlando (CRT) <[redacted]v>; De Abreu, Flavio (USAMN) [redacted]>
**Cc:** Abbe David Lowell [redacted]>; Joe Thompson [redacted]; Bella Oishi <[redacted]>
**Subject:** Re: Cities Church Matter -- Application for Authorization to Disclose SW Records

We have. I'll have the order and SW docs sent to you shortly today. Sorry for delay.

Get Outlook for iOS

---

**From:** David Kolansky <[redacted]
**Sent:** Tuesday, March 24, 2026 7:21:10 AM
**To:** Keenan, Robert (CRT) <[redacted] Sonza, Orlando (CRT) <[redacted]; De Abreu, Flavio (USAMN) [redacted]>
**Cc:** Abbe David Lowell <[redacted]>; Joe Thompson <[redacted]Bella Oishi <[redacted]>
**Subject:** [EXTERNAL] RE: Cities Church Matter -- Application for Authorization to Disclose SW Records

Robert,

I am just confirming that you have not yet heard anything from the Court or received a sealed order regarding the consent motion to disclose sealed search warrant material to the defense? Thanks.

David

**David Kolansky** | Counsel
*Lowell & Associates, PLLC*
[redacted]

[redacted]

lowellandassociates.com

1250 H St NW Washington DC 20005

*This message and any attachments may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.*

---

**From:** Keenan, Robert (CRT) [redacted]>
**Sent:** Wednesday, March 11, 2026 11:54 AM
**To:** David Kolansky <[redacted]>; Bella Oishi <[redacted]>; Abbe David Lowell [redacted]>; Joe Thompson <[redacted]
**Subject:** Cities Church Matter -- Application for Authorization to Disclose SW Records

The attached application and proposed order are being e-filed shortly under seal in the MJ search warrant case.

We'll disclose SW docs to you once we get the order.

**Robert J. Keenan**

Acting Deputy Assistant Attorney General

Office of Assistant Attorney General

U.S. Department of Justice, Civil Rights Division

950 Pennsylvania Avenue, N.W.

Washington, D.C. 20530

[redacted]