UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEKIMA VALDEZ LEVY-ARMSTRONG, et al.,<br><br>Defendants. | No. 0:26-cr-025-LMP-DLM<br><br>**DEFENDANTS' OBJECTION TO THE GOVERNMENT'S MOTION TO EXTEND TIMELINE FOR RESPONSES TO PRETRIAL MOTIONS AND ADJUST RELATED DATES** |

The undersigned Defendants, through Counsel, respectfully object to the Government's Motion to Extend Timeline for Responses to Pretrial Motions and Adjust Related Dates (Dkt. 821). The Government chose to indict 38 people in this case. It now asks the Court to treat the predictable consequences of that charging decision as good cause to delay those same Defendants' opportunity to obtain judicial review of the charges against them. Responding to less than three motions per Defendant charged in this matter within the time frame allotted by the Rules does not constitute good cause.

Nor does the Government explain why its asserted need for an additional fifteen days to complete written responses requires moving hearings that have been on the Court's calendar since July. The Government admits that it is already filing responses on a rolling basis and will continue doing so. (Dkt. 821

at 2.) If additional time is required to complete the remainder, the appropriate relief, if any, is a narrowly tailored extension of that deadline, not wholesale displacement of hearing dates affecting 38 separately represented Defendants.

Continued delay is not an administrative abstraction. Every additional month under federal felony indictment affects the Defendants' employment, finances, safety, family, and reputation. The Government has not established good cause to prolong that burden.

## I. The Foreseeable Consequences of the Government's Own Charging Decision Do Not Establish Good Cause.

Local Rule 12.1(f) permits modification of the criminal pretrial schedule "for good cause." Fed. R. Crim. P. 45(b)(1)(A) similarly requires good cause when a party seeks an extension before expiration of an existing deadline. The Government's assertion that it has a volume of motions to respond to given the volume of individuals it has chosen to prosecute in this matter does not constitute good cause.

The principal basis offered for the requested extension is that "38 defendants in this case have filed 101 pretrial motions," which the Government characterizes as "an extraordinary number of motions by any measure." (Dkt. 821 at 1.) But 101 motions divided among 38 individual Defendants is fewer than three motions per Defendant.

More fundamentally, the Government created the scale on which it now relies. The United States chose to indict 38 people together. It chose to expose each of those individuals to federal felony prosecution. Each Defendant is independently entitled to counsel, to investigate the charges, to raise appropriate pretrial challenges, and to seek judicial review of those challenges. The resulting motion practice is not an unforeseeable event external to the prosecution. It is an ordinary consequence of the Government's decision to prosecute 38 individual people in a single federal criminal case. The Government cannot manufacture the burden and then invoke that same burden as good cause to delay the Defendants' cases.

The Government emphasizes that Defendants previously received a 30-day extension to file their motions and that certain individual Defendants received additional extensions without Government objection. (Dkt. 821 at 1–2.) But the comparison is inapt. Defense counsel asserted good cause for its requested extension. Counsel needed that time to review discovery, investigate facts, consult individually with clients, research potential legal challenges, and determine what motions each individual Defendant should bring. Those motions now exist. The Government knows what it must answer. Indeed, it represents that it is "diligently preparing responses," has already begun filing them, and will continue filing them on a rolling basis. (*Id.* at 2.) Nothing about

that record establishes good cause for substantially delaying adjudication of the motions themselves.

## II. Even If Additional Response Time Were Warranted, the Government Has Not Established Good Cause to Move the October Hearings.

In addition to seeking fifteen additional days to complete its responses, the Government asks this Court to displace the October 19–22 hearing dates that have been reserved since July 24, 2026. (Dkt. 821 at 2–3.) There is certainly no good cause for why the hearings need to be moved even if an extension of the briefing schedule would be warranted.

The Government states that it needs fifteen additional days to complete its responses, moving its deadline from October 1 to October 16. (*Id.* at 2.) It simultaneously represents that responses are already being filed as they become ready and will continue to be filed on a rolling basis. (*Id.*) Yet from that limited request for additional briefing time, the Government jumps to a request that the Court abandon four hearing dates that have been reserved for nearly three months and instead move the hearings to "the first week of November." (*Id.* at 3.) The motion offers no meaningful explanation why that additional relief is necessary.

Moving these hearings is not a neutral calendar adjustment. This Court maintains a busy docket. There is no assurance that vacating four days of hearings in October will result in four equivalent days becoming available in

early November. If those dates cannot accommodate every Defendant[1] and every motion, hearings may move later into the winter. Many motions will then require Reports and Recommendations, followed by the objection period, responses, and review by the District Court. The practical consequence may be that threshold challenges to this prosecution remain unresolved into the spring. Meanwhile, the Indictment remains hanging over the heads of 38 community members that are presumed innocent. The Government's administrative convenience should not obscure the human consequence of the relief it requests.

Federal Rule of Criminal Procedure 2 directs that the Rules be interpreted to provide for the just determination of criminal proceedings, secure fairness in administration, and eliminate unjustifiable expense and delay. Fed. R. Crim. P. 2. The Government's proposal moves in the opposite direction.

There are also concrete scheduling concerns among multiple separately represented Defendants. The present hearing dates have been established since July. Counsel and those charged in this case have organized professional and personal obligations around them. The Government itself acknowledges

[1] For example, counsel for Jarmel Perry (28) will be out of the country during the first week of November. Counsel for Cheryl Ann Persigehl (29) has a trial beginning November 9, 2026.

existing conflicts for individual defense counsel, including counsel for Mr. Blumenfeld and Ms. Armstrong. (*See* Dkt. 821 at 3.) Those examples demonstrate precisely why replacing long-established dates for 38 Defendants with a generalized proposal for "the first week of November" should not occur absent an actual showing of good cause.

If the Court concludes that fifteen additional days are warranted for the Government to complete its remaining responses, which it should not, the Court can grant that limited relief without disturbing the presently scheduled hearings.

## III. The Government Filed Its Motion Before It Even Finished Asking the Defendants Whether They Objected.

The procedural posture of the Government's motion is independently troubling. In the Government's own meet-and-confer section, it acknowledges that it emailed counsel for all Defendants only "[e]arlier today"[2] to advise them that it intended to seek the extension. (Dkt. 821 at 3.) The Government then admits: "We have not yet heard from all counsel." (*Id.*) At the time the Government nevertheless elected to file its motion, counsel for 18 Defendants had objected, one Defendant took no position, no defense counsel had

[2] Indeed, Counsel received an email from Ms. McGee at 12:27pm CT requesting to meet and confer and notice of the Government's filed motion at 2:26pm CT.

concurred, and the Government had not yet received responses from the remaining Defendants. (*Id.*)

That is not a completed conferral process. It is a motion filed while the process is still occurring. The distinction matters particularly in this case. The Government is not seeking an extension affecting a single opposing party. Its motion seeks to alter deadlines and hearing dates for 38 individual people, represented by separate counsel, each with independent interests, obligations, conflicts, and constitutional rights at stake.

Meaningful conferral might have revealed precisely the narrower alternative raised in this motion: that if the Government truly requires limited additional time to finish certain responses this could have been agreed to without vacating four hearing dates that have been reserved since July. Instead, the Government notified counsel of its intended request, received objections from 18 Defendants and concurrence from none, did not wait for the remaining Defendants to respond, and filed its motion anyway.

The United States made the choice to bring this prosecution against 38 individual people. It has the might and resources of the United States Government to litigate this matter. Having made that choice, it remains subject to the same procedural rules and obligations that govern every litigant appearing before this Court. The size of the prosecution does not make meaningful conferral less important. It makes it more important. The Rules of

this Court are not a suggestion and our Government should be held to the highest standards.

## CONCLUSION

The Government chose the scope of this prosecution. The predictable consequences of that choice do not constitute good cause to substantially delay the Defendants' opportunity to have their motions heard. Defendants, therefore, respectfully request that the Court deny the Government's Motion to Extend Timeline for Responses to Pretrial Motions and Adjust Related Dates (Dkt. 821). Alternatively, if the Court concludes that the Government has demonstrated good cause for limited additional time to complete its remaining written responses, Defendants request that the Court grant only that narrowly tailored relief and preserve the October 19, 20, 21, and 22, 2026 hearing dates already established by the Court.

Dated: September 23, 2026

**LAW OFFICE OF JORDAN S. KUSHNER**

s/ *Jordan S. Kushner*
Jordan S. Kushner, Reg. No. 219307
431 South 7th Street, Suite 2446
Minneapolis, MN 55415
(612) 288-0545
jskushner@gmail.com

*Attorneys for Defendant Nekima Levy Armstrong (1)*

**THE JAB FIRM**

s/ *Jill A. Brisbois*
Jill A. Brisbois, Reg. No. 0345477
150 South 5th Street, Suite 1850
Minneapolis, MN 55402
(651) 209-7797
jill@thejabfirm.com

*Attorneys for Defendant Chauntyll Louisa Allen (2)*

**CAPITOL CITY LAW GROUP, LLC**

*s/ A.L. Brown*
A.L. Brown, Reg. No. #0331909
Jennifer Rose Congdon, Reg. No. 0391048
Marcus Almon, Reg. No. # 0319387
287 East Sixth Street, Suite 20
St. Paul, MN 55101
(651)705-8580
a.l.brown@cclawg.com
jennifer@cclawg.com
marcusalmon@cclawg.com

*Attorney for Defendant Jamael Lydell Lundy (6)*

**LEACH LAW OFFICE**

*s/ Patrick G. Leach*
Patrick G. Leach, Reg. No. 286825
8961 Aztec Drive
Eden Prairie, MN 55347
(763) 220-6164
pgl@leachlawoffice.com

*Attorneys for Defendant Kelly Ann Carey (15)*

**DE LEÓN & NESTOR, LLC**

*s/ Bruce D. Nestor*
Bruce D. Nestor, Reg. No. 0318024
3547 Cedar Avenue South
Minneapolis, MN 55407
(612) 659-9019
nestor@denestlaw.com

*Attorneys for Defendant Monique Cullars-Doty (16)*

**CHARLES F. CLIPPERT**

*s/ Charles F. Clippert*
Charles F. Clippert, Reg. No. 248848
101 East Fifth Street, Suite 1500
St. Paul, MN 55101
(651) 300-4109
charlie@clippertlaw.com

*Attorneys for Defendant Rachel Goligoski (19)*

**FORSGREN FISHER McCALMONT DEMAREA TYSVER LLP**

s/ *Caitlinrose H. Fisher*
Caitlinrose H. Fisher, Reg. No. 0398358
1500 Capella Tower
225 South 6th Street
Minneapolis, MN 55402
(612) 474-3300
cfisher@forsgrenfisher.com

*Attorneys for Defendant Ariel Hauptman (21)*

**LOTUS LEGAL PLLC**

s/ *Caroline H. Brunkow*
Caroline H. Brunkow, Reg. No. 0398936
331 Second Ave South, Ste 420
Minneapolis, MN 55401
(612) 293-6963
cari@lotuslegalpllc.com

*Attorneys for Defendant Krista Erin Hogan (22)*

**F CLAYTON TYLER, P.A.**

s/ *Karen E. Mohrlant*
Karen E. Mohrlant, Reg. No. 0388093
331 2nd Ave S, Ste 230
Minneapolis, MN 55401
(612) 333-7309
kmohrlant@fctyler.com

*Attorneys for Catie Anne Michaelson (25)*

**LAW OFFICES OF THOMAS H. SHIAH, LTD.**

s/ *Thomas H. Shiah*
Thomas H. Shiah, Reg. No. 100365
331 Second Avenue South, Ste 705
Minneapolis, MN 55401
(612) 338-0066
ths@tomshiah.com

*Attorneys for Defendant Jarmel Perry (28)*

**BEST & FLANAGAN LLP**

s/ *Amy S. Conners*
Amy S. Conners, Reg. No. 0387375
60 South 6th Street, Suite 2700
Minneapolis, MN 55402
(612) 349-5665
aconners@bestlaw.com

*Attorneys for Defendant Cheryl Ann Persigehl (29)*

**SIEBEN & COTTER, PLLC**

s/ *Patrick L. Cotter*
Patrick L. Cotter, Reg. No. 0319120
105 Hardman Court, Suite 110
South St. Paul, MN 55075
(651) 455-1555
patrick@siebencotterlaw.com

*Attorneys for Defendant Charles Swenson (34)*

**SAPIENTIA LAW GROUP, PLLC**

s/ *Robin M. Wolpert*
Robin M. Wolpert, Reg. No. 0310219
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
(612) 756-7100
robinw@sapientialaw.com

*Attorneys for Defendant Robyn Elise Swenson (35)*

**DORSEY & WHITNEY LLP**

s/ *Meredith LaVine*
John Marti, Reg. No. 0388393
Meredith LaVine, Reg. No. 0506725
Ashley Repp, Reg. No. 0399661
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600
marti.john@dorsey.com
lavine.meredith@dorsey.com
repp.ashley@dorsey.com

*Attorneys for Defendant Thomas Matthew Tier (36)*

**JAMES M. VENTURA**

s/ *James M. Ventura*
James M. Ventura, Reg. No. 0147217
1000 Twelve Oaks Center Dr. Ste 100
Wayzata, MN 55391
(952) 475-7042
jventura@jamesventuralaw.com

*Attorneys for Defendant Lee Elizabeth Wiedeman Tuggle (37)*