UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEKIMA VALDEZ LEVY ARMSTRONG, et al.,<br><br>Defendants. | Case No. 26-cr-025-LMP-DLM<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS TO SEVER.** |

The United States submits its consolidated response to Defendants' Motions to Sever. Dkts. 652, 669, 716, 742. Defendant Richardson seeks an order severing his case from trial from that of his co-defendants pursuant to Rule 8 and Rule 14 of the Federal Rules of Criminal Procedure. Dkt. 652. Defendant Austin makes the same request under Rule 8 and 14 of the Federal Rules of Criminal Procedure. Dkt. 742. Defendant Bollman likewise requests an order severing his case from trial from that of his co-defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Dkt. 716. Defendant Pineda-Moreno separately requests an order pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure specifically requesting that her trial be severed from that of co-defendant Nekima Levy Armstrong. Dkt. 669. All Defendant's filed their motions "out of an abundance of caution," and to

preserve the issue. Dkts. 652, 699, 716, 742. Additionally, all Defendants base their motions on allegations that severance should be granted due to the substantial prejudice that trial with their co-defendants, or in Pineda-Moreno's case, trial with co-defendant Nekima Levy Armstrong would cause. *Id.* Richardson, Dkt. 652 at 2, and Austin, Dkt. 742 at 2, also assert that they were not properly joined with the other co-defendants under Rule 8(b).This motion should be denied without prejudice as premature.

## FACTUAL BACKGROUND

On January 18, 2026, thirty-nine individuals entered and disrupted the religious worship of Cities Church in St. Paul, Minnesota. On February 26, 2026, the Government filed a superseding indictment joining thirty-eight defendants that are alleged to have participated in the events occurring inside the church during the worship service.[1] All Defendants in this case are charged with: (1) Conspiracy Against Federally Secured Rights, in violation of 18 U.S.C. § 241; and (2) Interference with the Free Exercise of Religion at a Place of Religious Worship, in violation of 18 U.S.C. § 248(a)(2).

[1] The Government named 39 individuals in the superseding indictment but dismissed one of those named because it had incorrectly identified one participant. The Government has subsequently ascertained the identity of the thirty-ninth participant. This individual is represented by counsel and, barring an alternative disposition, the Government plans on a second superseding indictment adding this individual to the case for trial.

## ARGUMENT

As Richardson, Pineda-Moreno, Bollman, and Austin acknowledge, this Court's amended pretrial scheduling and case management order advises the parties to "address trial matters such as voir dire, severance, and the sequestration of witnesses with the District Judge." *See* Dkt. 552 at 5. The Government, for its part, recognizes that this is an exceptional case where there may be "serious risk that a joint trial would compromise a specific trial right of one of the defendants" or where the jury may have difficulties "making a reliable judgment about guilt or innocence." *See Zafiro v. United States*, 506 U.S. 534, 538 (1993). Although joint trials ordinarily promote judicial economy, a single trial involving approximately thirty-nine defendants would likely produce the opposite result. The anticipated volume of evidence, the different roles of individual defendants, the number of attorneys participating in the proceedings, the practical difficulty of compartmentalizing the evidence, and the substantial trial-management burdens collectively create a serious risk that a joint trial would become unwieldy, confusing, and unnecessarily prolonged. Indeed, the Government believes that "[b]reaking the case down into smaller trial units will better alleviate potential [logistical] difficulties." *United States v. Williams-Davis,* 1991 WL 319692, *3 (D.D.C. Dec. 16, 1991); *see also United States v. Gallo*, 668 F.Supp. 736, 749 (E.D.N.Y) (Weinstein, J.) (expressing reservations regarding megatrials and listing factors courts should

consider to hold separate trials), *aff'd* 863 F.2d 185 (2d Cir. 1988), *cert. denied* 489 U.S. 1083 (1989). Accordingly, at the appropriate time, the Government intends to confer with the District Judge and Defendants' counsel on the best plan for phased trials and properly address Defendants' arguments regarding improper joinder under Rule 8(b). As such, the Government requests that the Court rule in accordance with its pretrial scheduling and case management order to let the parties present this issue "to the sound discretion of the district courts." *Zafiro*, 506 U.S. at 541.

**CONCLUSION**

The United States respectfully asks this court to deny Defendants' Motions to Sever without prejudice as premature. [2]

[2] The undersigned certifies that this brief is 836 words, including headings and footnotes as measured by Microsoft Word.

DATED: October 1, 2026

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

NEVILLE S. HEDLEY
Senior Trial Attorney

JOHN R. ARBOLEDA
Acting Trial Attorney

*/s/ John R. Arboleda*
John R. Arboleda
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 304-8925
E-Mail: john.arboleda@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA