UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-25 (LMP/DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEKIMA LEVY ARMSTRONG, et al.,<br><br>Defendants. | NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNT TWO FOR FAILURE TO STATE AN OFFENSE |

Many of the defendants have moved to dismiss Count Two on the ground, *inter alia*, that it fails to state an offense. *See* Doc. No. 547. The defendants argue that even if the government proved all of the allegations in the Superseding Indictment, it would fail to establish a violation of the FACE Act because the indictment reflects the government's "misreading of § 248(a)(2). Specifically, the government treats the statute as if it makes it a federal crime simply for a person to intentionally disrupt a church service (to 'interfere,' in the colloquial sense, with another person exercising religious freedom at a church)." Doc. No. 547 at 13.

In *United States v. Party for Socialism and Liberation New Jersey*, 25-cv-16049, 2026 WL 2938869 (D. N.J. Sept. 30, 2026), a civil action brought by the United States under the FACE Act seeking injunctive relief against a group of defendants who had engaged in a pro-Palestinian protest outside a synagogue, the district court in New Jersey dismissed the case on the same grounds. The United States alleged that a "mob" of 50 protesters descended on a synagogue where the congregation was engaged in "prayer, a memorial service for the late Rabbi Avi

Goldberg, a Torah sermon, religious songs drawn from biblical verses, prayerful dancing, teaching about the obligation to live in Israel, the real estate fair, and a barbecue in the parking lot – "all part of the religious observance." *Id.* at *2. According to the complaint, which the court treated as true at the motion to dismiss stage, "the 'mob, led by Defendant Dragon, marched onto synagogue property, shouting and blowing vuvuzelas.' (*Id.* ¶ 40.) Police repeatedly told them to stay off the property. (*Id.* ¶ 41.) 'Members of the mob' cursed the officers and spread out across the front lawn where the worshipers had gathered. (*Id.*) The horns drowned out the memorial service and the Torah sermon. Worshipers could not hear." *Id.* at *3. The congregants were frightened by the approaching protesters. *Id.* at *2.

The court held these allegations failed to allege a violation of the FACE Act. In words fully applicable here, the court explained that "The Court does not read § 248(a)(2) of the FACE Act as federalizing every physical confrontation that occurs on the grounds of a place of worship, which is the essence of what is pleaded in the complaint." *Id.* at *7. "The FACE Act," the court said, "does not impose liability for disruptive, offensive, or hostile advocacy as such," even when that activity takes place at a religious institution. *Id.* at *1.

*Party for Socialism and Liberation New Jersey* is directly relevant to the issues before this Court, and we ask the Court to consider it in connection with the defendants' motion to dismiss.

Dated: October 3, 2026

Respectfully submitted,

*s/ Robert D. Richman*
ROBERT D. RICHMAN
Attorney ID No. 226142

LAW OFFICES OF
ROBERT D. RICHMAN, LLC
P.O. Box 16643
St. Louis Park, MN 55416
(651) 278-4987

Attorney for Defendant Trahern Crews