**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
Court File No. 26-25 (LMP/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

[5] JEROME DEANGELO RICHARDSON,

Defendant.

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTIONS TO DISMISS, DKT. NOS. 593 & 677**

Defendant Jerome Deangelo Richardson respectfully submits this notice to advise the Court of a decision issued after the filing of defendants' motions to dismiss: *United States v. Party for Socialism & Liberation of N.J.* (*PSL-NJ*), No. 25-CV-16049 (KSH) (JRA), 2026 WL 2938869 (D.N.J. Sept. 30, 2026), attached as Ex. A. In *PSL-NJ*, the court dismissed claims under Section 248(a)(2) of the Freedom of Access to Clinic Entrances Act ("FACE Act") on multiple grounds. That decision is pertinent to the argument that the Government has failed to state an offense under Section 248(a)(2) of the FACE Act (or under 18 U.S.C. § 241, for conspiring to violate that same provision) for several reasons:

*First*, *PSL-NJ* held that a defendant uses "force" under Section 248(a)(2) only if the defendant "personally used force"; the requirement is not met if he merely "broke" into a place of worship or "participat[ed] in" a protest where *others* used force. Ex. A at *12; Dkt. 593 at 8; Dkt. 677 at 19-21, 26.

*Second*, *PSL-NJ* held that Section 248(a)(2)'s "prohibition of threats of force" reaches only "communication[s] that, in context, a reasonable person would understand as a serious expression of intent to inflict bodily injury." Ex. A at *10; *see* Dkt. 593 at 8-9; Dkt. 677 at 19-21, 26. Statements that do not "refer to violence, injury, or physical consequence of any kind" will not qualify. Ex. A at *10.

*Third*, *PSL-NJ* reiterated that "obstruction" under Section 248(a)(2) occurs only when a defendant renders passage into or out of a place of worship impossible or unsafe. "Asking a question is not" enough. Ex. A at *11; *see* Dkt. 593 at 9-11; Dkt. 677 at 19-21, 26. Nor is "being part of a … crowd of protestors" that is alleged to have blocked access; "there must be pleaded facts about [how] the actor's own conduct" impeded passage. Ex.

A at *11.

*Fourth*, *PSL-NJ* emphasized that Section 248(a)(2) applies only to acts "intentionally directed at injuring, intimidating, or interfering with" an exercise of religion. Ex. A at *7. Facts that could "just as easily support [an] inference" to the contrary will not suffice. *Id.* Accordingly, even showing that the defendant "g[ot] into a scuffle during a protest … that took place somewhere on the grounds of [a] place of worship" is not enough, as such a confrontation could have been driven by any number of non-proscribed motivations. Ex. A at *7; *see* Dkt. 593 at 11-12; Dkt. 677 at 19-21, 26.

Each of those four grounds compels dismissal of the charges against Richardson. The only acts the Government alleges Richardson committed are: (1) attending a pre-protest gathering; (2) remarking on the need to "catch up" with others on the way to the protest; (3) entering the church; (4) watching Don Lemon interview the pastor; and (5) momentarily participating in a chant that did not reference violence. Dkt. 114 at 8-9, 11, 12, 15. None involves a use of force, a true threat, or obstruction of ingress or egress. And none demonstrates a motivation to interfere with religious exercise specifically, as opposed to acting for some other non-proscribed purpose—such as covering the protest as a journalist or expressing a policy disagreement. At most, the alleged facts show statements with no reference "to violence, injury, or physical consequence of any kind"; and merely standing by while another defendant "[a]sk[ed] … question[s]" is exactly the kind of conduct that falls outside Section 248(a)(2).

Dated: October 7, 2026

Respectfully submitted,

s/ *Mike Norton*

Mike Norton (MN #0403098)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
(303) 298-5736
mnorton@gibsondunn.com

Barry H. Berke (admitted pro hac vice)
Mylan L. Denerstein (admitted pro hac vice)
200 Park Avenue
New York, NY 10166
(212) 351-4000

Poonam G. Kumar (admitted pro hac vice)
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7554

Erin Choi (admitted pro hac vice)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201

Zakiyyah Salim-Williams (admitted pro hac vice)
1050 Connecticut Avenue, N.W.
Washington, DC 20036

*Attorneys for Defendant Jerome Deangelo Richardson*