UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-cr-25 (LMP/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

vs.

NEKIMA LEVY ARMSTRONG, et al.,

Defendants.

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT MOTION TO DISMISS BASED ON GOVERNMENT MISCONDUCT**

Defendant Nekima Levy Armstrong, through undersigned counsel, on her own behalf and on behalf of Co-Defendants who signed onto Defendants' Motion to Dismiss Based on Government Misconduct (Doc. 756), hereby move the Court for an Order granting leave to supplement said motion with the additional argument that the government's posting on the internet of photographs of Defendants at the time of their arrest and derogatory comments constituted misconduct because the posts violated the Court's sealing orders which were in effect at the time that the material were posted. This argument is in addition to the arguments made in the original motions.

Undersigned counsel had not originally included this argument because there were no sealing orders on the docket and he therefore did not notice and had forgotten that the cases were seal. Upon further examination of the record, references to the cases being sealed and orders to unseal make clear that the case was sealed at the time that Complaints were filed against Defendants Armstrong and Chauntyl Allen, and again sealed at the time that the Superseding Indictment was filed against all 38 current

Defendants.

Undersigned counsel conferred with the prosecution about whether it objected to this motion, and the prosecution stated that it did object. The prosecution, however, will not be prejudiced by the granting of this motion. It has not yet filed a response to the underlying motion and can therefore incorporate the issue into its response. Further the issue that the government violated the Court's sealing order by its public comments about the arrests has already been timely raised by Defendant William Kelly in his Motion for and Order to Show Cause and Motion for Discovery, Protective Order, and an Evidentiary Hearing. (Doc. 718 at 5-7). The government is therefore on notice that its violation of sealing orders is at issue and has presumably been preparing a response.

**PROCEDURAL AND FACTUAL HISTORY**

On January 20, 2026, the government obtained arrest warrants for Defendants Levy Armstrong and Allen which were both "Filed Under Seal Pursuant to Order." (Docs. 2, 3). The Court noted and the prosecutors confirmed during the initial appearance of Defendants Levy Armstrong and Allen on January 22, 2026 that the cases were under seal (Transcript of Initial Appearance and 3142(f)(2) Hearing, 1/22/2026 at 4:18-5:15). The Court then granted the government's motion to keep the case under seal for the next 24 hours.[1] (Id. at 6:6-9). The government agreed to unseal just the arrest warrants at the time of the hearing. (Id. At 10:8-11:4). The minutes for the initial appearance stated that the

[1] The January 22, 2026 hearing occurred from 12:19 to 1:26 pm.

case will remain under seal until January 23, 2026 at 12:30 pm. (Docs. 9, 11).

Then Secretary of Homeland Security Kristi Noem posted on X (Twitter) a photograph of Ms. Armstrong being arrested on January 22, 2026 at 9:21 am. (Kushner Declaration, filed 8/31/26, Doc. 757, para. 2 and Exhibit 1, Doc. 757-1). Also at some time on January 22, 2026, the White House then posted a digitally altered image of Ms. Levy Armstrong and then Attorney General Pamela Bondi posted commentary on the arrests of Ms. Levy Armstrong and Ms. Allen. (Kushner Decl., paras. 3,6, and Exhibits 2-3). The White House also posted on Twitter a photo of the arrest of Ms. Allen with the accusation that she played a role in "the St. Paul Church Riots." (Kushner Decl., para. 7, and Exhibit 4).

On February 26, 2026, the Court filed the Superseding Indictment. (Doc. 144). Bench warrants were then issued for all of the new Defendants. (Docs. 146-174). The Court also issued an Order on February 26 sealing the Indictments until the Defendants made their initial appearances. (Doc. 177). The Court ordered the case to be unsealed on February 27, 2026. (Doc. 178). At the time of the arrests of the new Defendants, and before they appeared in court and the case was unsealed, government agents took staging photos. Upon information and belief, the government published photos of Defendants and information or commentary about the case before the case was unsealed.

**ARGUMENT**

The government's publication on the internet of photos and commentary relating to

the arrests of Levy Armstrong and Allen, and possibly other Defendants arrested later in the case, violated the Court's sealing orders. The government's disregard for the Court's sealing orders, by itself and in combination with the other ways that the government committed misconduct by its actions warrants dismissal of the case or at least some sort of meaningful sanctions. This Court has previously noted and even taken action against the government for publications of photos and commentary about defendants arrested for their resistance to Operation Metro Surge in violation of its sealing orders. See United States v. Nasra Ahnmed, 26-mj-24 (JRT/ECW), Doc. 73 at 10-12 (D. Minn. 6/12/26)(After government motion to dismiss case without prejudice, Court dismisses case with prejudice due in part to government's publication of defendants arrest photo with negative commentary on internet in violation of ethical standards and the Court's sealing order); United States v. Kirubele Adbebe, 26-mj-77 (SRN/ECW), Doc. 54 (D. Minn. 6/3/36)(After government motion to dismiss case without prejudice, Magistrate Judge recommends dismissal with prejudice due in part to government's publication of defendants arrest photo with negative commentary on internet in violation of ethical standards and the Court's sealing order). Further in the broader context of Operation Metro Surge, the Government has shown a stunning pattern of ignoring or blatantly disobeying court orders. See Juan T.R. v. Noem, No. 26-CV-0107 (PJS/DLM), 2026 WL 555601, at *2 (D. Minn. Feb. 26, 2026) (Judge Schiltz detailing the 210 orders the Government had violated in 143 cases in connection with Operation Metro Surge).

The government's violation of the Court's orders when publishing harmful and derogatory information about Defendants on the internet constitutes severe misconduct which requires a meaningful remedy.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider their additional argument in support of dismissal fo the case for misconduct.

Dated: October 12, 2026

LAW OFFICE OF JORDAN S. KUSHNER

s/Jordan S. Kushner
Jordan S. Kushner, ID 219307
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545
jskushner@gmail.com

*Attorney for Nekima Levy Armstrong* (1)