**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br>v.<br><br>**NEKIMA LEVY ARMSTRONG (1),**<br><br>Defendant. | Case No. 26-cr-25 (LMP/DLM)<br><br>**UNITED STATES' RESPONSE TO MOTION FOR LEAVE TO SUPPLEMENT MOTION TO DISMISS BASED ON GOVERNMENT MISCONDUCT (DOC. 852)** |

This Court ordered that all motions must be filed by August 31, 2026. Doc. 573 at 2. Defendant Armstrong filed her Motion to Dismiss Based on Government Misconduct that same day. Doc. 598. Almost six weeks later, Armstrong seeks leave to supplement her motion to add the new argument that the Government "violated the Court's sealing orders." Doc. 852 ("Motion") at 1. The only reason she offers for failing to timely raise this argument is that her counsel "had forgotten that the cases were seal [sic]." *Id.* Armstrong is not entitled to a do-over because her counsel "forgot" about material orders, so this Court should deny her motion.

"It hardly bears mention … that carelessness … offers no reason for a grant of relief." *North Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp. 2d 1140, 1144 (D. Minn. 2003) (denying motion to amend scheduling order). By counsel's own admission, he was careless. He *forgot* about sealing orders

issued by this Court. There are no changed circumstances, newly discovered evidence, or any other reasons why Armstrong could not have raised this issue before the August 31 deadline, as defendant Kelly did. *See* Doc. 718. This "garden-variety attorney inattention … cannot excuse his failure to file a timely [motion.]" *Lowry v. McDouglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000).

The Government will suffer prejudice if this Court allows Armstrong to supplement her motion. The Government's responses to her Motion to Dismiss and dozens of other motions are due on October 16, only four days from now. Doc. 826. The Government therefore is currently finalizing its opposition to Armstrong's Motion to Dismiss. It would have to revise, reorganize, and expand upon its near-complete draft—all at nearly the last minute—if Armstrong raises new arguments about sealing orders.

This prejudice is compounded by Armstrong's failure to act diligently in filing the instant Motion. As she points out, "the issue that the government violated the Court's sealing order … has already been timely raised by Defendant William Kelly in his Motion for Order to Show Cause." Mot. 2. Kelly filed that motion on August 31 (Doc. 718), so counsel has long been on notice of this issue. But counsel waited until October 7 (via email and in violation of this Court's order that meet and confers occur in-person or over the telephone, Doc. 552) to inform the Government that Armstrong would seek leave to supplement her motion to dismiss. The Government objected, and for

some reason, counsel waited five more days, until a federal holiday, to file the instant motion. This added five-day delay on the eve of a major filing deadline reeks of bad faith and further prejudices the Government.

If Armstrong believes that the Government's alleged violation of a sealing order justifies dismissal, she could seek leave to join Kelly's motion to that effect. The Government has not opposed any motions for joinder, and it would not do so here. But she should not be allowed to revise her earlier dispositive motion, six weeks after it was due, without a proper meet-and-confer, and only days before the Government must file its opposition This bad-faith motion should be denied.

DATED: October 12, 2026.

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Dep. Asst. Attorney General

*/s/ Kelsey E. McGee*

Kelsey E. McGee
Joshua R. Zuckerman
Attorneys
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 251-0053
E-Mail: Kelsey.mcgee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA