**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBYN SWENSON (35),
CHARLES LEE SWENSON (34),

Defendants.

No. 0:26-cr-025-LMP-DLM

**OPPOSITION TO DEFENDANTS' JOINT MOTION TO SUPPRESS EVIDENCE BASED ON ATTORNEY CLIENT PRIVILEGE. (Dkt. 751).**

The United States of America submits this response in opposition to Defendants' joint motion to suppress evidence based on attorney client privilege. Dkt. 751. This motion should be denied as moot.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. "[A] Fourth Amendment search occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Dolson*, 673 F. Supp. 2d 842, 864 (D. Minn. 2009). In other words, in order for there to be a violation of the Fourth Amendment, such that suppression would be warranted, a search that infringes into an area where there is an expectation of privacy must occur. *Id.* Here, no such search has occurred. Indeed, Defendants' motion is speculative and premature.

Defendants rely on an unsupported belief that privileged communications have been recovered from the Defendants' phones or that the data on the devices have been reviewed at all. This is incorrect. There is nothing to suppress at this time because the Government has yet to review the extraction.

Moreover, "the attorney client privilege is an evidentiary privilege, not a constitutional right." *United States v. Segal*, 313 F. Supp. 2d 774, 780 (N.D. Ill. 2004) (citing *Lange v. Young*, 869 F.2d 1008, 1012 n.2 (7th Cir. 1989). "The violation of a defendant's attorney-client privilege thus does not require the suppression of derivative evidence." *Id.* (citing *United States v. Marashi*, 913 F.2d 724, 731 n.11 (9th Cir. 1990)). Accordingly, Defendants would only be entitled to the suppression of derivative evidence if the Government's conduct violated one of their constitutional rights. *Id.* The Government notes that because that is what the law is. However, The Government has and will continue to use its filter team in accordance with Department of Justice Policy and as agreed. If counsel has concerns regarding the filter team protocol, and the communications at issue, they should reach out to the Government to coordinate the filtering of Defendants' data.

Accordingly, because there has been no search, there cannot be suppression. This motion should be denied as moot.

## CONCLUSION

For the foregoing reasons, the Defendants' joint motion to suppress evidence based on attorney client privilege should be denied.[1]

DATED: October 15, 2026.

DANIEL N. ROSEN
United States Attorney

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Dep. Asst. Attorney General

JOHN R. ARBOLEDA
Acting Trial Attorney

*/s/ John R. Arboleda*
John R. Arboleda
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 304-8928
E-Mail: john.arboleda@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

[1] This motion response is a total of 497 words as measured by Microsoft Word.