UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CHARLES LEE SWENSON,

Defendant.

Case No. 0:26-CR-00025(34) (LMP/DLM)

**DEFENDANT'S AMENDED MOTION TO SUPPRESS EVIDENCE OBTAINED FROM THE SEIZURE OF THE SILVER IPHONE WITH WHITE BACK IN CLEAR CASE**

Defendant Charles Lee Swenson, by and through his attorney, Patrick L. Cotter, respectfully moves this Court pursuant to Fed. R. Crim. P. 12(b)(3)(C) to suppress any evidence discovered pursuant to HSI's seizure of Mr. Swenson's cell phone. The evidence must be suppressed because HSI did not have a warrant, the phone was not seized incident to arrest, and the plain view exception does not apply.

Mr. Swenson was indicted in this matter on February 26, 2026, and he was arrested pursuant to an arrest warrant the following morning. Officers located him outside his residence while he was getting into his vehicle. Officers ordered his hands in the air and that he walk backward from his vehicle with hands raised. Officers arrested Mr. Swenson and searched his pockets. The arresting officer discovered Mr. Swenson's cell phone in his sweatshirt pocket. Using Mr. Swenson's house keys, Officers entered the residence to execute the arrest warrant for Mr. Swenson's wife and co-defendant, Robyn Swenson. Mr. Swenson specifically told officers to leave his cell phone in the house on the kitchen table with his wallet, but they did not do so.

Arresting officers did not have a warrant to seize Mr. Swenson's cell phone and did not have a search warrant for Mr. Swenson's residence. They had only an arrest warrant. Therefore, to avoid suppression, the government must establish an exception to the warrant requirement. *Riley v. California*, 573 U.S. 373, 382 (2014). The government has indicated it will rely on the search incident to arrest exception to the warrant requirement, which requires (1) probable cause to believe the phone contains contraband or evidence of a crime, and (2) exigent circumstances requiring immediate seizure. *United States v. Mulamba*, 186 F.4th 1041, 1046 (8th Cir. 2026).

"Probable cause exists when, viewing the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quoting *United States v. Mays*, 993 F.3d 607, 614 (8th Cir. 2021)). Courts "evaluate probable cause from the perspective of 'a reasonable officer, confronted with the facts known to the officer at the time of the seizure.'" *Id.* (quoting *United States v. Andrews*, 454 F.3d 919, 921 (8th Cir. 2006)) (alteration omitted). "Mere ownership or possession of a cell phone does not give law enforcement probable cause to seize the property." *United States v. Crutchfield*, No. 22-CR-269 (PJS/DJF), 2023 WL 3868710, at *4 (D. Minn. Mar. 21, 2023), *R&R adopted*, No. 22-CR-0269 (PJS/DJF), 2023 WL 3317992 (D. Minn. May 9, 2023). Here, the officers did not have contemporaneous knowledge of objective and specific facts creating a "fair probability" that the cell phone contained contraband or evidence of a crime. Broad-stroke assertions regarding the defendants' use of cell phones generally are insufficient to establish probable cause as to what Mr. Swenson's cell phone, specifically, would contain at the time it was seized.

Next, the government cannot establish that there were exigent circumstances justifying the immediate seizure. Exigent circumstances exist "where 'a reasonable, experienced police officer would believe' that somebody 'will imminently destroy evidence.'" *Id.* at 1048 (quoting *United States v. Ramirez*, 676 F.3d 755, 760 (8th Cir. 2012)). "[T]he fact that evidence is stored on an electronic device does not itself constitute exigent circumstances." *United States v. Shrum*, 59 F.4th 968, 973 (8th Cir. 2023). Here, even assuming there was probable cause that Mr. Swenson's cell phone contained evidence of a crime, there are no facts suggesting that anyone could or would imminently delete it. Mr. Swenson was detained in handcuffs, and Ms. Swenson was surrounded by officers at all times. Therefore, no reasonable officer would believe that there were exigent circumstances requiring an immediate, warrantless seizure of the cell phone.

This motion is based upon the Indictment, the records and the files in the above-entitled action, the testimony under oath of witnesses, evidence offered and admitted, subsequent legal memorandum stating with specificity the legal points of authority in support of this motion, and any and all other materials which may be presented prior to or at the time of the hearing on this motion.

Respectfully submitted,

Dated: October 23, 2026

Patrick L. Cotter
Attorney No. 0319120
105 Hardman Court, Suite 110
South St. Paul, MN 55075
Phone: (651) 455-1555
Fax: (651) 455-9055
patrick@siebencotterlaw.com

**ATTORNEY FOR DEFENDANT CHARLES LEE SWENSON**